

ORIGINAL
FILED

AUG 1 7 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    CATHERINE MORRIS KROW (STATE BAR NO. 208412)
ORRICK, HERRINGTON & SUTCLIFFE LLP
2    The Orrick Building
405 Howard Street
3    San Francisco, CA 94105-2669
Telephone:    (415) 773-5700
4    Facsimile:    (415) 773-5759
ckrow@orrick.com
5
Attorneys for Defendant
6    UNION CARBIDE CORPORATION

E-filing

7

8                                                                    **EMC**

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12                                              **C 07  4240**

13   ROBERT F. LYMAN and SAMANTHA      CASE NO.
     LYMAN,
14                                              **NOTICE OF REMOVAL**
                    Plaintiffs,
15
          v.
16
     ASBESTOS DEFENDANTS (B*P), *et al.*,
17
                    Defendants.
18

19

20

21   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

22   **NORTHERN DISTRICT OF CALIFORNIA:**

23

24   **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332 and 1446, Defendants

25   Union Carbide Corporation ("Union Carbide") hereby removes to this Honorable Court the action

26   entitled <u>Robert Lyman and Samantha Lyman v. Asbestos Defendants (B*P), et al.</u>, San Francisco

27   Superior Court Case No. CGC-06-459162, and in support thereof states the following grounds for

28   removal:

1   I.     **INTRODUCTION**

2          1.     On or about December 29, 2006, an action was commenced in the Superior Court

3   of the State of California, County of San Francisco, entitled <u>Robert Lyman and Samantha Lyman</u>

4   <u>v. Asbestos Defendants (B*P), et al.</u>, San Francisco Superior Court Case No. CGC-06-459162.

5   Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' summons and complaint in

6   this action.  True and correct copies of all other process, pleadings, and orders filed and served in

7   this action are attached hereto as Exhibit 2.

8          2.     Plaintiffs Robert F. Lyman and Samantha Lyman ("Plaintiffs") allege that Mr.

9   Lyman has developed lung cancer as a proximate result of his work around defendants' asbestos

10  and/or asbestos-containing products.

11  II.    **JURISDICTION**

12         3.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

13  section 1332.

14  III.   **GROUNDS FOR REMOVAL**

15                **Diversity Jurisdiction Exists**

16         4.     Plaintiffs Robert F. Lyman and Samantha Lyman are citizens of the State of

17  Nevada.

18         5.     As of the date of the filing of this Notice, Union Carbide Corporation ("Union

19  Carbide") is informed and believes, and on that basis alleges, that Union Carbide, Montello, Inc.

20  ("Montello"), and Honeywell International, Inc. ("Honeywell") are the sole remaining Defendants

21  to the present action.[1]  Attached hereto as Exhibit 4 is a true and correct copy of the relevant cited

22  portions of Trial Volume V ("Tr. vol. V"), in <u>Lyman v. Asbestos Defendants (B*P), et al.</u>, San

23  Francisco Superior Court Case No. CGC-06-459162.  Tr. vol. V, at 193:9-194:10.

24         6.     Defendant Union Carbide is a New York corporation with its principal place of

25  business in Texas.

26  ---
[1] Former Defendant International Truck and Engine Corporation ("International Truck"), a
27  Delaware corporation with its principal place of business in Illinois, has recently resolved the case
    on its behalf and is no longer a party to this action.  Attached hereto as Exhibit 3 is a true and
    correct copy of email correspondence from International Truck's counsel confirming this fact
28  and, on that basis, stating that International Truck does not object to removal to Federal Court.

7. Defendant Montello is an Oklahoma corporation with its principal place of business in Oklahoma.

8. Defendant Honeywell is a Delaware corporation with its principal place of business in New Jersey.

9. Pursuant to court order, Counsel for Plaintiffs have confirmed in open court that there are no forum defendants left in the case. Attached hereto as Exhibit 5 is a true and correct copy of the relevant cited portions of Trial Volume IV ("Tr. vol. IV"), in Lyman v. Asbestos Defendants (B*P), et al., San Francisco Superior Court Case No. CGC-06-459162. Tr. vol. IV, at 149:9-17, 170:12-15.

10. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Removal Is Timely**

11. On August 7, 2007, Union Carbide was served with Plaintiffs' Dismissal Without Prejudice of Complaint as to Defendant Thorpe Insulation Company ("Thorpe"). Attached hereto as Exhibit 6 is a true and correct copy of Plaintiffs' Dismissal Without Prejudice of Complaint as to Defendant Thorpe Insulation Company.

12. Thorpe is a California corporation with its principal place of business in California. Thorpe was the last-remaining forum defendant in this action.

13. This suit is therefore timely removed within thirty (30) days of Union Carbide's receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; see also Riggs v. Continental Baking Co., 678 F. Supp. 236, 238 (N. D. Cal. 1988); Jong v. General Motors Corp., 359 F. Supp. 223, 226 (N.D. Cal. 1973).

**IV.    CONSENT OF DEFENDANTS**

14. Although there is no specific consent requirement set forth in the removal statutes, courts typically require unanimous consent of all defendants for removal. Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245 (1900).

15. Montello has consented to join in Union Carbide's Notice of Removal. Attached

- 3 -

1     hereto as Exhibit 7 is a true and correct copy of Montello's Joinder In Notice Of Removal.

2         16.     Honeywell has, however, refused to consent to removal. As set forth more fully

3     below, Honeywell is a nominal defendant fraudulently retained in this action pursuant to a

4     collusive arrangement designed solely to defeat removal. As such, Honeywell's refusal to consent

5     to removal should not prevent the other defendants from exercising their removal rights. <u>See</u> ¶¶

6     17-23, <u>infra</u>.

7                 **<u>Chronology</u>**

8         17.     Union Carbide is informed and believes that Plaintiffs have offered inducements or

9     made threats to obtain Honeywell's agreement to block removal. This good-faith averment is

10     based on admissions in open court by counsel for Plaintiffs and Honeywell (<u>see</u> ¶¶ 20-21, <u>infra</u>),

11     as well as on conversations between counsel for Union Carbide and counsel for Honeywell. The

12     relevant facts include the following:

13         18.     Prior to trial, neither Plaintiffs nor Honeywell behaved as though Honeywell was a

14     real defendant to the suit. For example:

15           o     Plaintiffs did not file a proof of service of the summons and complaint with
16               the court with regard to Honeywell. Attached hereto as Exhibit 8 is a true
                and correct copy of the docket in <u>Robert Lyman and Samantha Lyman v.</u>
17               <u>Asbestos Defendants (B*P), et al.,</u> San Francisco Superior Court Case No.
                CGC-06-459162. In failing to do so, Plaintiffs were in direct violation of
18               California Rule of Court 3.110(b) and (f) and San Francisco Superior
                Court's Asbestos General Order 158. Attached hereto as Exhibit 9 is a true
19               and correct copy of Cal. R. Ct. 3.110 and S.F. Sup. Ct. Asbestos General
                Order 158.

20           o     Honeywell never filed an answer to Plaintiffs' complaint. In failing to do
21               so, Honeywell was in direct violation of California Rule of Court 3.110(d)
                and (f). <u>See</u> Exhibit 9.

22           o     Despite Honeywell's failure to file an answer to Plaintiffs' complaint,
23               Plaintiffs did not move for a default against Honeywell. In failing to do so,
                Plaintiffs were in direct violation of California Rule of Court 3.110(g),
24               which requires that the plaintiff request an entry of default against a
                defendant that fails to answer and which provides for the prospect of
25               sanctions if the plaintiff fails to do so. <u>See</u> Exhibit 9.

26         19.     During the mandatory settlement conferences in this case, counsel for Plaintiffs

    never indicated that Honeywell was a party to the action. For example:

27

28           o     On June 27, 2007, the court held a mandatory settlement conference, at
              which time counsel for Plaintiffs represented that there were seventeen

- 4 -

1    remaining Defendants in the case: Union Carbide; Foster Wheeler; Drilling
     Specialties; International Truck; Freightliner LLC; Garlock; General
2    Motors; Henry Vogt Machine Company; John Crane; MAC Trucks; Shell
     Oil Company; Thorpe Insulation; Tyco U.S.; A.W. Chesterton; Carlisle
3    Corp; Ford Motor Company; and Montello Inc. There was no
     representation by counsel for Plaintiffs that Honeywell was a party to the
4    case. Attached hereto as Exhibit 10 is a true and correct copy of the
     relevant cited portions of Trial Volume VI ("Tr. vol. VI"), in <u>Lyman v.</u>
5    <u>Asbestos Defendants (B*P), et al.</u>, San Francisco Superior Court Case No.
     CGC-06-459162. Tr. vol. VI, at 207:10-17. Attached hereto as Exhibit 11
6    is a true and correct copy of the first settlement conference chart provided
     by counsel for Plaintiffs.

