1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  MARY E. POUGIALES, ESQ., S.B. #77807
   BRAYTON❖PURCELL LLP
3  ATTORNEYS AT LAW
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California 94948-6169
5  (415) 898-1555

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11 ROBERT F. LYMAN and SAMANTHA          No. C 07-4240 EMC
   LYMAN,
12                                        NOTICE OF MOTION AND MOTION TO
              Plaintiffs,                 REMAND CASE TO CALIFORNIA
13                                        SUPERIOR COURT; MEMORANDUM
   vs.                                    OF POINTS AND AUTHORITIES IN
14                                        SUPPORT OF MOTION TO REMAND;
   ASBESTOS DEFENDANTS (B*P), et al.,     DECLARATION OF DAVID DONADIO
15
              Defendants.
16
                                          Date:   September 26, 2007
17 UNION CARBIDE CORPORATION,             Time:   10:30 am
                                          Dept:   Courtroom C, 15th Floor
18            Removing Defendant.

19

20 TO DEFENDANT IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

21        Notice is hereby given that on  September 26, 2007 at 10:30 a.m., or as soon thereafter

22 as this matter may be heard, in Courtroom C of the above-entitled Court, located at 450 Golden

23 Gate Avenue, San Francisco, California, plaintiff will move the Court for an Order pursuant to

24 Title 28, United States Code, section 1447(c)  remanding this case to the Superior Court of

25 California in and for the City and County of San Francisco, and imposing sanctions against

26 defendants Union Carbide and Montello, Inc. for their improvident removal.

27 ///

28

K:\Injured\107053\USDC-Mtn Remand UNIONC.wpd                          1
NOTICE OF MOTION  AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND;
DECLARATION OF DAVID DONADIO  C07-4240 EMC

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

1       This motion is made on the grounds that this court lacks subject matter jurisdiction, and

2   that Union Carbide's Notice of Removal filed on August 17, 2007 as jury selection for trial was

3   underway in the San Francisco Superior Court is procedurally improper because one of the three

4   remaining defendants has not consented to removal.

5       The motion is based on this Notice of Motion and Motion, the accompanying

6   memorandum of points and authorities, the Declaration of David R. Donadio filed

7   contemporaneously with this Motion, and on all papers and records on file herein, including the

8   Declaration of Robert Lyman that Plaintiffs expect to receive and file by August 24th.

9       Robert Lyman suffers from a fatal cancer.  His health is rapidly declining and his death

10  appears imminent.  Plaintiffs, therefore, ask this Court to remand plaintiffs' case promptly to

11  the Superior Court of the State of California, County of San Francisco so that he may have his

12  day in court before he dies.

13  Dated:  August 21, 2007             BRAYTON ❖ PURCELL LLP

14

15                        By:

16                          Mary E. Pougiales
                        Attorney for Plaintiffs ROBERT F.

17                          LYMAN and SAMANTHA LYMAN

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND; DECLARATION OF DAVID DONADIO  C07-4240 EMC

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.**

3    **STATEMENT OF FACTS**[1]

4        Plaintiff Robert Lyman is presently bed-ridden and dying from lung cancer caused by his

5    exposure to asbestos products manufactured and/or distributed by Union Carbide, Montello,

6    Inc., Honeywell International, Inc., and the other asbestos defendants identified in the instant

7    Complaint. *See* Declaration of Robert Lyman. He and his wife filed for personal injury and

8    loss of consortium in the Superior Court of the State of California, County of San Francisco, on

9    December 26, 2006. NR Exhibit 1. No federal law is involved.

10        The matter was in trial when Union Carbide and Montello, Inc. – two of the three

11    remaining defendants – improvidently and improperly removed the matter to this court without

12    the unanimous consent of all defendants. NR Exhibit 1; Exhibits 12, 5, 4, 10. Union Carbide,

13    Montello, Inc., and Honeywell International, Inc. are the only remaining defendants in the case.[2]

14    They were three of the five defendants who remained when the matter was called for trial on

15    August 6, 2007. NR Exhibit 12, p. 26, 27. One of the five settled that morning, the other

16    settled the next week. NR Exhibit 4, p. 194; NR Exhibit 3.

