ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
MARY E. POUGIALES, ESQ., S.B. #77807
BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> ASBESTOS DEFENDANTS (B*P), et al., <br><br> Defendants. <br><br> UNION CARBIDE CORPORATION, <br><br> Removing Defendant. | No. C 07-4240 SBA <br><br> **RENOTICE** OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND; DECLARATION OF DAVID DONADIO <br><br> Date: October 16, 2007 <br> Time: 1:00 pm <br> Courtroom: 3, 3rd Floor, **Oakland** |

TO DEFENDANT IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

Notice is hereby given that on October 16, 2007 at 1:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 3 of the above-entitled Court, located at 1301 Clay Street, Ste. 400S, Oakland, California, plaintiff will move the Court for an Order pursuant to Title 28, United States Code, section 1447(c) remanding this case to the Superior Court of California in and for the City and County of San Francisco, and imposing sanctions against defendants Union Carbide and Montello, Inc. for their improvident removal.

///

1     This motion is made on the grounds that this court lacks subject matter jurisdiction, and that Union Carbide's Notice of Removal filed on August 17, 2007 as jury selection for trial was underway in the San Francisco Superior Court is procedurally improper because one of the three remaining defendants has not consented to removal.

    The motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the Declaration of David R. Donadio filed contemporaneously with this Motion, and on all papers and records on file herein, including the Declaration of Robert Lyman that Plaintiffs expect to receive and file by August 24th.

    Robert Lyman suffers from a fatal cancer. His health is rapidly declining and his death appears imminent. Plaintiffs, therefore, ask this Court to remand plaintiffs' case promptly to the Superior Court of the State of California, County of San Francisco so that he may have his day in court before he dies.

Dated: August 22, 2007                          BRAYTON ❖ PURCELL LLP

                                           By: /s/Mary E. Pougiales
                                                Mary E. Pougiales
                                                Attorney for Plaintiffs ROBERT F. LYMAN and SAMANTHA LYMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS[1]

Plaintiff Robert Lyman is presently bed-ridden and dying from lung cancer caused by his exposure to asbestos products manufactured and/or distributed by Union Carbide, Montello, Inc., Honeywell International, Inc., and the other asbestos defendants identified in the instant Complaint. *See* Declaration of Robert Lyman. He and his wife filed for personal injury and loss of consortium in the Superior Court of the State of California, County of San Francisco, on December 26, 2006. NR Exhibit 1. No federal law is involved.

The matter was in trial when Union Carbide and Montello, Inc. – two of the three remaining defendants – improvidently and improperly removed the matter to this court without the unanimous consent of all defendants. NR Exhibit 1; Exhibits 12, 5, 4, 10. Union Carbide, Montello, Inc., and Honeywell International, Inc. are the only remaining defendants in the case.[2] They were three of the five defendants who remained when the matter was called for trial on August 6, 2007. NR Exhibit 12, p. 26, 27. One of the five settled that morning, the other settled the next week. NR Exhibit 4, p. 194; NR Exhibit 3.

As to Honeywell, Plaintiffs' counsel reported to the trial court and the remaining defendants on August 9, 2007: "Honeywell International I think is, we are hoping to settle but they are not – they have not settled as of this time." NR Exhibit 12, p. 102. All parties accordingly agreed that the trial court would advise the jury panel that, "The Defendants [in this case] are Union Carbide Corporation; Montello, Incorporated; Honeywell International, Incorporated; and Freightliner, LLC." NR Exhibit 12, p. 127.

The following Monday, August 13, 2007, Plaintiffs' counsel agreed with the trial court's statement that Honeywell, Union Carbide, Montello, and Freightliner were the only remaining defendants, and confirmed that defendant International Truck was still "in that limbo status of

---

[1] We refer to the Notice of Removal as "NR" throughout this Motion for Remand.

[2] There are no longer any California forum defendants. NR Exhibit 5, p. 170.

not really – not here, obviously, but not completely buttoned up, but apparently more buttoned up than Honeywell." NR Exhibit 5, p. 142, 178. After a break in the court proceedings, Union Carbide's counsel reported that they spoke with Honeywell's counsel concerning consent to removal and "they are unable to give an answer to the query as to whether or not they would agree to a removal at this juncture[.]" NR Exhibit 5, p. 179.

Honeywell appeared at the next court day, August 14, 2007. NR Exhibit 4, p. 192, 193; Exhibit 9, p.203, 204.[3] The jury panel had arrived and the court planned to begin jury selection that morning. NR Exhibit 4, p. 194, 195. Honeywell's counsel reported to the court and all parties that, "At this point a deal has not yet been reached, but we anticipate that through the course of this morning that our offices are likely to reach some type of agreement with respect to this case, so we may very well be in a different position and not participating as much after this morning.." NR Exhibit 4, p. 194-195. He further explained:

> And just to give you background, the reason why we weren't here before is that due to our firm understood that we had a trial pass agreement with Plaintiffs with respect to cases for this month. But it turns out this one case was being handled differently between the two offices. It was due to a miscommunication which is why we thought we were exempt from the trial appearance on this case. Once we found out that that wasn't the case, we showed up immediately[.]

