CATHERINE MORRIS KROW (STATE BAR NO. 208412)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759
ckrow@orrick.com

Attorneys for Defendant
UNION CARBIDE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ASBESTOS DEFENDANTS (B*P), *et al.*,<br><br>　　　　　Defendants. | CASE NO.  C 07-4240 SBA<br><br>**NOTICE OF MOTION AND MOTION TO STAY CASE PENDING TRANSFER TO MDL-875; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY**<br><br>Date:　　　October 16, 2007<br>Time:　　　1:00 p.m.<br>Courtroom:　3, 3rd Floor, Oakland<br>Judge:　　　Hon. Saundra B. Armstrong |

OHS West:260291126.1

CASE NO.  C 07-4240 SBA
DEFENDANT UNION CARBIDE'S MOTION TO STAY PENDING TRANSFER TO MDL-875

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................2

II. FACTUAL BACKGROUND..............................................................................................2

    A. MDL-875 ................................................................................................................2

    B. The Instant Action ..................................................................................................3

III. ARGUMENT......................................................................................................................4

    A. A Stay of This Action Is Required to Prevent Inconsistent Decisions ...................6

    B. A Stay Will Promote Judicial Efficiency and Economy.........................................6

    C. A Stay Would Not Unduly Prejudice Plaintiffs......................................................7

    D. Union Carbide Will Be Prejudiced if Proceedings Are Not Stayed and the Action Is Later Transferred to the MDL.................................................................8

IV. CONCLUSION...................................................................................................................9

# TABLE OF AUTHORITIES

Page

## CASES

*Abrego Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ................................................................................................4

*Aiken v. Microsoft Corp.*,
2000 WL 310391 (E.D. La. Mar. 24, 2000) ..........................................................................8

*Am. Seafood, Inc. v. Magnolia Processing, Inc.*,
1992 WL 102762 (E.D. Pa. 1992) .........................................................................................5

*Arthur-Magna, Inc. v. Del-Val Financial Corp.*,
1991 WL 13725 (D.N.J. 1991) ..............................................................................................5

*Board of Trustees of Teachers' Retirement Sys., of State of Illinois v. Worldcom, Inc.*,
244 F. Supp. 2d 900 (N.D. Ill. 2002) .....................................................................................6

*Fontenot v. Global Marine, Inc.*,
703 F.2d 867 (5th Cir. 1983) .................................................................................................4

*Good v. Prudential Ins. Co. of Am.*,
5 F. Supp. 2d 804 (N.D. Cal. 1998) ...................................................................................4, 5

*Hardin v. Merck & Co.*,
No. 07-CV-0070 (SBA), 2007 WL 1056790 (N.D. Cal. Apr. 5, 2007) .................................5

*In re Asbestos Products Liability Litigation*,
771 F. Supp. 415 (J.P.M.L. 1991) .........................................................................................2

*In re Asbestos Products Liability Litigation*,
170 F. Supp. 2d 1348 (J.P.M.L. 2001) ...............................................................................5, 8

*In re Patenude*,
210 F.3d 135 (3d Cir. 2000) ..................................................................................................8

*In re Ivy*,
901 F.2d 7 (2d Cir 1990), *abrogated in part by Syngenta Crop Prot., Inc. v. Henson*,
537 U.S. 28 (2002) .................................................................................................................6

*Landis v. No. Am. Co.*,
299 U.S. 248 (1936) ...............................................................................................................4

*Medical Soc'y v. Connecticut Gen. Corp.*,
187 F. Supp. 2d 89 (S.D.N.Y. 2001) .................................................................................5, 6

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) .................................................................................................4

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) ............................................................................5, 6, 7, 8

# TABLE OF AUTHORITIES
(continued)

Page

*Weinke v. Microsoft Corp.*,
   84 F. Supp. 2d 989 (E.D. Wis. 2000)..................................................................................5

**STATUTES**

28 U.S.C. § 1407..........................................................................................................................2, 5

28 U.S.C. § 1441.............................................................................................................................3

28 U.S.C. § 1446.............................................................................................................................3

