CATHERINE MORRIS KROW (STATE BAR NO. 208412)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759
ckrow@orrick.com

Attorneys for Defendant
UNION CARBIDE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS DEFENDANTS (B*P), *et al.*,<br><br>Defendants. | CASE NO. C 07-4240 SBA<br><br>**APPENDIX OF AUTHORITY NOT PUBLISHED IN OFFICIAL REPORTERS IN SUPPORT OF MOTION TO STAY CASE PENDING TRANSFER TO MDL-875**<br><br>Date:         October 16, 2007<br>Time:        1:00 p.m.<br>Courtroom:  3, 3rd Floor, Oakland<br>Judge:       Hon. Saundra B. Armstrong |

1. *Aikins v. Microsoft Corp.*, No. 00-CV-0242 AJM, 2000 WL 310391 (E.D. La. Mar. 24, 2000)

2. *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-CV-1030 HJH, 92-CV-1086 HJH, 1992 WL 102762 (E.D. Pa. May 7, 1992)

3. *Arthur-Magna, Inc. v. Del-Val Financial Corp.*, No. 90-CV-7378 AMW, 1991 WL 13725 (D.N.J. Feb. 1, 1991)

4. *Hardin v. Merck & Co.*, No. 07-CV-0070 SBA, 2007 WL 1056790 (N.D. Cal. Apr. 5, 2007)

Dated: August 24, 2007

CATHERINE MORRIS KROW
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Catherine Morris Krow
_____
Catherine Morris Krow
Attorneys for Defendant
UNION CARBIDE CORPORATION

# Attachment 1

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1

Not Reported in F.Supp.2d, 2000 WL 310391 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Aikins v. Microsoft Corp.
E.D.La.,2000.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Cynthia M. AIKINS, Jacqueline Belfied, and
Amber Cisney, Individually and on Behalf of all
Persons Similarly Situated in the State of Louisiana
v.
MICROSOFT CORPORATION
No. Civ.A.00-0242.

March 24, 2000.

MCNAMARA, J.
*1 Before the court are the following motions:

(1) "Motion to Remand" filed by Plaintiffs and opposed by Defendant Microsoft; and

(2) "Motion to Stay All Proceedings Until the MDL Panel Rules on Motions to Transfer this and Other Actions Pursuant to 28 U.S.C. § 1407" filed by Defendant and opposed by Plaintiffs.

The motions, set for hearing on March 22, 2000 are before the court on briefs without oral argument. Having considered the memoranda of counsel and the applicable law, the court now rules.

BACKGROUND

The instant action is one of many cases filed against Microsoft after findings of fact were issued in *United States v. Microsoft* on November 5, 1999. Currently there are motions by several parties in these cases pending before the Judicial Panel on Multidistrict Litigation ("JPML") for consolidation of all cases against Microsoft.

The Defendant requests that this court exercise its discretion and stay pretrial proceedings, including determinations of jurisdictional issues, pending a determination by the JPML. Plaintiffs oppose the motion, assert that this court does not have jurisdiction in this case and urge a remand.

ANALYSIS

The JPML is established under 28 U.S.C. § 1407. The purpose of this statute is to permit the centralization in one district of all pretrial proceedings in civil actions involving one or more common questions of fact pending in different districts.[FN1] Further, the statute seeks to eliminate potential conflicting rulings by coordinate district and appellate judges.[FN2]

   FN1. *Matter of New York City Mun. Securities Litigation*, 572 F.2d 49, 51-52 (2 nd Cir.1978).

   FN2. *In re Air Crash Disaster off Long Island, N.Y. on July 17, 1996*, 965 F.Supp. 5, 7 (S.D.N.Y.1997).

A pending motion before the JPML does not affect the jurisdiction of the transferor court.[FN3] However, courts have inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." [FN4]

   FN3. *In re Air Crash Disaster at Paris, France on March 3, 1974*, 376 F.Supp. 887, 888 (J.P.M.L.1974).

   FN4. *Landis v. North American Co.*, 57 S.Ct. 163, 166 (1936).

