1   CATHERINE MORRIS KROW (STATE BAR NO. 208412)
    NIKKA N. RAPKIN (STATE BAR NO. 244207)
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
3   405 Howard Street
    San Francisco, CA  94105-2669
4   Telephone:     (415) 773-5700
    Facsimile:     (415) 773-5759
5   ckrow@orrick.com

6   Attorneys for Defendant
    UNION CARBIDE CORPORATION
7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12  ROBERT F. LYMAN and SAMANTHA          CASE NO.  C 07-4240 SBA
    LYMAN,
13                                        **DEFENDANT UNION CARBIDE'S**
              Plaintiffs,                 **NOTICE OF MOTION AND MOTION**
14                                        **FOR LEAVE TO FILE ITS FIRST**
         v.                               **AMENDED NOTICE OF REMOVAL;**
15                                        **MEMORANDUM OF POINTS AND**
    ASBESTOS DEFENDANTS (B*P), *et al.*,  **AUTHORITIES IN SUPPORT**
16                                        **THEREOF**
              Defendants.
17                                        Date:       October 16, 2007
                                          Time:       1:00 p.m.
18                                        Courtroom:  3, 3rd Floor, Oakland
                                          Judge:      Hon. Saundra B. Armstrong
19

20

21

22

23

24

25

26

27

28

OHS West:260297523.1

1        PLEASE TAKE NOTICE that on October 16, 2007, or as soon thereafter as the

2    matter may be heard, Defendant Union Carbide Corporation ("Union Carbide"), having removed

3    to this Honorable Court the action entitled *Robert Lyman and Samantha Lyman v. Asbestos*

4    *Defendants (B\*P), et al.*, San Francisco Superior Court Case No. CGC-06-459162 and having

5    subsequently obtained consent of all defendants to its Notice of Removal, hereby moves this

6    Court, pursuant to 28 U.S.C. § 1446(b), for leave to file a First Amended Notice of Removal to

7    reflect consent of all defendants to the action.

8        This Motion is based upon this Notice of Motion and the following Memorandum

9    of Points and Authorities in Support thereof; the accompanying declaration of Catherine Morris

10    Krow and the exhibits attached thereto; the applicable law; and such other matters as may be

11    presented at the hearing on the Motion.  Union Carbide respectfully requests that this Court grant

12    the relief requested and enter the Proposed Order submitted herewith granting Union Carbide

13    leave to file the First Amended Notice of Removal attached hereto as Exhibit A.

14

15    Dated: September 5, 2007               CATHERINE MORRIS KROW

16                              ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                                  */s/ Catherine Morris Krow*

19                                 Catherine Morris Krow
                                Attorneys for Defendant

20                              UNION CARBIDE CORPORATION

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO FILE ITS FIRST
AMENDED NOTICE OF REMOVAL**

## I.     INTRODUCTION AND BACKGROUND

On or about December 29, 2006, Plaintiffs commenced the present action, entitled *Robert Lyman and Samantha Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court Case No. CGC-06-459162, in the Superior Court of the State of California, County of San Francisco.  The litigation became removable on August 7, 2007, when California defendant Thorpe Insulation Company ("Thorpe") was dismissed and Union Carbide was served with Plaintiffs' Dismissal Without Prejudice of Complaint as to Defendant Thorpe, thereby initiating the thirty-day period for removal provided by 28 U.S.C. § 1446(b).  (Krow Decl. Ex. A, Sept. 5, 2007.)  The thirty-day period is due to expire on September 6, 2007.

On August 17, 2007, Union Carbide removed the action to this Honorable Court. At the time of removal, the sole defendants remaining in the litigation were Union Carbide, Montello, Inc. ("Montello"), and Honeywell International, Inc. ("Honeywell").  As set forth in Union Carbide's Notice of Removal, Montello joined the Notice of Removal when Union Carbide removed the action.  However, the third remaining defendant, Honeywell, expressly declined to consent to removal at that time.  In its Notice of Removal, Union Carbide acknowledged that Honeywell had not consented and contended that Honeywell was a nominal and fraudulently joined defendant whose consent was therefore unnecessary.  On August 21, 2007, Plaintiffs moved to remand on the grounds of Honeywell's lack of consent.  Union Carbide subsequently filed a motion to stay this suit on August 24, 2007, pending the action's transfer to the Judicial Panel on Multidistrict Litigation.

