# EXHIBIT 1

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
01/09/2007
Log Number 511796237

TO:  Erinn Lavan
     Navigant Consulting
     1009 Lenox Drive, Bldg 4, Suite 101
     Lawrenceville, NJ, 08648-

**RECEIVED**

**JAN 11 2007**

**PACE**

RE:   **Process Served in California**

FOR:  Union Carbide Corporation (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert F. Lyman and Samantha Lyman, Pltfs. vs. Asbestos Defendants (B*P), etc., et al. including Union Carbide Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Notice to Plaintiff, Cover Sheet, Complaint, Exhibit(s), Preliminary Fact Sheet, Statement(s) of Damages |
| **COURT/AGENCY:** | San Francisco County, San Francisco, Superior Court of California, CA Case # CGC06459182 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/09/2007 at 09:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // December 20, 2007 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | David R. Donadio Brayton & Purcell LLP 222 Rush Landing Road Novato, CA, 94948 415-898-1555 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791206020547 Email Notification, Erinn Lavan PaceService@navigantconsulting.com Email Notification, iNote Recipient fusasbs@dow.com Email Notification, iNote Recipient frndnmsp@dow.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / BF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

SUMMONS
**(CITATION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASBESTOS DEFENDANTS (B✛P)
As Reflected on Exhibits B, B-1, C, H, I; and DOES 1-8500;
and SEE ATTACHED LIST.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT F. LYMAN and SAMANTHA LYMAN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER
*(Número del Caso):* C G C - 0 6 - 4 5 9 1 6 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es)*
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✛PURCELL LLP
222 Rush Landing Road,   Novato, CA 94948-6169        (415) 898-1555

DATE: **DEC 2 9 2006**        Gordon Park-Li        Clerk, by    Deborah Steppe   , Deputy
*(Fecha)*                                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Union Carbide Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association of partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

CLEAVER-BROOKS, INC.
BUCYRUS INTERNATIONAL, INC.
JOHN CRANE, INC.
CRANE CO.
GARLOCK SEALING TECHNOLOGIES, LLC
GENERAL MOTORS CORPORATION
OWENS-ILLINOIS, INC.
PARKER-HANNIFIN CORPORATION
PLANT INSULATION COMPANY
QUINTEC INDUSTRIES, INC.
RAPID-AMERICAN CORPORATION
R.F. MACDONALD CO.
UNION CARBIDE CORPORATION
UNIROYAL HOLDING, INC.
WESTERN MacARTHUR COMPANY
MacARTHUR COMPANY
WESTERN ASBESTOS COMPANY
PNEUMO ABEX LLC
HONEYWELL INTERNATIONAL, INC.
FORD MOTOR COMPANY
INTERNATIONAL TRUCK & ENGINE CORPORATION
CHEVRON PHILLIPS CHEMICAL COMPANY LP
DRILLING SPECIALTIES COMPANY LLC
MONTELLO INC.
A.W. CHESTERTON COMPANY
TYCO INTERNATIONAL (US) INC.
HENRY VOGT MACHINE CO.
WEIR VALVE & CONTROLS USA INC.
CARLISLE CORPORATION
FREIGHTLINER LLC
MACK TRUCKS, INC.
J.T. THORPE & SON, INC.
TEXACO, INC.
SAN JOAQUIN REFINERY
CHEVRON U.S.A., INC.
CHEVRON PRODUCTS COMPANY
UNOCAL CORPORATION
SHELL OIL COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
GATKE CORPORATION
AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
UNDERWRITERS LABORATORIES, INC.
and DOES 1-8500,

    Defendants.

Robert F. Lyman and Samantha Lyman vs. Asbestos Defendants (B✧P)
San Francisco Superior Court

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

CASE NUMBER: CGC-06-459162  ROBERT F LYMAN et al VS. ASBESTOS DEFENDANTS (BF

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for

DATE:     DEC-20-2007

TIME:     1:30PM

PLACE:    Department 206
          400 McAllister Street
          San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.3 and 3.4.

> CRC 212 (g)(1) requires the filing and service of a case management statement
> form CM-110 no later than 15 days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the
summons and complaint.  Proof of service subsequently filed with this court shall
so state.

[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON◆PURCELL LLP
222 Rush Landing Road
Novato, California 94948-6169
TELEPHONE NO.: (415) 898-1555    FAX NO.: (415) 898-1247
ATTORNEY FOR (NAME): Plaintiff(s)

ENDORSED
FILED
San Francisco County Superior Court

DEC 2 9 2006

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
        Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:   400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
ROBERT F. LYMAN and SAMANTHA LYMAN vs. ASBESTOS DEFENDANTS (B◆P)

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-06-459162 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: |
| | | DEPT: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☒ Asbestos (04)
☐ Product Liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental / Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☒ Monetary   b. ☐ Nonmonetary; declaratory or injunctive relief   c. ☒ Punitive

4. Number of causes of action (specify): 8

5. This case ☐ is ☒ is not a class action suit.

Date: 12/29/06

David R. Donadio
(TYPE OR PRINT NAME)                                        ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 201.8, 1800-1812; Standards of Judicial Administration, § 19 |
|---|---|---|
| Judicial Council of California CM-010 [Rev. July 1, 2007] | | www.courtinfo.ca.gov |

DAVID R. DONADIO, ESQ., S.B. #154436
JOHN B. GOLDSTEIN, ESQ., S.B. #198188
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-CASE MANAGEMENT CONFERENCE SET
(415) 898-1555

Attorneys for Plaintiffs

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 2 9 2006

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

DEC 2 0 2007  -1ᵖᵐPM

DEPARTMENT 206

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> ASBESTOS DEFENDANTS (B❖P) As Reflected on Exhibits B, B-1, C, H, I; and DOES 1-8500; and SEE ATTACHED LIST. | ASBESTOS No. CGC-06-459162 <br><br> COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS |

1.    Plaintiff ROBERT F. LYMAN was born August 13, 1939.

2.    The ©Brayton❖Purcell Master Complaint for Personal Injury [and Loss of Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be obtained upon request from Brayton❖Purcell, and designated portions of the Master Complaint are incorporated by reference herein pursuant to the authority conferred by General Order No. 55. Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows: .

