ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
MARY E. POUGIALES, ESQ., SB # 77807
BRAYTON✦PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS DEFENDANTS, et al<br><br>Defendants. | CASE NO. C 07-4240-SBA<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO STAY CASE; PLAINTIFF'S MOTION TO WITHDRAW MOTION TO REMAND AND TO EXPEDITE TRIAL SETTING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF ROBERT F. LYMAN AND GILBERT L. PURCELL IN SUPPORT<br><br>Date:        October 16, 2007<br>Time:        1:00 p.m.<br>Courtroom:   3, 3rd Floor<br>Judge:       Hon. Saundra B. Armstrong |

Plaintiffs Robert and Samantha Lyman oppose Defendant Union Carbide's Motion to Stay Case Pending Transfer to MDL-875 because Honeywell International, Inc.'s consent to removal has rendered the Motion moot. For the same reason, the Plaintiffs move to withdraw their own Motion to Remand and the Declaration of David R. Donadio in Support. Because all defendants have now consented to removal, there is no legal basis for remand to the state trial court.

Plaintiffs also urgently move this court in the interest of justice to expedite setting of a trial date due to Robert Lyman's deteriorating health.

Case 4:07-cv-04240-SBA    Document 47    Filed 09/18/2007    Page 2 of 5

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

This action for asbestos-related personal injury was originally filed in the San Francisco Superior Court on December 29, 2006. It qualified for priority setting for trial pursuant to California Code of Civil Procedure section 36 because of the precarious and inevitably deteriorating state of Mr. Lyman's health. Trial began just seven months later on August 6. 2007. All pretrial issues had been litigated and resolved. Although Union Carbide indicated at trial that it might move to remove the matter to federal court, the parties and the court agreed that not all defendants had consented to that. The state trial court continued hearing *in limine* motions and other trial issues over the next court days.

A jury panel was summoned and jury selection was scheduled to begin when defendant Union Carbide, acting without the required consent of all defendants, removed the action to this court on August 17, 2007. The non-consenting defendant, Honeywell International, has since filed a formal consent to removal with this court, and plaintiffs agree that removal is now proper.

. Now, after successfully cutting the state court trial short, Union Carbide is seeking months of further delay in this court by moving this court to stay the trial pending transfer to MDL-875 on the theory that MDL-875 was the proper forum to resolve their claim that defendant Honeywell International, Inc. was a sham defendant whose consent was not required. Plaintiffs filed a Motion to Remand based on the lack of unanimous consent. Both motions have now become moot because, in the meantime, Honeywell has filed its formal consent to removal.

Along with its Motion to Stay, Union Carbide filed a Notice of Tag-Along Action as required to obtain a Conditional Order transferring this case to the MDL-875 in the Eastern District of Pennsylvania. In its Notice, however, Union Carbide did not inform the federal court in Pennsylvania that there are no pretrial issues remaining in this case, that, in fact, this matter was already in trial when it was removed to federal court.

---

[1] This factual and procedural history is based entirely on the Declarations of Robert F. Lyman and Gilbert L. Purcell filed in support of this Opposition and Motion.

K:\Injured\107053\USDC-NDCA Opp to Stay.wpd    2
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY CASE PENDING TRANSFER TO MDL-875; MOTION TO EXPEDITE TRIAL SETTING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF ROBERT F. LYMAN AND GILBERT L. PURCELL IN SUPPORT (Northern District of California Case No. C07-4240-SBA)

1  Controlling statutes and case law, discussed below, provide that the MDL is not a proper
2  venue for trial, only for pretrial litigation, a time long past in this case. This material
3  omission of fact guaranteed that the Multidistrict Panel would issue a Conditional
4  Transfer Order, which was filed September 6, 2007. That Order is not a determination on
5  the merits, nor is it a decision or judgment by the panel which must be reversed before a
6  trial date can be set. *In re Grain Shipments*, 319 F. Supp. 533 (J.P.M.L. 1970). The
7  statute does not exempt tag-along actions, such as this, from the requirement of a Panel
8  determination on the merits, which will follow filing of the Lymans' Opposition. This
9  Conditional Order is simply an administrative device to expedite the Panel's ultimate
10 determination of the actual advisability of transfer. The Lymans will file their notice of
11 opposition to it within the week.
12      Mr. Lyman's health is rapidly deteriorating. The parties have expended substantial
13 time and money, scheduled witnesses, including several expert witnesses, prepared
14 exhibits, and completed their trial preparations. It is time for trial, not for further delay.
15 The Lymans, therefore, move this court to act promptly in furtherance of justice, and to
16 put an end to the defendants' delaying tactics by setting an expedited date for trial of this
17 matter. Justice and fairness demand that the delay occasioned by Union Carbide's action
18 be ameliorated by the setting of an prompt date for trial. The matter is urgent because
19 Plaintiff Robert Lyman is unlikely to live either to testify at or to assist in the trial of his
20 claim if the matter is further delayed.
21      Robert Lyman is a 68 year old man suffering from lung cancer and asbestos-
22 related pleural disease diagnosed last November. He is bed-ridden and under a poor
23 prognosis. As he states: "My greatest concern is that soon I will be unable to travel to
24 San Francisco and tell the jury in my own words how I was injured by the defendants
25 named in my case. I am concerned I will be denied the right to stand up for myself, my
26 wife and my family, as I may become either too weak to travel or more likely succumb to
27 this cancer before I have my day in Court." Declaration of Robert F. Lyman.
28

K:\Injured\107053\USDC-NDCA Opp to Stay.wpd                    3
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY CASE PENDING TRANSFER TO MDL-875; MOTION TO
EXPEDITE TRIAL SETTING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF ROBERT F.
LYMAN AND GILBERT L. PURCELL IN SUPPORT (Northern District of California Case No. C07-4240-SBA)

## ARGUMENT

Under the authority of 28 U.S.C.A. § 1407(a), the Judicial Panel on Multidistrict Litigation created MDL-875 and ordered that actions that "are **not in trial**, and are pending outside the Eastern District of Pennsylvania" be transferred there "for coordinated or consolidated **pretrial proceedings**." (Emphasis added.) *In re Asbestos Products Liability Litigations (No. VI)*, 771 F.Supp. 415, 424 (Jud.Pan.Mult.Lit.,1991). At the conclusion of pretrial proceedings, each case must be remanded back to the district court from which it originated for trial. *In re Drowning Incident at Quality Inn Northeast, Washington, D.C., on May 3, 1974*, 405 F.Supp. 1304 (Jud.Pan.Mult.Lit., 1976). The statute "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Id.* (quoting *Lexecon, Inc. v. Milberg, Weiss, Bershand, Hynes & Lerach*, 523 U.S. 26, 34-35 (1998)). This obligation to remand is 'impervious to judicial discretion'" *Id.*

This case was in trial, with no further pretrial proceedings or settlement discussions pending. It is not suitable for, and plaintiffs will oppose, its transfer to the MDL. Justice demands that it be promptly set for trial in this court before Robert Lyman becomes entirely incapacitated, or worse yet dies, from his asbestos injury.[2]

//

//

//

---

[2]

## CONCLUSION

For the foregoing reasons, the Lymans respectfully request that this Court grant Plaintiffs permission to withdraw their Motion to Remand and the supporting Declaration of David R. Donadio; that the court deny the Defendants' Motion to Stay; and in the interests of justice set this case for trial as soon as possible.

Respectfully submitted,

Dated: Sept 18, 2007

BRAYTON❖PURCELL LLP

By: _____
MARY E. POUGIALES
BRAYTON❖PURCELL LLP
Attorneys for Plaintiffs Robert and
Samantha Lyman