ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
MARY E. POUGIALES, ESQ., SB # 77807
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS DEFENDANTS, et al.<br><br>Defendants. | CASE NO. C 07-4240-SBA<br><br>DECLARATION OF GILBERT L. PURCELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY, AND PLAINTIFF'S MOTION FOR EXPEDITED TRIAL SETTING<br><br>Date: October 16, 2007<br>Time: 1:00 p.m.<br>Courtroom: 3, 3rd Floor<br>Judge: Hon. Saundra B. Armstrong |

I, Gilbert L. Purcell, do declare:

I am one of the attorneys assigned to handle this matter as it was prosecuted in San Francisco Superior Court. I am familiar with the factual and procedural background of the case from my own personal knowledge and from my review of pleadings and records from the Superior Court. Based on this information I declare:

This action for asbestos-related personal injury was filed in San Francisco Superior Court on December 29, 2006. It qualified for priority setting pursuant to California Code of Civil Procedure section 36 owing to the precarious and declining state of Mr. Lyman's health. Trial began August 6, 2007. Pretrial issues were litigated and resolved before assignment for trial. At trial Union Carbide's counsel began to speak about

possible removal to federal court, but did not actually do so for several more days. All the parties and the court discussed the fact that one of the remaining defendants, Honeywell International, Inc., had not consented to removal. The state trial court continued hearing *in limine* motions and other trial issues over the next court days.

A jury panel was summoned and jury selection was scheduled to begin when defendant Union Carbide, acting without the required consent of all defendants, removed the action to this court on August 17, 2007. The non-consenting defendant, Honeywell International, has since filed a formal consent to removal with this court.

Our firm, and I personally, have expended substantial time and money in case preparation. Witnesses, including expert witnesses traveling from substantial distances, were scheduled. Trial exhibits and *in limine* motions were prepared. The matter was prepared and ready for trial in August, 2007 as scheduled.

Our firm has received a Conditional Transfer Order filed September 6, 2007 that issued from the Judicial Multidistrict Panel, and will file an opposition to it on the Lymans' behalf within the next few days. Briefing and hearing will follow on dates that are not yet determined.

In my professional opinion, it is imperative that the trial take place as soon as possible because Robert Lyman is unlikely to be able to testify at or to assist in the trial of his claim if the matter is further delayed, and his family will suffer substantial and irreparable detriment if his death precedes a verdict. I am informed and believe that Mr. Lyman's health continues to decline.

I declare the above declaration to be true and correct to the best of my knowledge.

Executed this 17th day of September, 2007 in Novato, California.

GILBERT L. PURCELL
BRAYTON❖PURCELL LLP
Attorneys for Plaintiffs Robert and Samantha Lyman