# EXHIBIT A

# EXHIBIT A
## Defendants' Standard Interrogatories

**SFGOV**
san francisco

sfgov | residents | business | government | visitors | online services | search

Superior Court >> Court Divisions >> Civil Division >> Asbestos (General Orders) >> Exhibits to General Order No. 129

# Superior Court of California
County of San Francisco

## Defendants' Standard Set 1(Personal Injury)

| | |
|---|---|
| Plaintiff(s), | NO. |
| vs. | |
| Defendant(s). | **DEFENDANTS' STANDARD INTERROGATORIES** |
| | **TO PLAINTIFF (Personal Injury), Set 1** |
| _____/ | |

PROPOUNDING PARTY: Defendants.

RESPONDING PARTY:

SET NUMBER:          One

### INTRODUCTION

Pursuant to San Francisco General Order No. 129 each plaintiff in the abovecaptioned asbestos litigation is required to respond to the following standard interrogatories separately and fully in writing, under oath, pursuant to Code of Civil Procedure Section 2030 within fifteen (15) days of the first service on any defendant of a complaint. In responding to these standard interrogatories, YOU are required to furnish all information that is available to YOU or YOUR attorney(s). If YOU cannot answer a standard interrogatory completely, answer it to the fullest extent possible and specify the reason(s) for YOUR inability to respond fully.

If any defendant is not satisfied with the responses to these interrogatories, any one defendant after consultation with Designated Defense Counsel, may move to compel appropriate responses under the applicable California Code of Civil Procedure sections and after complying with California Rules of Court and Local Rules of Court.

### DEFINITIONS

1.  "AREA" means the name of the specific structure, building, building number, floor of the building, ship compartment, process line, unit, piece of equipment, or other specific place within the WORKSITE.

2.  "ASBESTOSCONTAINING MATERIAL" means a material or product which consists of, or contains the mineral asbestos.

3.  "CONTROL" means the act(s) of directing the manner and/or methods of conducting the work at a WORKSITE.

4.  "DESCRIBE" as it relates to material means provide a complete description of the material including but not limited to: the material name, manufacturer, supplier, distributor, color, texture, consistency, shape, size and any markings;

a description of the material's container including size, color and all writing on that container; and a description of how the material was used.

5. "DOCUMENTS" means any writing, as defined in Evidence Code Section 250 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, computer printout, and every other means of recording upon any tangible thing or form of communication or representation including letters, words, pictures, sounds or symbols or combinations of them.

6. "IDENTIFY" as it relates to a DOCUMENT means provide the title of the DOCUMENT, the date the DOCUMENT was generated, the name of the author of the DOCUMENT, a description of the DOCUMENT (e.g., letter, memorandum, report, book, photograph, etc.) and any other information which would be required to specify the DOCUMENT in a request for production of DOCUMENTS issued pursuant to Code of Civil Procedure Section 2031.

7. "IDENTIFY" as it relates to an employer means to state the employer's name, address and telephone number.

8. "IDENTIFY" as it relates to a person means to provide the name, place of employment, job title, address and telephone number for each person.

9. "IDENTIFY" as it relates to a ship means to state the name of the ship, the owner of the ship, the operator of the ship, the type of ship, and the hull number of the ship.

10. "LOCATION" means the city, state, country, street address, intersection or shipyard. For work aboard ship, please IDENTIFY the ship and where it was located during the time YOU worked on board.

11. "OCCASION" refers to a day, any part of a day, or a series of day(s), week(s), month(s) or year(s) during which YOU worked continuously at a WORKSITE.

12. "RAW ASBESTOS" means asbestos fiber mined or milled, either packaged or in bulk, not compounded with other substances and essentially pure with the exception of naturally occurring trace amounts of other substances.

13. "RESPONSIBLE PARTY" means any person, business organization, or enterprise, including but not limited to the defendants in this action.

14. "SAFETY PRECAUTION" means respirators, masks, fans, air blowers, tarps, wetdown procedures, isolation and any other equipment and/or methods used to limit or prevent exposure to dust.

15. "WORKSITE" means any LOCATION where YOU worked at any time.

16. "YOU" and "YOUR" refer to the person who is named above as the responding party. If more than one responding party is named, "YOU" and "YOUR" refer to each responding party separately, not jointly.

## INTERROGATORIES

1. Please state YOUR:

   A. Full name including first, middle and last names;

**B.** Date of birth;

**C.** Age;

**D.** Place of birth;

**E.** Address;

**F.** Height and weight;

**G.** Social Security number;

**H.** Kaiser number;

**I.** Government Serial number;

**J.** Military Serial number;

**K.** Driver's license number and state;

**L.** All of the names by which YOU have been known;

**M.** Highest grade level of school completed;

**N.** Current spouse's name;

**O.** Spouse's date of birth;

**P.** Date of current marriage;

**Q.** Spouse's current address;

**R.** Spouse's occupation/employer;

**S.** Name(s) of any former spouse(s);

**T.** Date(s) of any former marriage(s); and

**U.** Place, date and circumstances under which any marriage(s) was (were) dissolved or terminated.

2.  For each child (either natural or adopted) of any marriage, state:

    **A.** Name;

    **B.** Date of birth;

    **C.** Whether natural or adopted;

    **D.** Address;

    **E.** Occupation; and

F. Whether the child is living or dead.

3. Are either of YOUR natural parents alive? If YOUR answer is "yes", please state for each parent:

A. Name of parent;

B. Current age;

C. Any history of cancer or respiratory disease; and

D. Occupation.

4. For each of YOUR blood relatives (for example: parent, grandparent, sibling, child, aunt, uncle) whom YOU believe died of either a malignancy (cancer) or pulmonary (lung) disease other than pneumonia, please state, separately for each person:

A. Full name;

B. Blood relation to YOU (for example: parent, grandparent, sibling, aunt, uncle);

C. Age at death;

D. Date of death;

E. City, county and state where the person died; and

F. The cause of death, as specifically described as possible;

G. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

5. State as completely as possible the address of each of YOUR residences during YOUR lifetime and the inclusive dates of each period of such residence.

6. State YOUR educational background and identify all institutions attended, including any apprenticeship courses, or formal onthejob training and identify all institutions attended, the date graduated from each institution, and YOUR major course of study and any special scholastic honors or degrees received.

7. State the earliest date that service of the summons and complaint was effected on any defendant in this case.

8. Have YOU ever been convicted of a felony? If "yes", please state fully and in detail the date, place and nature of each such felony conviction. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

9. Have YOU ever been a member of the Armed Forces? If "yes", please state: each branch of service in which YOU served; the inclusive dates of YOUR service; the date of YOUR discharge from active duty; YOUR service number; each place (e.g., fort, base, station, etc.) at which YOU served; and YOUR duties at each place. If YOU have not ever been a member of the Armed Forces due to health reasons, please state the health reasons.

