# EXHIBIT B

# **Brayton✦Purcell** LLP

### TRIAL LAWYERS

222 Rush Landing Road
P O Box 6169
Novato, California 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247

Portland: (503) 295-4931
Los Angeles: (415) 898-1555
Salt Lake City: (801) 366-9100

Email: mail@braytonlaw.com
www.braytonlaw.com

August 27, 2007

ALAN R. BRAYTON
GILBERT L. PURCELL

DAVID R. DONADIO
CHRISTOPHER E. ANDREAS
LLOYD F. LEROY

OF COUNSEL
JEFFREY D. EISENBERG*
RICHARD R. KUHN
ROBERT M. LEVY
DARRELL J. SALOMON

* ADMITTED ONLY IN STATES
OTHER THAN CALIFORNIA

 

Clerk of the Court
San Francisco Superior Court
Room 302
400 McAllister Street
San Francisco, CA  94102

Re:   Robert F. Lyman  v. Asbestos Defendants (B✦P)
      San Francisco Superior Court Case No. 449162
      Order Granting in Part and Denying in Part Defendant UNION CARBIDE
      CORPORATION's Motion for Summary Judgment/Summary Adjudication

Dear Clerk of the Court:

On August 14, 2007, our office faxed and mailed the enclosed Order Granting in part and Denying in Part Defendant Union Carbide's Motion for Summary Judgment/Summary Adjudication to counsel for defendant for approval as to form.  I have not heard from them as of this date.  Therefore, at this time we are submitting our Order in conformance with the Court's ruling, for the Judge's signature and filing with the Court.  Please return the conformed Order in the enclosed self-addressed, stamped envelope.

Thank you in advance for your courtesy and cooperation.

Very truly yours,

Jennifer S. Harwood
Law and Motion Coordinator

Enclosures
cc:   Brian Buddell, Esq. (via facsimile: 415-808-0333)

K:\Injured:107053\ltr-clrk-ord-msj-onione.wpd

# Brayton✦Purcell LLP

T- 8/21

### TRIAL LAWYERS

222 Rush Landing Road
P O Box 6169
Novato, California 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247

Portland: (503) 295-4931
Los Angeles: (415) 898-1555
Salt Lake City: (801) 366-9100

Email: mail@braytonlaw.com
www.braytonlaw.com

August 14, 2007

ALAN R. BRAYTON
GILBERT L. PURCELL

DAVID R. DONADIO
CHRISTOPHER E. ANDREAS
LLOYD F. LEROY

OF COUNSEL
JEFFREY D. EISENBERG•
RICHARD R. KUHN
ROBERT M. LEVY
DARRELL J. SALOMON

• ADMITTED ONLY IN STATES
OTHER THAN CALIFORNIA

VIA U.S. MAIL & FACSIMILE: (415) 808-0333

Brian Buddell, Esq.
Brydon, Hugo &Parker
135 Main Street, 20th Floor
San Francisco, CA 94105

Re:  Robert F. Lyman, et al. v. Asbestos Defendants (B✦P)
San Francisco Superior Court Case No. 459162
ORDER DENYING GRANTING IN PART AND DENYING IN PART
DEFENDANT UNION CARBIDE CORPORATION'S MOTION FOR
SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY
ADJUDICATION

Dear Mr. Buddell:

Enclosed please find plaintiffs' [Proposed] Order Granting in Part and Denying in Part Defendant Union Carbide's Motion for Summary Judgment/Summary Adjudication, heard on July 27, 2007, in the above-entitled matter. If the form of order is acceptable to you, please sign and return said order "approved as to form" within five days of the date of this letter.

In the event you do not approve of the order, please notify me at (415) 899-1011, extension 267, with your concerns. If I do not hear from you within five days, I will then submit the Order to the court for filing. Thank you for your cooperation.

Very truly yours,

Jennifer S. Harwood
Law & Motion Coordinator

Enclosure

K:\Injured\107053\br-ord-maj-unionc.wpd

TRANSMISSION VERIFICATION REPORT

```
                                    TIME : 08/14/2007 17:50
                                    NAME :
                                    FAX  :
                                    TEL  :
                                    SER.# : BROD5J248120
```

```
    DATE,TIME              08/14  17:50
    FAX NO./NAME           8080333
    DURATION               00:00:51
    PAGE(S)                03
    RESULT                 OK
    MODE                   STANDARD
                           ECM
```

1 | ALAN R. BRAYTON, ESQ., S.B. #73685
2 | ANDREW CHEW, ESQ., S.B. #225679
BRAYTON❖PURCELL LLP
Attorneys at Law
3 | 222 Rush Landing Road
P.O. Box 6169
4 | Novato, California  94948-6169
(415) 898-1555
5 |
Attorneys for Plaintiffs
6 |
7 |
8 | **SUPERIOR COURT OF CALIFORNIA**
9 | **COUNTY OF SAN FRANCISCO**
10 | ROBERT F. LYMAN and              )    **ASBESTOS**
SAMANTHA LYMAN,                  )    No. 459162
11 |                                 )
                                    )    ORDER GRANTING IN PART AND
12 |          Plaintiffs,           )    DENYING IN PART DEFENDANT
                                    )    UNION CARBIDE CORPORATION'S
13 | vs.                            )    MOTION FOR SUMMARY JUDGEMENT
                                    )    OR, IN THE ALTERNATIVE, SUMMARY
ASBESTOS DEFENDANTS (B❖P)        )    ADJUDICATION
14 |                                 )

15 |                                      Date: July 27, 2007
16 |                                      Time:  9:30 a.m.
                                         Dept:  302
17 |                                      Trial Date: August 6, 2007
                                         Date Action Filed: December 29, 2006
18 |
19 |          Defendant UNION CARBIDE CORPORATION's Motion for Summary Judgment, or in
20 | the Alternative, Summary Adjudication, came on regularly for hearing on July 27, 2007, in
21 | Department 302 of the above-entitled Court, with counsel for plaintiffs and defendant UNION
22 | CARBIDE CORPORATION appearing.  Based on the papers filed herein, and upon hearing of
23 | oral argument,
24 |          IT IS ORDERED to DENY, in part, defendant UNION CARBIDE CORPORATION'S
25 | Motion for Summary Judgment for finding a triable issue of material fact.
26 |          IT IS ORDERED to GRANT defendant UNION CARBIDE CORPORATION'S Motion
27 | for Summary Adjudication against plaintiffs' cause of action for false representation.
28 | ///

K:\Injured\107053\ORD-UNIONC.WPD                    1
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UNION CARBIDE CORPORATION'S MOTION FOR
SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

1        IT IS ORDERED to GRANT defendant UNION CARBIDE CORPORATION'S Motion

2    for Summary Adjudication against plaintiffs' claim for punitive damages.

