CATHERINE MORRIS KROW (STATE BAR NO. 208412)
NIKKA N. RAPKIN (STATE BAR NO. 244207)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759
ckrow@orrick.com

Attorneys for Defendant
UNION CARBIDE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>            Plaintiffs,<br><br>    v.<br><br>ASBESTOS DEFENDANTS (B*P), *et al.*,<br><br>            Defendants. | CASE NO.  C 07-4240 SBA<br><br>**DEFENDANT UNION CARBIDE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:          October 16, 2007<br>Time:          1:00 p.m.<br>Courtroom: 3, 3rd Floor, Oakland<br>Judge:         Hon. Saundra B. Armstrong |

OHS West:260309147.1

Defendant Union Carbide Corporation ("Union Carbide") hereby files this memorandum of points and authorities in opposition to Plaintiffs' motion to remand.

## I. INTRODUCTION/STATEMENT OF ISSUES TO BE DECIDED

Plaintiffs' motion to remand is based on a single contention: Defendant Honeywell International, Inc.'s ("Honeywell") lack of consent to removal of the action from state court. Honeywell has now consented to removal within the thirty day timeframe 28 U.S.C. § 1446(b) allows for such consent. In light of this consent, Plaintiffs have conceded that "there is no legal basis for remand to the state trial court." (Plainitffs' Opposition to Mot. to Stay; Planitiffs' Mot. to Withdraw Mot. to Remand and to Expedite Trial Setting 1:24-25.) Accordingly, Plaintiffs' motion to remand is moot.

Plaintiffs commenced the present action on or about December 29, 2006, in the Superior Court of the State of California, County of San Francisco. The suit became removable on August 7, 2007, when California defendant Thorpe Insulation Company ("Thorpe") was dismissed and Union Carbide was served with Plaintiffs' Dismissal Without Prejudice of Complaint as to Defendant Thorpe. Union Carbide filed a Notice of Removal on August 17, 2007, which was joined by Defendant Montello, Inc. ("Montello"). Although it has since timely consented to removal, Defendant Honeywell—the third and final defendant remaining in the action at the time of removal—declined to join the removal notice at the time of the initial filing. In its Notice of Removal, Union Carbide acknowledged Honeywell's lack of consent and took the position that Honeywell was a nominal and fraudulently joined defendant whose consent was unnecessary.

On August 21, 2007—before Honeywell filed its Notice of Consent to Removal—Plaintiffs moved to remand this case to state court. That motion was entirely on the basis of Honeywell's lack of consent. Union Carbide subsequently filed a motion to stay the suit, pending the action's transfer to the Judicial Panel on Multidistrict Litigation.

Honeywell consented to removal of this litigation on August 30, 2007, well within the thirty-day time period authorized by 28 U.S.C. § 1446(b), by filing a Notice of Consent with this Honorable Court. Union Carbide moved to amend its Notice of Removal to reflect the

1  defendants' unanimous consent to removal on September 5, 2007, also within the thirty-day
2  period.
3        Because all defendants have timely consented to removal, Plaintiffs' argument that
4  removal lacked unanimity—the sole ground for their motion to remand—is now moot.
5  Accordingly, Union Carbide respectfully requests that the Court deny Plaintiffs' motion to
6  remand.

7  **II.   ARGUMENT**

8        Although there are exceptions, typically all defendants must consent to removal of
9  an action from state court within thirty days after the action becomes removable.  28 U.S.C. §
10 1446(b); *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562 (C.D. Cal. 1988)
11 ("In accordance with 28 U.S.C. § 1446(b), that consent must be manifested within the thirty day
12 period."). This thirty day window commences "after receipt by the defendant, through service or
13 otherwise, of a copy of an amended pleading, motion or other paper from which it may first be
14 ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).
15       This action became removable on August 7, 2007, when Union Carbide was
16 served with Plaintiffs' Dismissal Without Prejudice of Complaint as to California Defendant
17 Thorpe, a citizen of the forum whose presence in the litigation prevented removal pursuant to 28
18 U.S.C. § 1441(b).  Union Carbide removed the action on August 17, and, by August 30, each of
19 the other two remaining defendants consented to removal.  All defendants, including Honeywell,
20 have thus consented to removal well within the thirty-day time period afforded by 28 U.S.C. §
21 1446(b).  Because Plaintiffs' sole basis for remand is the lack of such unanimity, Plaintiffs'
22 motion to remand should be denied as moot.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

**III.   CONCLUSION**

      For the reasons set forth above, Union Carbide respectfully requests that the Court deny Plaintiffs' motion to remand.

Dated: September 25, 2007

Respectfully submitted,

CATHERINE MORRIS KROW
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Catherine Morris Krow*
Catherine Morris Krow
Attorneys for Defendant
UNION CARBIDE CORPORATION