CATHERINE MORRIS KROW (STATE BAR NO. 208412)
NATASHA R. CUPP (STATE BAR NO. 240939)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759
ckrow@orrick.com
ncupp@orrick.com

Attorneys for Defendant
UNION CARBIDE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>        Plaintiffs,<br><br>   v.<br><br>ASBESTOS DEFENDANTS (B*P), *et al.*,<br><br>        Defendants. | CASE NO. C 07-4240 SBA<br><br>**DECLARATION OF CATHERINE MORRIS KROW IN SUPPORT OF DEFENDANT UNION CARBIDE CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR STAY**<br><br>Date:        October 16, 2007<br>Time:       1:00 p.m.<br>Courtroom: 3, 3rd Floor, Oakland<br>Judge:       Hon. Saundra B. Armstrong |

I, Catherine Morris Krow, declare:

1. I am an attorney at Orrick, Herrington & Sutcliffe LLP, counsel for Union Carbide Corporation ("Union Carbide") in this action. Except where stated on information and belief, I have personal knowledge of the facts set forth in this declaration, and I could and would testify competently to them if called as a witness.

2. Plaintiffs' witness list in the state court proceedings listed eleven experts, five of which had provided reports. Attached hereto as Exhibit A is a true and correct copy of all of the expert reports provided by Plaintiffs. One of Plaintiffs' experts who provided a report, Dr. Donald Breyer, has not been deposed because he was not offered for deposition within the deadline established by the asbestos general orders. The majority of the parties' experts did not issue reports in the state court proceeding. Moreover, to the extent any experts did issue reports, these reports did not conform to Federal Rule of Civil Procedure 26(a)(2)(B).

3. Expert depositions were taken in the state court action. These depositions were not complete by the time the case was assigned to a trial court on August 6, 2007. For example, Dr. Samuel P. Hammar, Plaintiffs' pathologist, was not deposed until August 9, 2007.

4. On August 7, 2007, Union Carbide filed motions *in limine* challenging the admissibility of certain expert testimony under California standards. Union Carbide's ability to file motions *in limine* on the admissibility of expert testimony was limited by the state of expert discovery at the time the motions *in limine* were due. The state court did not rule on any motions *in limine* relating to the admissibility of experts before the case was removed on August 17, 2007.

5. Attached hereto as Exhibit B are true and correct copies of asbestos General Order Nos. 140 and 156. Pursuant to General Order No. 140, section 15.A., motions for summary judgment must be heard 15 days before trial, whereas General Order No. 156, 5.B., provides that expert depositions may be conducted up until the swearing in of the jury.

6. Attached hereto as Exhibit C is a true and correct copy of an excerpt from the Discovery Deposition of Robert Lyman, Volume VI, dated April 26, 2007.

7. Attached hereto as Exhibit D is a true and correct copy of an excerpt from the Discovery Deposition of Robert Lyman, Volume V, dated April 25, 2007.

8. Attached hereto as Exhibit E is a true and correct copy of Defendant Montello, Inc.'s Special Interrogatories to Plaintiff, Set One, served April 30, 2007.

9. Attached hereto as Exhibit F is a true and correct copy of Plaintiff's Response to Defendant Montello, Inc.,'s Special Interrogatories to Plaintiff, Set One, verified by Plaintiffs on June 9, 2007, and served June 12, 2007.

10. Attached hereto as Exhibit G is a true and correct copy of Union Carbide's Notice of Motion for Summary Judgment, Union Carbide's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, and Union Carbide's Separate Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, filed July 5, 2007.

11. Attached hereto as Exhibit H is a true and correct copy of the Declaration of Robert F. Lyman in Support of Plaintiff's Opposition to Defendant Union Carbide Corporation's Motion for Summary Judgment.

12. Attached hereto as Exhibit I is a true and correct copy of the Reporter's Transcript of Proceedings before the Honorable Patrick J. Mahoney in *Robert Lyman and Samantha Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court Case No. CGC-06-459162, on July 27, 2007.

13. Attached hereto as Exhibit J is a true and correct copy of Defendant Union Carbide Corporation's Reply Brief in Support of its Motion for Summary Judgment, filed July 26, 2007.

14. Attached hereto as Exhibit K is a true and correct copy of Union Carbide Corporation's Memorandum of Points and Authorities in Support of its Petition for Writ of Mandate, filed before the Court of Appeal of California, First Appellate Division, on August 3, 2007.

15. Attached hereto as Exhibit L is a true and correct copy of the Order issued August 3, 2007, by the Court of Appeal of the State of California, First Appellate District, denying Union Carbide's petition for writ of mandate.

16. Attached hereto as Exhibit M is a true and correct copy of the June 27,

1  2007 settlement conference chart provided by counsel for Plaintiffs. This chart indicates that at
2  least 17 defendants remained in the case.

3      17.    Attached hereto as Exhibit N is a true and correct copy of an excerpt from
4  Trial Volume VI, in *Lyman v. Asbestos Defendants (B\*P), et al.*, San Francisco Superior Court
5  Case No. CGC-06-459162. This transcript indicates that there were at least 10 remaining
6  defendants during the July 18, 2007 settlement conference.

7      18.    Neither Plaintiffs nor their trial counsel attended the pretrial settlement
8  conferences that took place on June 27 and July 18, 2007. I am informed and believe that no
9  serious settlement discussions took place during the June 27 and July 18, 2007 pretrial settlement
10 conferences.

11     19.    The state court ordered the parties to attend two additional settlement
12 conferences after the case was assigned out for trial. These conferences were no more fruitful
13 that the first two settlement conferences.

14     20.    I am informed and believe that Plaintiffs have not notified the MDL Panel
15 of any exigent circumstances in the case. I am also informed and believe that Plaintiffs have not
16 requested that the MDL Panel expedite the briefing or hearing regarding the conditional transfer
17 order. I have received no communications from Plaintiff indicating that they would like to
18 shorten the briefing schedule, waive the hearing, or otherwise expedite the proceedings before the
19 MDL Panel.

20     21.    Attached hereto as Exhibit O is a true and correct copy of Administrative
21 Order No. 12, *In re Asbestos Products Liability Litig.*, MDL-875 (E.D. Pa. May 3, 2007).

22     22.    Attached hereto as Exhibit P is a true and correct copy of Administrative
23 Order No. 3, *In re Asbestos Products Liability Litig.*, MDL-875 (E.D. Pa. Sept. 8, 1992).

24     23.    Attached hereto as Exhibit Q is a true and correct copy of sections 20.132
25 and 22.35 of the Federal Judicial Center's *Manual for Complex Litigation – Fourth* (2004).

26     24.    This case did not become removable until late in the state court
27 proceedings because it did not become known that all of the peripheral forum and non-diverse
28 defendants had been dismissed until the start of the state court trial, and the last of those

dismissals was not filed until August 7, 2007. Once Plaintiffs' counsel announced at trial the names of the defendants he believed were still in the case, Union Carbide then had to confirm that diversity jurisdiction in fact existed, ascertain the position of the remaining defendants regarding consent to removal, and prepare a detailed notice of removal that addressed the absence of Honeywell's consent and the reasons such consent was not required. Thus, removal was effected as expeditiously as practicable under the circumstances.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on October 2, 2007, in San Francisco, California.

_____
Catherine Morris Krow