7
         o    On July 18, 2007, the court held another mandatory settlement conference,
8             at which time counsel for Plaintiffs represented that there were ten
              remaining Defendants in the case: Union Carbide; Foster Wheeler; Drilling
9             Specialties; International Truck; Freightliner LLC; Garlock; Henry Vogt
              Machine Company; John Crane; Ford Motor Company; and Montello Inc.
10            Again, there was no representation by counsel for Plaintiffs that Honeywell
              was a party to the case. <u>See</u> Exhibit 10, Tr. vol. VI, at 207:20-26.

11

12   20.   With regard to the current trial, Honeywell has not behaved as though it is

13   anything more than a nominal party to the suit. For example:

14       o    Honeywell has not complied with any of the pre-trial orders and deadlines
              in the state court action. <u>See</u> Exhibit 10, Tr. vol. VI, at 206:25-208:20.
15
         o    On Monday, August 6, 2007, the case was called to trial in Division 306,
16            and there was no appearance by Honeywell. <u>See</u> Exhibit 10, Tr. vol. VI, at
              207:27-208:4.
17
         o    On Thursday, August 9, 2007, the court held its second day of trial. Again,
18            Honeywell was not present. Attached hereto as Exhibit 12 is a true and
              correct copy of the relevant cited portions of Trial Volume II ("Tr. vol.
19            II"), in <u>Lyman v. Asbestos Defendants (B*P), et al.</u>, San Francisco
              Superior Court Case No. CGC-06-459162. Tr. vol. II, at 26:1-28:10.
20            When asked whether all Defendants were present, counsel for Plaintiffs
              agreed that only two other defendants—Henry Vogt Engine Co. and
21            International Truck—were missing. <u>See</u> Exhibit 12, Tr. vol. II, at 27:28-
              28:5. Plaintiffs made no mention of Honeywell. <u>See</u> Exhibit 12, Tr. vol. II,
22            at 27:26-28:5.

23       o    On Friday, August 10, 2007, the third day of trial, there was still no
              appearance by Honeywell. Attached hereto as Exhibit 13 is a true and
24            correct copy of the relevant cited portions of Trial Volume III ("Tr. vol.
              III"), in <u>Lyman v. Asbestos Defendants (B*P), et al.</u>, San Francisco
25            Superior Court Case No. CGC-06-459162. Tr. vol. III, at 92:1-94:7. It
              was on this day that Defendants informed the court that they considered the
26            case removable to federal court. It was at this time that Plaintiffs' counsel
              for the first time mentioned Honeywell, stating that Plaintiffs hoped to
27            reach settlement with Honeywell, but that Honeywell was still a party. <u>See</u>
              Exhibit 13, Tr. vol. III, at 102:9-14. The court noted that Honeywell was
28            not present and "[had] not been involved in this matter." <u>See</u> Exhibit 13,

                                          - 5 -

1    Tr. vol. III, at 102:22-103:3.

2     o Honeywell continued to be absent the following Monday, August 13, 2007,
3    the fourth day of trial. See, Exhibit 5, Tr. vol. IV, at 140:1-142:24. During
 a recess in proceedings on August 13, counsel for Union Carbide reached
 counsel for Honeywell by telephone, after being provided with contact
4    information by counsel for Plaintiffs. See Exhibit 5, Tr. vol. IV, at 178:20-
179:10. Counsel for Honeywell were unable to definitively respond to
5    counsel for Union Carbide's request for consent to removal. See Exhibit 5,
Tr. vol. IV, at 179:15-18.