17        As to Honeywell, Plaintiffs' counsel reported to the trial court and the remaining

18    defendants on August 9, 2007: "Honeywell International I think is, we are hoping to settle but

19    they are not – they have not settled as of this time." NR Exhibit 12, p. 102. All parties

20    accordingly agreed that the trial court would advise the jury panel that, "The Defendants [in this

21    case] are Union Carbide Corporation; Montello, Incorporated; Honeywell International,

22    Incorporated; and Freightliner, LLC." NR Exhibit 12, p. 127.

23        The following Monday, August 13, 2007, Plaintiffs' counsel agreed with the trial court's

24    statement that Honeywell, Union Carbide, Montello, and Freightliner were the only remaining

25    defendants, and confirmed that defendant International Truck was still "in that limbo status of

26    

27        [1] We refer to the Notice of Removal as "NR" throughout this Motion for Remand.

28        [2]There are no longer any California forum defendants. NR Exhibit 5, p. 170.

1  not really – not here, obviously, but not completely buttoned up, but apparently more buttoned

2  up than Honeywell." NR Exhibit 5, p. 142, 178.  After a break in the court proceedings, Union

3  Carbide's counsel reported that they spoke with Honeywell's counsel concerning consent to

4  removal and "they are unable to give an answer to the query as to whether or not they would

5  agree to a removal at this juncture[.]" NR Exhibit 5, p. 179.

6      Honeywell appeared at the next court day, August 14, 2007. NR Exhibit 4, p. 192, 193;

7  Exhibit 9, p.203, 204.[3]  The jury panel had arrived and the court planned to begin jury selection

8  that morning. NR Exhibit 4, p. 194, 195. Honeywell's counsel reported to the court and all

9  parties that, "At this point a deal has not yet been reached, but we anticipate that through the

10  course of this morning that our offices are likely to reach some type of agreement with respect

11  to this case, so we may very well be in a different position and not participating as much after

12  this morning.." NR Exhibit 4, p. 194-195.  He further explained:

13      And just to give you background, the reason why we weren't here before is that due to
        our firm understood that we had a trial pass agreement with Plaintiffs with respect to
14      cases for this month.  But it turns out this one case was being handled differently
        between the two offices.  It was due to a miscommunication which is why we thought
15      we were exempt from the trial appearance on this case.  Once we found out that that
        wasn't the case, we showed up immediately[.]

16
NR Exhibit 4, p. 195.

17      The trial court acknowledged and accepted this representation, finding that "right now

18  you are in the case[.]" NR Exhibit 4, p. 195. Counsel for Honeywell agreed: "Honeywell was

19  served in this matter. My current understanding is that an answer was not filed pursuant to an

20  agreement that we have with the Plaintiffs. But, nevertheless, I would say that Honeywell at

21  this point is still a party to this action." NR Exhibit 4, p. 198.

22      By the next day, defendant Montello's counsel advised the court that Honeywell had

23  "said that they will not agree to the removal." NR Exhibit 10, p. 206. Only now, and for the

24  first time, did Montello contend that Honeywell was "a nominal Defendant . . . as that term

25  appears in the statutes." NR Exhibit 10, p. 206. Not until Honeywell refused to consent to

26

27      [3]In the meantime, Freightliner had settled with plaintiffs, and the trial court dismissed

28  them without prejudice from the case. NR Exhibit 4, p. 194.

1 | removal did any defendant even suggest this. Plaintiff's counsel reiterated that "Honeywell is a
2 | Defendant in the case. They have been throughout the proceedings. There's not been an
3 | agreement with them to resolve the matter." NR Exhibit 10, p. 210. He further advised the
4 | court "that there is no agreement between Plaintiff's counsel and Honeywell that would affect
5 | joint use of preemptories or cause challenges or would affect our proceedings in any way, shape
6 | or form. And there's certainly no evidence to that effect." NR Exhibit 10, p. 213.

7 | Honeywell's counsel confirmed this:

8 | I've just been brought in to try the case, so I'm not sure of everything that went on
9 | before. Certainly Honeywell was present at the depositions of the plaintiffs, and there
   | was some product ID'd by the Plaintiffs. We did participate in discovery of 2034
   | exchanges. I don't know everything that's gone on in the case because I'm just here to
10 | try it[.]

11 | NR Exhibit 10, p. 210-211.

12 | Union Carbide, joined only by defendant Montello, Inc., then filed a Notice of Removal
13 | of Action in this court on the day that the state court was poised to begin jury selection. NR
14 | Exhibit 5, p. 152, 184; Exhibit 6. No settlement agreement has been reached, and no dismissal
15 | entered as to defendant Honeywell. They remain an active defendant in this matter. *See*
16 | Declaration of David R. Donadio.