NR Exhibit 4, p. 195.

The trial court acknowledged and accepted this representation, finding that "right now you are in the case[.]" NR Exhibit 4, p. 195. Counsel for Honeywell agreed: "Honeywell was served in this matter. My current understanding is that an answer was not filed pursuant to an agreement that we have with the Plaintiffs. But, nevertheless, I would say that Honeywell at this point is still a party to this action." NR Exhibit 4, p. 198.

By the next day, defendant Montello's counsel advised the court that Honeywell had "said that they will not agree to the removal." NR Exhibit 10, p. 206. Only now, and for the first time, did Montello contend that Honeywell was "a nominal Defendant . . . as that term appears in the statutes." NR Exhibit 10, p. 206. Not until Honeywell refused to consent to

---

[3] In the meantime, Freightliner had settled with plaintiffs, and the trial court dismissed them without prejudice from the case. NR Exhibit 4, p. 194.

removal did any defendant even suggest this. Plaintiff's counsel reiterated that "Honeywell is a Defendant in the case. They have been throughout the proceedings. There's not been an agreement with them to resolve the matter." NR Exhibit 10, p. 210. He further advised the court "that there is no agreement between Plaintiff's counsel and Honeywell that would affect joint use of preemptories or cause challenges or would affect our proceedings in any way, shape or form. And there's certainly no evidence to that effect." NR Exhibit 10, p. 213.

Honeywell's counsel confirmed this:

> I've just been brought in to try the case, so I'm not sure of everything that went on before. Certainly Honeywell was present at the depositions of the plaintiffs, and there was some product ID'd by the Plaintiffs. We did participate in discovery of 2034 exchanges. I don't know everything that's gone on in the case because I'm just here to try it[.]

NR Exhibit 10, p. 210-211.

Union Carbide, joined only by defendant Montello, Inc., then filed a Notice of Removal of Action in this court on the day that the state court was poised to begin jury selection. NR Exhibit 5, p. 152, 184; Exhibit 6. No settlement agreement has been reached, and no dismissal entered as to defendant Honeywell. They remain an active defendant in this matter. *See* Declaration of David R. Donadio.

## II.

## ARGUMENT

Jurisdiction over cases removed to federal court is statutorily based (see 28 U.S.C. §§ 1441-1452), and such statutes are to be strictly construed to limit, not expand, federal jurisdiction. *Oregon Bureau of Labor and Indus. ex rel. Richardson v. U.S. West Communications, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id. See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09. Whether or not a defendant's removal allegations are challenged, this court can demand that the party

Case 4:07-cv-04240-SBA    Document 34    Filed 08/22/2007    Page 6 of 10

1  alleging jurisdiction justify its allegations by a preponderance of evidence, supported by
2  "competent proof." *Gaus, supra,* 980 F.2d at 566-567).

3  All defendants properly named and served must join in a removal petition with the
4  exception of "nominal" parties; *i.e.,* parties whose role is limited to that of stakeholder or
5  depositary and who could not be found liable on their own under any theory. *Hewitt v. Stanton*
6  (9th Cir. 1986) 798 F.2d 1230, 1232-1233 (citing to 28 U.S.C. § 1446 and *Chicago, R.I. & P.R.*
7  *Co. v. Martin* (1900) 178 U.S. 245, 248). In this case, Honeywell International, Inc. was
8  properly named and served, and remains in the pending action. It has neither consented to nor
9  joined in Union Carbide's removal. Union Carbide was required to obtain Honeywell's
10 consent before removing this action, but failed to do so. Thus, defendant's petition fails to
11 satisfy the jurisdictional requirement for removal, and the case must be remanded.

12 Honeywell International, Inc. did no more than enter into an "agreement to agree" with
13 plaintiffs, whereby plaintiffs agreed to set Honeywell outside of the trial in order to conserve its
14 assets or insurance for ultimate payment to plaintiffs. The "agreement to agree" is an
15 
16 arrangement made to facilitate settlement but is not binding, does not constitute a settlement, is
17 entered into by the parties' counsel and not signed by the parties, and can be revoked at any
18 time. These agreements also are indefinite as to amount of settlement and timing of payment,
19 
20 and they do not end the action against that defendant. After counsel enters into an "agreement
21 to agree," counsel will thereafter periodically meet, and sometimes the court will also become
22 involved in the form of mediation or settlement conferences. *See* Declaration of David R.
23 Donadio.
24 
25 Plaintiffs have reached no other agreement of any kind with Honeywell. *See*
26 Declaration of David R. Donadio.
27 ///
28 ///

NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND;
DECLARATION OF DAVID DONADIO  C07-4240 SBA

## III.

## SANCTIONS

Union Carbide, joined by Montello, removed this case as trial was beginning knowing that it was required to obtain and that it did not have the consent of all of the defendants to remove. NR Exhibit 5, p. 175-176, 178, 179. It had historically recognized Honeywell as an active, remaining defendant in the case right up until the moment Honeywell frustrated Union Carbide's attempt to delay the Lymans' day in court by removing the matter to federal court. Its argument that Honeywell is a "sham" defendant was born solely of that frustrated desire, and is unsupported by any competent evidence. This removal has abused the service of hundreds of prospective jurors, wasted the judicial resources of the state trial court, inconvenienced perhaps scores of witnesses, and jeopardized the speedy resolution of this case. Sanctions are appropriate, and the Lymans' request that they be imposed.