28 U.S.C. § 1446(d).........................................................................................................................3

**MISCELLANEOUS**

MDL Rule 7.4(c)..........................................................................................................................3, 7

MDL Rule 7.5(e)..........................................................................................................................2, 3

1    PLEASE TAKE NOTICE that on the 16th day of October, 2007 at 1:00 p.m., or as
2  soon thereafter as the matter may be heard, Defendant Union Carbide Corporation ("Union
3  Carbide"), having removed to this Honorable Court the action entitled *Robert Lyman and
4  Samantha Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court Case No.
5  CGC-06-459162, and having provided notice to the Judicial Panel on Multidistrict Litigation (the
6  "MDL Panel") that this matter constitutes a "tag-along" action subject to transfer to the
7  Multidistrict Litigation Proceeding No. 875, titled *In re Asbestos Product Liability Litigation (No.
8  VI)* ("MDL-875"), respectfully requests that the Court stay this action in its entirety pending a
9  determination from the MDL Panel as to whether transfer is appropriate.

10    This Motion is based upon this Notice of Motion and the following Memorandum
11 of Points and Authorities in Support thereof; the accompanying declaration of Catherine Morris
12 Krow and the exhibits attached thereto; the applicable law; and such other matters as may be
13 presented at the hearing on the Motion. Union Carbide respectfully requests that this Court grant
14 the relief requested and enter the Proposed Order submitted herewith staying this action pending a
15 determination from the MDL Panel regarding transfer.

16 Dated: August 24, 2007                      CATHERINE MORRIS KROW
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                   /s/ Catherine Morris Krow
                                               ─────────────────────────────
                                                    Catherine Morris Krow
                                                    Attorneys for Defendant
                                                 UNION CARBIDE CORPORATION

OHS West:260291126.1                    - 1 -
                                                              CASE NO. C 07-4240 SBA
                        DEFENDANT UNION CARBIDE'S MOTION TO STAY PENDING TRANSFER TO MDL-875

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO STAY

## I. INTRODUCTION

Union Carbide respectfully requests that the Court issue an order staying this tag-along action pending its transfer to MDL-875. A stay is appropriate because the complex "sham" or "nominal" defendant issue affecting remand in this case is likely to recur in various cases pending before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). A stay is therefore necessary to avoid the inherent risk of inconsistent decisions by various transferor courts. Furthermore, a stay of this case will conserve judicial resources, and will result in only the briefest delay of Plaintiffs' case, if any, because transfer of jurisdiction to the MDL Panel is likely to be perfected at or around the time this Court would be considering Plaintiffs' motion to remand. Accordingly, Union Carbide respectfully requests that this action be stayed pending transfer to MDL-875, and that Plaintiffs' pending motion to remand be denied without prejudice pursuant to the requested stay of proceedings.

## II. FACTUAL BACKGROUND

### A. MDL-875

On July 29, 1991, the MDL Panel entered a transfer order establishing MDL-875 and directing over 20,000 asbestos cases pending in federal court to be transferred to the United States District Court, Eastern District of Pennsylvania, for coordination or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products Liability Litigation*, 771 F. Supp. 415 (J.P.M.L. 1991). In the transfer order, the panel held:

> On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

771 F. Supp. at 417. That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filings of the MDL Panel's Order to Show Cause. *Id.* at 424. MDL Rule 7.5(e) provides:

OHS West:260291126.1

- 2 -

> Any party or counsel in actions previously transferred under section 1407 or under consideration by the Panel for transfer under section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

On Monday, August 20, 2007, Union Carbide filed a Notice of Tag-Along Action, informing this Court that the case was a tag-along action, subject to transfer to the United States Court for the Eastern District of Pennsylvania for consolidated pre-trial proceedings. Pursuant to MDL Rule 7.5(e), Union Carbide provided notice to the MDL Panel of this "tag-along" action on August 20, 2007. *See* Letter to MDL Panel Clerk providing notice of tag-along action (Declaration of Catherine Morris Krow filed concurrently herewith ("Krow Decl."), Exh. A). Union Carbide expects a conditional transfer order to issue shortly, at which point Plaintiffs have 15 days to object to the transfer. MDL Rule 7.4(c). Assuming that Plaintiffs do not object to the transfer order,[1] a final transfer order will be filed in Judge Giles' court shortly thereafter. Jurisdiction will then be transferred to the MDL.