Plaintiff asserts that this court lacks subject matter jurisdiction and that jurisdictional issues should be resolved prior to any other action. While generally true, cases such as this require special consideration.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2

Not Reported in F.Supp.2d, 2000 WL 310391 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

As stated previously, the purpose of the JPML is to promote judicial economy and to prevent inconsistent rulings. This case presents questions of fact similar to the other actions pending before the JPML. Further, the same jurisdictional questions raised here will likely be raised in many of the other cases pending against Microsoft. Consistency and economy are both served by resolution of these issues by a single court after transfer by the JPML.[FN5] Should the Panel determine that consolidation of these cases is not warranted, Plaintiff may re-urge the motion.

> FN5. See *In re Ivy*, 901 F.2d 7, 9 (2d Cir.1990); *Weinke v. Microsoft Corporation*, 2000 WL 220496 (E.D.Wis.1999); *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788 at *2, (E.D.La.1995); *In re Professional Hockey Antitrust Litigation*, 369 F.Supp. 1117, 1118 (J.P.M.L.1974); *In re Air Crash Disaster at Juneau Alaska*, 360 F.Supp. 1406 (J.P.M.L.1973).

Courts consider the following factors in deciding whether a stay of the proceedings is appropriate: 1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy.[FN6]

> FN6. See *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D.Cal.1997); See generally *Arthur-Magna, Inc. v. Del-Val Financial Corp.*, 1991 WL 13725 (D.N.J.1991); *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788 (E.D.La.1995).

First, Microsoft would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts. Further, they could potentially suffer conflicting rulings by different judges in these multiple suits. Second, Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision. Finally, the interests of judicial economy would best be served by granting a stay.

*2 Accordingly;

IT IS ORDERED that further proceedings in this case are STAYED pending the decision on consolidation and transfer by the JPML.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand is DENIED at this time and may be re-urged if necessary after the decision of the JPML.

E.D.La.,2000.
Aikins v. Microsoft Corp.
Not Reported in F.Supp.2d, 2000 WL 310391 (E.D.La.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Attachment 2

**Westlaw.**

Not Reported in F.Supp.                                                                                          Page 1
Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

C
American Seafood, Inc. v. Magnolia Processing, Inc.
E.D.Pa.,1992.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
AMERICAN SEAFOOD, INC.
v.
MAGNOLIA PROCESSING., INC., et al.
LEVY WORLD LIMITED PARTNERSHIP
v.
MAGNOLIA PROCESSING, INC., et al.
**Civ. A. Nos. 92-1030, 92-1086.**

May 7, 1992.

Frank D'Amico, Jr., New Orleans, La., Warren Rubin, Gross & Metzger, P.C., Philadelphia, Pa., for American Seafood, Inc.
Fred C. De Long, Jr., Campbell, De Long, Hagwood & Wade, Greenville, Miss., for Magnolia Processing, Inc.
Charles J. Bloom, Kleinbard, Bell & Brecker, Philadelphia, Pa., Robert Fleishman, Washington, D.C., for Delta Pride Catfish, Inc.
Carl W. Hittinger, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., John F. Beukema, Faegre & Benson, Minneapolis, Minn., for Farm Fresh Catfish Company.
George E. Rahn, Jr., Piper & Marbury, Philadelphia, Pa., William F. Hargens, McGrath, North, Mallin & Kratz, P.C., Omaha, Neb., for Country Skillet Catfish Company, Inc.
Steven J. Greenfogel, Meredith & Cohen, Philadelphia, Pa., Michael J. Freed, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., Krishna B. Narine, Meredith & Cohen, P.C., Warren Rubin, Gross & Metzger, P.C., Philadelphia, Pa., for Levy World Limited Partnership.
Douglas Evan Ress, Kaufman, Coren & Ress, Philadelphia, Pa., Frank W. Trapp, Jackson, Miss., for Simmons Farm Raised Catfish, Inc.

*MEMORANDUM AND ORDER*
HUTTON, District Judge.
*1 Presently before the Court are three pending motions for a stay of the proceedings in the above captioned matters. The first is the United States' Motion for Limited Intervention and for Stay of Discovery. The second is the motion of two defendants for a stay of all proceedings pending the completion of the criminal prosecutions in these matters. The third is a motion by one defendant for a stay of all proceedings in the above captioned matters until the Judicial Panel on Multidistrict Litigation [JPML] decides the pending motion to transfer. Responses have been filed to all of the above motions, and all are ripe for disposition. For the following reasons, the Court will grant the motion to stay pending the JPML decision and deny the United States motion and the motion to stay pending completion of the criminal prosecutions without prejudice and with leave to renew.