On Thursday, August 30, 2007, Honeywell filed with this Court a Notice of Consent to Removal, consenting to the removal of this action from state court.  (Krow Decl. Ex. B, Sept. 5, 2007.)  As Honeywell's consent occurred within the thirty-day removal window afforded by 28 U.S.C. § 1446(b), all defendants have consented within the time allowed and the unanimity requirement has been timely met.  Union Carbide respectfully requests leave to amend

OHS West:260297523.1

1  its Notice of Removal to reflect the unanimous consent of all defendants to removal of this action.

2  Because amending the Notice of Removal to more accurately reflect changed

3  circumstances and events occurring subsequent to the initial filing would not prejudice any party,

4  and because such leave should be freely afforded if requested within the thirty-day removal

5  period of § 1446(b), Union Carbide respectfully requests that the Court issue an order granting

6  leave to file the First Amended Notice of Removal attached hereto as Exhibit A.

7  **II.    DISCUSSION**

8  **A.    Leave To Amend Should Be Freely Granted Within The Thirty Day Removal**
9  **Period Provided By 28 U.S.C. § 1446(b)**

10  Defendants may freely amend a Notice of Removal within the thirty-day period in

11  which an action may be removed pursuant to 28 U.S.C. § 1446(b). *USX Corporation v. Adriatic*

12  *Insurance Co.*, 345 F.3d 190, 206 (3d Cir. 2003) (citing *Shaw v. Dow Brands, Inc.*, 994 F.3d 364,

13  368 (7th Cir. 1993)); 28 U.S.C. § 1446(b); *see also* 14C Charles Alan Wright & Arthur R. Miller,

14  *Federal Practice and Procedure* § 3733 (2007) ("The notice of removal required by Section

15  1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period

16  for seeking removal."). This "30-day time limit on free amendments of the petition is derived

17  from section 1446(b)." *USX Corporation*, 345 F.3d at 206.

18  Under § 1446(b), this thirty-day removal period commences "after receipt by the

19  defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper

20  from which it may first be ascertained that the case is one which is or has become removable." 28

21  U.S.C. § 1446(b). Because an action may not be removed if any defendant is a citizen of the

22  forum state, 28 U.S.C. § 1441(b), and because Thorpe is a citizen of California, Union Carbide

23  could not remove this action while Thorpe was a defendant to the suit. Accordingly, the present

24  action did not become removable until August 7, 2007, when Plaintiffs dismissed Thorpe and

25  Union Carbide was served with notice of its dismissal thereto. The thirty day period therefore

26  commenced on August 7, 2007, and has not yet expired.

27  Although courts permit defendants to amend their Notice of Removal after the thirty day

28

- 3 -

1    period in at least certain circumstances, *see e.g.*, 28 U.S.C. § 1653, the thirty day period has not

2    yet elapsed in this instance and leave to amend should therefore be freely afforded. Accordingly,

3    because Union Carbide hereby requests leave to amend its notice of removal prior to the

4    expiration of the thirty day period authorized by § 1446(b), Union Carbide's motion for leave to

5    file a First Amended Notice of Removal should be granted.

6    **B.    Union Carbide Should Be Permitted To Amend Its Notice Of Removal to**
     **Reflect Changed Circumstances**
7

8            Courts typically require that all defendants unanimously consent to removal within

9    the thirty-day removal period. *Shaw*, 994 F.3d at 368-69. All three remaining defendants to this

10   litigation—Union Carbide, Montello, and Honeywell—have now consented to removal of this

11   action within that period.

12           Although Honeywell has now formally joined in the removal of this action, it

13   initially withheld its consent and did not agree to removal until August 30, 2007. (Krow Decl.