///

///

///

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

CLEAVER-BROOKS, INC.
BUCYRUS INTERNATIONAL, INC.
JOHN CRANE, INC.
CRANE CO.
GARLOCK SEALING TECHNOLOGIES, LLC
GENERAL MOTORS CORPORATION
OWENS-ILLINOIS, INC.
PARKER-HANNIFIN CORPORATION
PLANT INSULATION COMPANY
QUINTEC INDUSTRIES, INC.
RAPID-AMERICAN CORPORATION
R.F. MACDONALD CO.
UNION CARBIDE CORPORATION
UNIROYAL HOLDING, INC.
WESTERN MacARTHUR COMPANY
MacARTHUR COMPANY
WESTERN ASBESTOS COMPANY
PNEUMO ABEX LLC
HONEYWELL INTERNATIONAL, INC.
FORD MOTOR COMPANY
INTERNATIONAL TRUCK & ENGINE CORPORATION
CHEVRON PHILLIPS CHEMICAL COMPANY LP
DRILLING SPECIALTIES COMPANY LLC
MONTELLO INC.
A.W. CHESTERTON COMPANY
TYCO INTERNATIONAL (US) INC.
HENRY VOGT MACHINE CO.
WEIR VALVE & CONTROLS USA INC.
CARLISLE CORPORATION
FREIGHTLINER LLC
MACK TRUCKS, INC.
J.T. THORPE & SON, INC.
TEXACO, INC.
SAN JOAQUIN REFINERY
CHEVRON U.S.A., INC.
CHEVRON PRODUCTS COMPANY
UNOCAL CORPORATION
SHELL OIL COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
GATKE CORPORATION
AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
UNDERWRITERS LABORATORIES, INC.
and DOES 1-8500,

        Defendants.

Robert F. Lyman and Samantha Lyman vs. Asbestos Defendants (B✦P)
San Francisco Superior Court

**DEFENDANTS' ON EXHIBITS:**

| Cause of Action | A | B-1 | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ⊠ | ⊠ | | | | | | | | | | | |
| Second (Strict Liability) | ⊠ | ⊠ | | | | | | | | | | | |
| Third (False Representation) | ⊠ | ⊠ | | | | | | | | | | | |
| Fourth (Loss of Consortium) | ⊠ | ⊠ | | | | | □ | | | | □ | □ | □ |
| Fifth (Premises Owner/ Contractor Liability) | | ⊠ | ⊠ | | | | □ | ⊠ | ⊠ | □ | □ | □ | □ |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | ⊠ | ⊠ | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | | | □ | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | □ | | | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | □ | | | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | □ | □ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | □ | | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | ⊠ | | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | ⊠ | | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | □ | □ | | |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1    3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

2    history of exposure to asbestos are as stated on Exhibit A.

3    4.    Plaintiffs were married on January 1, 1970.

4    5.    (a)  "Exposed persons" in paragraphs 21, 68 and 69 of the Master Complaint

5    include plaintiff ROBERT F. LYMAN herein and plaintiff's father, Sylvester Lyman, deceased.

6    Dated:  12/29/66                          BRAYTON❖PURCELL LLP

7

8                                       By: _____

9                                            David R. Donadio
                                             Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | US Marine Corps Camp Lejuene Jacksonville, NC | Trainee | 1956-1957, 8 weeks |
| | Naval Air Station Cecil Field, Jacksonville, FL | | 9-10 months |
| Associated Transport Waltham, MA | Associated Transport Waltham, MA | Manager | 1958-1967 |
| United States Gypsum Charlestown, MA | United States Gypsum Charlestown, MA | Factory Worker (Foreman) | 1967, approx. 8 months |
| Alva Radio Industry Santa Monica, CA | Alva Radio Industry Santa Monica, CA | Assembler | 1971-1975 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc.: various oil fields throughout Southern California, including but not limited to: | Oil Field Worker | 1976-1987 |
| | Union Oil Co. of California, Santa Paula, CA | | |
| | Mohawk Refinery (Getty Oil) Bakerfield, CA | | |
| | San Joaquin Refinery Bakersfield, CA | | |
| | Standard Oil, Carpinteria, CA | | |
| | ExxonMobil Oil (HONDO) Santa Barbara, CA | | |
| | Shell Oil Long Beach, CA | | |
| | Shell Oil Carson, CA | | |

///

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

### EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Baker Hughes Oilfield Operations, Inc. Houston, TX (con't) | El Capitan Oil Co. Bakersfield, CA | Oil Field Worker | 1976-1987 |
| | Shell Oil, Ventura, CA | | |
| | Shell Oil, Bakersfield, CA | | |
| | Shell Oil Pumping Station Huntington Beach, CA | | |
| | Shell Oil, San Pedro, CA | | |

SECONDARY EXPOSURE:

Plaintiff's father, Sylvester Lyman (deceased), worked for the US Government as a pipefitter for approximately 50 years. Plaintiff lived with his father from 1939 until approximately 1959. Plaintiff's father came home with dusty, dirty clothes every day. Plaintiff recalls meeting his father at the front gate of the shipyard and walking home with his father. Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Government | Boston Naval Shipyard Boston, MA: onboard various ships, names currently unknown | Pipefitter | 1939-1959 |

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, lung and/or other cancer, mesothelioma, and/or other lung damage. Plaintiff was diagnosed with lung cancer on or about October 2006.

Plaintiff retired from his last place of employment as a result of becoming disabled due to an injury not related to asbestos. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1                                          EXHIBIT B

2   **DEFENDANTS**

3   CLEAVER-BROOKS, INC.                    PNEUMO ABEX LLC
    BUCYRUS INTERNATIONAL, INC.             HONEYWELL INTERNATIONAL, INC.
4   JOHN CRANE, INC.                        FORD MOTOR COMPANY
    CRANE CO.                               INTERNATIONAL TRUCK & ENGINE
5   GARLOCK SEALING TECHNOLOGIES, LLC          CORPORATION
    GENERAL MOTORS CORPORATION              CHEVRON PHILLIPS CHEMICAL COMPANY
6   OWENS-ILLINOIS, INC.                       LP
    PARKER-HANNIFIN CORPORATION             DRILLING SPECIALTIES COMPANY LLC
7   PLANT INSULATION COMPANY                MONTELLO INC.
    QUINTEC INDUSTRIES, INC.                A.W. CHESTERTON COMPANY
8   RAPID-AMERICAN CORPORATION              TYCO INTERNATIONAL (US) INC.
    R.F. MACDONALD CO.                      HENRY VOGT MACHINE CO.
9   UNION CARBIDE CORPORATION               WEIR VALVE & CONTROLS USA INC.
    UNIROYAL HOLDING, INC.                  CARLISLE CORPORATION
10  WESTERN MacARTHUR COMPANY               FREIGHTLINER LLC
    MacARTHUR COMPANY                       MACK TRUCKS, INC.
11  WESTERN ASBESTOS COMPANY                DOES 1-800

12                                          **ALTERNATE ENTITY**

13  CLEAVER-BROOKS, INC.                    CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC.
                                            AQUA-CHEM, INC.
14                                          CLEAVER BROOKS
                                            SPRINGFIELD BOILER CO.