10. For every doctor who has ever treated or examined YOU during the last 10 years for any condition, and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each treatment or examination:

    **A.** Doctor's name;

    **B.** Doctor's address;

    **C.** Treatment or examination received;

    **D.** Date(s) of treatment or examination;

    **E.** Reason for treatment or examination;

    **F.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

11. For every hospital in which YOU have ever been treated, tested, or examined whether as an "inpatient" or as an "outpatient" during the last 10 years for any condition and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16, please state for each hospital visit:

    **A.** Name of hospital;

    **B.** Address of hospital;

    **C.** Test, treatment, examination or hospitalization received;

    **D.** Date of test, treatment, examination or hospitalization received; and

    **E.** Reason for hospital visit;

    **F.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

12. Have YOU had taken an Xray, CT scan or highresolution CT scan of YOUR "trunk"? If "yes", please state for each:

A. Name and address where taken;

B. Date(s) and number taken of each;

C. Part(s) of body xrayed or scanned;

D. Results, conclusions and/or diagnosis from each, except those prepared by consultants;

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

13. Have YOU ever undergone a pulmonary function test? If "yes", please state:

A. Name and address where test was performed;

B. Date of test;

C. Name of doctor administering and/or interpreting test;

D. Reason for test;

E. Results, conclusions and/or diagnosis from each test, except those prepared by consultants;

F. Were YOU informed of the results of the test?

G. Who informed YOU of the results of the test?

H. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

14. Describe the name and quantity of each type of drug, tranquilizer, sedative or other medication taken or used by YOU during the last 10 years, specifying the frequency and purpose of use.

15. Do YOU or YOUR attorney have any medical reports except those prepared by consultants from any persons, hospitals, doctors or medical practitioners or institutions that have ever treated or examined YOU at any time? If "yes", either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to YOUR answers to these interrogatories or (2) attach disks containing such data or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

16. Identify each and every complaint, symptom, adverse reaction or other injury which YOU allege is directly or indirectly related to YOUR alleged exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL and for each complaint, symptom, adverse reaction or other injury, please state:

**A.** The date on which YOU first became aware of signs of the complaint, symptom, adverse reaction or injury;

**B.** The date each such complaint, symptom, adverse reaction or injury ceased to affect YOU;

**C.** Any physical change in YOUR appearance occasioned by such complaint, symptom, adverse reaction or injury;

**D.** Each part of YOUR body which YOU contend has been affected;

**E.** The date upon which the complaint, symptom, adverse reaction or injury was reported to a doctor or physician;

**F.** State the name, address and telephone number of each such physician to whom said complaint, symptom, adverse reaction or injury was reported;

**G.** Whether YOU have lost any time from work as a result of YOUR asbestosrelated injury or medical condition;

**H.** If such injury has resulted in lost time from work, please state the date on which YOU first lost work and the amount of time lost from work; and

**I.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

17. Have YOU been advised that YOU are suffering from an asbestosrelated disease? If "yes", state:

**A.** The nature of the asbestosrelated disease(s);

**B.** The date and time YOU were first advised;

**C.** The name, address, and telephone number of the physician and/or other persons who so informed YOU;

**D.** The name, address and telephone number of the physician who made the evaluation;

**E.** The method and information upon which such determination was based;

**F.** The name, address, and telephone number of any hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such determination;

**G.** The name, address, and telephone number of every person, including YOUR relatives, employer or anyone acting in YOUR behalf who was so advised. Please include the date when such persons were so advised;

**H.** IDENTIFY YOUR employer(s) at the time YOU were so advised;

I. The specific course(s) of treatment or therapy, including any medicine prescribed as a result of such determination and the name, address and telephone number of each prescribing physician;

J. State whether YOU have followed the medication or therapy regime prescribed by each of the said physicians for the treatment of said complaint, symptom, adverse reaction or injury; K. State the names and addresses of any other physicians or practitioners subsequently affirming or making the same determination; and

L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

18. Have any of the said treating physicians informed YOU at any time that YOUR complaints, symptoms, adverse reactions or injuries may have been caused by factor(s) or reason(s) other than exposure to RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)? If "yes", please state:

A. The other factor(s) or reason(s) involved;

B. The names, addresses and telephone numbers of the physicians believing or suspecting such other factor(s) or reason(s) to be involved;

C. The date(s) that said physicians told YOU that they believed or suspected that other factor(s) or reason(s) might be involved;

D. The reason that said factor(s) or reason(s) were excluded as possible sources or causes of the symptoms; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

19. Please list all respiratory complaints and/or symptoms which YOU have suffered during the past 10 years and list the inclusive dates for each such complaint.

20. Have YOU ever had any biopsies or tissue samples taken during the past 10 years? If YOUR answer is "yes", state for each such procedure:

A. The name of the doctor performing such procedure;

B. The address where such procedure was performed;

C. The date when such procedure was performed;

D. The results, conclusions and/or diagnosis from such procedure; and

E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2)

attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

21. Do YOU know of any pathology slides that were made from any of YOUR tissue samples during the past 10 years? If YOUR answer is "yes", for each set of slides made please state:

   A. The name of the hospital;

   B. The name of the doctor;

   C. The current location;

   D. The date said slides were made; and

   E. The accession number(s).

22. Have YOU ever suffered any personal injuries other than those involved in this lawsuit? If "yes", state for each such injury:

   A. The date, place, names of persons involved, and circumstances surrounding such injury;

   B. The nature and extent of the injuries including any ill effects or disabilities remaining at the time of the last treatment or examination;

   C. The names, addresses and date(s) of last treatment or examination by all persons who treated or examined YOU in connection with such injury;

   D. The nature and source of any disability benefits, pensions or other payments for such injuries; and

   E. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

23. Have YOU ever smoked tobacco products of any type? If "yes", state:

   A. The dates and time periods during which YOU have smoked;

   B. The type of tobacco products YOU smoke or have smoked. Please state whether YOU inhaled the smoke or not;

   C. The daily frequency with which YOU smoke or have smoked;

   D. If YOU have ever smoked cigarettes, please state the average number of packs per day YOU smoked;

   E. Please state the commercial brand name(s) of any tobacco products that YOU have used; and

**F.** Has any physician ever advised YOU to stop or curtail smoking tobacco products? If "yes", state:

1. The name of each such physician; and

2. The date(s) on which YOU were so advised.

24. Has any person with whom YOU have shared a household for more than one year been a regular user of cigarettes during the time you shared a household with the person? If "yes", state fully and in detail for each such person:

    **A.** The name and relationship to YOU of the smoker;

    **B.** The dates during which YOU shared a household with the person;

    **C.** The brand name(s) of cigarettes the person used during the time YOU shared a household with the person and his/her frequency of use; and

    **D.** The frequency with which the person smoked cigarettes in YOUR presence during the time YOU shared a household with the person.