3    Dated: _____

4                                              Judge of the Superior Court

5

6

7    APPROVED AS TO FORM:

8    BRYDON HUGO AND PARKER

9

10   By: _____

11        Brian Buddell
          Attorney for Defendant UNION CARBIDE CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\injured\10705\WORD-UNIONC.WPD

2

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UNION CARBIDE CORPORATION'S MOTION FOR
SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

# EXHIBIT C

# CALIFORNIA
# RULES OF COURT

## FEDERAL

## 2000
## REVISED EDITION

### INCLUDING AMENDMENTS RECEIVED
### THROUGH JUNE 1, 2000



**WEST** GROUP

mum time periods. In a complex motion, parties are encouraged to stipulate or seek a court order establishing a longer notice period with correspondingly longer periods for response or reply.

## RULE 7–3. OPPOSITION; REPLY; COUNTER–MOTION

(a) **Opposition.** Any opposition to a motion shall be served and filed not less than 21 days before the noticed hearing date. The opposition may include affidavits or declarations, as well as a brief or memorandum under Civil L.R. 7–4. Pursuant to Civil L.R. 7–4(b), such briefs or memoranda shall not exceed 25 pages of text.

(b) **Statement of Nonopposition.** If the party against whom the motion is directed does not oppose the motion, that party shall file a Statement of Nonopposition within the time for filing and serving any opposition.

(c) **Counter–Motion.** Together with an opposition, a party responding to a motion may file a counter-motion related to the subject matter of the original motion. Such counter-motion shall be noticed for hearing on the same date as the original motion, but shall otherwise comply with Civil L.R. 7–2.

(d) **Reply.** Any reply to an opposition, or opposition to a counter-motion, shall be served and filed by the moving party not less than 14 days before the originally noticed hearing date. The reply may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7–4. Pursuant to Civil L.R. 7–4(b), reply papers shall not exceed 15 pages of text.

**Commentary**

Upon request of the original moving party, the court may enlarge the time for filing an opposition to a counter-motion and reschedule the noticed hearing date. See Civil L.R. 7–8 "Enlargements or Shortening of Time."

(e) **Supplementary Material.** Prior to the noticed hearing date, counsel may bring to the court's attention a relevant judicial opinion published after the date the reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion without argument. Otherwise, once a reply is filed, no additional memoranda, papers or letters shall be filed without prior court approval.

Eff. Sept. 1, 1995. As amended, eff. July 1, 1997.

## RULE 7–4. BRIEF OR MEMORANDUM OF POINTS AND AUTHORITIES

(a) **Content.** In addition to complying with the applicable provisions of Civil L.R. 3–4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion shall contain:

(1) On the first page in the space opposite the caption below the case number, the noticed hearing date and time;

(2) If in excess of 10 pages, a table of contents and a table of authorities;

(3) A statement of the issues to be decided;

(4) A succinct statement of the relevant facts; and

(5) Argument of the party, citing supporting authorities.

(b) **Length.** Unless the court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers shall not exceed 25 pages of text and reply papers shall not exceed 15 pages of text.

Eff. Sept. 1, 1995. As amended, eff. July 1, 1997.

**Commentary**

Although Civil L.R. 7–4(b) limits briefs to 25 pages of text, counsel should not consider this a minimum as well as a maximum limit. Briefs with less than 25 pages of text may be excessive in length for the nature of the issues addressed.

## RULE 7–5. AFFIDAVIT OR DECLARATION

(a) **Affidavit or Declaration Required.** Factual contentions made in support of or in opposition to any motion should be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.

(b) **Form.** An affidavit or declarations shall contain only facts, shall conform as much as possible to the requirements of FRCivP 56(e), and shall avoid conclusions and argument. Any statement made upon information or belief shall specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Eff. Sept. 1, 1995.

## RULE 7–6. ORAL TESTIMONY CONCERNING MOTION

No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned judge.

Eff. Sept. 1, 1995.

## RULE 7–7. CONTINUANCE OF HEARING OR WITHDRAWAL OF MOTION

(a) **Before Opposition Is Filed.** Except for cases where the court has issued a Temporary Restraining Order, a party who has filed a motion may file a notice

# CALIFORNIA
# RULES OF COURT

## FEDERAL

## 2001
## REVISED EDITION

INCLUDING AMENDMENTS RECEIVED
THROUGH JUNE 1, 2001



WEST GROUP
A THOMSON COMPANY

**(d) Affidavits or Declarations.** Each motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7–5.

### Commentary

The time periods set forth in Civil L.R. 7–2 and 7–3 regarding notice, response and reply to motions are minimum time periods. For complex motions, parties are encouraged to stipulate to or seek a Court order establishing a longer notice period with correspondingly longer periods for response or reply. See Civil L.R. 1–4 and 1–5.

Eff. Sept. 1, 1995.  Amended eff. Dec. 1, 2000.

## RULE 7–3.  OPPOSITION; REPLY; COUNTER–MOTION; SUPPLE-MENTARY MATERIAL

**(a) Opposition.** Any opposition to a motion must be served and filed not less than 21 days before the hearing date. The opposition may include a proposed order, affidavits or declarations, as well as a brief or memorandum under Civil L.R. 7–4. Pursuant to Civil L.R. 7–4(b), such briefs or memoranda may not exceed 25 pages of text.