6

7     21. On Tuesday, August 14, 2007, the fifth day of trial and the day juror hardship

8    proceedings were to commence, Honeywell finally made its first appearance in the case. See

9    Exhibit 4, Tr. vol. V, 192:1-193:22, 195:20-24. The relevant facts from the August 14 proceeding

10    include:

11     o Counsel for Honeywell stated on the record that his client had a "trial pass
 agreement" with Plaintiffs and that Honeywell believed that it was "exempt
12    from the trial appearance on this case." See Exhibit 4, Tr. vol. V, at
195:10-19.

13
 o Honeywell's counsel further stated that pursuant to this agreement with
14    Plaintiffs: "we thought we were exempt from the trial appearance on this
 case." See Exhibit 4, Tr. vol. V, at 195:10-19.

15
 o In response, to Honeywell's representations, the court stated: "Well, we'll
16    have the record reflect that we have received nothing from Honeywell,
 which everyone was wondering. You guys were MIA. We didn't have any
17    motions. Nothing." See Exhibit 4, Tr. vol. V, at 195:20-23.

18     o On August 14, counsel for Honeywell also represented that Honeywell had
 entered into an agreement with Plaintiffs whereby Honeywell need not file
19    an answer. See Exhibit 4, Tr. vol. V, at 198:5-9.

20     22. In addition to the admissions of both Honeywell and Plaintiffs' counsel in open

21    court, subsequent communications between counsel for Union Carbide and counsel for

22    Honeywell further indicated that Plaintiffs have offered inducements or made threats to obtain

23    Honeywell's cooperation in defeating removal.

24     23. The evidence therefore establishes that Plaintiffs have no intention of securing a

25    judgment against Honeywell. Honeywell's presence in the suit serves only as a bad-faith,

26    collusive effort to deprive Union Carbide of its statutory right to remove. Because Honeywell is a

27    nominal defendant, fraudulently joined and colluding with Plaintiffs to defeat removal, removal

28    without Honeywell's consent is appropriate.

- 6 -

1    **Fraudulent Joinder/Nominal Defendant**

2        24.    The rules and requirements for removal are not absolute.  Exceptions exist to

3    prevent these rules from becoming the tools of litigants' bad faith collusion and gamesmanship.

4    The collusion of supposedly adverse parties to subvert the truly adverse defendants' statutory

5    right to removal threatens the integrity of the federal system and should not be permitted.

6        25.    To mitigate against forum manipulation by plaintiffs, courts rely upon the doctrine

7    of fraudulent joinder and disregard sham defendants who prevent removal by defeating diversity

8    or unanimity.  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  Where the

9    plaintiff joined the defendant "without any purposes to prosecute the action in good faith as

10   against him and with the purpose of fraudulently defeating the [other defendants'] right of

11   removal," courts will decline to consider a defendant for removal purposes.  Wilson v. Republic

12   Iron & Steel, Co., 257 U.S. 92, 99 (1921); see also Joe v. Minnesota Life Insurance Co., 272 F.

13   Supp. 2d 603, 605 (S.D. Miss. 2003) (disregarding resident defendants in removal analysis

14   because "plaintiff had 'no good faith intention of prosecuting her claim against these resident

15   defendants'"); In re Diet Drugs, 220 F. Supp. 2d 414, 422 (E.D. Pa. 2002) (finding fraudulent

16   joinder because plaintiffs had "no real intention in good faith to seek a judgment against [the

17   defendants at issue]").  As set forth above, admissions in open court by counsel for Plaintiffs,

18   conversations between counsel for Union Carbide and counsel for Honeywell, and Plaintiffs'

19   dilatoriness in prosecuting their suit against Honeywell demonstrates Plaintiffs' lack of intent to

20   pursue their claims in good faith against Honeywell.

21       26.    Moreover, in contrast to the case presently before the court, the typical fraudulent

22   joinder scenario does not involve actual fraud, collusion, or underhanded dealings between

23   parties; the applicability of the doctrine to the present case is therefore especially heightened.  In a

24   factual scenario strikingly similar to the one now before the court, the Eastern District of

25   Pennsylvania disregarded a defendant's refusal to consent to removal where suspicious

26   circumstances suggest that the defendant's refusal to remove was collusive with the plaintiffs to

27   the action.  In re Diet Drugs, 220 F. Supp. 2d 414, 422 (E.D. Pa. 2002) (finding the phentermine

28   defendants fraudulently joined, and ignoring their lack of consent to removal based on

- 7 -

1    "circumstantial evidence of the existence of removal agreements," in part because it made "no

2    sense" for these defendants to forego removal to federal court).