17 | **II.**

18 | **ARGUMENT**

19 | Jurisdiction over cases removed to federal court is statutorily based (see 28 U.S.C. §§
20 | 1441-1452), and such statutes are to be strictly construed to limit, not expand, federal
21 | jurisdiction. *Oregon Bureau of Labor and Indus. ex rel. Richardson v. U.S. West*
22 | *Communications, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002). Thus, "[f]ederal jurisdiction must be
23 | rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,*
24 | *Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal
25 | jurisdiction means that the defendant always has the burden of establishing that removal is
26 | proper." *Id. See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09. Whether or
27 | not a defendant's removal allegations are challenged, this court can demand that the party

28 |

1   alleging jurisdiction justify its allegations by a preponderance of evidence, supported by

2   "competent proof." *Gaus, supra,* 980 F.2d at 566-567).

3          All defendants properly named and served must join in a removal petition with the

4   exception of "nominal" parties; *i.e.,* parties whose role is limited to that of stakeholder or

5   depositary and who could not be found liable on their own under any theory. *Hewitt v. Stanton*

6   (9th Cir. 1986) 798 F.2d 1230, 1232-1233 (citing to 28 U.S.C. § 1446 and *Chicago, R.I. & P.R.*

7   *Co. v. Martin* (1900) 178 U.S. 245, 248).   In this case, Honeywell International, Inc. was

8   properly named and served, and remains in the pending action.  It has neither consented to nor

9   joined in Union Carbide's removal.  Union Carbide was required to obtain Honeywell's

10  consent before removing this action, but failed to do so.  Thus, defendant's petition fails to

11  satisfy the jurisdictional requirement for removal, and the case must be remanded.

12          Honeywell International, Inc. did no more than enter into an "agreement to agree" with

13  plaintiffs, whereby plaintiffs agreed to set Honeywell outside of the trial in order to conserve its

14
15  assets or insurance for ultimate payment to plaintiffs.  The "agreement to agree" is an

16  arrangement made to facilitate settlement but is not binding, does not constitute a settlement, is

17  entered into by the parties' counsel and not signed by the parties, and can be revoked at any

18  time.  These agreements also are indefinite as to amount of settlement and timing of payment,
19
20  and they do not end the action against that defendant.  After counsel enters into an "agreement

21  to agree, " counsel will thereafter periodically meet, and sometimes the court will also become

22  involved in the form of mediation or settlement conferences. *See* Declaration of David R.
23
    Donadio.
24
           Plaintiffs have reached no other agreement of any kind with Honeywell. *See*
25
    Declaration of David R. Donadio.
26
27  ///

28  ///

                                                                    4
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND;
DECLARATION OF DAVID DONADIO  C07-4240 EMC

### III.

### SANCTIONS

Union Carbide, joined by Montello, removed this case as trial was beginning knowing that it was required to obtain and that it did not have the consent of all of the defendants to remove. NR Exhibit 5, p. 175-176, 178, 179. It had historically recognized Honeywell as an active, remaining defendant in the case right up until the moment Honeywell frustrated Union Carbide's attempt to delay the Lymans' day in court by removing the matter to federal court. Its argument that Honeywell is a "sham" defendant was born solely of that frustrated desire, and is unsupported by any competent evidence. This removal has abused the service of hundreds of prospective jurors, wasted the judicial resources of the state trial court, inconvenienced perhaps scores of witnesses, and jeopardized the speedy resolution of this case. Sanctions are appropriate, and the Lymans' request that they be imposed.

### CONCLUSION

By its failure to obtain consent of all remaining defendants to the removal of this action, petitioner fails to establish the requisite jurisdiction for removal to federal court. This Court lacks subject matter jurisdiction, the action was improperly removed, and the case immediately should be remanded to the Superior Court of the State of California, County of San Francisco, to proceed to trial forthwith.

Dated: August 21, 2007                          BRAYTON ❖ PURCELL LLP

                                                By: _____
                                                    Mary E. Pougiales
                                                    Attorneys for Plaintiffs ROBERT F.
                                                    LYMAN and SAMANTHA LYMAN

NOTICE OF MOTION  AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND;
DECLARATION OF DAVID DONADIO  C07-4240 EMC

## **DECLARATION OF DAVID DONADIO**

I, David R. Donadio. declare:

1.     I am an attorney duly licensed to practice law before all state courts in the State of California, and am a junior partner with the law firm of Brayton ❖ Purcell LLP attorneys of record for plaintiffs herein, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify as to their truth.