## CONCLUSION

By its failure to obtain consent of all remaining defendants to the removal of this action, petitioner fails to establish the requisite jurisdiction for removal to federal court. This Court lacks subject matter jurisdiction, the action was improperly removed, and the case immediately should be remanded to the Superior Court of the State of California, County of San Francisco, to proceed to trial forthwith.

Dated: August 22, 2007                     BRAYTON ❖ PURCELL LLP

By:   /s/Mary E. Pougiales
      Mary E. Pougiales
      Attorneys for Plaintiffs ROBERT F.
      LYMAN and SAMANTHA LYMAN

## DECLARATION OF DAVID DONADIO

I, David R. Donadio, declare:

1.  I am an attorney duly licensed to practice law before all state courts in the State of California, and am a junior partner with the law firm of Brayton ❖ Purcell LLP attorneys of record for plaintiffs herein, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify as to their truth.

2.  I am the primary attorney involved with settlement negotiations at Brayton Purcell. As such, I am responsible for negotiating settlements with defendant Honeywell in this and other cases in which they are a named defendant. I have settled hundreds of cases with Honeywell over the years.

3.  I am aware that when Honeywell is served with a complaint by Brayton Purcell, we expect them to file an Answer to the complaint. I know that Honeywell routinely does so. To the best of my information, no one at Brayton Purcell agreed that Honeywell would not be required to file an Answer to our complaint in this case. I did not know until last week that they had not done so.

4.  Brayton Purcell has not settled with Honeywell in this case. They are still an active defendant. I have generally discussed the facts with their counsel and we are set to conduct further settlement discussions on August 23, 2007. In our discussions, Honeywell's counsel and I have agreed that discovery has revealed asbestos product identification and exposure implicating Honeywell in this case. In my opinion, this evidence is sufficient to establish

///

Honeywell's liability. Honeywell's counsel and I have not agreed on an amount of damages and I do not know when that might be established to our mutual satisfaction.

5.      When I spoke with Honeywell's counsel, we tentatively stated that we would "agree to agree" to resolve this case. An "agreement to agree" is an arrangement to facilitate settlements. It is not binding, does not constitute a settlement, is entered into by the parties' counsel and not signed by the parties and can be revoked at any time. These agreements are indefinite as to amount of settlement and timing of payment, and they do not end the action against the defendant. These agreements serve to conserve assets and insurance by limiting the defendant's litigation expenses where liability is established, but an exact amount of damages is not yet clear. After counsel enter into such an agreement, they meet periodically thereafter to continue discussions towards eventual settlement. This is the current status of Honeywell in the Lyman case.

6.      To the best of my knowledge, Brayton Purcell has entered into no other agreements of any kind with Honeywell, including any agreement relating to Union Carbide's efforts to remove this matter to federal court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 21, 2007, at Novato, California.

_____
DAVID R. DONADIO, SBN #154436

<u>PROOF OF SERVICE BY LEXIS-NEXIS E-SERVICE</u>

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California, 94948-6169.

On August 22, 2007, I electronically served (E-Service), the following documents:

**RENOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND; DECLARATION OF DAVID DONADIO**

on the interested parties in this action by causing the United States District Court e-filing program to transmit a true copy thereof to the following parties:

**Defendant Union Carbide Corp.**
Catherine N. Morris
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Email: cmorris@orrick.com

**Defendant Union Carbide Corp.**
Nathan Craig Dullum
Orrick, Herrington & Sutcliffe LLP
Email: ndullum@orrick.com

**Defendant Montello Inc.**
Molly J. Morowka
Dillingham & Murphy
225 Bush Street, 6th Floor
San Francisco, CA 94104
Email: mjm@dillinghammurphy.com

**Defendant Honeywell International Inc.**
Christopher M. Jhang
Perkins Coie LLP
Four Embarcadero Ctr., Ste. 2400
San Francisco, CA 94111
Email: cjhang@perkinscoie.com

The above document was transmitted by Lexis-Nexis E-Service and the transmission was reported as complete and without error.

Executed on August 22, 2007, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Jane Ehni*
Jane Ehni

<u>Robert Lyman, et al. v. Asbestos Defendants (B❖P)</u>
USDC No. C07-4240 SBA

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

PROOF OF SERVICE BY E-SERVICE