### B. The Instant Action

On or about December 29, 2006, Plaintiffs filed an asbestos products liability suit in the Superior Court of the State of California, County of San Francisco, entitled *Robert Lyman and Samantha Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court Case No. CGC-06-459162. In their state pleadings, Plaintiffs Robert F. Lyman and Samantha Lyman ("Plaintiffs") alleged that exposure to defendants' asbestos and/or asbestos-containing products caused Mr. Lyman's lung cancer.

On August 7, 2007, less than a year after the initial action was filed, the last forum defendant was dismissed from the case. On August 17, 2007, Union Carbide removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, based upon the existence of complete diversity between Plaintiffs and the remaining defendants. Pursuant to 28 U.S.C. § 1446(d), on

---

[1] If Plaintiffs do object to the transfer to MDL-875, they must file objections to the transfer with the MDL Panel. The issue would then be set for the next available panel hearing. However, because this case involves common issues of fact with all other asbestos cases in MDL-875, any objection to the transfer would be futile.

OHS West:260291126.1                                    - 3 -

1  August 17, 2007, a copy of the Notice of Removal was also filed with the Clerk of the Superior
2  Court of the State of California, County of San Francisco and served on all adverse parties.
3        At the time of removal, Union Carbide had not received consent to remove from
4  one "defendant," Honeywell International, Inc. ("Honeywell").[2] In its notice of removal Union
5  Carbide explained that Honeywell's consent should not be required in this case because
6  Honeywell is a "sham" or "nominal" defendant. As Union Carbide noted in the notice of
7  removal, Honeywell has never answered the complaint, yet Plaintiffs have never sought to default
8  Honeywell despite the prospect of sanctions for failure to do so; Honeywell was not identified by
9  Plaintiffs as a defendant, and did not appear at trial, until after the specter of removal was raised;
10 and Honeywell is improperly colluding with Plaintiffs to defeat removal. *See* Notice of Removal
11 dated August 17, 2007, Case No. 4:07-CV-07240 (SBA) at ¶¶ 17-23.
12       On Tuesday, August 21, 2007, Plaintiffs filed a motion to remand the case to San
13 Francisco Superior Court. In that motion, Plaintiffs' counsel acknowledged that they have an
14 "agreement to agree" to resolve the case with Honeywell, and that agreement "set Honeywell
15 outside of the trial." August 21, 2007 Declaration of David Donadio in Support of Motion to
16 Remand, ¶ 5. Plaintiffs also cited statements by Honeywell's counsel acknowledging that "an
17 answer was not filed pursuant to an agreement that we [Honeywell] have with the Plaintiffs."
18 Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Remand at 2:19-20.
19 The hearing on this Motion has been noticed for October 16, 2007; additional facts and law
20 relating to the removal issue will be provided by Union Carbide in connection with its opposition
21 to Plaintiffs' motion.
22 **III.   ARGUMENT**
23       Federal district courts have inherent power to stay proceedings before them.
24 *Landis v. No. Am. Co.*, 299 U.S. 248, 254 (1936); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp.
25 2d 804, 809 (N.D. Cal. 1998). This is particularly true when a decision by the MDL Panel to

---

[2] Consent of all essential defendants is a procedural requirement that may be waived by plaintiffs and does not warrant reversal if cured prior to entry of judgment. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (citation omitted), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 870-71 (5th Cir. 1983).

OHS West:260291126.1                                    - 4 -

transfer the action is pending. *Good*, 5 F. Supp. 2d at 809 ("Courts frequently grant stays pending a decision by the MDL Panel.") (*citing Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762 (E.D. Pa. 1992); *Arthur-Magna, Inc. v. Del-Val Financial Corp.*, 1991 WL 13725 (D.N.J. 1991)); *see also Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000).