There are at least six pending civil actions in the federal district courts which concern the alleged antitrust violations of the defendant catfish producers. Four are pending in the Northern District of Mississippi and two are pending before this Court in the Eastern District of Pennsylvania. The criminal action is also pending in this district before this Court. One defendant has already pled guilty in the criminal action and has been sentenced. The grand jury investigation is still proceeding in this district. Similar motions have been filed in this Court and the Mississippi Court regarding possible class actions and a possible stay of all proceedings. The plaintiffs in the Mississippi actions have moved the JPML for consolidation of all of the cases and a transfer of all cases to the Northern District of Mississippi. The Pennsylvania plaintiffs have responded in opposition and have moved for a transfer of all civil actions to this Court. A hearing before the JPML has been scheduled on the motion for May 29, 1992. All of the parties in the Mississippi litigation have agreed to stay merit discovery pending the outcome of the JPML

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                  Page 2

Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

hearing.

There are motions for class action certification pending in both of the above captioned cases. Responses to those motions are not due until May 15, 1992. Also pending are five recently filed motions to dismiss or transfer venue to the Northern District of Mississippi filed by four of the defendants. Pursuant to stipulation the defendants were permitted to respond to plaintiffs' discovery requests by April 30, 1992.

The power of a court to stay proceedings is within the discretion of the district court. The power derives from and is incidental to the power of every court to manage the cases on its docket to ensure a fair and efficient adjudication. *Gold v. Johns Manville Sales Corp.,* 723 F.2d 1068, 1077 (3d Cir.1983). The party seeking the stay must demonstrate a clear case of hardship or inequity if granting that stay would prejudice the non-moving party. *Id.* at 1076. The plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML. The stay which the Court orders will only be in effect until the JPML issues its decision. Therefore, there will be no extended delay in the commencement of discovery.

*2 Moreover, any prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants. As of the date of this Memorandum, there are six pending motions which impact either substantive legal issues or the important procedural questions of class action certification. These issues should be addressed by the court to which all of the pending civil actions are assigned. In addition, there are the two related motions for stay filed by the United States and one of the defendants. These stay issues should also be addressed by the transferee court. If this Court were not to stay the proceedings in these two cases, the Court will have to consider the motions to dismiss and the motions for class action certification. This Court's rulings on those motions may conflict with the decisions of the Northern District of Mississippi which has in front of it similar motions. The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay. *Arthur-Magna, Inc. v. Del-Val Financial Corp.,* 1991 WL 13725 (D.N.J.1991); *Portnoy v. Zenith Laboratories,* 1987 WL 10236 (D.D.C.1987).

This Court agrees with the plaintiffs that the Court is not required to stay proceedings simply because there is a motion pending before the JPML. *Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.* This Court agrees with the court in *Arthur-Magna* which held that Rule 18 allows the court to proceed with the case but does not require the court to do so, if the court determines that a stay is in the interest of fairness. This Court has determined that a stay pending the disposition of the JPML motion is appropriate under the circumstances. The JPML Rules or enabling statute are not in conflict with the decision to stay.

The Court is denying the motions for stay pending the outcome of the criminal proceedings at this time, because that issue is more appropriate for the transferee court. Therefore, the case of *Weil v. Markowitz,* 824 F.2d 166 (D.C.Cir.1987), which is cited by the plaintiffs is inapposite. Another case cited by the plaintiffs, *Hachette Distribution, Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (S.D.N.Y.1991), states that a stay of discovery should be considered on a case by case basis. The Court further notes that the district court has the inherent power to stay discovery pending dispositive motions or preliminary questions of jurisdiction. *Id.* It must be noted that in the *Hachette* case, the court considered the fact that not all of the defendants were moving for a stay to be extremely relevant. All defendants in this case have moved for a stay of the proceedings. The stay granted by this Order is temporary and warranted in light of the substantial prejudice to the defendants and considerations of judicial economy. Duplicative motion practice and discovery heavily outweigh the possible prejudice the short period of time that the proceedings are stayed will cause the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

plaintiffs. Discovery on class certification and JPML issues will be allowed to proceed. An appropriate Order follows.