14   Ex. B, Sept. 5, 2007.) As a result, the Notice of Removal, filed August 17, 2007, does not reflect

15   Honeywell's then-absent consent, and, in fact, expressly set forth that Honeywell had refused to

16   join in the Notice. (Notice of Removal at ¶ 16, Aug. 7, 2007.) The Notice of Removal further

17   articulates Union Carbide's now-mooted position that Honeywell's consent was unnecessary to

18   authorize removal. Accordingly, Union Carbide now moves to amend its Notice of Removal to

19   reflect Honeywell's consent and to remove allegations relating to Union Carbide's mooted

20   position.

21           Because Union Carbide's Notice of Removal no longer accurately depicts the facts

22   and subsequent events affecting removal of this action, Union Carbide respectfully requests leave

23   to amend its Notice of Removal to appropriately reflect the changed circumstances.

24   ///

25   ///

26   ///

27   ///

28

OHS West:260297523.1

1  **III.    CONCLUSION**

2        Accordingly, Union Carbide respectfully requests that the Court grant its motion for leave

3  to file its First Amended Notice of Removal.

4

5  Dated: September 5, 2007           Respectfully submitted,

6                               CATHERINE MORRIS KROW

                             ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8

9                                    */s/ Catherine Morris Krow*

                                  Catherine Morris Krow

10                                Attorneys for Defendant

                             UNION CARBIDE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

# EXHIBIT A

1  CATHERINE MORRIS KROW (STATE BAR NO. 208412)
   NIKKA N. RAPKIN (STATE BAR NO. 244207)
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
3  405 Howard Street
   San Francisco, CA  94105-2669
4  Telephone:    (415) 773-5700
   Facsimile:    (415) 773-5759
5  ckrow@orrick.com

6  Attorneys for Defendant
   UNION CARBIDE CORPORATION
7

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  ROBERT F. LYMAN and SAMANTHA          CASE NO.  C 07-04240 SBA
    LYMAN,
14                                         **FIRST AMENDED NOTICE OF**
                    Plaintiffs,            **REMOVAL**
15
16        v.

17  ASBESTOS DEFENDANTS (B*P), *et al.*,

18                    Defendants.

19

20

21  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

22  **NORTHERN DISTRICT OF CALIFORNIA:**

23

24  **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332 and 1446, Defendants

25  Union Carbide Corporation ("Union Carbide") hereby removes to this Honorable Court the action

26  entitled Robert Lyman and Samantha Lyman v. Asbestos Defendants (B*P), et al., San Francisco

27  Superior Court Case No. CGC-06-459162, and in support thereof states the following grounds for

28  removal:

I.    **INTRODUCTION**

1.    On or about December 29, 2006, an action was commenced in the Superior Court of the State of California, County of San Francisco, entitled <u>Robert Lyman and Samantha Lyman v. Asbestos Defendants (B\*P), et al.</u>, San Francisco Superior Court Case No. CGC-06-459162. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' summons and complaint in this action.  True and correct copies of all other process, pleadings, and orders filed and served in this action are attached hereto as Exhibit 2.[1]

2.    Plaintiffs Robert F. Lyman and Samantha Lyman ("Plaintiffs") allege that Mr. Lyman has developed lung cancer as a proximate result of his work around defendants' asbestos and/or asbestos-containing products.

II.   **JURISDICTION**

3.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. section 1332.

III.  **GROUNDS FOR REMOVAL**

                    **Diversity Jurisdiction Exists**

4.    Plaintiffs Robert F. Lyman and Samantha Lyman are citizens of the State of Nevada.

5.    As of the date of the filing of this Notice, Union Carbide Corporation ("Union Carbide") is informed and believes, and on that basis alleges, that Union Carbide, Montello, Inc. ("Montello"), and Honeywell International, Inc. ("Honeywell") are the sole remaining Defendants to the present action.[2]  Attached hereto as Exhibit 4 is a true and correct copy of the relevant cited portions of Trial Volume V ("Tr. vol. V"), in <u>Lyman v. Asbestos Defendants (B\*P), et al.</u>, San Francisco Superior Court Case No. CGC-06-459162.  Tr. vol. V, at 193:9-194:10.