15
    BUCYRUS INTERNATIONAL, INC.             BUCYRUS-ERIE
16                                          MARION POWER SHOVEL COMPANY, THE
                                            OSGOOD COMPANY
17                                          GENERAL EXCAVATOR COMPANY

18  CRANE CO.                               CRANE COMPANY
                                            CRANE PLUMBING & HEATING
19                                          CRANE PUMPS & SYSTEMS, INC.
                                            CRANE SUPPLY
20                                          BURK PUMPS
                                            MIDWEST PIPING CO.
21                                          MIDWEST PIPING & SUPPLY CO.
                                            MIDWEST INVESTMENT
22                                          PACIFIC STEEL BOILER CORPORATION
                                            PACIFIC VALVES
23                                          CRANE VALVE GROUP
                                            DEMING PUMPS
24                                          REPCAL BRASS MANUFACTURING CO.
                                            CHAPMAN VALVE COMPANY

25  ///

26  ///

27  ///

28                                                              EXHIBIT B

    K:\Users\A10705\Resp-pleg2case.wpd
                              6
    COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

| | |
|---|---|
| 1 | EXHIBIT B (cont'd.) |
| 2 | ALTERNATE ENTITY |
| 3 | GARLOCK SEALING | GARLOCK, INC. |
| | TECHNOLOGIES, LLC | COLTEC INDUSTRIES, INC. |
| 4 | | FAIRBANKS-MORSE |
| | | FAIRBANKS MORSE ENGINES |
| 5 | | BELMONT PACKING & RUBBER CO. |
| | | GARLOCK PACKING CO. |
| 6 | | U.S. GASKET CO. |
| | | GOODRICH CORPORATION |
| 7 | | ENPRO INDUSTRIES, INC. |
| 8 | GENERAL MOTORS CORPORATION | NEW DEPARTURE |
| | | CHEVROLET |
| 9 | | A.C. DELCO CO. |
| | | BUICK AUTOMOTIVE CORPORATION |
| 10 | | CADILLAC |
| | | PONTIAC |
| 11 | | LaSALLE |
| | | OLDSMOBILE |
| 12 | | GM GOODWRENCH |
| | | ROCHESTER PRODUCTS DIVISION |
| 13 | | EUCLID ROAD MACHINERY CO. |
| | | FRIDGIDAIRE (for exposure pre 4/9/1979) |
| 14 | | |
| | UNION CARBIDE CORPORATION | UNION CARBIDE CHEMICALS AND PLASTICS |
| 15 | | COMPANY, INC. |
| | | UNION CARBIDE AND CARBON PRODUCTS |
| 16 | | LINDE AIR PRODUCTS COMPANY |
| 17 | UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| 18 | PNEUMO ABEX LLC | PNEUMO ABEX CORPORATION |
| | | ABEX CORPORATION |
| 19 | | AMERICAN BRAKE SHOE COMPANY |
| | | EATON BRAKE SHOES |
| 20 | | EATON MANUFACTURING CO. |
| | | AMERICAN BRAKE SHOE AND FOUNDRY COMPANY |
| 21 | | AMERICAN BRAKEBLOK, DIVISION OF AMERICAN |
| | | BRAKE SHOE AND FOUNDRY CO. |
| 22 | | AMERICAN BRAKEBLOK CORPORATION |
| | | AMERICAN BRAKE MATERIALS CORPORATION |
| 23 | | AMERICAN BRAKE SHOE AND FOUNDRY (DE) |
| 24 | FORD MOTOR COMPANY | BRITISH LEYLAND MOTORS, INC. |
| | | BRITISH MOTOR CORPORATION |
| 25 | | JAGUAR CARS, INC. |
| | | TRIUMPH |
| 26 | | LINCOLN CONTINENTAL |
| | | AUSTIN HEALEY |
| 27 | /// | |
| 28 | /// | EXHIBIT B |

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1                                          EXHIBIT B (cont'd.)

2                                          ALTERNATE ENTITY

3    HONEYWELL, INTERNATIONAL, INC.      HONEYWELL, INC.
                                         HONEYWELL CONTROLS
4                                        ALLIEDSIGNAL, INC.
                                         ALLIED-SIGNAL, INC.
5                                        THE BENDIX CORPORATION
                                         BENDIX PRODUCTS AUTOMOTIVE DIVISION
6                                        BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP.
                                         BENDIX HOME SYSTEMS
7                                        ALLIED CORPORATION
                                         ALLIED CHEMICAL CORPORATION
8                                        GENERAL CHEMICAL CORPORATION
                                         FRAM
9                                        FRICTION MATERIALS OF LOS ANGELES
                                         NORTH AMERICAN REFRACTORIES COMPANY
10                                       EM SECTOR HOLDINGS INC.
                                         UNIVERSAL OIL PRODUCTS COMPANY
11                                       BOYLSTON CORPORATION
                                         EHRHART & ASSOCIATES, INC.
12                                       EHRHART & ARTHUR, INC.
                                         GARRETT AIR RESEARCH CORP.
13                                       STANLEY G. FLAGG & CO.
                                         MERGENTHALER LINOTYPE COMPANY
14                                       ELTRA CORPORATION
                                         BUNKER RAMO-ELTRA CORPORATION
15
     TYCO INTERNATIONAL (US) INC.        POTTER & BRUMFIELD, INC.
16                                       TYCO INTERNATIONAL (PA) INC.
                                         RAYCHEM CORPORATION
17                                       ANDERSON GREENWOOD
                                         CROSBY STEAM AND VALVE COMPANY
18                                       CROSBY VALVE, INC.

19   HENRY VOGT MACHINE CO.              VOGT VALVES

20   WEIR VALVE & CONTROLS USA INC.      ATWOOD & MORRILL CO., INC.

21   CARLISLE CORPORATION                CARLISLE DELAWARE CORPORATION
                                         CARLISLE MANAGEMENT COMPANY
22                                       MOTION CONTROL INDUSTRIES, INC.
                                         CARLISLE TIRE & RUBBER COMPANY
23                                       GEAUJA COMPANY
                                         TENSOLITE COMPANY
24                                       BRAEMAR CORPORATION
                                         CONTINENTAL CARLISLE CORPORATION
25                                       DIGITAL CONTROLS CORPORATION
                                         GRAHAM MAGNETIC INCORPORATION
26
     FREIGHTLINER LLC                    FREIGHTLINER CORPORATION
27                                       WHITE FREIGHTLINERS
                                         WESTERN STAR TRUCKS, INC.
28   ///                                                                      EXHIBIT B

1

**EXHIBIT B (cont'd.)**

2

**ALTERNATE ENTITY**

3    MACK TRUCKS, INC.                    BROCKWAY MOTOR COMPANY, INC.

4

5                                **EXHIBIT B-1**

6    **DEFENDANTS**

7    J.T. THORPE & SON, INC.
     DOES 1-800; DOES 1001-2000

8                                    **ALTERNATE ENTITY**

9    J.T. THORPE & SON, INC.          THE THORPE COMPANY
                                      THORPE PRODUCTS CO.
10                                    J.T. THORPE NORTHWEST

11

12                               **EXHIBIT C**

13   **DEFENDANTS**

14   TEXACO, INC.                      J.T. THORPE & SON, INC.
     SAN JOAQUIN REFINERY              PLANT INSULATION COMPANY
15   CHEVRON U.S.A., INC.              WESTERN MacARTHUR COMPANY
     CHEVRON PRODUCTS COMPANY          MacARTHUR COMPANY
16   UNOCAL CORPORATION                WESTERN ASBESTOS COMPANY
     SHELL OIL COMPANY                 DOES 1001-2000

17

18                                    **ALTERNATE ENTITY**

19   TEXACO, INC.                      TEXACO REFINING AND MARKETING,  INC.
                                       TEXACO REFINING & MARKETING, INC.
20                                     TEXACO USA
                                       THE TEXAS COMPANY
21                                     THE TEXAS CORPORATION
                                       ASSOCIATED OIL COMPANY
22                                     GETTY REFINING AND MARKETING
                                       MOHAWK PETROLEUM CORPORATION, INC.
23                                     MOHAWK REFINERY
                                       RESERVE OIL & GAS COMPANY
24                                     HOLMES-MANLEY

25

26

27   ///

28   ///                                          EXHIBITS B, B-1, C

E:\bkjsend\107205\temp-asbuslrors.wpd

**9**

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT C (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| CHEVRON PRODUCTS COMPANY | CHEVRON U.S.A. PRODUCTS COMPANY |
| | CHEVRON CORPORATION PRODUCTS COMPANY |
| | CHEVRON CORPORATION |
| | CHEVRON OIL REFINERY |
| | CHEVRON CHEMICAL COMPANY |
| | WILSHIRE OIL |
| | STANDARD OIL COMPANY OF CALIFORNIA |
| | STANDARD OIL COMPANY OF CALIFORNIA, |
| | WESTERN OPERATIONS, INC. |
| | GULF OIL COMPANY |
| | GULF OIL OF CALIFORNIA |
| | GULF OIL CORPORATION |
| | GULF OIL PRODUCTS COMPANY |
| | CHEVRON RESEARCH AND |
| | TECHNOLOGY |
| | PACIFIC OIL REFINING |
| | PACIFIC REFINING CO. |
| | SEQUOIA REFINING CORP. |
| | CHEVRON U.S.A., INC. |
| | CHEVRON U.S.A. PRODUCTS, INC. |

| PREMISES OWNER DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| TEXACO, INC. | Mohawk Refinery (Getty Oil), Bakersfield, CA | 1976-1987 |
| SAN JOAQUIN REFINERY | San Joaquin Refinery, Bakersfield, CA | 1976-1987 |
| CHEVRON U.S.A., INC./ CHEVRON PRODUCTS COMPANY | Standard Oil, Carpinteria, CA | 1976-1987 |
| UNOCAL CORPORATION | Union Oil of California, Santa Paula, CA | 1976-1987 |
| SHELL OIL COMPANY | Shell Oil, Long Beach, CA; Shell Oil, Carson, CA; Shell Oil, Ventura, CA; Shell Oil, Bakersfield, CA; Shell Oil Pumping Station, Huntington Beach, CA; Shell Oil, San Pedro, CA | 1976-1987 |

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| J.T. THORPE & SON, INC. | Various | Various |

///

EXHIBIT C

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1

**EXHIBIT C (cont'd.)**

2

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| PLANT INSULATION COMPANY | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

3

4

5

6

7

8

**EXHIBIT H**

9

**DEFENDANTS**

10

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | STUART-WESTERN, INC. |
| PNEUMO ABEX LLC | RITESET MANUFACTURING COMPANY |
| BORGWARNER MORSE TEC, INC. | ASBESTOS MANUFACTURING COMPANY |
| HONEYWELL INTERNATIONAL, INC. (successor-in-interest to ALLIEDSIGNAL, INC.) | FIBRE & METAL PRODUCTS COMPANY |
| | LASCO BRAKE PRODUCTS |
| THE BUDD COMPANY | L.J. MILEY COMPANY |
| DAIMLERCHRYSLER CORPORATION | ROSSENDALE-RUBOIL COMPANY |
| DANA CORPORATION | SOUTHERN FRICTION MATERIALS COMPANY |
| FORD MOTOR COMPANY | U.S. SPRING & BUMPER COMPANY |
| GENERAL MOTORS CORPORATION | AUTO FRICTION CORPORATION |
| BRIDGESTONE/FIRESTONE | EMSCO ASBESTOS COMPANY |
| NORTH AMERICAN TIRE, LLC | FORCEE MANUFACTURING CORPORATION |
| LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. | MOLDED INDUSTRIAL FRICTION CORPORATION |
| MAREMONT CORPORATION | NATIONAL TRANSPORT SUPPLY, INC. |
| MORTON INTERNATIONAL, INC. | SILVER LINE PRODUCTS, INC. |
| PARKER-HANNIFIN CORPORATION | STANDCO, INC. |
| STANDARD MOTOR PRODUCTS, INC. | UNIVERSAL FRICTION MATERIALS COMPANY |
| GATKE CORPORATION | WHEELING BRAKE BLOCK MANUFACTURING |
| GARLOCK SEALING TECHNOLOGIES, LLC | COMPANY |
| BRASSBESTOS BRAKE LINING COMPANY | OWENS-ILLINOIS, INC. |
| H. KRASNE MANUFACTURING COMPANY | BELL ASBESTOS MINES LTD. |
| AUTO SPECIALTIES MANUFACTURING COMPANY | DOES5000-8000 |

11

12

13

14

15

16

17

18

19

20

21

22

23

**EXHIBIT I**

24

**DEFENDANTS**

25

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC. |
| OWENS-ILLINOIS, INC. | UNDERWRITERS LABORATORIES, INC. |
| PNEUMO ABEX LLC | DOES5000-7500 |
| GATKE CORPORATION | |
| GARLOCK SEALING TECHNOLOGIES, LLC | |

26

27

28

EXHIBITS C, H, I

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

1  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON✦PURCELL LLP
2  Attorneys at Law
   222 Rush Landing Road
3  P.O. Box 6169
   Novato, California  94948-6169
4  (415) 898-1555

5  Attorneys for Plaintiffs

6

7

8            SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SAN FRANCISCO

10

11  ROBERT F. LYMAN and          )  ASBESTOS
    SAMANTHA LYMAN,              )  No.
12                               )  CGC-06-459162
         Plaintiffs,            )
13                               )  PRELIMINARY FACT SHEET/NEW
    vs.                          )  FILING/ASBESTOS LITIGATION
14                               )
    ASBESTOS DEFENDANTS (B✦P)    )
15  _____    )  (See General Order No. 129, In Re:
                                    Complex Asbestos Litigation)
16

17                    NOTICE

18  TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
    SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
19  SAN FRANCISCO

20         You have been served with process in an action which has been designated by the Court
    as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration.  This
21  litigation bears the caption "In Re:  Complex Asbestos Litigation", [San Francisco Superior
    Court No. 828684].
22
           This litigation is governed by various general orders, some of which affect the judicial
23  management and/or discovery obligations, including the responsibility to answer interrogatories
    deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,
24  Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
    (510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at
25  your expense.

26  1. State the complete name and address of each person whose claimed exposure to asbestos is

27  the basis of this lawsuit ("exposed person"):  Robert F. Lyman, P.O. Box 1066, Silver Springs,

28  Nevada  89429.

K:\Injured\107063\2comp-fact.wrd                           1
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 2 9 2006

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
            Deputy Clerk

1    2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four

2    months?    __X__ Yes                          _____ No

3    [If yes, the action will be governed by General Order No. 140; if no, the action will be governed

4    by General Order No. 129.]

5    3. Date of birth of each exposed person in item one and, if applicable, date of death:

6              Date of Birth:  __8/13/39__

7              Date of Death:  __N/A__

8    Social Security Number of each exposed person:

9              __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__

10    4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

11         _____ Asbestosis              _____ Mesothelioma

12         _____ Pleural Thickening/Plaques        _____ Other Cancer:  Specify: _____

13         __X__ Lung Cancer Other Than Mesothelioma    _____ Other:  Specify: _____

14    5. For purposes of identifying the nature of exposure allegations involved in this action, please

15    check one or more:

16         _____ Shipyard         _____ Construction      __X__ Friction-Automotive

17         __X__ Premises         _____ Aerospace         __X__ Military

18         __X__ Other:  Specify all that apply: ___Industrial___

19    If applicable, indicate which exposure allegations apply to which exposed person.

20    6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known,

21    provide the beginning and ending year(s) of each such exposure.  Also specify each exposed

22    person's employer and job title or job description during each period of exposure.  (For example:

23    "San Francisco Naval Shipyard - Pipefitter - 1939-1948").  Examples of locations of exposure

24    might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized

25    descriptions such as "merchant marine" or "construction".  If an exposed person claims exposure

26    during only a portion of a year, the answer should indicate that year as the beginning and ending

27    year (e.g., 1947-1947).

28    ///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | US Marine Corps Camp Lejeune Jacksonville, NC | Trainee | 1956-1957, 8 weeks |
| | Naval Air Station Cecil Field, Jacksonville, FL | | 9-10 months |
| Associated Transport Waltham, MA | Associated Transport Waltham, MA | Manager | 1958-1967 |
| United States Gypsum Charlestown, MA | United States Gypsum Charlestown, MA | Factory Worker (Foreman) | 1967, approx. 8 months |
| Alva Radio Industry Santa Monica, CA | Alva Radio Industry Santa Monica, CA | Assembler | 1971-1975 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc.: various oil fields throughout Southern California, including but not limited to: Union Oil Co. of California, Santa Paula, CA | Oil Field Worker | 1976-1987 |

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

   a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

   b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

   c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

   ///

1         d.  was employed by the United States government in a civilian capacity, attach to the

2   copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3   the stipulation (Exhibit N-3 to General Order No. 129).

4   8.  If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5   Defense Counsel a copy of the death certificate, if available.  If an autopsy report was done, also

6   attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7   9.  State the date of the filing of the initial complaint in this matter:

8   *December 29, 2006*

9                                                                    By: _____

10                                                                          Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\injured\167003\fsnew-facts4.wpd

**4**

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Baker Hughes Oilfield Operations, Inc. Houston, TX (con't) | El Capitan Oil Co. Bakersfield, CA | Oil Field Worker | 1976-1987 |
| | Mohawk Refinery (Getty Oil) Bakerfield, CA | | |
| | San Joaquin Refinery Bakersfield, CA | | |
| | Standard Oil, Carpinteria, CA | | |
| | ExxonMobil Oil (HONDO) Santa Barbara, CA | | |
| | Shell Oil Long Beach, CA | | |
| | Shell Oil Carson, CA | | |
| | Shell Oil, Ventura, CA | | |
| | Shell Oil, Bakersfield, CA | | |
| | Shell Oil Pumping Station Huntington Beach, CA | | |
| | Shell Oil, San Pedro, CA | | |

SECONDARY EXPOSURE:

Plaintiff's father, Sylvester Lyman (deceased), worked for the US Government as a pipefitter for approximately 50 years. Plaintiff lived with his father from 1939 until approximately 1959. Plaintiff's father came home with dusty, dirty clothes every day. Plaintiff recalls meeting his father at the front gate of the shipyard and walking home with his father. Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Government | Boston Naval Shipyard Boston, MA: onboard various ships, names currently unknown | Pipefitter | 1939-1959 |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO. | |
|---|---|---|
| DAVID R. DONADIO, ESQ.   (Bar # 154436)<br>BRAYTON✧PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>ATTORNEY FOR *(name)*  Plaintiff(s) | (415) 898-1555<br><br>FAX NO.<br>(415) 898-1247 | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco 94102
BRANCH NAME:

PLAINTIFF:  ROBERT F. LYMAN and SAMANTHA LYMAN
DEFENDANT:  ASBESTOS DEFENDANTS (B✧P)

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>459162 |
|---|---|

To *(name of one defendant only):* UNION CARBIDE CORPORATION

Plaintiff *(name of one plaintiff only):* ROBERT F. LYMAN
seeks damages in the above-entitled action, as follows:

**1. General damages**                                                                                          **AMOUNT**

  a. ☒ Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,000,000.00

  b. ☒ Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,000,000.00

  c. ☐ Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  d. ☐ Loss of society and companionship *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . $ _____

  e. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  f. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  g. ☐ Continued on Attachment 1.g.

**2. Special damages**

  a. ☒ Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 200,000.00

  b. ☒ Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 200,000.00

  c. ☐ Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  d. ☒ Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,500,000.00

  e. ☐ Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  f. ☐ Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  g. ☐ Future contributions *(present value) (wrongful death actions only)* . . . . . . . . . . . . . . . . . . . $ _____

  h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* . . . . . . . . . . . . . . . $ _____

  i. ☒ Other *(specify)* LOSS OF HOUSEHOLD SERVICES . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,000,000.00

  j. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

  k. ☐ Continued on Attachment 2.k.

**3.** ☒ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* . . . . . . $ 5,000,000.00
     when pursuing a judgment in the suit filed against you.

Date:  January 3, 2007

.................................................
David R. Donadio
(TYPE OR PRINT NAME)

· /s/ David R. Donadio
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982 (a)(24) [New January 1, 1997]
**Mandatory Form**

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115

*LexisNexis™ Automated California Judicial Council Forms*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO. | |
|---|---|---|
| DAVID R. DONADIO, ESQ.   (Bar # 154436) | (415) 898-1555 | |
| BRAYTON◆PURCELL LLP | FAX NO. | |
| 222 Rush Landing Road | (415) 898-1247 | |
| Novato, California  94948-6169 | | |

ATTORNEY FOR *(name)*:  Plaintiff(s)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

STREET ADDRESS:  400 McAllister Street

MAILING ADDRESS:

CITY AND ZIP CODE:  San Francisco 94102

BRANCH NAME:

PLAINTIFF:  ROBERT F. LYMAN and SAMANTHA LYMAN
DEFENDANT:  ASBESTOS DEFENDANTS (B◆P)

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>459162 |
|---|---|

To *(name of one defendant only)*:  UNION CARBIDE CORPORATION

Plaintiff *(name of one plaintiff only)*:  SAMANTHA LYMAN
seeks damages in the above-entitled action, as follows:

1. **General damages**

AMOUNT

a. ☐ Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

b. ☐ Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

c. ☒ Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  500,000.00

d. ☐ Loss of society and companionship *(wrongful death actions only)* . . . . . . . . . . . . . . . $ _____

e. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

f. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

g. ☐ Continued on Attachment 1.g.

2. **Special damages**

a. ☐ Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

b. ☐ Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

c. ☐ Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

d. ☐ Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

e. ☐ Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

g. ☐ Future contributions *(present value) (wrongful death actions only)* . . . . . . . . . . . . . . . $ _____

h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* . . . . . . . . . . $ _____

i. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

j. ☐ Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

k. ☐ Continued on Attachment 2.k.

3. ☒ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* . . . . . $  5,000,000.00
when pursuing a judgment in the suit filed against you.

Date:   January 3, 2007

David R. Donadio                                      /s/ David R. Donadio
........................................              ........................................
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982 (a)(24) [New January 1, 1997]
**Mandatory Form**

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115

*LexisNexis™ Automated California Judicial Council Forms*

# EXHIBIT 2

On directive of the Court, we are not re-filing Exhibit 2 to the original Notice of Removal due to sheer volume of the Exhibit.

# EXHIBIT 3

**Krow, Catherine Morris**

**Subject:** FW: Lyman

----- Original Message -----
From: LaCount, Daniel <dlacount@HBBLAW.com>
To: Jordan, Kevin
Sent: Mon Aug 13 19:19:52 2007
Subject: RE: Lyman

The Lyman case has been resolved as to International Truck and, as such, we will not object to it's removal to Federal Court.

DANIEL S. LACOUNT
HAIGHT BROWN & BONESTEEL, LLP
dlacount@hbblaw.com
415.546.7500
415.546.7505 (fax)

From: kevin.jordan@bakerbotts.com [mailto:kevin.jordan@bakerbotts.com]
Sent: Monday, August 13, 2007 5:01 PM
To: LaCount, Daniel
Subject: Lyman

Dan: this is to confirm our conversation today concerning the Lyman case. As we discussed, plaintiffs' counsel represented to the Court your client International Truck was still a defendant in this case even though the case has been called to trial and no appearance has been made by International Truck. You indicated the case has settled as to International Truck but no formal dismissal has been entered. I informed you that my client Union Carbide is seeking to remove the case to Federal Court and I was seeking International Truck's input. You indicated that it is your position that International Truck is settled in this case but International Truck would not object to removal.

Please confirm this to me by return email. Thanks.

Kevin M. Jordan
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1322 (office)
(281) 546-6487 (cell)
kevin.jordan@bakerbotts.com

8/17/2007

# EXHIBIT 4

1          SUPERIOR COURT OF CALIFORNIA

2            COUNTY OF SAN FRANCISCO

3      HONORABLE NANCY L. DAVIS, JUDGE PRESIDING

4              DEPARTMENT NO. 306

5                  ---oOo---

6

7   ROBERT LYMAN, ET AL.,              )
                                       )
8               Plaintiffs,            )   CGC-06-459162
                                       )   Jury Trial
9       vs.                            )
                                       )   Pages 191 - 201
10  ASBESTOS DEFENDANTS, ET AL.        )
                                       )   Volume V
11              Defendants.            )
    _____)
12

13

14

15                              **COPY**

16

17         REPORTER'S TRANSCRIPT OF PROCEEDINGS

18              Tuesday, August 14, 2007

19

20

21

22

23

24

25

26

27

28  Reported by:   Laura Martinez, CSR No. 11332, RPR

1   APPEARANCES OF COUNSEL:

2   For Plaintiffs:

3       Brayton Purcell
        222 Rush Landing Road
4       Novato, California  94945-669
        BY:  GARY L. BRAYTON, Attorney at Law
5          ANDREW CHEW, Attorney at Law

6   For Defendant UNION CARBIDE:

7       Baker Botts LLP
        One Shell Plaza
8       910 Louisiana
        Houston, Texas 77002
9       By:  KEVIN M. JORDAN, Attorney at Law

10      Orrick, Herrington & Sutcliffe LLP
       The Orrick Building
11      405 Howard Street
       San Francisco, California  94105
12      By:  CATHERINE MORRIS KROW, Attorney at Law

13   For Defendant FREIGHTLINER LLC:

14      Wright Robinson Osthimer & Tatum
       44 Montgomery Street, 18th Floor
15      San Francisco, California  94104-4705
       By:  CHARLES E. OSTHIMER, Attorney at Law
16

   For Defendant MONTELLO, INC.:
17

       Dillingham & Murphy
18      225 Bush Street, Sixth Floor
       San Francisco, California  94104-4207
19      By:  MOLLY MROWKA, Attorney at Law

20      ANDREW S. HARTMAN, Attorney at Law
       6520 S. Lewis
21      Tulsa, Oklahoma  74170

22   For Defendant HONEYWELL INTERNATIONAL INC.:

23      Perkins Coie
       Four Embarcadero Center, Suite 1400
24      San Francisco, California  94111
       BY:  M. CHRISTOPHER JHANG, Attorney at Law
25

26

27

28

1  Tuesday, August 14, 2007                              9:15 A.M.

2                        P R O C E E D I N G S

3      THE CLERK:  All rise, please.  Department 306 is now in

4  session, the Honorable Nancy L. Davis, Judge presiding.  Please

5  be seated and come to order.

6      THE COURT:  Good morning, everyone.

7      All COUNSEL:  Good morning.

8      THE COURT:  Mr. Chuck, will you call our case, please.

9      THE CLERK:  Yes, Your Honor.  This case is Robert F. Lyman

10  and Samantha Lyman versus Asbestos Defendants.  Case

11  CGC-06-459162.

12      Counsel, please state your appearance beginning with the

13  Plaintiff.

14      MR. CHEW:  Good morning, Your Honor.  Andrew Chew and Gary

15  Brayton for Plaintiffs.

16      MR. JORDAN:  Good morning, Your Honor.  Kevin Jordan and

17  Catherine Krow for Union Carbide.

18      MS. MROWKA:  Good morning, Your Honor.  Molly Mrowka on

19  behalf of Montello, Inc.

20      MR. HARTMAN:  Andy Hartman on behalf of Montello.

21      MR. JHANG:  Good morning, Your Honor.  Chris Jhang on behalf

22  of Honeywell, successor in interest to Bendix.

23      MR. OSTHIMER:  Good morning, Your Honor.  Charles Osthimer

24  for Freightliner.

25      THE COURT:  Welcome back to everyone who has been here

26  before, and welcome to those who have not.  I understand that

27  there have been a few developments that have occurred since we

28  all last met.

LAURA MARTINEZ, CSR NO. 11332

1    Mr. Osthimer, that certainly pertains to you, sir.

2    **MR. OSTHIMER:** Yes, ma'am. I want to put on the record that

3    we've entered into a settlement with Plaintiffs, and

4    Freightliner is being dismissed from the case, so I'd like an

5    order that we're dismissed.

6    **THE COURT:** Mr. Chew, good morning.

7    **MR. CHEW:** Good morning, Your Honor. Dismissed without

8    prejudice, to be more exact, Your Honor.

9    **THE COURT:** Very well. So ordered. And we'll see you next

10   time around, sir.

11   **MR. OSTHIMER:** Thank you, Your Honor.

12   **THE COURT:** Take care. Thank you, sir.

13   (Mr. Osthimer exits.)

14   **THE COURT:** I understand that there's a very long line

15   downstairs, and that's probably because of all of you, as our

16   jurors are making their way through security. So I'd like to

17   take care of a few thing up here.

18   Are there any other developments that you all wish to advise

19   me of at this point?

20   **MR. CHEW:** I don't believe so, Your Honor.

21   **THE COURT:** May I ask you all to put on your microphones so

22   we'll be sure to be able to hear you. Thank you. Yes, sir.

23   **MR. JHANG:** Just to apprise you of our status of Honeywell,

24   Your Honor, our offices are in communication right now. At this

25   point a deal has not yet been reached, but we anticipate that

26   through the course of this morning that our offices are likely

27   to reach some type of agreement with respect to this case, so we

28   may very well be in a different position and not participating

LAURA MARTINEZ, CSR NO. 11332

1  as much after this morning.  They are communicating right now

2  this morning.

3      THE COURT:  All right.  Are you aware, I want to make sure

4  you and Mr. Chew -- could you spell your last name for me?

5      MR. CHEW:  Certainly, Your Honor.  C-H-E-W.

6      THE COURT:  Thank you.  That all parties will be giving a

7  mini opening this morning?

8      MR. JHANG:  I became aware of that this morning, Your Honor.

9      THE COURT:  Oh, good.

10      MR. JHANG:  And just to give you background, the reason why

11  we weren't here before is that due to our firm understood that

12  we had a trial pass agreement with Plaintiffs with respect to

13  cases for this month.

14      But it turns out this one case was being handled differently

15  between the two offices.  It was due to a miscommunication which

16  is why we thought we were exempt from the trial appearance on

17  this case.  Once we found out that that wasn't the case, we

18  showed up immediately, which is why I'm here this morning, Your

19  Honor.

20      THE COURT:  Good.  Well, we'll have the record reflect that

21  we have received nothing from Honeywell, which everybody was

22  wondering.  You guys were MIA.  We didn't have any motions.

23  Nothing.  And we're going forward with the beginning of our

24  hardship process this morning.

25      And right now you are in the case, so if you -- I don't know

26  what your thoughts are about making a mini opening this morning,

27  but that's something that you need to let me know before we head

28  downstairs.

1    And, Mr. Chew, I'm sure you've been advised by Mr. Brayton

2  of that.  Are you going to be speaking on behalf of the Lymans

3  this morning?

4    **MR. CHEW:**  Yes, I will be, Your Honor.

5    **THE COURT:**  All right, and I'd like to clarify that it's

6  Mr. Jordan.

7    **MR. JORDAN:**  Yes, Your Honor.  I will be speaking on behalf

8  of Union Carbide Corporation.

9    **THE COURT:**  And, Mr. Hartman; is that right?

10    **MR. HARTMAN:**  Yes, Your Honor.

11    **THE COURT:**  All right.  So when we get down there I will

12  make some introductory remarks to the panel, and quite early on

13  you'll get your cue to stand up, and you'll go first, Mr. Chew.

14  And as I'm sure you know from Mr. Brayton, it's three minutes

15  and three minutes only.

16    **MR. CHEW:**  Certainly.

17    **THE COURT:**  And when you all are done, then I will advise

18  the panel that you are being excused by the Court because you

19  have other things you need to attend to so that you can exit

20  gracefully.  Let me ask in what order you all have decided

21  you're going to make your statements, or would you like to draw

22  straws this morning?

23    **MR. JORDAN:**  I don't think we'll have any problem coming to

24  an agreement, and I will be going first.  Mr. Hartman will be

25  going second.  I guess if Honeywell is still around -- that's

26  actually something, Your Honor, if we could go off the record a

27  moment.

28    **THE COURT:**  All right.  Let's go off the record for a

LAURA MARTINEZ, CSR NO. 11332

Case 4:07-cv-04240-SBA    Document 43-2    Filed 09/05/2007    Page 37 of 41

1  moment.

2      **MR. HARTMAN:**  But, Your Honor, just for the record, yes,

3  that's agreeable to Montello.

4      **THE COURT:**  So Mr. Jordan will kick off.  And we'll go off

5  the record.

6      (Discussion off the record. )

7      **THE COURT:**  Let's go back on the record.  We've been talking

8  about scheduling and answering cell phone calls and doing a

9  variety of housekeeping things, and we're now back on the

10  record.  In a moment we're going to be going downstairs to the

11  jury assembly room to make welcoming remarks, have mini openings

12  and undertake the hardship process, but I believe there are a

13  few things that counsel would like to put on the record before

14  we do that.  Mr. Jordan.

15      **MR. JORDAN:**  Yes, Your Honor.  Some of the things that we've

16  discussed off the record I did want to get on the record.  In

17  relation to the issue of whether Honeywell is a party in this

18  case, counsel for Honeywell has indicated to me that he believes

19  that there was service on Honeywell, though the court's file

20  doesn't reflect that, and that there has not been an answer

21  filed by Honeywell in this case.

22      It is Union Carbide's position, as we stand here today based

23  on this fluid situation, that since Honeywell did not file an

24  answer in this case, did not participate in the three days of

25  trial that we have already undergone, that they are a nominal

26  party at best, if they are truly a party for purposes of issues

27  relating to removal.

28      I just wanted to put that on the record, Your Honor.

1    **THE COURT:**  Very well.  Mr. Hartman.

2    **MR. HARTMAN:**  And Montello would endorse that position.

3    **THE COURT:**  Mr. Jhang, and then we'll let Mr. Brayton

4    respond.

5    **MR. JHANG:**  Your Honor, I want to note for the record that

6    as far as I know right now, I've checked with some of the

7    attorneys back in the office, and Honeywell was served in this

8    matter.  My current understanding is that an answer was not

9    filed pursuant to an agreement that we have with the Plaintiffs.

10    But, nevertheless, I would say that Honeywell at this point

11    is still a party to this action.

12    **THE COURT:**  All right.  Mr. Brayton.

13    **MR. BRAYTON:**  Respectfully, I disagree with Counsel's

14    characterization of Honeywell being a nominal party, but this is

15    not the forum where that substantive determination gets made, so

16    I won't respond any further substantively.

17    **THE COURT:**  Anything else on that issue?  All right.

18    Anything else that you all would like to put on the record this

19    morning?  Okay.

20    I have a couple of things.  We have talked about the

21    logistics of getting the questionnaires copied and to counsel so

22    they can begin to review them, and at this time we have no idea

23    how many we may get back once the hardship process is concluded.

24    But I'm going to order counsel to return tomorrow afternoon,

25    and my expectation of that meeting will be that counsel have

26    gotten copies of the questionnaires, and it would be my hope

27    we'll have a random list by that time and that we will begin to

28    look at the questionnaires, see what issues there might be that

LAURA MARTINEZ, CSR NO. 11332

1   we could address and make a determination about whether or not

2   we're looking at an additional panel coming in later in the

3   week.

4       And as I believe all of you know, our deadline for making a

5   request is 3:30 in the afternoon.  I'm going to order you back

6   at 2:00 o'clock tomorrow.  I have a meeting up at the juvenile

7   court, and that will enable me to be back in a timely fashion to

8   meet with you.

9       So we've already also talked about Mr. Chuck working with

10  Mr. Chew and Mr. Brayton and their colleagues to as efficiently

11  and expeditiously as possible manage the copying of

12  questionnaires and their return to the court and their

13  organization so that they will be in a form that will assist all

14  of us in beginning to review them.

15      Is there anything else that you all need at this point?  And

16  I'll just note it's my understanding that Plaintiffs will begin

17  this morning with their mini openings, and Mr. Chew will be

18  representing the Lymans.

19      **MR. CHEW:**  That's true, Your Honor.

20      **THE COURT:**  And then Mr. Jordan will begin on behalf of his

21  client, and then Mr. Hartman will follow, and then Mr. Jhang

22  will do clean-up.  Yes, Mr. Jordan.

23      **MR. JORDAN:**  Your Honor, the only other thing for scheduling

24  matters, you had previously indicated in prior orders that we

25  were to exchange by Wednesday our demonstrative exhibits

26  associated with the opening statements.  Might I suggest that we

27  do that exchange when we come here at 2:00 tomorrow and that at

28  some point after, like maybe Thursday since it may be dark, that

1  you deal with any objections at that point.

2      **THE COURT:**  That's reasonable, I think.  So let's plan to

3  have those in hand tomorrow.  We can take care of that.

4      So, Mr. Chew, I'm sure Mr. Brayton, if he hasn't already

5  explained to you our earlier conversations he'll bring you up to

6  date.

7      Anything else at this time?  Okay.  So you should stick

8  around so you know when we get the call downstairs.  They are

9  taking attendance, and they show a video to our prospective

10 jurors when they first come in for service.  And given how many

11 people were called in for today and the security process, I'm

12 sure it's taking a little bit more time than it might otherwise.

13     So please be on hand so that we can go down quickly to

14 address everybody, because they will have been here for a while,

15 and they will already have itchy feet.  All right, so I'll see

16 you downstairs.  Thank you all.

17     (Proceedings adjourned at 9:59 a.m.)

18

19

20

21

22

23

24

25

26

27

28

LAURA MARTINEZ, CSR NO. 11332

1  State of California        )
                              )
2  County of San Francisco  )

3

4

5       I, Laura Martinez, Reporter Pro Tempore for the Superior

6  Court of California, County of San Francisco, do hereby certify:

7       That I was present at the time of the above proceedings;

8       That I took down in machine shorthand notes all proceedings

9  had and testimony given;

10      That I thereafter transcribed said shorthand notes with the

11  aid of a computer;

12      That the above and foregoing is a full, true, and correct

13  transcription of said shorthand notes, and a full, true and

14  correct transcript of all proceedings had and testimony taken;

15      That I am not a party to the action or related to a party or

16  counsel;

17      That I have no financial or other interest in the outcome of

18  the action.

19

20

21  Dated:  August 15, 2007.

22

23

24  _____

25  LAURA MARTINEZ, CSR NO. 11332

26

27

28


LAURA MARTINEZ, CSR NO. 11332