25. Describe the extent to which YOU drank alcoholic beverages during YOUR lifetime, specifying the particular kind of alcoholic beverages and the quantity consumed per week over the period of time such beverages were consumed.

26. For every type of employment that you have ever had, whether selfemployed or employed by others, please complete the following: (If more space is needed, please attach additional sheets containing the requested information.)

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|---|---|---|
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____     **No**
_____

**Employer's Name and**                          Date Started - Date Ended

| Address | Job Title | (Month, Day, Year) |
|---------|-----------|--------------------|
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____     No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|------------------------------|-----------|-----------------------------------------------|
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

**Description of Job Duties:**

_____

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

Do you claim exposure to asbestos at this employment? Yes _____     No _____

| Employer's Name and Address | Job Title | Date Started - Date Ended (Month, Day, Year) |
|------------------------------|-----------|-----------------------------------------------|
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |
| _____ | _____ | _____ - _____ |

**Description of Job Duties:**

**Job Sites:**

_____

**Your Estimate of Total Time (Days, Weeks, etc.) You Worked at That Site:**

_____

**Do you claim exposure to asbestos at this employment? Yes** _____    **No**

_____

27. Are YOU or have YOU been a member of any labor union, including but not limited to the Heat, Frost, Insulation and Asbestos Workers Union? If YOUR answer is "yes", state for each such union membership:

    **A.** The name of each such international union and its number, along with the local number of each such union; and

    **B.** The date and time periods during which YOU maintained membership in such union.

28. When did YOU first learn that exposure to asbestos was a potential health hazard?

29. Describe how YOU first became aware that exposure to asbestos was a potential health hazard.

30. When did YOU first observe anyone use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

31. When, where and at whose direction did YOU first use any type of SAFETY PRECAUTION while working around RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S)?

32. State whether any of YOUR employers have either required or made available physical examinations for their employees. If such physical examinations have either been required or made available to YOU, state for each of YOUR employers:

    **A.** IDENTIFY YOUR employer;

    **B.** The nature and extent of examinations;

    **C.** The frequency of examinations;

    **D.** Whether they were required or optional;

    **E.** Whether xray examination was included;

    **F.** The frequency, including specific dates and times, with which YOU submitted to such examinations;

**G.** Whether YOU received the results of any such examinations; the dates that they were given to YOU and the nature of the results;

**H.** The name, address and telephone number of the examining physician, nurse or technician;

**I.** YOUR detailed reasons for failing to submit to such examination when required or made available, if YOU did so fail to submit; and

**J.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

33. If YOU are not currently employed, please state the last date worked and the reason that YOU are not currently employed.

34. Are YOU receiving any form of disability pension? If so, state:

   **A.** From whom;

   **B.** The amounts received each month; and

   **C.** The anticipated duration of the disability.

35. Have YOU ever been discharged from or ever voluntarily left a position due to health problems? If "yes", state in detail the time, name of employer, place and circumstances. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

36. Were YOU ever exposed to RAW ASBESTOS or ASBESTOSCONTAINING MATERIALS (S) outside of YOUR work environment? If "yes", please state for each such OCCASION:

   **A.** Circumstances surrounding the exposure;

   **B.** Date(s) and LOCATION;

   **C.** Duration and manner of the exposure; and

   **D.** DESCRIBE the RAW ASBESTOS or ASBESTOSCONTAINING MATERIAL(S).

37. State whether you assert a claim for loss of income and, if so, state fully and in detail the year and YOUR annual earnings for each of the last ten years in which YOU were employed.

38. Have YOU incurred any hospital expenses to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total hospital expenses incurred and itemize each charge if more than one hospital is involved.

39. Have YOU incurred any medical expense (other than hospitalization) or have any medical expenses been incurred on YOUR behalf to date as a result of the injuries, complaints, etc. which YOU attribute to YOUR alleged exposure to asbestos? If "yes", state the total medical expenses incurred, itemizing each such charge.

40. Has any insurance company, union or any other person, firm or corporation paid for or reimbursed YOU for, or become obligated to pay for, any medical or hospital expenses incurred by the alleged exposure to asbestos? If "yes", state the name and address of the insurance company, union, person, firm or corporation who or which has paid or is obligated for the payment of or reimbursement for said expenses.

41. Have YOU ever at any time made a claim for or received for an asbestosrelated condition any health or accident insurance benefits, Workers' Compensation payments, disability benefits, pension, accident compensation payment or veterans disability compensation? If "yes", state:

A. The illness, injury or injuries for which YOU made the claim;

B. The date when such injury or injuries were sustained, the place of occurrence and the nature of the accident or incident causing such injury;

C. The names and addresses of YOUR employer(s) at the time of each injury or illness;

D. The names and addresses of the examining doctors for each injury or illness;

E. The name of the board, tribunal or superior officer which or to whom the claim or claims were made or filed;

F. The date the claim was made or filed;

G. The claim, file or other number by which YOUR claim was identified;

H. The present status of such claims (pending settlement, dismissal, etc.);

I. The amounts of the benefits or awards or payments;

J. The dates covering the times during which YOU received the benefits or awards or payments;

K. The identity of the agencies or insurance companies from whom YOU received the awards, benefits or payments; and

L. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

42. Have YOU lost or do YOU claim any wage or earning loss as a result of YOUR alleged exposure to asbestos? If so, state:

A. How much time was lost from work or employment, listing the dates

involved and the name and address of the employer;

**B.** The gross amount of salary or earnings which YOU received each pay day, stating the intervals of such paydays (e.g., weekly, bimonthly, monthly);

**C.** State the gross amount of salary or earnings actually lost due to the exposure;

**D.** If selfemployed, state the total time lost from business, listing the dates involved and the gross financial loss to YOU, stating the nature of such loss and how incurred; and

**E.** Of the sum stated in YOUR response to subpart D of this interrogatory, state YOUR net loss.

43. Have YOU incurred any expense or financial loss including property damage, other than as listed above which YOU attribute in any degree to YOUR exposure to asbestos products? If so, state such financial losses, expenses and property damage, giving the dates incurred and the amounts involved and the nature of each such expense or loss.

44. Has any insurance company, union or other person, firm or corporation paid for or reimbursed YOU for or become obligated to pay for or reimburse YOU or anyone on YOUR behalf for any sums of money (excluding medical or hospital expenses) to provide any of the following: disability or other benefits; loss of earnings; property damage resulting from the alleged exposure to asbestos? If "yes", state:

**A.** The nature of the obligation giving rise to the payment or reimbursement; and

**B.** The name and address of the insurance company, union or other person, firm or corporation who or which has paid for or is obligated for payment of or reimbursement for such sums of money.

45. Have you ever given a deposition or other testimony under oath? If so, state for each such deposition or testimony:

**A.** The date(s) it was given;

**B.** The name of the court or other body before which it was given; the identity of the proceeding including name, docket or other number, and venue or location;

**C.** The name, address and telephone number of the court reporter or other transcriber. If the proceeding was not transcribed, please so state;

**D.** Whether your or your attorney have a copy of the transcript; and

**E.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

46. Have YOU ever had an application for life, health, accident, medical or hospital insurance rejected for health reasons? If "yes", state:

    **A.** The date of the application(s);

    **B.** The date of rejection(s);

    **C.** The type of insurance for which YOU applied;

    **D.** The identity of the insurance company with which each application was filed;

    **E.** The reason for the rejection(s); and

    **F.** Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

47. Have YOU ever been a party to an action for damages for any personal injury YOU have suffered? If "yes", state:

    **A.** The identity of all parties to the action(s) and their attorneys;

    **B.** The court and place where each such action was filed and the date(s) of filing;

    **C.** The nature and extent of the injuries claimed and whether any permanent disability remains;

    **D.** The present status of each action and, if concluded, the final result thereof including the amount of any settlement or judgment.

48. Have YOU ever made any claim for personal injury, other than this lawsuit, for injuries which YOU claim are related to YOUR alleged exposure to asbestos? If "yes", please state:

    **A.** The nature of such injury or injuries;

    **B.** The date when such injury or injuries were sustained in each instance, the place of occurrence and the nature of the incident or accident causing this injury;

    **C.** The names and addresses of all persons and companies to whom said claims were made;

    **D.** The caption and case number;

    **E.** The court filing including state and county;

    **F.** The name and address of YOUR counsel of record;

    **G.** The present status of such claims (pending settlement, dismissal, etc.).

49. Have YOU received any payments or reimbursements or have any payments been made on YOUR behalf from any source as a result of YOUR alleged exposure to asbestos, including without limitation settlements with defendants in this action, potential defendants, a bankrupt company, or any RESPONSIBLE PARTIES? If so, for each payment, please state:

A. The name of each person or company making said payment(s);

B. Total amount of payments from all sources; and

C. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

50. Do YOU have in YOUR possession or under YOUR control a Social Security office listing of past employers and dates of employment? If "yes", please either attach a copy or give the employer's name, address, date and quarterly Social Security Credit for each employer listed. Either (1) attach all DOCUMENTS evidencing the information sought in this interrogatory and its subparts to your answers to these interrogatories, or (2) attach disks containing such data, or (3) describe such DOCUMENTS with sufficient particularity that they may be made the subject of a request for production of documents.

**EXHIBIT A**
**Answers to Interrogatories**

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   JOHN B. GOLDSTEIN, ESQ., S.B. #198188
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5
   Attorneys for Plaintiffs
6

**RECEIVED**

. JAN 9 / 2007

BY U.S. MAIL
BRYDON HUGO & PARKER

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  ROBERT F. LYMAN and            )   **ASBESTOS**
    SAMANTHA LYMAN,                )   No.  459162
12                                 )
              Plaintiffs,          )   ANSWERS TO INTERROGATORIES
13                                 )
    vs.                            )
14                                 )
    ASBESTOS DEFENDANTS (B❖P)
15

16  PROPOUNDING PARTY:    STANDARD ASBESTOS CASE INTERROGATORIES

17  RESPONDING PARTY:     Plaintiff ROBERT F. LYMAN

18  SET NO:               ONE

19

20                            ANSWERS

21      1.    a.    ROBERT FRANCIS LYMAN.

22            b.    August 13, 1939.

23            c.    67 years old.

24            d.    Boston, Massachusetts.

25            e.    P.O. Box 1066, Silver Springs, Nevada 89429.

26            f.    Height: 5'2"; weight: 128 pounds.

27            g.    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.

28            h.    Not applicable.

K:\Injured\107053\Ai-sacsf.wpd

1

1    i.    Not applicable.

2    j.    Plaintiff's investigation and discovery are continuing.

3    k.    Plaintiff's investigation and discovery are continuing.

4    l.    Robert Francis Lyman and Stephen Michael Lyman.

5    m.    Plaintiff completed the eleventh grade.

6    n.    Samantha (aka Agnes) Louise Lyman.

7    o.    December 22, 1950.

8    p.    June 5, 1970.

9    q.    P.O. Box 1066, Silver Springs, Nevada 89429.

10    r.    Not applicable.

11    s.    Carol Lyman.

12    t.    October 1959.

13    u.    Plaintiff's marriage to Carol ended October 1969, Somerville,

14    Massachusetts due to death of spouse.

15    2.    a.    Robert Francis Lyman.

16    b.    April 28, 1961.

17    c.    Natural.

18    d.    Ventura, California.

19    e.    Cab Driver.

20    f.    Living.

21

22    a.    Laura Jean Lyman.

23    b.    July 15, 1962.

24    c.    Natural.

25    d.    Virginia.

26    e.    Bartender.

27    f.    Living.

28

| | | |
|---|---|---|
| 1 | a. | Lisa Marie Lyman. |
| 2 | b. | July 15, 1963. |
| 3 | c. | Natural. |
| 4 | d. | 3915 Pulley Circle, Virginia Beach, Virginia 23452. |
| 5 | e. | Hairdresser. |
| 6 | f. | Living. |
| 7 | | |
| 8 | a. | Stephen Michael Lyman. |
| 9 | b. | June 28, 1965. |
| 10 | c. | Natural. |
| 11 | d. | 390 Gentry Way #13, Reno, Nevada 89501. |
| 12 | e. | Assistant Produce Manager. |
| 13 | f. | Living. |
| 14 | | |
| 15 | a. | Michael Francis Lyman. |
| 16 | b. | April 16, 1971. |
| 17 | c. | Natural. |
| 18 | d. | P.O. Box 1066, Silver Springs, Nevada 89429. |
| 19 | e. | Plaintiff's investigation and discovery are continuing. |
| 20 | f. | Living. |
| 21 | 3. No. | |
| 22 | 4. a. | Francis Kelley. |
| 23 | b. | Grandmother. |
| 24 | c. | Approximately 70 years of age. |
| 25 | d. | Approximately 1954-1955. |
| 26 | e. | Boston, Suffolk County, Massachusetts. |
| 27 | f. | Cancer. |
| 28 | | |

K:\Injured\107053\Ai-sacsf.wpd

3

5.    Plaintiff is currently able to recall the following addresses:

| | |
|---|---|
| 1939 to 1956: | 71 Elm Street, Charlestown, Massachusetts. |
| 1956 to 1958: | 33 Polk Street, Charlestown, Massachusetts. |
| 1970: | Broadway Street, Somerville, Massachusetts. |
| 1971: | Mascot Street, Dorchester, Massachusetts. |
| 1972: | Sawyer Avenue, Dorchester, Massachusetts. |
| 1972 to 1988: | Various cities throughout California. |
| 1988: | Florida. |
| 1988 to 2000: | Reno, Nevada. |
| 2000 to 2004: | Silver Springs, Nevada. |
| 2004 to 2005: | Springdale, Arkansas. |
| 2005 to present: | Silver Springs, Nevada. |

6.    Plaintiff attended St. Francis Xavier High School, Charlestown, Massachusetts. Plaintiff attended Management, Training and Marketing schooling in Fresno, California, and graduated in 1988.

7.    January 5, 2007.

8.    No.

9.    Yes.  Plaintiff served in the United States Marine Corps from 1956-1957. Plaintiff is currently unable to recall his military serial no.  Plaintiff refers to Interrogatory No. 26, below.

10.    Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

    a.    Reynaldo Narag, M.D.

    b.    Lahontan Medical Group, 3595 US Highway 50, Silver Springs, Nevada 89429; currently works out of Fallon, Nevada.

        c.    Various treatment, including but not limited to: x-rays.

        d.    Approximately 1999 to 2002.

        e.    Breathing problems.

        f.    Plaintiff has provided authorizations for the release of medical records to

1    Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

2

3            a.      Uma Sundaram, M.D.

4            b.      Lahontan Medical Group, 3595 US Highway 50, Silver Springs, Nevada

5    89429.

6            c.      Primary care.

7            d.      2005 to present.

8            e.      Primary care physician.

9            f.      Plaintiff has provided authorizations for the release of medical records to

10    Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

11

12           a.      Guy Foster, M.D.

13           b.      200 Bath Street, Carson City, Nevada 89703.

14           c.      Pulmonologist.

15           d.      October 2006 to present.

16           e.      Hemoptysis and breathing problems.

17           f.      Plaintiff has provided authorizations for the release of medical records to

18    Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

19

20           a.      Robert McDonald, M.D.

21           b.      200 Bath Street, Carson City, Nevada 89703.

22           c.      Various treatment, including but not limited to: x-rays and CT scans.

23           d.      October 2006 to present.

24           e.      Hemoptysis and breathing problems.

25           f.      Plaintiff has provided authorizations for the release of medical records to

26    Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

27

28           a.      Kevin Halow, M.D.

1          b.      1000 N. Division, Carson City, Nevada 89703.

2          c.      Lung surgery.

3          d.      January 3, 2007.

4          e.      Lung cancer.

5          f.      Plaintiff has provided authorizations for the release of medical records to

6  Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

7

8          a.      Dr. McIntosh.

9          b.      1500 2nd Street, Reno, Nevada.

10         c.      Oncology treatment, including but not limited to: PET scan.

11         d.      December 26, 2006.

12         e.      Lung cancer.

13         f.      Plaintiff has provided authorizations for the release of medical records to

14  Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

15        11.      Excluding those used by plaintiff's expert consultants, plaintiff currently recalls

16  the following hospitals:

17         a.      Carson Tahoe Regional Medical Center.

18         b.      1600 Medical Parkway, Carson City, Nevada.

19         c.      Various treatment, including but not limited to: CT scan, PET scan, MRI,

20  biopsy, cardiology and oncology.

21         d.      Approximately October 2005 to present.

22         e.      Various reasons, including but not limited to: testing and surgery for

23  ruptured aorta and lung cancer.

24         f.      Plaintiff has provided authorizations for the release of medical records to

25  Berry & Berry.  Defendants may obtain copies of records through Berry & Berry.

26

27         a.      Dr. Green.

28         b.      Springdale, Arkansas.

1    c.  Cardiology.

2    d.  August 2004.

3    e.  Heart trouble.

4    f.  Plaintiff has provided authorizations for the release of medical records to

5 Berry & Berry. Defendants may obtain copies of records through Berry & Berry.

6    12.  Excluding any taken by plaintiff's expert consultants, plaintiff recalls the

7 following x-rays and CT scans: Carson Tahoe Regional Medical Center, 1600 Medical Parkway,

8 Carson City, Nevada. This information is as complete as plaintiff can recall at this time and

9 includes all treatment by plaintiff's healthcare providers. Plaintiff's investigation and discovery

10 are continuing.

11    13.  Excluding any taken by plaintiff's expert consultants, plaintiff recalls the

12 following pulmonary function tests:Carson Tahoe Regional Medical Center, 1600 Medical

13 Parkway, Carson City, Nevada. This information is as complete as plaintiff can recall at this

14 time and includes all treatment by plaintiff's healthcare providers. Plaintiff's investigation and

15 discovery are continuing.

16    14.  Please see response to Interrogatory No.'s 10 and 11, above. Plaintiff defers to his

17 medical records as the best source of information for medications prescribed.

18    15.  Excluding plaintiff's expert consultants, plaintiff identifies medical records from

19 the following facilities: Carson Tahoe Regional Medical Center, 1600 Medical Parkway, Carson

20 City, Nevada. Plaintiff's investigation and discovery are continuing.

21    16.  Plaintiff has the following complaints from asbestos exposure: shortness of

22 breath, pain, weakness, and fatigue.

23    a.  Approximately 1999.

24    b.  No cessation.

25    c.  Plaintiff has lost approximately 30 pounds, his appetite, his ability to

26 breathe comfortably, and his ability to move around.

27    d.  Plaintiff contends that his lungs have primarily been affected. However,

28 as lung function affects the rest of the body, plaintiff contends that all parts of his body have been

1  affected.

2          e.    Approximately 1999.

3          f.    Reynaldo Narag, M.D., Lahontan Medical Group, 3595 US Highway 50,

4  Silver Springs, Nevada 89429.

5          g.    Plaintiff does not at this time contend he has lost time from work as a

6  result of his asbestos-related condition.  Plaintiff's investigation and discovery are continuing.

7          h.    Not applicable.

8          i.    Plaintiff does not at this time have any documents responsive to this

9  Interrogatory.  Plaintiff's investigation and discovery are continuing.

10      17.    Yes.

11          a.    Asbestosis and lung cancer.

12          b.    October 11, 2006 and November 2006.

13          c.-d.    Guy Foster, M.D., 200 Bath Street, Carson City, Nevada 89703.

14          e.    CT /PET scans and bronchoscopy.

15          f.    Guy Foster, M.D., 200 Bath Street, Carson City, Nevada 89703.

16          g.    Plaintiff advised his wife, Samantha Lyman, on October 11, 2006.

17          h.    Not applicable.

18          i.    Surgery performed by Kevin Halow, M.D., 1000 N. Division, Carson City,

19  Nevada 89703.  Plaintiff's investigation and discovery are continuing.

20      18.    No.

21      19.    Plaintiff has suffered severe shortness of breath.  Plaintiff's investigation and

22  discovery are continuing.

23      20.    Yes.

24          a.    Guy Foster, M.D.

25          b.    1600 Medical Parkway, Carson City, Nevada.

26          c.    November 2006.

27          d.    Lung cancer.

28

K:\Injured\107053\\i-saosf.wpd                    8

1      21.   Yes.

2          a.   Carson Tahoe Regional Medical Center.

3          b.   Guy Foster, M.D.

4          c.   1600 Medical Parkway, Carson City, Nevada.

5          d.   November 2006.

6          e.   H-06-9466.

7      22.   Yes.

8          a.   In approximately 1986, plaintiff fell from a ladder into the back of a truck

9   located in the Baker Oil yard, Ventura, California, and had to stop working.

10         b.   Plaintiff broke his neck.

11         c.   Dr. Newton, Ventura, California.

12         d.   Plaintiff was awarded approximately $35,000.00.

13         e.   Plaintiff does not at this time have any documentation responsive to this

14  Interrogatory. Plaintiff's investigation and discovery are continuing.

15     23.   Yes.

16         a.   Plaintiff has smoked 1955 to 2007.

17         b.   Plaintiff smokes cigarettes.  Plaintiff inhaled.

18         c.   Plaintiff smokes approximately 0 to 20 times per day.

19         d.   Plaintiff smokes approximately 0 to 2 packs per day.

20         e.   Plaintiff has smoked Camels, Kools, and USA brand cigarettes.

21         f.   Yes.

22            1.   All.

23            2.   Plaintiff's investigation and discovery are continuing.

24     24.   Yes.

25         a.   Samantha Lyman, plaintiff's wife.

26         b.   Plaintiff has shared a household with his wife Samantha for the last 36

27  years.

28         c.   Plaintiff's wife smoked Kools and USA menthol cigarettes.

1           d.     Plaintiff's wife smoked approximately one pack per day in plaintiff's

2    presence.

3        25.    Plaintiff first consumed alcohol in approximately 1953.  Plaintiff no longer

4    consumes alcohol.

5        26.    Plaintiff is currently able to identify the following employment information:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | US Marine Corps Camp Lejuene Jacksonville, NC | Trainee | 1956-1957, 8 weeks |
| | Naval Air Station Cecil Field, Jacksonville, FL | | 9-10 months |

Job Duties: Plaintiff served in the US Marine Corps.  Plaintiff attended basic training in Jacksonville, North Carolina.  Plaintiff attended aviation mechanic school in Jacksonville, Florida.  During this schooling, plaintiff worked on jet engines.  Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Associated Transport Waltham, MA | Associated Transport Waltham, MA | Manager | 1958-1967 |

Job Duties: Plaintiff worked as operation fleet manager overseeing a fleet of over 200 vehicles.  Plaintiff was present while mechanics in the maintenance department changed the brakes on various vehicles, including but not limited to: MACK; FORD; FREIGHTLINER; and FREUHAUF (HAYES LEMMERZ INTERNATIONAL - HOWELL, INC.) semi trucks.  Plaintiff also recalls the mechanics using arcing machines when necessary in plaintiff's presence.  Plaintiff recalls WHITE MOTOR and DETROIT DIESEL (GENERAL MOTORS CORPORATION) were manufacturers and suppliers of replacement parts, including but not limited to brakes and engine parts.  Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Gypsum Charlestown, MA | United States Gypsum Charlestown, MA | Factory Worker (Foreman) | 1967, approx. 8 months |

Job Duties: Plaintiff worked as a foreman on the production line for United States Gypsum.  Plaintiff recalls various products including but not limited to: sheetrock being produced on this production line.  Plaintiff recalls seeing other workers mixing materials in large vats that were then poured out in forms for wallboard.  Plaintiff also recalls other workers cutting the wallboard.  Plaintiff recalls very dusty conditions.  Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Robert Lyman self-employment | Robert Lyman self-employment | Laborer | 1968-1970 |

Job Duties: Plaintiff performed odd jobs. Plaintiff is currently unable to recall the specifics of these employments. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Alva Radio Industry Santa Monica, CA | Alva Radio Industry Santa Monica, CA | Assembler | 1971-1975 |

Job Duties: Plaintiff assembled aircraft radar systems. Plaintiff refurbished cylinder shields that came from various locations. Plaintiff recalls using sheets and rolls of asbestos when performing this work. Plaintiff recalls disturbing asbestos containing materials that were originally applied in the 1940s and 1950s. Plaintiff recalls on occasion, he would remove insulation from the wire used in these radar systems. Plaintiff currently recalls the following owner: Peter Geich, Beverly Hills, California. Plaintiff recalls co-worker: George Neal, Culver City, California. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Cudd Pressure Controls Port Hueneme, CA | Cudd Pressure Controls: locations throughout Southern California | Oil Field Worker | 1976-1982 |

Job Duties: Plaintiff worked as an oil field worker treating oil wells in oil fields throughout Southern California. Plaintiff recalls working in oil fields operated by CHEVRON, SHELL, UNION OIL, and TEXACO. Plaintiff recalls these fields were located in Ventura, Santa Paula, Santa Barbara, and throughout Orange County. Plaintiff performed drilling and worked with drilling muds and packing. Plaintiff worked with and/or around others working with BAROID; HALLIBURTON; and MONTELLO drilling muds. Plaintiff worked in close proximity to various other trades, including but not limited to: pipefitters and insulators who were working on the pipelines while plaintiff was in the oil wells. Plaintiff oversaw other workers who were removing and replacing valve packing. Plaintiff recalls J.T. THORPE, INC. and HALLIBURTON were sub-contractors on these jobs. Plaintiff worked in close proximity to others working with packing manufactured by the following: A.W. CHESTERTON COMPANY; ANCHOR PACKING; GARLOCK; and JOHN CRANE. Plaintiff performed pressure tests on various valves, including but not limited to: CRANE CO.; CROSBY; VOGT (HENRY VOGT MACHINE CO.); and WEIR. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc.: various oil fields throughout Southern California, including but not limited to: | Oil Field Worker | 1982-1986 |
| | Union Oil Co. of California, Santa Paula, CA | | |
| | El Capitan Oil Co. Bakersfield, CA | | |
| | Mohawk Refinery (Getty Oil) Bakerfield, CA | | |
| | San Joaquin Refinery Bakersfield, CA | | |
| | Standard Oil, Carpinteria, CA | | |
| | ExxonMobil Oil (HONDO) Santa Barbara, CA | | |
| | Shell Oil Long Beach, CA | | |
| | Shell Oil Carson, CA | | |
| | Shell Oil, Ventura, CA | | |
| | Shell Oil, Bakersfield, CA | | |
| | Shell Oil Pumping Station Huntington Beach, CA | | |
| | Shell Oil, San Pedro, CA | | |

Job Duties: Plaintiff worked on a three man crew that treated oil wells in oil fields throughout Southern California. Plaintiff recalls working in oil fields operated by CHEVRON, SHELL, UNION OIL, and TEXACO. Plaintiff recalls these fields were located in Ventura, Santa Paula, Santa Barbara, and throughout Orange County. Plaintiff performed drilling and worked with drilling muds and packing. Plaintiff worked with and/or around others working with BAROID; HALLIBURTON; and MONTELLO drilling muds. Plaintiff worked in close proximity to various other trades, including but not limited to: pipefitters and insulators who were working on the pipelines while plaintiff was in the oil wells. Plaintiff oversaw other workers who were removing and replacing valve packing. Plaintiff recalls J.T. THORPE, INC. and HALLIBURTON were sub-contractors on these jobs. Plaintiff worked in close proximity to others working with packing manufactured by the following: A.W. CHESTERTON COMPANY;

ANCHOR PACKING; GARLOCK; and JOHN CRANE. Plaintiff performed pressure tests on various valves, including but not limited to: CRANE CO.; CROSBY; VOGT (HENRY VOGT MACHINE CO.); and WEIR. Plaintiff recalls the following co-worker: Robert Ives, Santa Paula, California; and Bob Priggy, address presently unavailable. Plaintiff currently contends that he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Robert Lyman self-employed | Robert Lyman: motels throughout California and Florida | Manager | Approximately 1987-1991 |
| | El Camino Motel Daly City, CA | | |
| | motel, Foster City, CA | | |
| | Storage Facility Sunrise, FL | | 3 months |
| | Mission Sierra Motel Mission Street San Francisco, CA | | |

Job Duties: Plaintiff and his wife were sent by Baker Hughes Oilfield Operations, Inc., to be trained in motel marketing and management. Plaintiff and his wife then managed various motels in San Francisco and Long Beach, California, as well as some in Florida. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Smith's Food & Drug Reno, NV | Smith's Food & Drug Reno, NV | Clerk | 1991-1998 |

Job Duties: Plaintiff worked as a clerk for Smith's Food & Drug, Reno, Nevada. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

SECONDARY EXPOSURE:
Plaintiff's father, Sylvester Lyman (deceased), worked for the US Government as a pipefitter for approximately 50 years. Plaintiff lived with his father from 1939 until approximately 1959. Plaintiff's father came home with dusty, dirty clothes every day. Plaintiff recalls meeting his father at the front gate of the shipyard and walking home with his father. Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Government | Boston Naval Shipyard Boston, MA: onboard various ships | Pipefitter | 1939-1959 |

Job Duties: Plaintiff's father worked as a pipefitter onboard various ships at the Boston Naval Shipyard, Boston, Massachusetts. Plaintiff currently contends that he was exposed to asbestos as a result of his father's employment. Plaintiff's investigation and discovery are continuing.

K:\Injured\107053\AI-saesf.wpd

13

1       27.    Plaintiff was a member of the Teamsters, Santa Barbara, California. Plaintiff's

2  investigation and discovery are continuing.

3       28.    Plaintiff recalls first learning exposure to asbestos was a potential health hazard in

4  October 2006.

5       29.    Plaintiff recalls first learning exposure to asbestos was a potential health hazard

6  through his doctor.

7       30.    Plaintiff does not recall ever observing others using safety precautions when

8  working around asbestos or asbestos-containing materials.

9       31.    Plaintiff does not recall ever using or being advised to use safety precautions

10  when working around asbestos or asbestos-containing materials.

11       32.    No.

12       33.    Plaintiff stopped working in approximately 1998 due to a non-asbestos related

13  disability. Plaintiff's investigation and discovery are continuing.

14       34.    No.

15       35.    Plaintiff stopped working for Baker Hughes Oilfield Operations, Inc., Ventura,

16  California in the late 1980s as a result of breaking his neck on the job.

17       36.    Plaintiff's investigation and discovery are continuing.

18       37.    Not applicable.

19       38.    The total hospital expense is unknown at this time and plaintiff has provided

20  authorizations for release of this information. Plaintiff's investigation and discovery are

21  continuing.

22       39.    The total medical expense is unknown at this time and plaintiff has provided

23  authorizations for release of this information. Plaintiff's investigation and discovery are

24  continuing.

25       40.    Plaintiff's health coverage is through Sierra Nevada Spectrum, Health Plan of

26  Nevada, Inc., P.O. Box 15645, Las Vegas, Nevada 89114.

27       41.    Plaintiff is in the process of filing a Workmans' Compensation Claim. Plaintiff's

28  investigation and discovery are continuing.

1    42.    No.

2    43.    No.

3    44.    No.

4    45.    No.

5    46.    No.

6    47.    Yes.

7           a.    Robert F. Lyman (aka Stephen Lyman), v. Baker Hughes Oilfield

8    Operations, Inc.

9           b.    Approximately 1980s, Ventura, California.

10          c.    Plaintiff broke his neck.

11          d.    Settled.

12

13          a.    Robert F. Lyman (aka Stephen Lyman) and Samantha Lyman represented

14   by: Ann Fisher, Ventura, California, v. Kurt Franke, Reno, Nevada.

15          b.    Approximately 1998, Reno, Nevada.

16          c.    Plaintiff's neck was broken in a car accident; plaintiff's wife suffered back

17   problems.

18          d.    Settled.

19   48.    No.

20   49.    No.

21   50.    Plaintiff's investigation and discovery are continuing.

22   Dated: _____1-7-07_____                    BRAYTON❖PURCELL LLP

23

24                                            By:
25                                                John B. Goldstein
                                                 Attorneys for Plaintiffs
26

27

28

VERIFICATION TO FOLLOW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\FORMS\VERIF\VER2FOLW.WPD

1

<u>VERIFICATION</u>

<u>Robert F. Lyman and Samantha Lyman</u>
San Francisco Superior Court Case No. 459162

I, Robert F. Lyman, declare:

    I am the plaintiff in the above-entitled action.  The foregoing <u>Answers to Interrogatories,</u> <u>Set One</u>, propounded by Defendants Jointly, are true of my knowledge, except as to those matters which are therein stated on my information and belief and, as to those matters, I believe them true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Denise Gomes
1-30-07
Carson City NV.

Dated: _____1-30-07_____

Signed: _____

DENISE GOMES
Notary Public - State of Nevada
Recording Recorder Center of Carson City
My Appointment Expires May 14, 2009
04-89916-3

**Please do not write below this line.  If you have any changes, please submit them on a separate sheet of paper.  Thank you.**

BRAYTON♦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

## PROOF OF SERVICE

I, Jane Camingue, do hereby declare and state:

I am employed in the city of Petaluma, County of Sonoma, California. I am over the age of 18 and not a party to the within action. My business address is 1009 Clegg Court, Petaluma, CA 94954.

On _____ JAN 2 3 2007 _____, I served the within:

Answers to Interrogatories

_____

_____

_____

_____ Re: Robert V Leyman and Samantha Leyman

on the parties in this action by placing a true copy thereof in a sealed envelope, and envelope addressed as follows:

By mail Service:

### SEE ATTACHED LIST
(Defendants that are crossed out are not being served)

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail. Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business. On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed _____ JAN 2 3 2007 _____, at Petaluma, California.


_____

Jane Camingue

Date Created: 1/23/2007-2:21:42 PM
Created by: LitSupport - ServiceList - Live
Matter Number: 107053.001 - Robert Lyman

Run By : Gatten, Valerie (VMG)

AGENT FOR SERVICE
**Weir Valve & Controls USA Inc.**
285 Canal St.
Salem, MA  01970
978-744-5690   978-741-3626 (fax)
**Defendants:**
  Weir Valve & Controls USA Inc.
  (WEIVAL)

**Bowman and Brooke LLP**
879 West 190th Street
Suite 700
Gardena, CA  90248-4227
310-768-3068   310-719-1019 (fax)
**Defendants:**
  Ford Motor Company (FORD)
  General Motors Corporation (GM)

**Cooley Manion Jones, LLP**
21 Custom House Street
Boston, MA  02110
617-737-3100   617-737-3113 (fax)
**Defendants:**
  A.W. Chesterton Company (CHESTR)

**Haight, Brown & Bonesteel**
71 Stevenson Street, 20th Floor
San Francisco, CA  94105-2981
415-546-7500   415-546-7505 (fax)
**Defendants:**
  International Truck & Engine Corporation
  (INTTRK)

**Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA  94111
415-979-0100   415-979-0747 (fax)
**Defendants:**
  Uniroyal Holding, Inc. (UNIROY)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111
415-344-7000   415-344-7050 (fax)
**Defendants:**
  Honeywell International, Inc. (HONEYW)

**Sainick & Cote**
190 Newport Center Dr. 2nd Flr
Newport Beach, CA  92660
949-644-940
**Defendants:**
  San Joaquin Refining Co., Inc. (SJREF)

**Bassi, Martini, Edlin & Blum**
351 California Street, Suite 200
San Francisco, CA  94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
  Carlisle Corporation (CARLIS)
  J.T. Thorpe & Son, Inc. (THORPE)
  Parker-Hannifin Corporation (PARKHF)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA  94105
415-808-0300   415-808-0333 (fax)
**Defendants:**
  Pneumo Abex LLC (ABEX)
  Union Carbide Corporation (UNIONC)

**Filice, Brown, Eassa & McLeod LLP**
1999 Harrison Street, 18th Floor
Oakland, CA  94612-0850
510-444-3131   510-839-7940 (fax)
**Defendants:**
  Chevron Products Company (CHEVRN)
  Chevron U.S.A., Inc. (CHEUSA)
  Ford Motor Company (FORD)
  General Motors Corporation (GM)
  Texaco, Inc. (TEXACO)
  Unocal Corporation (UNOCAL)

**Hassard Bonnington**
Two Embarcadero Center
Suite 1800
San Francisco, CA  94111
415-288-9800   415-288-9802 (fax)
**Defendants:**
  John Crane, Inc. (CRANE)

**Law Offices of Peter J. Nova**
P.O. Box 1328
Sonoma, CA  95476
707-938-9610
**Defendants:**
  Parker-Hannifin Corporation (PARKHF)

**Prindle, Decker & Amaro**
310 Golden Shore, Fourth Floor
Long Beach, CA  90802
562-436-3946   562-495-0564 (fax)
**Defendants:**
  Chevron Phillips Chemical Company LP
  (CHEPHI)
  Drilling Specialties Company LLC
  (DRISPE)
  Henry Vogt Machine Co. (HENVOG)

**Schiff Harden LLP**
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA  94105
415-901-8700   415-901-8701 (fax)
**Defendants:**
  Owens-Illinois, Inc. (OI)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA  94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
  Berry & Berry (B&B)

**Burnham & Brown**
1901 Harrison Street
11th Floor
Oakland, CA  94612
510-444-6800   510-835-6666 (fax)
**Defendants:**
  Montello Inc. (MONTLL)

**Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA  94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
  Garlock Sealing Technologies, LLC
  (GARLCK)

**Kirkpatrick & Lockhart Preston Gates Ellis LLP**
4 Embarcadero Center
10th Floor
San Francisco, CA  94111-4106
415-249-1000   415-249-1001 (fax)
**Defendants:**
  Crane Co. (CRANCO) Law Offices of

**McNamara, Dodge, Ney, Beatty, Slattery & Pfalzer**
Attn: Asbestos Dept. POB 5288
1211 Newell Avenue, 2nd Floor
Walnut Creek, CA  94596
925-939-5330   925-939-0203 (fax)
**Defendants:**
  Tyco International (US) Inc. (TYCOUS)

**Prindle, Decker & Amaro**
369 Pine St., Suite 800
San Francisco, CA  94104
415-788-8354   415-788-3625 (fax)
**Defendants:**
  A.W. Chesterton Company (CHESTR)

**Sonnenschein Nath & Rosenthal, LLP**
525 Market Street, 26th Floor
San Francisco, CA  94105-2708
415-882-5000   415-882-0300 (fax)
**Defendants:**
  Rapid-American Corporation (RAPID)

2

Date Created: 1/23/2007-2:21:42 PM
Created by: LitSupport - ServiceList - Live
Matter Number: 107053.001 - Robert Lyman

Run By : Gatten, Valerie (VMG)

**Thelen Reid Brown Raysman & Steiner LLP**
101 Second St., Ste 1800
San Francisco, CA 94105
415-371-1200   415-644-6519 (fax)
**Defendants:**
Mack Trucks, Inc. (MACKTR)
Shell Oil Company (SHLOIL)

**Towle, Denison, Smith & Tavera**
10866 Wilshire Blvd
Suite 600
Los Angeles, CA 90024
310-446-5445   310-446-5447 (fax)
**Defendants:**
Parker-Hannifin Corporation (PARKHF)

**Travis & Pon**
2271 California Street
San Francisco, CA 94115
415-923-1200   415-673-6263 (fax)
**Defendants:**
Plant Insulation Company (PLANT)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
Quintec Industries, Inc. (QUINTC)

**Wright Robinson Osthimer & Tatum**
44 Montgomery Street
18th Floor
San Francisco, CA 94104
415-391-7111   415-391-8766 (fax)
**Defendants:**
Freightliner LLC (FRECOR)