### Cross Reference

See Civil L. R. 5–5 *"Manner of Service,"* regarding time and methods for service of pleadings and papers.

**(b) Statement of Nonopposition.** If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition.

**(c) Reply.** Any reply to an opposition must be served and filed by the moving party not less than 14 days before the hearing date. The reply may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7–4. Pursuant to Civil L.R. 7–4(b), the reply brief or memorandum may not exceed 15 pages of text.

### Cross Reference

See Civil L. R. 5–5 *"Manner of Service,"* regarding time and methods for service of pleadings and papers.

**(d) Supplementary Material.** Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion—without argument. Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.

Eff. Sept. 1, 1995.  As amended, eff. July 1, 1997; Dec. 1, 2000.

## RULE 7–4.  BRIEF OR MEMORANDUM OF POINTS AND AUTHORITIES

**(a) Content.** In addition to complying with the applicable provisions of Civil L.R. 3–4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:

(1) On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

(2) If in excess of 10 pages, a table of contents and a table of authorities;

(3) A statement of the issues to be decided;

(4) A succinct statement of the relevant facts; and

(5) Argument by the party, citing pertinent authorities.

**(b) Length.** Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

### Cross Reference

See Civil L.R. 7–10(b) regarding request to exceed page limitations.

### Commentary

Although Civil L.R. 7–4(b) limits briefs to 25 pages of text, counsel should not consider this a minimum as well as a maximum limit. Briefs with less than 25 pages of text may be excessive in length for the nature of the issues addressed.

Eff. Sept. 1, 1995.  As amended, eff. July 1, 1997; Dec. 1, 2000.

## RULE 7–5.  AFFIDAVIT OR DECLARATION

**(a) Affidavit or Declaration Required.** Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.

**(b) Form.** An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Eff. Sept. 1, 1995.  Amended eff. Dec. 1, 2000.

# EXHIBIT D

# HIGHLIGHTS OF CHANGES TO THE CIVIL LOCAL RULES

## (Effective 1/1/01)

*The following summarizes changes to the Civil Local Rules, approved November 28, 2000, published December 2000, and effective January 1, 2001. This is a summary only and does not contain references to all changes in the Civil Local Rules. Please refer to the text of the rules. References to "Old Rules" pertain to the Civil Local Rules published July 1997 and in effect through December 31, 2000.*

General Changes

Numerous changes were adopted to comply with the 12/1/00 changes to the Federal Rules of Civil Procedure. The federal changes standardized many of the case management and disclosure requirements throughout the district courts. This meant that most of the local rules adopted as a result of the Civil Justice Reform Act were no longer valid as of 12/1/00. The revisions to the federal rules, however, do require counsel to meet and confer and exchange initial disclosures, although on a slightly different schedule (now reflected in our initial scheduling order). A party can decide not to disclose initial documents, but they must explain why they chose not to do so in their report to the court under FRCivP 26(f), which is to be included in the Case Management Statement. Additionally, the list of cases excluded from initial disclosure requirements has been standardized throughout the courts and can no longer be dictated by local rule. The list is similar to the old local rules list with the notable exception of non-prisoner pro se cases, which are no longer excluded. Still excluded, however, are government debt collection cases, whether or not the defendant appears in pro se. For more information, see revised FRCivP 26.

Numerous stylistic changes have been made in the revised local rules to clarify and standardize certain common words and phrases. Among the most notable are changes to so-called "words of authority." These words are defined as follows:

*must* - is required to
*must not* - is required not to
*may* - has discretion to; is permitted to; has a right to
*is entitled to* - has a right to
*will* - (expresses a future contingency)
*should* - (denotes a directory provision)
*shall* - has a duty to (used in reference to obligations of the court or the clerk)

Rules concerning patent cases have been deleted from Civil L.R. 16. They have been revised and moved to a separate section of the local rules.

The address of the court's Internet site was added to commentaries following rules which make reference to the availability of locally-adopted forms.

Specific Changes

1-3 (Effective Date) - States that the revised rules apply to cases filed on or after 1/1/01, and to pending cases unless fewer than 10 days remain to perform an act on the effective date. If fewer than 10 days remain to perform that act, the old rules would apply only to that act (but not to future proceedings in the case).

1-5(d)  (*Ex Parte*) - Defines the term as meaning without the advanced or contemporaneous participation of all other parties.

1-5(m) (Lodge) - Defines term.  Requires Clerk to stamp "Received."

1-5(n) (Meet and Confer) - Defines term.  Permits such meetings to be either face-to-face or by phone.

1-5(p) (Unavailablity) - Redefines term.  Requires the Judge to post unavailability notice if he/she will be away from assigned courthouse one court day or more.  It also specifies that the General Duty Judge shall handle matters requiring immediate determination.  If the General Duty Judge is not available, the clerk shall assign the matter to any available Judge.

3-2(c) (Assignment to a Division) - Clarifies that patent, securities class actions and prisoner cases are to be assigned district-wide.

3-4(a) (First Page Requirements) - Adds language requiring that the first page of filed documents must include a fax number and may include an e-mail address, if any.  It also adds the requirement that administrative review cases be identified in the caption.

3-4(c) (General Requirements) - Adds a requirement that papers, except reporters transcripts, must be "top-centered, two-hole punched."

3-4(d) (Citations to Authorities) - Adds a requirement to cite available electronic database (including year and screen or page number) for not-yet-published, cited cases.

3-4(e) (Prohibition of Citation to Uncertified Opinion or Order) - Prohibits citation to this Court of opinions designated as not for citation, "except when relevant under the doctrines of law of the case, *res judicata* or collateral estoppel."

3-12 (Notice of Related Case ) - Rule is amended to require that duplicate originals of the notice and response must be filed in each listed case.  The amended rule also requires counsel to serve all known parties in all cases with the notice and response.  The rule also clarifies the following procedures:  that the newly assigned judge will reschedule the case management conference; that Rule 16 and 26 disclosure dates are to be adjusted accordingly by the parties; that any noticed motions must be renoticed by the moving party; and, that all deadlines set by the



previous judge, except the trial date, shall continue to govern.

3-14 (Transfer of Action to Another District) - Simplifies the rule to state that transfer orders do not become effective for 10 days (to allow for reconsideration motion or appellate review). Current practice of delaying the transmission of the file to the other district remains unchanged.

3-15 (Disqualification of Assigned Judge) - Codifies current procedure that the clerk, after the assigned judge has determined that disqualification motion is neither frivolous nor for delay, is to randomly assign the request to another judge for his/her determination.

3-16 (Disclosure of Non-party Interested Entities or Person) - Adds text of G.O. No. 48 concerning duty of parties to disclose in a section of their pleadings all non-parties with a financial or other substantial interest in the outcome of a case. The disclosure is used by the judges to determine if there is a need to issue a recusal (disqualification) order and have a case reassigned to another judge.

Old 4-2 (Certifying Service of Process) - This section, which required a party to indicate that the complaint had been served within 45 days of filing, was eliminated as inconsistent with the revised federal rules.

4-2 (Service of Supplementary Material) - Subsec. (e) has been clarified to indicate that we do not provide notice at filing allowing parties to consent to a magistrate judge in cases assigned to a magistrate judge. The magistrate judges have decided that each of them will obtain consent from the parties in their own manner. Most have opted to obtain these consents at the initial Case Management Conference. The amended rule in subsec. (f) also adds a requirement that the filing party serve all other parties with a copy of the ADR Certification form. The commentary also codified existing practice that a copy of this form be given by the Clerk's Office to the filing party (for service on all other parties) when a new case is filed.

Old 5-1 (Filing with the Court) - This section, which required the filing of all documents except discovery and disclosure items, was eliminated as duplicative of the federal rules.

5-1 (Filing Original and Submitting Chambers Copy) - Eliminates references to drop box filing as "a pilot program," as the Court has given it permanent approval. The revision also states that electronic filing may be required in certain cases, upon notification by the Clerk, in anticipation of the Electronic Case Filing program.

5-3 (Drop Box Filings) - The section has been revised to include a chart showing the locations and availability of the drop boxes at each division.

5-4 (Electronic Case Filings) - This new section has been added to enable the Electronic Case Filing (ECF) program. It refers to G.O. No. 45 which provides greater detail on the program.

5-5 (Manner of Service) - Revised to provide for three methods of service: 1) direct or electronic

(including facsimile) service for non-ECF cases; 2) service by mail, which requires mailing 3 days before the due date; and 3) electronic filing, for cases subject to the ECF program. Note that the first two service methods pertain only to service of papers required by the local rules and court order, but not to anything required to be served by the federal rules. Also, there is no requirement in the first option that parties must consent to service by electronic means (including service by facsimile or e-mail attachment).

6-1 (Enlarging or Shortening Time) - Specifies that counsel may not stipulate without court order to change the date for any event or deadline fixed by the court. Previously, the rule referred only to hearings and conferences. The revision also requires that stipulated requests or motions affecting a hearing or proceeding must be filed at least 10 days before the scheduled event. (Note: much of this section was previously contained in old Civil L.R. 7-7 and 7-8, but was moved to new section 6, entitled "Time" to conform to federal rule numbering requirements.)

7-1 (Motions) - The reference to the expedited motion procedure has been eliminated.

7-3 (Opposition; Reply; Counter-Motion; Supplementary Material) - The subsection concerning counter-motions has been eliminated. Counter-motions may no longer be filed on a routine basis, absent an order shortening time to allow such a motion to be heard at the same time as the original motion. Motions for sanctions are governed by a new Local Rule 7-8, discussed below. (Note: the words "Counter-Motion" will be eliminated from the title of this section in the next revision.)

7-8 (Motion for Sanctions–Form and Timing) - This new local rule states that motions for sanctions must comply with the standard motion provisions in Civil L.R. 7-2 and any applicable federal rules, must be filed as soon as practicable after a party learns of the circumstances prompting the motion, and places a 14-day limit after entry of judgment for filing.

Old 7-10 (Expedited Motion) - The rule, which invited parties to file and have heard certain motions on an expedited basis, has been eliminated.

7-10 (*Ex Parte* Motion or Miscellaneous Administrative Request) - Revised to state that *ex parte* motions (redefined as a motion filed without notice to the opposing party) may be made only if a rule, statute or order authorizes it. The cross reference refers to Civil L.R. 65-1 "Temporary Restraining Orders," since such motions, under certain circumstances, may be requested on an *ex parte* basis. The section also describes a new procedure called "Miscellaneous Administrative Request." These requests, which are to be accompanied by a stipulation or declaration stating why a stipulation could not be obtained, are for matters not covered by a rule or statute. This includes requests to exceed page limits or to file documents under seal. Applications and any oppositions (due within 2 days) are limited to 5 pages each. They are deemed submitted the day after the opposition is due.

7-13 (Designation Not for Citation) - This new rule codifies a common practice for judges to note "Not for Citation" in the caption of opinions that are not to be mentioned by counsel when

drafting briefs in other cases.

11-1 (The Bar of this Court) - Revision requires applicants for membership to our court to provide a certified copy of their certificate of membership in the State Bar of California. Previously, the rule required the original certificate.

11-3 (Pro Hac Vice) - The revised rule now requires a written application to the assigned judge for pro hac vice admission to practice. It also requires that these admitees must become familiar with the local rules and ADR programs. Applications require a $60.00 fee (as previously provided for in General Order No. 49). Lastly, the revised rule states that service on, and communication with, designated local counsel constitutes notice to the party.

11-6 (Discipline) and 11-7 (Reciprocal Discipline Following Felony Conviction) - The text of General Order No. 46, which replaces the old attorney discipline rules, is included in these two rules.

16-2 (Order Setting Initial Case Management Conference) - The "Initial Case Management Scheduling Order" has been renamed: "Order Setting Initial Case Management Conference." The section has also been revised to delete references to categories of cases excluded from the case management requirements, including early disclosure of documents. These categories are now specified in the federal rules, although they differ slightly from those listed in the old local rules. For example, pro se cases not filed by prisoners are no longer excluded from these requirements. Case management procedures for cases which remain excluded under the federal rules are now contained in the following Civil Local Rules: 16-4 (Bankruptcy Appeals), 16-5 (Administrative Review, including social security appeals), 16-6 (Debt Collection Cases), and 16-7 (Other Exempt Cases, i.e., prisoner cases, actions to enforce or quash administrative summonses or subpoenas, actions to enforce arbitration awards, and miscellaneous cases). Lastly, the Case Management Schedule has been deleted from the revised rule because new deadlines are now included in the federal rules. (Note: the Clerk's Office will continue to issue an initial scheduling order with the deadlines now mandated by the federal rules, as well as a date for the Case Management Conference. The special scheduling order for bankruptcy cases will remain the same and, as in the past, no scheduling order will be issued for government debt collection actions and prisoner cases, which continue to be "excluded" and subject to local procedures.)

Old 16-3 (Stay or Formal Discovery) - This section has been deleted because it is now included in the federal rules.

Old 16-5 to 16-11 (Disclosures and Pretrial Proceedings in Patent Cases) - These sections were deleted from the Civil Local Rules and moved with certain revisions to the new Patent Local Rules.

16-8 (Alternative Dispute Resolution (ADR) in the Northern District) - The section (previously

included in old Civil L.R. 16-12) has been amended to require that "ADR Certification" must be made on the form established for that purpose, i.e., counsel and parties may no longer make this certification only in their Case Management Statement. The revision also codifies existing practice of requiring parties to file either a "Stipulation and (Proposed) Order Selecting ADR Process" or a "Notice of Need for ADR Phone Conference." A copy of the form is to be delivered by counsel/party to the San Francisco office (for the ADR Unit) or transmitted directly to the ADR Unit's fax machine. (Note: the fax number is listed in the rule.)

16-9 (Case Management Statement and Proposed Order) - Amended to include the requirement that the discovery plan report required by FRCivP 26(f) be included in the Case Management Statement.

16-10 (Case Management Conference) - Amended to require that the Case Management Order include: FRCivP 16(b) deadlines; deadlines for joinder of parties and amending pleadings; and, dates for filing any early motions. Subsequent Case Management Statements must also include the parties' views concerning any appropriate ADR program for the case (already required in the initial CM Statement and Order).

Old 16-15 (Pretrial Conference) - The section was deleted as FRCivP 16 and Civil L.R. 16-10 cover pretrial requirements.

23-2 (Electronic Posting of Certain Documents Filed in Private Securities Actions) - The commentary following the rule now lists a specific web address in which counsel may find links to designated internet sites, as described in the rule.

Old 26-1 (Relationship Between Disclosure and Formal Discovery) - The section was deleted as duplicative of federal rules.

Old 26-2 (Necessity of Court Order before Filing Discovery or Disclosure Material) and old 26-4 (Use of Discovery Material for Motion or Trial) - The sections were deleted as FRCivP 5 now specifies that discovery materials must not be filed, unless used in a proceeding or ordered by the court.

Old 30-1- (Number of Depositions) - The section was deleted as duplicative of federal rules.

33 (Interrogatories) - Deletes reference to "number of interrogatories," as duplicative of the federal rules. Also, the section has been re-drafted for clarity.

37 (Motions to Compel Disclosure or Discovery or for Sanctions) - Eliminates references to *ex parte* requests for such motions. During a discovery event, the parties may request that the assigned judge or magistrate judge address the problem by telephone conference, but only after good faith negotiations have failed to resolve the matter.

56-2 (Separate or Joint Statement of Undisputed Facts) - Prohibits the filing of joint or separate

statements of undisputed facts, unless required by the assigned judge. If the judge requires the filing of a joint statement and the nonmoving party refuses to join in the statement, the moving party is to file a separate statement of undisputed facts which is to include an explanation as to why it was not filed jointly. The revised rule also states that any sanctions for failure to file a joint statement are within the judge's discretion.

65-1 (Temporary Restraining Orders) - Requires counsel to deliver notice of an *ex parte* TRO motion to opposing counsel or party on or before the day the motion is made, unless otherwise ordered.

72-3 (Motion for Expansion of Record or for Evidentiary Hearing) - Motions made before magistrate judges under this section may no longer be made on an expedited basis (absent an order shortening time).

75 (Appeal from Magistrate Judge) - The section was eliminated in that, as of 12/1/97, 28 U.S.C. § 636(c)(3) requires appeals in magistrate judge consent cases be made directly to the Court of Appeals.

77-2 (Orders Grantable by Clerk) - Revised to change the reference from "Assignment Committee" to "Executive Commitee." (Note: General Order No. 47 eliminated the Assignment Committee and referred its responsibilities to the newly-created Executive Committee.)

77-3 (Photography and Public Broadcasting) - Revised to clarify that its restrictions do not apply to the use of electronic means (such as videoconferencing) to receive or present evidence.

77-4 (Official Notices) - Expands the court's methods of disseminating public notices to include Clerk's Office bulletin boards and the Internet site. Eliminated from the list of official newspapers is the "Inter-City Express," which is no longer in business. The revised rule states that any one or a combination of designated media may be used to post notices, as the court deems appropriate.

79-5 (Sealed or Confidential Documents) - Revised to limit the number of documents and, in some instances, the extent to which parts of a document, may be placed under seal. The rule requires that the clerk receive (but, not file) all documents which include a request to seal, even if the item is subject to a prior protective order, rule or statue requiring that it be sealed. The request and lodged item is to be referred to the assigned judge who will order which portions may be filed under seal and which portions must be placed in the public file. If the judge determines that the entire item should not be sealed, it must be returned to the submitting party and not placed in the case file. The rule also provides that any sealed document must be open to public inspection 10 years after the file is transmitted to the National Archives and Records Administration ("Records Center"), unless otherwise ordered. (Note: the Local Rules Committee is currently reviewing this local rule for possible amendment.)

# EXHIBIT E

# Manual for Complex Litigation,
# Fourth

### *Board of Editors*

Judge Stanley Marcus (Ct. of App., 11th Cir.), *chair*

Judge John C. Koeltl (S.D.N.Y.)      Judge Barefoot Sanders (N.D. Tex.)

Judge J. Frederick Motz (D. Md.)      Sheila Birnbaum, Esq. (N.Y., N.Y.)

Judge Lee H. Rosenthal (S.D. Tex.)      Frank A. Ray, Esq. (Columbus, Ohio)

Judge Fern M. Smith (N.D. Cal.),
*director, Federal Judicial Center 1999–2003*

Federal Judicial Center 2004

The *Manual for Complex Litigation, Fourth* has been produced under the auspices of the Federal Judicial Center. The analyses and recommendations are those of the *Manual*'s Board of Editors.

the filing of a motion for transfer,[652] therefore, matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer. The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions. At the same time, it may be advisable to defer certain matters until the Panel has the opportunity to rule on transfer. For example, there would be little purpose in entering a scheduling order while a conditional order of transfer is pending. The court should, however, modify any previously scheduled dates for pretrial proceedings or trial as may be necessary to avoid giving the Panel a misleading picture of the status of the case.

More often, however, the Panel has held that the pendency of potentially dispositive motions is not an impediment to transfer of actions, because such motions can be addressed to the transferee judge for resolution after transfer. Furthermore, the pendency of motions raising questions common to related actions can itself be an additional justification for transfer.[653]

The Panel uses no single factor to select the transferee district,[654] but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges. Based on these factors, the Panel will designate a judge (on rare occasions, two judges) to whom the cases are then transferred for pretrial proceedings. The judge is usually a member of the transferee court, but occasionally the Panel selects a judge designated to sit specially in the transferee district on an intracircuit or intercircuit assignment.

## 20.132 During Period of Transfer

After the transfer, the transferee judge[655] exercises not only the judicial powers in the transferee district but also "the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated proceedings."[656] The Panel has no authority to direct transferee judges in the exercise of their powers and discretion in supervising multidis-

652. A copy of the motion is to be filed with the court where the action is pending. *See* J.P.M.L. R.P. 5.12(c).

653. *See, e.g., In re* Ivy, 901 F.2d 7, 9 (2d Cir. 1990).

654. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214–215 (1977).

655. *In re Plumbing Fixture*, 298 F. Supp. at 489.

656. 28 U.S.C. § 1407(b) (West 2003).

trict proceedings.[657] This supervisory power over depositions in other districts may be exercised in person or by telephone.[658] The transferee judge may vacate or modify any order of a transferor court, including protective orders;[659] unless altered, however, the transferor court's orders remain in effect.[660]

Although the transferee judge has no jurisdiction to conduct a trial in cases transferred solely for pretrial proceedings, the judge may terminate actions by ruling on motions to dismiss, for summary judgment, or pursuant to settlement, and may enter consent decrees.[661] Complexities may arise where the rulings turn on questions of substantive law. In diversity cases, the law of the transferor district follows the case to the transferee district.[662] Where the claim or defense arises under federal law, however, the transferee judge should consider whether to apply the law of the transferee circuit or that of the transferor court's circuit,[663] keeping in mind that statutes of limitations may present unique problems.[664] An action is closed by appropriate orders entered in the transferee court, without further involvement by the Panel or the original transferor court.

The transferee judge's management plan for the litigation should include provisions for handling tag-along actions transferred by the Panel after the initial transfer. Panel Rules 7.2(I) and 7.5(e) impose an affirmative obligation on parties in cases in which a motion to transfer is pending, or that previously have been transferred by the Panel, to promptly notify the Panel of any potential tag-along action in which the party is also named. This obligation also is imposed on counsel with respect to any action in which the counsel appears. Ordinarily, it is advisable to order that (1) tag-along actions shall be automatically made part of the centralized proceedings upon transfer to, or filing in, the transferee court; (2) rulings on common issues—for example, on the statute of limitations—shall be deemed to have been made in the tag-along

---

657. *Id.*

658. *See In re* Corrugated Container Antitrust Litig., 662 F.2d 875 (D.C. Cir. 1981); *In re* Corrugated Container Antitrust Litig., 644 F.2d 70 (2d Cir. 1981); *In re* Corrugated Container Antitrust Litig., 620 F.2d 1086 (5th Cir. 1980).

659. *See, e.g., In re* Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig., 664 F.2d 114 (6th Cir. 1981).

660. *See In re* Master Key Antitrust Litig., 320 F. Supp. 1404 (J.P.M.L. 1971).

661. *See, e.g., In re* Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 367–68 (3d Cir. 1993).

662. Van Dusen v. Barrack, 376 U.S. 612 (1964); *In re* Dow Co. "Sarabond" Prods. Liab. Litig., 666 F. Supp. 1466, 1468 (D. Colo. 1987).

663. *Compare In re* Korean Air Lines Disaster, 829 F.2d 1171 (D.C. Cir. 1987), *aff'd on other grounds sub nom.* Chan v. Korean Air Lines Ltd., 490 U.S. 122 (1989), *with* Dow "Sarabond," 666 F. Supp. 1466 (D. Colo. 1987), and cases cited therein.

664. *See, e.g.,* Berry Petroleum Co. v. Adams & Peck, 518 F.2d 402, 406 (2d Cir. 1975).

action without the need for separate motions and orders; and (3) discovery already taken shall be available and usable in the tag-along cases.[665] Consider other means of reducing duplicative discovery activity and expediting later trials by measures such as videotaping key depositions or testimony given in bellwether trials, particularly of expert witnesses, for use at subsequent trials in the transferor courts after remand.

One of the values of multidistrict proceedings is that they bring before a single judge all of the federal cases, parties, and counsel comprising the litigation. They therefore afford a unique opportunity for the negotiation of a global settlement. Few cases are remanded for trial; most multidistrict litigation is settled in the transferee court. As a transferee judge, it is advisable to make the most of this opportunity and facilitate the settlement of the federal and any related state cases. See section 20.31.

Until 1998, actions based on section 1407 proceedings and not settled or otherwise dismissed in the transferee districts during their pretrial stages often remained in the transferee districts for trial. Transferee judges entered orders effecting transfer for trial, pursuant to 28 U.S.C. § 1404 or 1406, of cases previously transferred to them for pretrial under section 1407.

In 1998, the U.S. Supreme Court held that a district court has no authority to invoke section 1404(a) to assign a transferred case to itself for trial, because section 1407(a) "uncondition[ally]" commands the Panel to remand, at the end of pretrial proceedings, each action transferred by the Panel that has not been terminated in the transferee district.[666] However, the policy reasons for the pre-1998 practice remain: (1) during the often protracted time of the section 1407 assignment, the transferee judge gains a solid understanding of the case, and it makes sense for trial to be conducted by the judge with the greatest understanding of the litigation; (2) the transferee judge may already be trying the constituent centralized action(s), and there may be efficiencies in adjudicating related actions or portions thereof in one trial; and (3) the transferee judge, if empowered to try the centralized actions, may have a greater ability to facilitate a global settlement.

---

665. For a discussion of the use of supplemental depositions, see *supra* section 11.453. *See also infra* sample order at section 40.29.

666. *In re* Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). The Court infers that MDL transferee judges may not use section 1404(a) to transfer to any district at all, neither to a third district or back to the section 1407 transferor district. *Id.* at 41 n.4. By analogy and further inference, an MDL transferee judge likewise now may not transfer under section 1406. *See id.*

Accordingly, evolving alternatives, such as those below, permit the transferee court to resolve multidistrict litigation through trial while remaining faithful to the *Lexecon* limitations:

- Prior to recommending remand, the transferee court could conduct a bellwether trial of a centralized action or actions originally filed in the transferee district, the results of which (1) may, upon the consent of parties to constituent actions not filed in the transferee district, be binding on those parties and actions,[667] or (2) may otherwise promote settlement in the remaining actions.

- Soon after transfer, the plaintiffs in an action transferred for pretrial from another district may seek or be encouraged (1) to dismiss their action and refile the action in the transferee district, provided venue lies there, and the defendant(s) agree, if the ruling can only be accomplished in conjunction with a tolling of the statute of limitations or a waiver of venue objections, or (2) to file an amended complaint asserting venue in the transferee district,[668] or (3) to otherwise consent to remain in the transferee district for trial.[669]

---

667. *See, e.g., In re* Air Crash Near Cali, Colombia on Dec. 20, 1995, MDL No. 1125, Order No. 1522 (S.D. Fla. Jan. 12, 2000) (noting that parties in some of the actions transferred under section 1407 had agreed to be bound by the results of a consolidated liability trial and had been instructed to file appropriate motions after the completion of the trial, seeking a ruling that effectuated such agreements).

668. Often in multidistrict litigation the transferee court will consider establishing a master file with standard pleadings, motions, and orders. This file may include a single amended consolidated complaint, alleging that venue is proper in the transferee district. If such a document is used, the court and parties should take care to ensure a common understanding of the document's intent and significance—that is, whether it is being used as a device simply to facilitate ease of the docket's administration, or whether the filing in the transferee district constitutes the inception of a new "case or controversy" in that district, thereby superseding and rendering moot the pending separate actions that had been transferred to that district for pretrial proceedings by the Panel under section 1407.

669. *See, e.g.,* State v. Liquid Air Corp. (*In re* Carbon Dioxide Indus. Antitrust Litig.), 229 F.3d 1321 (11th Cir. 2000) (ruling that *Lexecon* does not prohibit parties from waiving venue objections in centralized actions where transferee court otherwise had subject-matter jurisdiction); *In re* Dippin' Dots Patent Litig., MDL No. 1377, Docket No. 1:00-CV-907 (N.D. Ga. July 23, 2001) (transferee court ordered all parties to file a pleading stating whether they consented to trial in the transferee district); *In re* Research Corp. Techs., Inc. Patent Litig., Docket No. 97-2836 (D.N.J. Dec. 3, 1999) (order entering final judgment and staying further pretrial proceedings; transferee court found it reasonable to conclude that final judgment may be entered following trial proceedings consented to by the parties that resulted in termination of the actions).

- After an action has been remanded to the originating transferor court at the end of section 1407 pretrial proceedings, the transferor court could transfer the action,[670] pursuant to 28 U.S.C. § 1404 or 1406, back to the transferee court for trial by the transferee judge.[671]
- The transferee judge could seek an intercircuit or intracircuit assignment pursuant to 28 U.S.C. § 292 or 294 and follow a remanded action, presiding over the trial of that action in that originating district.

## 20.133 Remand

Section 1407 directs the Panel to remand, after appropriate pretrial proceedings, actions not filed or terminated in the transferee court to the respective transferor courts for further proceedings and trial. When this should be done will depend on the circumstances of the litigation. In some cases, remands have been ordered relatively early, while substantial discovery remained to be done; in others, virtually all discovery had been completed and the cases were ready for trial at the time of remand to the transferor districts. Some of the constituent cases may be remanded, while others are retained for further centralized pretrial proceedings.

The Panel looks to the transferee court to suggest when it should order remand, but that court has no independent authority to order section 1407 remand.[672] The transferee court should consider when remand will best serve the expeditious disposition of the litigation. The Panel may also order remand on its own initiative or on the motion of a party.[673] Although authorized to "separate any claim, cross claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded," the Panel has rejected most requests to exclude portions of a case from transfer

---

670. *Lexecon*, 523 U.S. at 19.

671. *See, e.g.*, Kenwin Shops, Inc. v. Bank of La., 97 Civ. 907, 1999 WL 294800, at *11 (S.D.N.Y. May 11, 1999). The transferee court might also facilitate such a transfer by expressly recommending it either in its suggestion of remand to the Panel or in its final pretrial order. *See, e.g.*, In re Air Crash at Dubrovnik, Croatia on Apr. 3, 1996, MDL No. 1180 (Letter from Alfred V. Covello, Chief Judge, U.S. District Court, D. Conn., to Michael J. Beck, Clerk of the Panel, Judicial Panel on Multidistrict Litigation, suggesting that four remanded cases be transferred back to the court and consolidated for trial (Jan. 4, 2002) (on file with the Judicial Panel on Multidistrict Litigation)).

672. *See In re* Roberts, 178 F.3d 181 (3d Cir. 1999).

673. J.P.M.L. R.P. 7.6(c). Great deference is given to the views of the transferee judge. *See, e.g.*, In re IBM Peripheral EDP Devices Antitrust Litig., 407 F. Supp. 254, 256 (J.P.M.L. 1976). Efforts by parties to use the Panel as a substitute for appellate review, by seeking premature remand, have been uniformly rejected.

## 22.35 Authority of a Judge Pending Decision by the MDL Panel

In many cases, a court with one or more cases that are part of a mass tort may anticipate transfer by the MDL Panel. That court may, however, have motions to remand, motions to dismiss, or motions relating to discovery filed before the MDL Panel rules. A court in that position has the authority to grant or deny a motion or to stay the cases before it, pending the Panel's decision on transfer. If the case is transferred, the transferee court then decides unresolved motions after transfer.[1129]

A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.[1130] The reasons for a stay diminish, however, if the pending motions raise issues relating to the law of a single state that are unlikely to arise in other related cases, if MDL transfer appears unlikely, or if the absence of federal jurisdiction is clear.[1131] Judicial economy may then be served by resolving specific issues and declining to stay the proceedings.[1132] Similarly, if the case is far along in discovery or motions practice, and there is an urgent need to have that case resolved, the court may decide not to stay the proceedings.[1133] For example, if the case involves a critically ill plaintiff who cannot wait an ex-

---

1129. The rules of the Judicial Panel on Multidistrict Litigation expressly provide that the pendency of a proceeding before the Panel to transfer a case "does not affect or suspend orders or pretrial proceedings in the district court in which the action is pending." J.P.M.L. R. P. 1.5 (West 2003); *see also In re* Asbestos Prods. Liab. Litig., 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (citing Rule 1.5 and noting that proceedings for transferring tag-along actions experience "a lag time of at least three or four months from the filing of an action . . . and the issuance of the Panel's subsequent order").

1130. Moore v. Wyeth-Ayerst Labs., 236 F. Supp. 2d 509, 510–11 (D. Md. 2002) (observing that the MDL transferee judge had faced multiple motions to remand cases removed from state courts).

1131. *See, e.g.,* Caldwell v. Am. Home Prods. Corp., 210 F. Supp. 2d 809, 811 (S.D. Miss. 2002) (stating "the law in this circuit is clear that the *All Writs Act* does not provide an independent basis for federal jurisdiction").

1132. McGrew v. Schering-Plough Corp., No. CIV.A.01-2311, 2001 WL 950790, at *3 (D. Kan. Aug. 6, 2001) ("For purposes of judicial economy, the jurisdictional issue should be resolved immediately," before action by the MDL panel.).

1133. *See, e.g.,* Carden v. Bridgestone/Firestone, Inc., No. CIV.00-3017, 2000 WL 33520302, at *4 (S.D. Fla. Oct. 18, 2000) (denying stay and remanding case seeking injunctive relief to state court); *see also* Naquin v. Nokia Mobile Phones, Inc., No. CIV.A.00-2023, 2001 WL 1242253, at *1 (E.D. La. June 20, 2001) (denying motions to stay because "the prior substantial rulings in this case and continuing efforts by counsel may in fact aid the multidistrict litigation").

tended period for trial, the court may decide to proceed rather than wait for MDL action.

## 22.36  The Tasks of an MDL Transferee Judge

Aside from deciding any threshold motion to remand, the initial tasks of the MDL transferee judge include coordinating or consolidating the cases previously pending in a number of different districts; identifying differences in applicable law; and seeking information from the parties as to the status of the cases in order to determine how to proceed with pretrial discovery and motions. See sections 22.2 and 22.61. As to remand motions, the Panel's policy is not to delay a transfer decision because a remand motion is pending. The transferor court may rule on such a motion—or any other motion—while the Panel considers transfer. If the transferor courts have not decided remand motions before the MDL Panel order is issued, the transferee court should try to resolve the remand motions promptly because they invariably affect federal subject-matter jurisdiction, and the failure to rule on them until a case is returned to the transferor court may result in unnecessary and prejudicial delay.

An MDL transferee judge has authority to dispose of cases on the merits—for example, by ruling on motions for summary judgment[1134] or trying test cases that had been originally filed in the transferee district or refiled in or transferred to that district. If summary judgment motions are pending, the transferee judge must consider whether to decide the motions or to transfer the cases back to the transferor districts. If the summary judgment motion pertains to one or few cases, or rests on application of the transferor court's conflicts-of-law and substantive law rules, the transferor judge may be able to decide the motions most efficiently.[1135] If the summary judgment motions involve issues common to all the cases centralized before the MDL court, however, the transferee judge may be in the best position to rule.[1136]

---

1134.  *See, e.g., In re* Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 113 F.3d 1484, 1488 (8th Cir. 1997) (affirming grant of summary judgment for defendant Dow Chemical in relation to liability for the use of silicone gel in TMJ implants).

1135.  *See In re* Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1014, 1997 WL 109595, at *2 (E.D. Pa. Mar. 7, 1997) (ruling on motions for partial summary judgment would not advance the litigation and would serve no useful purpose (citing Manual for Complex Litigation, Third, § 21.34 (1995))); *see also* Francis E. McGovern, *Judicial Centralization and Devolution in Mass Torts*, 95 Mich. L. Rev. 2077 (1997) (citing *In re* Silicone Gel Breast Implants Prods. Liab. Litig., 887 F. Supp. 1455 (N.D. Ala. 1995)) [hereinafter McGovern, *Judicial Centralization*].

1136.  *See, e.g., In re* Norplant Contraceptive Prods. Liab. Litig., 215 F. Supp. 2d 795, 810, 835 (E.D. Tex. 2002) (granting summary judgment terminating "nearly all remaining non-settling