3         27.    In any event, for the purposes of its unanimity analysis, the court should disregard

4    as nominal any defendant without a meaningful stake in the action. <u>Strotek Corp. v. Air</u>

5    <u>Transport Ass'n. of America</u>, 300 F.3d 1129, 1131 (9th Cir. 2002) (declining to consider, as

6    nominal, defendant with "no obvious stake in the outcome" for removal purposes). The evidence,

7    set forth above, establishes that Plaintiffs have no intention of pursuing any claim against

8    Honeywell. Accordingly, Honeywell cannot be said to have a stake in the action and its refusal to

9    consent to removal should be disregarded.

10         28.    Application of the fraudulent joinder and nominal defendant doctrines are

11    particularly compelling in this instance, as such doctrines typically present where a defendant is

12    not diverse for jurisdictional purposes. Here, the consideration of a defendant for unanimity of

13    removal purposes is procedural rather than jurisdictional, thereby affording the court even greater

14    discretion in disregarding the uncooperative defendant.

15         29.    In the same vein, at least some courts have determined that they may, in their

16    discretion, apply an equitable exception to the statutory rule where "a plaintiff has attempted to

17    manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the

18    defendant from exercising its rights." <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423 (5th Cir.

19    2003) (affirming district court's denial of motion for remand on grounds that an equitable

20    exception exists to the removal statute's one-year limitation). Thus, for example, courts have been

21    willing to extend the one-year removal rule in situations where a plaintiff's actions indicate that

22    "Plaintiff had never really intended to pursue her claims against [a defendant]" and was therefore

23    using that defendant "to circumvent the target defendant's valuable right to a federal forum."

24    <u>Davis v. Merck & Co., Inc.</u>, 357 F. Supp. 2d 974, 979 (E.D. Tex. 2005).

25         30.    Because Honeywell is a nominal and fraudulently joined defendant actively

26    colluding with Plaintiffs, Honeywell should not be considered for purposes of unanimity. "While

27    the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he

28    alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to

- 8 -

1  prevent a removal to a Federal court where one has that right." Simpson v. Union Pacific R. Co.,

2  282 F. Supp. 2d 1151, 1154 (N.D. Cal. 2003) (quoting Wecker v. National Enameling &

3  Stamping Co., 204 U.S. 176, 185-86 (1907)).  Rather, courts "should be equally vigilant to

4  protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to

5  retain their own jurisdiction."  Id.; In re Diet Drugs, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002)

6  ("As long as Congress authorizes the federal district courts to exercise subject matter jurisdiction

7  over diversity actions we must protect the right of parties to invoke it.").  A well articulated and

8  established policy underlies Congress's decision to afford defendants a statutory right to remove

9  in cases such as this; to permit Plaintiffs to bargain with a defendant to exploit the procedural

10  rules governing removal subverts Defendant's rights and the integrity of the federal system.  Such

11  gamesmanship is unconscionable and should not be sanctioned by the courts.

12  **V.**    **CONCLUSION**

13        31.    Because complete diversity exists as between Plaintiffs and Defendants, because

14  no remaining Defendant is a citizen of the forum state, and because the amount in controversy

15  exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original

16  jurisdiction over this action pursuant to 28 U.S.C. § 1332.

17        32.    This Notice of Removal is properly filed in this District pursuant to 28 U.S.C. §

18  1446(a) because the Superior Court of the State of California, County of San Francisco, is located

19  within this district.

20        33.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed

21  with the Clerk of the Superior Court of the State of California, County of San Francisco.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE OF REMOVAL

34.    Pursuant to 28 U.S.C. § 1446(d), Union Carbide is providing written notice of this Notice of Removal to all adverse parties.

35.    Union Carbide reserves the right to amend or supplement this Notice of Removal.

Dated: August 17, 2007

CATHERINE MORRIS KROW
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Catherine Morris Krow
Attorneys for Defendant
UNION CARBIDE CORPORATION

- 10 -