2.     I am the primary attorney involved with settlement negotiations at Brayton Purcell. As such, I am responsible for negotiating settlements with defendant Honeywell in this and other cases in which they are a named defendant.  I have settled hundreds of cases with Honeywell over the years.

3.     I am aware that when Honeywell is served with a complaint by Brayton Purcell, we expect them to file an Answer to the complaint. I know that Honeywell routinely does so.  To the best of my information, no one at Brayton Purcell agreed that Honeywell would not be required to file an Answer to our complaint in this case.  I did not know until last week that they had not done so.

4.     Brayton Purcell has not settled with Honeywell in this case.  They are still an active defendant.  I have generally discussed the facts with their counsel and we are set to conduct further settlement discussions on August 23, 2007.  In our discussions, Honeywell's counsel and I have agreed that discovery has revealed asbestos product identification and exposure implicating Honeywell in this case. In my opinion, this evidence is sufficient to establish

///

1    Honeywell's liability. Honeywell's counsel and I have not agreed on an amount of damages

2    and I do not know when that might be established to our mutual satisfaction.

4    5.        When I spoke with Honeywell's counsel, we tentatively stated that we would "agree to

.5   agree" to resolve this case. An "agreement to agree" is an arrangement to facilitate settlements.

6    It is not binding, does not constitute a settlement, is entered into by the parties' counsel and not

7    signed by the parties and can be revoked at any time. These agreements are indefinite as to

8
9    amount of settlement and timing of payment, and they do not end the action against the

10   defendant. These agreements serve to conserve assets and insurance by limiting the defendant's

11   litigation expenses where liability is established, but an exact amount of damages is not yet

12   clear. After counsel enter into such an agreement, they meet periodically thereafter to continue

13
14   discussions towards eventual settlement. This is the current status of Honeywell in the Lyman

15   case.

16   6.        To the best of my knowledge, Brayton Purcell has entered into no other agreements of

17   any kind with Honeywell, including any agreement relating to Union Carbide's efforts to

18
19   remove this matter to federal court.

20        I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct.

22        Executed on August 21, 2007, at Novato, California.

23

24

25                                              DAVID R. DONADIO, SBN #154436

26

27

28

K:\Injured\107053\USDC-Mtn Remand UNIONC.wpd                   7
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND;
DECLARATION OF DAVID DONADIO  C07-4240 EMC

1    PROOF OF SERVICE BY LEXIS-NEXIS E-SERVICE

2    I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road,
3    P.O. Box 6169, Novato, California, 94948-6169.

4    On August 21, 2007, I electronically served (E-Service), the following documents:

5    **NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN**
6    **SUPPORT OF MOTION TO REMAND; DECLARATION OF DAVID DONADIO**

7

8    on the interested parties in this action by causing the United States District Court e-filing program to transmit a true copy thereof to the following party(ies):

9    **Defendant Union Carbide Corporation**          **Defendant Montello Inc.**
     Catherine N. Morris                                Molly Jeannette Mrowka
10   Orrick, Herrington & Sutcliffe LLP                 Dillingham & Murphy
     The Orrick Building                                225 Bush St., Sixth Floor
11   405 Howard Street                                  San Francisco, CA 94104
     San Francisco, CA 94105                            Email: mjm@dillinghammurphy.com
12   Email: cmorris@orrick.com

                                                        **Defendant Honeywell International Inc.**
13   Nathan Craig Dullum                                Christopher M. Jhang
     Orrick, Herrington & Sutcliffe LLP                 Perkins Coie LLP
14   Old Federal Reserve Bank Building                  Four Embarcadero Center, Suite 2400
     400 Sansome Street                                 San Francisco, CA 94111
15   San Francisco, CA 94111                            Email: cjhang@perkinscoie.com
     Email: ndullum@orrick.com
16

17

18   The above document was transmitted by E-Service and the transmission was reported as complete and without error.

19   Executed on August 21, 2007, at Novato, California.

20   I declare under penalty of perjury that the foregoing is true and correct.

21

22                                    Jane Ehni

23

24

25

26   Robert Lyman, et al. v. Asbestos Defendants (B❖P)
     USDC No. C07-4240 EMC

27

28

                                        1

PROOF OF SERVICE BY E-SERVICE

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555