The MDL Panel has specifically recognized district courts' discretion to await a transfer order without ruling on a pending motion to remand. *In re Asbestos Products Liability Litigation*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that [motions to remand] should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay."). Accordingly, it is appropriate to stay preliminary proceedings while a motion to transfer and consolidate are pending in the MDL Panel. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (noting that temporary stays in this context promote judicial economy and preserve scarce judicial resources). Factors to be considered in determining whether a stay should issue include judicial efficiencies in avoiding duplicative litigation, hardship and inequity to the moving party if the stay is not granted, and potential prejudice to non-moving party resulting from a stay. *Rivers*, 980 F. Supp. at 1360. "[A] majority of courts have concluded that it is often appropriate to stay preliminary proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362.

It is well recognized that deference to the MDL court for resolution of a motion to remand often facilitates the goals of uniformity, consistency and predictability that underlie the MDL system. *See* 28 U.S.C. § 1407; *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997) (staying action pending transfer to MDL based on conservation of judicial resources). Moreover, the court should stay the action if the jurisdictional issue of a motion to remand is similar to cases that have been, or likely will be transferred to the MDL transferee court. *Hardin v. Merck & Co.*, No. 07-CV-0070 (SBA), 2007 WL 1056790, at *2 (N.D. Cal. Apr. 5, 2007); *Medical Soc'y v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89 (S.D.N.Y.

OHS West:260291126.1

- 5 -

CASE NO. C 07-4240 SBA
DEFENDANT UNION CARBIDE'S MOTION TO STAY PENDING TRANSFER TO MDL-875

2001); *Board of Trustees of Teachers' Retirement Sys., of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002).

As explained further below, each of the factors to be considered weighs in favor of a stay of this action. For these reasons, Union Carbide respectfully requests that this matter be stayed pending transfer to the MDL.

A.  **A Stay of This Action Is Required to Prevent Inconsistent Decisions**

The dual concerns of judicial economy and consistency compel imposition of a stay where similar legal issues are likely to be presented in other actions before the MDL court. *See Medical Soc'y v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89 (S.D.N.Y. 2001). In cases where the jurisdictional issue could easily arise again in other transfer cases, "consistency as well as economy is ... served" when "the jurisdictional objections . . . [are] heard and resolved by a single court." *In re Ivy*, 901 F.2d 7, 9 (2d Cir 1990), *abrogated in part by Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002).

The need for a stay is apparent in this case because the issues affecting remand, namely Honeywell's collusion with Plaintiffs' counsel to defeat removal and the effect of their "agreement to agree" on settlement, are likely to arise in other actions before the MDL. Unfortunately, arrangements such as the one between Honeywell and the Brayton firm are not uncommon in asbestos litigation. Indeed, the ever-present threat of future litigation creates a breeding ground for collusive arrangement between Plaintiffs' counsel and "sham" defendants; thus, allegations relating to inappropriate deals designed to defeat federal jurisdiction are hardly an unusual occurrence in the asbestos MDL. Because the sham or nominal defendant issues arising out of arrangements like the one between Honeywell and the Brayton firm are likely to surface again and again in cases pending before the asbestos MDL, there exists a serious risk of inconsistent rulings if various transferor courts tackle these issues individually.

B.  **A Stay Will Promote Judicial Efficiency and Economy**

A stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers*, 980 F. Supp at 1360. These important goals would be well served by a stay of the instant action. By staying the case now, the Court can avoid the briefing and requested

1  hearing associated with the Plaintiffs' pending motion to remand. If it chose instead to hear the
2  motion to remand, the Court would have "needlessly expended its energies familiarizing itself
3  with the intricacies of a case that" more likely than not, will ultimately be "heard by another
4  judge" anyway. *See Rivers*, 980 F. Supp. at 1360. In other words, if the case is transferred, this
5  Court will have unnecessarily spent an inordinate amount of time addressing the peculiar facts
6  and law relating to the collusion between Honeywell and Plaintiffs' counsel, and the effect of
7  their bizarre "agreement to agree" as it pertains to the removal consent requirement. As noted
8  above, this complicated issue is unlikely to surface again in a typical litigation, but is highly
9  likely to reappear in asbestos litigation pending in the MDL.

In addition, a stay would promote judicial efficiency in this case because transfer is likely to be perfected before or near the time that this Court would be tackling Plaintiffs' motion to remand. Union Carbide notified the MDL Panel of this case on August 20, 2007 (Krow Decl., Exh. A), and a conditional transfer order is expected to issue shortly. Once it does, Plaintiffs have 15 days to object to the transfer. MDL Rule 7.4(c). As noted previously, any such objection would be futile because this case plainly involves issues that overlap with those presently before the MDL (*i.e.*, asbestos exposure and lung disease). Once the time to object has passed, jurisdiction will pass exclusively to the MDL Panel. This could very well happen while this Court is considering the motion to remand; thus, the time this Court will spend reviewing the briefs and researching the legal issues could very well be for naught.

C.  **A Stay Would Not Unduly Prejudice Plaintiffs**

Because the MDL was notified promptly of this case, and it was tagged to the MDL immediately upon removal, any delay associated with a stay would be brief at worst. Union Carbide anticipates that a conditional transfer order will issue very soon, and jurisdiction over the case is likely to transfer to the MDL Panel within a few weeks of that order. Thus, it is quite possible, and even likely, that the transfer to MDL will be complete even before the Plaintiffs' motion to remand is properly for hearing before this Court. Accordingly, the MDL Panel will be able to consider Plaintiffs' motion to remand in short order.

Union Carbide anticipates that Plaintiffs will argue that a stay should not be

granted because Mr. Lyman is critically ill. Yet any minor delay worked by granting a temporary stay here should be minor because Plaintiffs will be able to take advantage of expedited procedures in the asbestos MDL. During his tenure presiding over MDL-875, Judge Charles R. Weiner established expedited procedures for resolving priority cases. *See In re Asbestos Products Liability Litigation*, MDL-875, at 1 (E.D. Pa. Sept. 8, 1992) (Admin. Order 3). Under Admin. Order 3, cases involving mesothelioma and lung cancer are addressed on a priority basis, with living plaintiffs receiving further priority over deceased plaintiffs. *See id.*; *In re Patenude*, 210 F.3d 135, 140 (3d Cir. 2000). Moreover, because pre-trial discovery in this case is already complete, the case is ripe for prompt adjudication pursuant to the MDL procedures. Accordingly, Plaintiffs will not be prejudiced by the requested stay.[3]

### D. Union Carbide Will Be Prejudiced if Proceedings Are Not Stayed and the Action Is Later Transferred to the MDL

By contrast, Union Carbide will be prejudiced if a stay is not granted. A temporary stay will prevent Union Carbide from incurring expenses in proceeding before this Court, only to have jurisdiction transfer mid-stream and have to duplicate all those efforts in front of the MDL. A stay would also allow Union Carbide to coordinate this case with any others it already has pending before the MDL. In addition, the issue of collusion between Plaintiffs and certain defendants to defeat removal is likely to come up again in other asbestos cases involving Union Carbide. This potential for duplicative jurisdictional objections across the country is a factor that courts consider in deciding whether to stay an action. *See Aiken v. Microsoft Corp.*, 2000 WL 310391 at *2 (E.D. La. Mar. 24, 2000) (staying case and denying motion to remand where the same jurisdictional questions would likely be raised in similar cases).

///

///

///

///

---

[3] Assuming *arguendo* that there would be some prejudice to Plaintiffs if the instant motion is granted, cases indicate that considerations of judicial economy and efficiency discussed above are afforded greater weight. *See Rivers*, 980 F. Supp. at 1362 n.5.

## IV. CONCLUSION

Accordingly, Union Carbide respectfully requests that the Court grant its motion and enter an order temporarily staying this action pending a ruling from the MDL Panel ordering this case transferred to MDL-875.

Dated: August 24, 2007

Respectfully submitted,

CATHERINE MORRIS KROW
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ Catherine Morris Krow
Catherine Morris Krow
Attorneys for Defendant
UNION CARBIDE CORPORATION