### ORDER

*3 AND NOW, this 6th day of May, 1992, upon consideration of:

1. The Motion of the United States For Limited Intervention Under Rule 24 and For Stay of Discovery under Rule 26(c), the responses of the Plaintiffs in Opposition, and the Memoranda of the Defendant's in Support;

2. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings, the response of the Plaintiffs, and the Defendants' Reply; and

3. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation, the response of the Plaintiffs and the Defendant's Reply,

IT IS HEREBY ORDERED that:

1. The Motion of the United States For Limited Intervention Under Rule 24 is DENIED without prejudice and with leave to renew;

2. The Motion of the United States For Stay of Discovery under Rule 26(c) is DENIED without prejudice and with leave to renew;

3. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings is DENIED without prejudice and with leave to renew;

4. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation is GRANTED; and

5. All proceedings and discovery except for discovery pertaining to class certification or JPML issues in the above captioned matter are stayed pending the decision of the Judicial Panel on Multidistrict Litigation or a further Order of this Court.

E.D.Pa.,1992.
American Seafood, Inc. v. Magnolia Processing, Inc.
Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Attachment 3

Westlaw.

Not Reported in F.Supp.                                                                                         Page 1
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

C
Arthur-Magna, Inc. v. Del-Val Financial Corp.
D.N.J.,1991.
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.
ARTHUR-MAGNA, INC., Plaintiff,
v.
DEL-VAL FINANCIAL CORPORATION, et al.,
Defendants.
CIV.A. No. 90-4378.

Feb. 1, 1991.

Andrew T. Berry, McCarter & English, Newark, N.J., for defendant Del-Val Financial Corporation, Melvin C. Garbow, Peter M. Kreindler, Kenneth V. Handal, Craig A. Newman, Jeffrey R. Mendelsohn, Arnold & Porter, New York City, of counsel.
Jody B. Keltz, Ross & Hardies, Somerset, N.J., for defendants Roger D. Stern, Martin Wright and Joel Zbar; Peter I. Livingston, Philip Goldstein, Ross & Hardies, New York City, of counsel.
Frederick L. Whitmer, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., for defendants Interstate/Johnson Lane and J. Craighill Redwine; Ann C. Flannery, Kevin T. Rover, John M. Vassos, Morgan, Lewis & Bockius, New York City, of counsel.
Kaplan & Kilsheimer, -and- I. Stephen Rabin, New York City for plaintiffs in *Rye, et al. v. Del-Val Financial Corp.,* Civil Action No. 90 Civ. 7207 (S.D.N.Y.).
Abbey & Ellis, New York City, for plaintiffs in *Amer v. Roger D. Stern, et al.,* Civil Action No. 90 Civ. 7028 (S.D.N.Y.).
Tenzer, Greenblatt, Fallon & Kaplan, New York City, -and- Morris, Rosenthal, Monhait & Gross P.A., Wilmington, Del., for plaintiffs in *Shirley Green Horowitz Revocable Trust, et al. v. Del-Val Financial Corp., et al.,* Civil Action No. 90-661 (D.Del.).
Goldstein, Till, Lite & Reifen, Newark, N.J., -and- Stull, Stull & Brody, New York City, for plaintiffs in *Howard Browner v. Del-Val Financial Corp., et al.,* Civil Action No. 90-4320 (D.N.J.) and *Nala Management Corporation Profit Sharing Trust DTD 12-15-90 v. Del-Val Financial Corp.,* Civil Action No. 90-4630 (D.N.J.)
Kaplan Kilsheimer, New York City.
Catalano & Sparber, New York City, for defendants LW Industries and I & J. Wire Corp. in *Rita M. Cole, et al. v. Kenbee Management, Inc., et al.,* Civil Action No. 90 Civ. 7273 (S.D.N.Y.).
Herman Rogge, New York City, for defendant in *Rita M. Cole, et al. v. Kenbee Management, Inc., et al.,* Civil Action No. 90 Civ. 7273 (S.D.N.Y.).
Lowey, Dannenberg, Bemporad, Brachtl & Selinger, P.C., New York City, for plaintiffs in *Stanley Newman, et al. v. Roger D. Stern, et al.,* Civil Action No. 90 Civ. 6921 (S.D.N.Y.).
Frankel, Herdwick, Tannenbaum, Fink & Clark, Atlanta, Ga., for Elmon L. Vernier, Jr. in *Arthur-Magna, Inc. v. Del-Val Financial Corp., et al.,* Civil Action No. 90-4378 (D.N.J.).
Richard D. Greenfield, Mark C. Rifkin, Greenfield & Chimicles, Haverford, Pa., for plaintiff.
Andrew T. Berry, McCarter & English, Newark, N.J., for defendant Del-Val Financial Corporation.

*OPINION*
WOLIN, District Judge
*1 Before the Court is a motion by defendants to temporarily stay all litigation pending resolution by the Judicial Panel on Multidistrict Litigation ("Jud. Panel Multidist. Lit.") of defendants' motion, pursuant to 28 U.S.C. § 1407, for multidistrict consolidation. For the following reasons, the Court will exercise its discretion in granting the motion.

On December 14, 1990 a motion was filed with the Panel by certain of the defendants seeking transfer of the actions to the Southern District of New York for consolidation of pretrial proceedings pursuant to 28 U.S.C. § 1407.

The power to stay proceedings is discretionary. The Supreme Court has described the power to stay

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

proceedings as "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." *Gold v. Johns Manville Sales Corp.,* 723 F.2d 1068, 1077 (3rd Cir.1983) (citing *Landis v. North America Co.,* 299 U.S. 248, 254-255 (1936). The Third Circuit has adhered to the standard that petitioner must "demonstrate a 'clear case of hardship or inequity' if there is even a 'fair possibility' that the stay would work damage on another party." *Id.* at 1076 (citing *Landis,* 299 U.S. at 255).

Plaintiffs have themselves admitted that it is not likely that much pretrial discovery will take place between the date of this order and the issuance of the Panel's order on defendants' motion for consolidation. In spite of this admission, plaintiffs have asserted that a temporary stay will constitute a prejudicial delay.

The Court finds that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay. Section 1407 of 28 U.S.C. exists for the express purpose of coordination of pretrial proceedings. *See* 28 U.S.C. § 1407. The actions before this Court are two of ten actions currently pending in United States District Courts for the District of New Jersey, Southern District of New York, and District of Delaware. The Court notes that the parties and issues of fact are common in all of the actions and that if separate discovery were to go forward, much work would be duplicated.

Plaintiffs argue that Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation precludes the grant of a stay. Rule 18 provides as follows:

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the panel concerning transfer or remand of an action pursuant to 28 U.S.C. 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

R.P. Jud. Panel Multidist. Lit. 18. Plaintiffs assert that the Rule mandates that the district court retain jurisdiction of pretrial proceedings during the pendency of a transfer motion before the Panel. The Court finds, however, that Rule 18 of Procedure merely allows a transferee court to retain jurisdiction over pretrial proceedings during the pendency of a motion before the Panel if it judges it fair to all of the parties involved to do so. For the reasons cited above, the Court does not find that the balance of hardship weighs in favor of plaintiffs.

*2 Plaintiffs also argue that there is a good chance that the parties will coordinate pretrial discovery. This is outside of the Court's calculation. The Court is to examine the likelihood of duplicative discovery in the event that the parties are free to engage in any discovery practices.

For these reasons, the Court will stay its participation in this litigation.

An appropriate order is attached.

### ORDER

For the reasons expressed in the Court's Opinion filed herewith,

It is on this 1st day of February, 1991,

ORDERED that defendant's motion to stay this action pending resolution of defendant's motion for consolidation is granted; and it is further

ORDERED that the parties shall immediately inform the Court of the Multi-District Litigation Panel's decision and the stay shall be lifted.

D.N.J.,1991.
Arthur-Magna, Inc. v. Del-Val Financial Corp.
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Attachment 4

Westlaw.

Slip Copy

Page 1

Slip Copy, 2007 WL 1056790 (N.D.Cal.)
(Cite as: Slip Copy)

Hardin v. Merck & Co., Inc.
N.D.Cal.,2007.
Only the Westlaw citation is currently available.Earnestine HARDIN, Plaintiff,
v.
MERCK & CO., INC., et al., Defendants.
No. C 07-0070 SBA.
Docket Nos. 6, 10, 11, 13.

April 5, 2007.

Bruce C. Fishelman, Geoffrey S. Wells, Attorney at Law, Timothy J. Wheeler, Greene Broillet & Wheeler LLP, Santa Monica, CA, Brian J. Panish, Kevin R. Boyle, Panish Shea & Boyle, LLP, Los Angeles, CA, Pete Kaufman, Rachael Raymon Gilmer, Troy Alan Rafferty, Levin Papantonio Thomas Mitchell Echsner & Proctor, P.A., Pensacola, FL, for Plaintiff.
Amanda Jane Murray, Alison B. Riddell, Steven J. Boranian, Reed Smith LLP, San Francisco, CA, Michael Kevin Brown, Thomas Joonyul Yoo, Reed Smith LLP, Los Angeles, CA, for Defendants.

**ORDER**
SAUNDRA BROWN ARMSTRONG, United States District Judge.
*1 Before the Court are defendants Merck & Co., Inc., McKesson Corp., AmerisourceBergen Drug Corp., and various unnamed Doe defendants' (collectively "Merck") motion to stay all proceedings pending a decision on transfer by the judicial panel on multidistrict litigation [Docket Nos. 6, 11], and plaintiff Earnestine Hardin's motion to remand [Docket Nos 10, 13]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78. For the reasons that follow, the Court GRANTS Merck's motion to stay and DENIES Hardin's motion to remand without prejudice.

**Background**
On September 21, 2006, plaintiff Hardin commenced this action in the Los Angeles County Superior Court for the State of California, against Merck & Co., Inc., McKesson Corp., AmerisourceBergen Drug Corp., and unnamed Does. Hardin seeks damages based on her assertion that her spouse, Fred Hardin, injested Vioxx, a drug manufactured by Merck, and sustained personal injuries as a result. See Docket No. 1, Ex. A. On January 5, 2007, Merck removed the action to this Court on the basis of diversity jurisdiction.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation (JPMDL) issued a transfer order establishing MDL Proceeding number 1657. This proceeding has been established to coordinate all federal product liability action involving Vioxx. See *In re VIOXX Prods. Liab. Litig.*, 360 F.Supp.2d 1352 (J.P.M.L.2005). Since that time, well over 5,700 Vioxx-related cases have been transferred to the Eastern District of Louisiana and are being heard by the Honorable Eldon D. Fallon.

Merck included the present case in a "tag-along" letter to the JPMDL requesting that this action be included with the Vioxx MDL. On February 1, 2007, the JPMDL issued a Conditional Transfer Order conditionally transferring this action to the Vioxx MDL in the Eastern District of Louisiana. See Docket No. 19, Ex. C. This order states that
[p]ursuant to Rule 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, 199 F.R.D. 425, 435-36 (2001), these actions [including the case at bar] are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

*Id.*

Now before the Court is Hardin's motion to remand

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                     Page 2

Slip Copy, 2007 WL 1056790 (N.D.Cal.)
**(Cite as: Slip Copy)**

this case back to state court and Merck's motion to stay the action pending its transfer to the MDL proceedings before Judge Fallon. Hardin contends that removal of this action was improper because there is not complete diversity of citizenship. Both Hardin and defendant McKesson Corporation are citizens of California. Hardin also suggests that defendant AmerisourceBergen Drug Corporation has substantial ties to California. Merck's position is that McKesson and A33merisourceBergen are joined as defendants in a fraudulent attempt to avert federal jurisdiction, and that this is a litigation tactic that is being frequently employed in Vioxx cases. In any event, Merck argues that the Court should defer ruling on the motion for remand so that the MDL court can resolve this recurring jurisdictional issue in a coordinated and consistent fashion with the numerous other Vioxx cases. It relates that there are currently more than 45 cases from California in the Vioxx MDL proceeding raising this identical jurisdictional issue___the alleged fraudulent joined of non-diverse defendants such as McKesson.

### Legal Standards

*2 The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within the Court's discretion. *Landis v. North Am. Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Conroy v. Fresh Del Monte Produce, Inc.,* 325 F.Supp.2d 1049, 1053 (N.D.Cal.2004); *Good v. Prudential Ins. Co. of Am.,* 5 F.Supp.2d 804, 809 (N.D.Cal.1998); *see also* Rules of the Judicial Panel on MDL, Rule 1.5, 199 F.R.D. 425, 427 (J.P.M.L.2001) ("The pendency of a motion ... before the Panel concerning transfer ... of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court").

Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *See* 28 U.S.C. § 1407; s3ee also *Rivers v. Walt Disney Co.,*

980 F.Supp. 1358, 1360-62 (C.D.Cal.1997) (staying action pending transfer decision by MDL panel after finding that judicial resources would be conserved and defendant would not be prejudiced). If a jurisdictional issue of a motion to remand is similar or identical to those in cases transferred or likely to be transferred to the MDL transferee court, the court should stay the action. *See Shields v. Bridgestone/Firestone, Inc.,* 232 F.Supp.2d 715, 718 (E.D.Tex.2002); *Board of Trustees of Teachers' Retirement Sys., of State of Illinois v. Worldcom, Inc.,* 244 F.Supp.2d 900, 905 (N.D.Ill.2002); *Knearem v. Bayer Corp.,* 2002 WL 1173551, at *1 (D.Kan.2002) ("judicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings. [The transferee judge] can decide for all cases ... whether the jurisdictional requirements are met."); *Jackson ex. rel. Jackson v. Johnson & Johnson, Inc.,* 2001 WL 34048067, at *6 (W.D.Tenn.2001) ("The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel").

### Analysis

As Merck suggests, the precise issue of the alleged fraudulent joinder of McKesson as a defendant is a recurring issue. This Court offered the following explanation a little over a year ago:
Defendants' basis for removal to this court is that the McKesson defendants, whose presence in this lawsuit destroys complete diversity, are frau3dulently joined. *See Plute v. Roadway Package Sys., Inc.,* 141 F.Supp.2d 1005, 1008 (N.D.Cal.2001) (Illston, J.). According to defendants assertions, which plaintiff does not dispute, there are presently more than 25 California cases that involve precisely the same fraudulent joinder of the McKesson defendants already pending before the MDL judge. Due to the similarity of the issues presented, this action was included in the MDL Panel's August 24, 2005 Conditional Transfer Order. In light of the number of cases presenting issues similar to this action and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 3

Slip Copy, 2007 WL 1056790 (N.D.Cal.)
(Cite as: Slip Copy)

the need for judicial consistency with respect to those cases, this court finds that the interest of judicial economy favors staying this action pending its transfer to MDL Proceeding No. 1657.

*3 *Johnson v. Merck & Co, Inc., et al.,* Case Number 05-2881-MHP (N.D.Cal. December 3, 2005) (Docket No. 19, Ex. A).

Since this issue was ordered in late 2005, defendant Merck contends that there are now almost twice as many cases originating from California presenting the issue of the alleged fraudulent joinder of McKesson and Amerisource that are before Judge Fallon. Hardin does not dispute this.

Hardin presents no compelling reason for diverging from the course set by numerous courts in staying the proceedings in Vioxx cases, including any pending motion for remand, for transfer to the MDL court in the Eastern District of Louisiana. Hardin's contention is that a California-based court will be in a better position to determine the issue of fraudulent joinder than a court in the Eastern District of Louisiana. However, given that Judge Fallon apparently has fifty or so other cases where the fraudulent joinder of McKesson and/or Amerisource as defendants is at issue, Judge Fallon undoubtedly possesses great familiarity with the facts and precise legal issues involved. Moreover, the policy of consistent rulings favors allowing that court to decide the remand issue of whether McKesson and Amerisource were fraudulently joined. To do otherwise invites divergent results on identical law and facts.

Finally, Merck has presented four transfer orders issued by the JPMDL in the Vioxx cases where that panel has declared that "Any pending motions to remand to state court can be presented to and decided by the transferee judge." *See* Docket No. 7, Exs. B through E. Thus, the JPMDL has expressed a preference for pending remand motions to be decided by the MDL court. Hardin has not presented a persuasive showing why this policy should not be followed here.

Conclusion

Accordingly, Merck's motion to stay all proceedings pending a decision on transfer by the judicial panel on multidistrict litigation [Docket Nos. 6, 11] is GRANTED and plaintiff Earnestine Hardin's motion to remand [Docket Nos 10, 13] is DENIED without prejudice to being reurged before the MDL court.

It is further ORDERED that the parties will file joint status reports every 120 days from the date of the stay apprising the Court of the status of this action.

It is further ORDERED that a case management conference is set for December 5, 2007, at 3:30 PM, via telephone. The parties shall *meet and confer* prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten days prior to the case management conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

N.D.Cal.,2007.
Hardin v. Merck & Co., Inc.
Slip Copy, 2007 WL 1056790 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.