6.    Defendant Union Carbide is a New York corporation with its principal place of

---

[1] On directive of the Court, Union Carbide has not re-filed Exhibit 2 to the original Notice of Removal due to sheer volume of the Exhibit.
[2] Former Defendant International Truck and Engine Corporation ("International Truck"), a Delaware corporation with its principal place of business in Illinois, has recently resolved the case on its behalf and is no longer a party to this action.  Attached hereto as Exhibit 3 is a true and correct copy of email correspondence from International Truck's counsel confirming this fact and, on that basis, stating that International Truck does not object to removal to Federal Court.

- 2 -

1  business in Texas.

2       7.    Defendant Montello is an Oklahoma corporation with its principal place of

3  business in Oklahoma.

4       8.    Defendant Honeywell is a Delaware corporation with its principal place of

5  business in New Jersey.

6       9.    Pursuant to court order, Counsel for Plaintiffs have confirmed in open court that

7  there are no forum defendants left in the case.  Attached hereto as Exhibit 5 is a true and correct

8  copy of the relevant cited portions of Trial Volume IV ("Tr. vol. IV"), in Lyman v. Asbestos

9  Defendants (B*P), et al., San Francisco Superior Court Case No. CGC-06-459162.  Tr. vol. IV, at

10  149:9-17, 170:12-15.

11       10.    The amount in controversy exceeds the sum or value of $75,000, exclusive of

12  interest and costs.

13  **Removal Is Timely**

14       11.    On August 7, 2007, Union Carbide was served with Plaintiffs' Dismissal Without

15  Prejudice of Complaint as to Defendant Thorpe Insulation Company ("Thorpe").  Attached hereto

16  as Exhibit 6 is a true and correct copy of Plaintiffs' Dismissal Without Prejudice of Complaint as

17  to Defendant Thorpe Insulation Company.

18       12.    Thorpe is a California corporation with its principal place of business in

19  California.  Thorpe was the last-remaining forum defendant in this action.

20       13.    Union Carbide filed its original Notice of Removal on August 17, 2007.  As

21  provided more fully below, all remaining defendants to the action consented to removal on or

22  before August 30, 2007.

23       14.    This suit is therefore timely removed within thirty (30) days of Union Carbide's

24  receipt of "an amended pleading, motion, order, or other paper from which it may first be

25  ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; see also

26  Riggs v. Continental Baking Co., 678 F. Supp. 236, 238 (N. D. Cal. 1988); Jong v. General

27  Motors Corp., 359 F. Supp. 223, 226 (N.D. Cal. 1973).

28  / / /

**Unanimous Consent**

15.    Although there is no specific consent requirement set forth in the removal statutes, courts typically require unanimous consent of all defendants for removal. <u>Chicago, R. I. & P. Ry. Co. v. Martin</u>, 178 U.S. 245 (1900).

16.    Montello has consented to join in Union Carbide's Notice of Removal. Attached hereto as Exhibit 7 is a true and correct copy of Montello's Joinder In Notice Of Removal.

17.    On August 30, 2007, Honeywell filed a Notice of Consent to Removal of Civil Action from the San Francisco County Superior Court ("Honeywell's Consent to Removal"), consenting to the removal of this action from state court. Attached hereto as Exhibit 8 is a true and correct copy of Honeywell's Consent to Removal, filed August 30, 2007. All defendants to the action have therefore consented to removal within the thirty-day window provided by 28 U.S.C. § 1446(b).

**V.    CONCLUSION**

18.    Because complete diversity exists as between Plaintiffs and Defendants, because no remaining Defendant is a citizen of the forum state, and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

19.    This First Amended Notice of Removal is properly filed in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court of the State of California, County of San Francisco, is located within this district.

20.    Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal was filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

21.    Pursuant to 28 U.S.C. § 1446(d), Union Carbide provided written notice of the Notice of Removal and will provide written notice of the First Amended Notice of Removal to all adverse parties.

/ / /

/ / /

/ / /

-4-

1     22.    Union Carbide reserves the right to amend or supplement this First Amended

2  Notice of Removal.

3

4

5  Dated: September 5, 2007                    CATHERINE MORRIS KROW
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
6

7

8                                                   /s/ Catherine Morris Krow
                                              _____
                                                    Catherine Morris Krow
9                                                   Attorneys for Defendant
                                              UNION CARBIDE CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -