# EXHIBIT F

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    DAVID R. DONADIO, ESQ., S.B. #154436
2   SARAH KRAEMER ISAACS ESQ., S.B. #227286
    BRAYTON✦PURCELL LLP
3   Attorneys at Law
    222 Rush Landing Road
4   P.O. Box 6169
    Novato, California 94948-6169
5   (415) 898-1555

6   Attorneys for Plaintiffs

7

8               SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SAN FRANCISCO

10

11  ROBERT F. LYMAN and            )   ASBESTOS
    SAMANTHA LYMAN,                )   No. 459162
12                                 )
              Plaintiffs,          )   PLAINTIFF'S RESPONSE TO
13                                 )   DEFENDANT MONTELLO, INC.'S
    vs.                            )   SPECIAL INTERROGATORIES TO
14                                 )   PLAINTIFF, SET ONE
    ASBESTOS DEFENDANTS (B✦P)      )
15

16  PROPOUNDING PARTY:   Defendant MONTELLO, INC.

17  RESPONDING PARTY:    Plaintiff ROBERT F. LYMAN

18  SET NUMBER:          ONE

19                      GENERAL OBJECTION

20      Plaintiff generally objects to these Specially Prepared Interrogatories as unduly
    burdensome, oppressive and harassing in nature due to the redundancy and volume totaling 55
21  interrogatories. Subject to and without waiving said objections, plaintiff responds as follows:

22  RESPONSE TO INTERROGATORY NO. 1: Plaintiff objects to this Interrogatory on the
    grounds, and to the extent, that it seeks the premature disclosure of expert witnesses and opinions
23  in violation of C.C.P. § 2034. Plaintiff objects to this Interrogatory to the extent it calls for a
    legal conclusion. Plaintiff objects to this Interrogatory on the grounds that it seeks information
24  which is protected from disclosure by the attorney work-product doctrine in violation of C.C.P.
    § 2018 and by the attorney-client privilege. Plaintiff objects to this Interrogatory to the extent it
25  seeks information equally or more available to the defendant, or already in the possession of
    defendant. Subject to the foregoing objections, and without waiver thereof, plaintiff responds as
26  follows: Yes.

27  RESPONSE TO INTERROGATORY NO. 2: Plaintiff objects to this Interrogatory on the
    grounds that it is vague, ambiguous and overbroad. Plaintiff further objects to this Interrogatory
28  to the extent it calls for information protected from disclosure by the attorney-client privilege

K:\Injured\107035\rog-rip-montello.wpd                1                                        skl

1  and/or the attorney work-product doctrine.  Plaintiff further objects to this interrogatory to the
   extent it calls for expert witness information and writings, if any.  Subject to and without waiving
2  said objection, plaintiff responds as follows:  Plaintiff was exposed to asbestos for which
   MONTELLO, INC. is legally responsible, by way of asbestos drilling mud additive.  Pursuant to
3  C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the
   information by inquiry to other natural persons or organizations, believes that he has no further
4  relevant and/or responsive information to disclose at this time other than what has been stated
   herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior
5  discovery responses, documents and pleadings already served on defendants in the instant action.
   Plaintiff reserves the right to supplement this Response, as investigation and discovery are
6  continuing.

7  RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects to this Interrogatory on the
   grounds that it is vague, ambiguous and overbroad.  Plaintiff further objects to this Interrogatory
8  on the grounds that it seeks information protected from disclosure by the attorney-client privilege
   and work-product doctrine.  Plaintiff objects to this Interrogatory on the grounds that it calls for
9  legal conclusions.  Plaintiff further objects to this Interrogatory on the grounds that it calls for
   expert opinions and therefore prematurely seeks disclosure of information which is properly the
10 subject of expert witness testimony and/or reports in violation of C.C.P. § 2034.  Plaintiff further
   objects on the grounds, and to the extent that this interrogatory seeks information equally
11 available to, and already provided to, defendant in Standard Asbestos Case Interrogatories and
   other employment documents served on Designated Defense Counsel pursuant to General Order
12 No. 41 and is therefore harassing, burdensome, oppressive and not reasonably calculated to lead
   to the discovery of admissible evidence.  Subject to and without waiving said objections, as
13 plaintiff understands the question, plaintiff responds as follows:
         Plaintiff ROBERT LYMAN was exposed to asbestos-containing products that were
14 manufactured, supplied, distributed and/or sold by MONTELLO, INC.  Plaintiff was exposed by
   working in close proximity to trades handling and disturbing defendant's asbestos-containing
15 products and breathing the air and dust that had been generated by the handling and disturbance
   of these products as they mixed said products.  Defendant knew that asbestos-containing
16 products such as those supplied to plaintiff's employers or contractors at plaintiff's jobsites,
   would be handled, disturbed and manipulated by workers, resulting in the release of airborne
17 asbestos fibers, and that through such foreseeable use and/or handling, plaintiff would be
   exposed to such asbestos fibers.  As a manufacturer, supplier and/or distributor of asbestos-
18 containing products, defendant breached various duties for which it was obliged, including it's
   duty to warn consumers and those who would be exposed, of dangers inherent in said products.
19 As a proximate result of defendant's breaches of its duties, plaintiff sustained injury.
         Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
20 to obtain the information by inquiry to other natural persons or organizations, believes that he has
   no further relevant and/or responsive information to disclose at this time other than what has
21 been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
   depositions, prior discovery responses, documents and pleadings already served on defendants in
22 the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
   discovery are continuing.

23

24 RESPONSE TO INTERROGATORY NO. 4:  Plaintiff objects to this Request on the grounds
   that it prematurely seeks information which is properly the subject of expert witness testimony
25 and/or reports in violation of C.C.P. § 2034.  Plaintiff further objects to this Request on the
   ground that it seeks documents protected from disclosure by the attorney work-product doctrine.
26 Plaintiff further objects to this Request on the grounds that it seeks documents equally or more
   available to defendants and that it seeks documents which are in the possession of defendants.
27 Without waiving the foregoing objections, plaintiff responds as follows:  Plaintiff currently
   identifies the following documents:  The transcripts of plaintiff's deposition, and exhibits
28 ///

K:\Injured\10705\rog-rsp-montello.wpd

2

ski

1   attached thereto, taken in the instant action; and plaintiff's responses to Standard Asbestos Case
2   Interrogatories, and all exhibits attached thereto. Plaintiff also identifies his Social Security
    records and medical records and billings, previously provided to coordinating defense counsel,
    Berry & Berry and equally available to defendants.

3       Further, plaintiff identifies the following documents which evidence the sales of
4   "Calidria" asbestos to various manufacturing companies, the state of Union Carbides' knowledge
    regarding the hazards of asbestos and the use of asbestos in the manufacturing of Bakelite
    phenolic resin: The deposition transcripts of Union Carbides' person most knowledgeable, John
5   Myers, taken on September 4, 1986, reported by Worldwide Court Reporters, 800-745-1101;
    taken on July 23, 1999, reported by Aiken & Welch., One Kaiser Plaza, Suite 505, Oakland,
6   California 94612 (510) 451-1580; taken on May 22, 2002, reported by Worldwide Court
    Reporters, 800-745-1101; taken on February 6, 2003, reported by Hansell & Olivieri, 831-423-
7   5911; taken on June 10 and 11, 2003, reported by Hansell & Olivieri, 831-423-5911. The trial
    testimony of John Myers taken November 12, 2002 in Douglas Anderson v. Adsa Turner, et al.,
8   Los Angeles Superior Court, BC 257187. Plaintiff further identifies the documents produced
    from Union Carbide's New York repository during various document productions attended by
9   Brayton◆Purcell LLP and other law firms. Plaintiff also identifies the documents produced
    under the In Re: Complex Asbestos Litigation notice dated September 21, 2001. Defendant is in
10  possession of all identified deposition transcripts of John Myers and all documents copied from
    the New York repository.

11      Plaintiff also identifies the deposition transcripts and all exhibits attached thereto of the
    following PMK for defendant UNION CARBIDE: Carlo Martino taken on May 4, 2001, and all
12  subsequent days, in Richard Yeager and Shirley Yeager v. Union Carbide Corporation, San
    Francisco Superior Court Case No. 312960, reported by Cal North Reporting Service; Robert E.
13  Peele taken on September 10, 1981, and all subsequent days; and John Myers taken on January
    25, 1995, and all subsequent days, July 23, 1999, and all subsequent days, in Lois Harris v. Plant
14  Insulation Co., Alameda County Superior Court Case No. 791615-3, and on September 4, 1986,
    and all subsequent days, in Bobby R. Samford v. Johns-Manville Sales Corp., in United States
15  District Court for the Southern District of Texas, Galveston Division, Civil Action No. G-82-
    325, reported by Worldwide Court Reporters, Houston, Texas.

16      Plaintiff further identifies UNION CARBIDE CHEMICALS AND PLASTICS
    COMPANY, Inc.'s Response to General Order #129 Interrogatories in In Re: Complex Asbestos
17  Litigation, San Francisco County Superior Court No. 828684, dated November 21, 1997; and
    defendant's Response to General Order #129 Interrogatories.

18      Plaintiff also identifies numerous articles and studies relating to the health hazards
19  associated with exposure to asbestos which have appeared in medical and scientific literature
    since the turn of the twentieth century and have also been summarized in various publications.
20  Plaintiff identifies two texts that contain summaries and/or bibliographies of asbestos-related
    disease. They are: Asbestos: Medical and Legal Aspects, Barry J. Castleman, Prentice-Hall Law
21  & Business, 1990; and Sourcebook on Asbestos Disease: Medical, Legal & Engineering
    Aspects, George A. Peters and Barbara J. Peters, Garland STPM Press, Vol. 1, 1980, Vol. 2,
22  1986. Plaintiff is in possession of these texts and will make them available for defendants'
    review. Due to copyright laws, plaintiff cannot provide copies of these texts to defendants.
23  Plaintiff also identifies General Industry Safety Orders promulgated pursuant to California Labor
    Code § 6400, et seq. and California Administrative Code under the California Department of
24  Industrial Relations, Division of Industrial Safety, including, but not limited to, Title VIII, Group
    9 (Control of Hazardous Substances) Article 81, Section 4150, 4104-4108, and Threshold Limit
25  Values as documented for asbestos and other toxic substances under Appendix A, Table I of said
    Safety Orders. Plaintiff also identifies NESHAP Asbestos Regulations (National Emission
26  Standards for Hazardous Air Pollutants) which are found at Code of Federal Regulations, Title
    40, Chapter 1, Subchapter C, Part 61, Subpart M, published under the Federal Clean Air Act of
27  1970, 42 U.S.C.A. Section 7412(b)(1)(A) and 42 U.S.C.A. Section 7412(b)(1)(B). Plaintiff also
    identifies OSHA standards relating to asbestos, found at Code of Federal Regulations, Title 29,
28  Chapter 17, Section 1910, et seq.; and Title 8, Section 5208 of the California OSHA regulations
    pertaining to asbestos exposure. After a reasonable and good-faith inquiry, plaintiff has no

1    further documentation responsive to this Request. Plaintiff's investigation and discovery are
2    continuing, and as such, plaintiff expressly reserves the right to amend this Response pending the
outcome of plaintiff's investigation.
3        Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
to obtain the information by inquiry to other natural persons or organizations, believes that he has
4    no further relevant and/or responsive information to disclose at this time other than what has
been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
5    depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
6    discovery are continuing.

7    RESPONSE TO INTERROGATORY NO. 5:  Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
8    Plaintiff further objects to this Interrogatory to the extent it calls for information protected from
disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff
9    further objects to this Interrogatory to the extent it calls for expert witness information and
writings, if any. Without waiving said objections, plaintiff responds as follows: Plaintiff
10   identifies himself. Plaintiff further identifies present and former employees, agents and officers
of MONTELLO, INC., Cudd Pressure Control, Inc. and Baker Hughes Oilfield Operations, Inc.
11   whose identities are currently unknown to plaintiff. Plaintiff further identifies Bob Priggy, co-
worker at Baker Hughes Oilfield Operations, Inc., address currently unknown to plaintiff.
12       Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
to obtain the information by inquiry to other natural persons or organizations, believes that he has
13   no further relevant and/or responsive information to disclose at this time other than what has
been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
14   depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
15   discovery are continuing.

16   RESPONSE TO INTERROGATORY NO. 6:  Plaintiff objects to this Interrogatory on the
grounds that it is compound, vague, overbroad. Plaintiff further objects on the grounds, and to
17   the extent that this interrogatory seeks information equally available to, and already provided to,
defendant in Standard Asbestos Case Interrogatories and other employment documents served on
18   Designated Defense Counsel pursuant to General Order No. 41 and is therefore harassing,
burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible
19   evidence. Plaintiff objects to this Interrogatory on the to the extent that it seeks information
protected from disclosure by the attorney-client privilege and work-product doctrine, and seeks
20   premature disclosure of the writing or opinions of plaintiff's experts, in violation of C.C.P.
§ 2034. Without waiving said objections, plaintiff identifies the following locations, including
21   but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Cudd Pressure Control, Inc., 8032 Main Street Houma, LA | Cudd Pressure Control, Inc.: locations throughout Southern California | Oil Field Worker | 1981-1982 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc., various oil fields throughout Southern California | Oil Field Worker | 1982-1986 |
| /// | | | |
| /// | | | |

1    Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
to obtain the information by inquiry to other natural persons or organizations, believes that he has
2    no further relevant and/or responsive information to disclose at this time other than what has
been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
3    depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
4    discovery are continuing.

5    RESPONSE TO INTERROGATORY NO. 7:  Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
6    Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
7    Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
8    reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
9    client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
Interrogatory to the extent it calls for expert witness information and writings, if any.  Without
10   waiving said objections, plaintiff responds as follows:  Plaintiff was in the immediate proximity
of workers in the aforementioned oil field who mixing said MONTELLO, INC. asbestos product
11   into drilling mud and applying said mud. Plaintiff breathed in respirable asbestos fibers from
said products. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
12   effort to obtain the information by inquiry to other natural persons or organizations, believes that
he has no further relevant and/or responsive information to disclose at this time other than what
13   has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
depositions, prior discovery responses, documents and pleadings already served on defendants in
14   the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
discovery are continuing.

15

16   RESPONSE TO INTERROGATORY NO. 8:  Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
17   Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
18   Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
19   reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
20   client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
Interrogatory to the extent it calls for expert witness information and writings, if any.  Plaintiff
21   was in the immediate proximity of the others working with said MONTELLO, INC. asbestos
product on numerous occasions. Pursuant to C.C.P. § 2030.220, plaintiff, after making a
22   reasonable and good-faith effort to obtain the information by inquiry to other natural persons or
organizations, believes that he has no further relevant and/or responsive information to disclose
23   at this time other than what has been stated herein Interrogatory Responses Nos. 1-55 inclusive,
and in the course of his depositions, prior discovery responses, documents and pleadings already
24   served on defendants in the instant action. Plaintiff reserves the right to supplement this
Response, as investigation and discovery are continuing.

25   RESPONSE TO INTERROGATORY NO. 9:  Plaintiff objects to this Interrogatory on the
grounds, and to the extent, that it seeks the premature disclosure of expert witness and opinions
26   in violation of C.C.P. § 2034. Plaintiff objects to this Interrogatory to the extent it calls for a
legal conclusion. Plaintiff objects to this Interrogatory on the grounds that it seeks information
27   which is protected from disclosure by the attorney work-product doctrine in violation of C.C.P.

28   ///

K:\Majum\5\107033\cug_rsp-amm4lin.wpd                    5                                                      zkl

1  § 2018 and by the attorney-client privilege. Plaintiff objects to this Interrogatory to the extent it
   seeks information equally or more available to the defendant, or already in the possession of
2  defendant. Subject to the foregoing objections, and without waiver thereof, plaintiff responds as
   follows: Yes.

3  **RESPONSE TO INTERROGATORY NO. 10:** Plaintiff objects to this Interrogatory on the
4  grounds that it is vague, ambiguous and overbroad. Plaintiff further objects to this Interrogatory
   to the extent it calls for information protected from disclosure by the attorney-client privilege
5  and/or the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the
   extent it calls for expert witness information and writings, if any. Subject to and without waiving
6  said objection, plaintiff responds as follows: Plaintiff was exposed to asbestos for which
   MONTELLO, INC. is legally responsible, by way of asbestos drilling mud additive. Pursuant to
7  C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the
   information by inquiry to other natural persons or organizations, believes that he has no further
8  relevant and/or responsive information to disclose at this time other than what has been stated
   herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior
9  discovery responses, documents and pleadings already served on defendants in the instant action.
   Plaintiff reserves the right to supplement this Response, as investigation and discovery are
10 continuing.

11 **RESPONSE TO INTERROGATORY NO. 11:** Plaintiff objects to this Interrogatory on the
   grounds that it is vague, ambiguous and overbroad. Plaintiff further objects to this Interrogatory
12 on the grounds that it seeks information protected from disclosure by the attorney-client privilege
   and work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it calls for
13 legal conclusions. Plaintiff further objects to this Interrogatory on the grounds that it calls for
   expert opinions and therefore prematurely seeks disclosure of information which is properly the
14 subject of expert witness testimony and/or reports in violation of C.C.P. § 2034. Plaintiff further
   objects on the grounds, and to the extent that this Interrogatory seeks information equally
15 available to, and already provided to, defendant in Standard Asbestos Case Interrogatories and
   other employment documents served on Designated Defense Counsel pursuant to General Order
16 No. 41 and is therefore harassing, burdensome, oppressive and not reasonably calculated to lead
   to the discovery of admissible evidence. Subject to and without waiving said objections, as
17 plaintiff understands the question, plaintiff responds as follows:
        Plaintiff ROBERT LYMAN was exposed to asbestos-containing products that were
18 manufactured, supplied, distributed and/or sold by MONTELLO, INC. Plaintiff was exposed by
   working in close proximity to trades handling and disturbing defendant's asbestos-containing
19 products and breathing the air and dust that had been generated by the handling and disturbance
   of these products as they mixed said products. Defendant knew that asbestos-containing
20 products such as those supplied to plaintiff's employers or contractors at plaintiff's jobsites,
   would be handled, disturbed and manipulated by workers, resulting in the release of airborne
21 asbestos fibers, and that through such foreseeable use and/or handling, plaintiff would be
   exposed to such asbestos fibers. As a manufacturer, supplier and/or distributor of asbestos-
22 containing products, defendant breached various duties for which it was obliged, including it's
   duty to warn consumers and those who would be exposed, of dangers inherent in said products.
23 As a proximate result of defendant's breaches of its duties, plaintiff sustained injury.
        Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
24 to obtain the information by inquiry to other natural persons or organizations, believes that he has
   no further relevant and/or responsive information to disclose at this time other than what has
25 been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
   depositions, prior discovery responses, documents and pleadings already served on defendants in
26 the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
   discovery are continuing.

27 ///

28 ///

1  **RESPONSE TO INTERROGATORY NO. 12:** Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
2  Plaintiff further objects to this Interrogatory to the extent it calls for information protected from
disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff
3  further objects to this Interrogatory to the extent it calls for expert witness information and
writings, if any. Without waiving said objections, plaintiff responds as follows: Plaintiff
4  identifies himself. Plaintiff further identifies present and former employees, agents and officers
of MONTELLO, INC., Cudd Pressure Control, Inc. and Baker Hughes Oilfield Operations, Inc.
5  whose identities are currently unknown to plaintiff. Plaintiff further identifies Bob Priggy, co-
worker at Baker Hughes Oilfield Operations, Inc., address currently unknown to plaintiff.
6       Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
to obtain the information by inquiry to other natural persons or organizations, believes that he has
7  no further relevant and/or responsive information to disclose at this time other than what has
been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
8  depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
9  discovery are continuing.

10  **RESPONSE TO INTERROGATORY NO. 13:** Plaintiff objects to this Interrogatory on the
grounds that it is compound, vague, overbroad. Plaintiff further objects on the grounds, and to
11  the extent that this interrogatory seeks information equally available to, and already provided to,
defendant in Standard Asbestos Case Interrogatories and other employment documents served on
12  Designated Defense Counsel pursuant to General Order No. 41 and is therefore harassing,
burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible
13  evidence. Plaintiff objects to this Interrogatory on the to the extent that it seeks information
protected from disclosure by the attorney-client privilege and work-product doctrine, and seeks
14.  premature disclosure of the writing or opinions of plaintiff's experts, in violation of C.C.P.
§ 2034. Without waiving said objections, plaintiff identifies the following locations, including
15  but not limited to:

16  | Employer | Location of Exposure | Job Title | Exposure Dates |
17  |---|---|---|---|
18  | Cudd Pressure Control, Inc., 8032 Main Street, Houma, LA | Cudd Pressure Control, Inc.: locations throughout Southern California | Oil Field Worker | 1981-1982 |
19  | | | | |
20  | Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc., various oil fields throughout Southern California | Oil Field Worker | 1982-1986 |
21  | | | | |

22       Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
to obtain the information by inquiry to other natural persons or organizations, believes that he has
23  no further relevant and/or responsive information to disclose at this time other than what has
been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
24  depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
25  discovery are continuing.

26  **RESPONSE TO INTERROGATORY NO. 14:** Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
27  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
28  Interrogatories and other employment documents served on Designated Defense Counsel

K:\Injured\107053\rog-rrp-montello.wpd          7          ski

1   pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
2  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
  this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
3  client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
  Interrogatory to the extent it calls for expert witness information and writings, if any. Without
4  waiving said objections, plaintiff responds as follows: Plaintiff was in the immediate proximity
  of workers in the aforementioned oil field who mixing said MONTELLO, INC. asbestos product
5  into drilling mud and applying said mud. Plaintiff breathed in respirable asbestos fibers from
  said products. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
6  effort to obtain the information by inquiry to other natural persons or organizations, believes that
  he has no further relevant and/or responsive information to disclose at this time other than what
7  has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
  depositions, prior discovery responses, documents and pleadings already served on defendants in
8  the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
  discovery are continuing.

9   RESPONSE TO INTERROGATORY NO. 15:  Plaintiff objects to this Interrogatory on the
  grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
10 Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
  equally available to, and already provided to, defendant in Standard Asbestos Case
11 Interrogatories and other employment documents served on Designated Defense Counsel
  pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
12 reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
  this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
13 client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
  Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
14 was in the immediate proximity of the others working with said MONTELLO, INC. asbestos
  product on numerous occasions. Pursuant to C.C.P. § 2030.220, plaintiff, after making a
15 reasonable and good-faith effort to obtain the information by inquiry to other natural persons or
  organizations, believes that he has no further relevant and/or responsive information to disclose
16 at this time other than what has been stated herein Interrogatory Responses No. 1-55 inclusive,
  and in the course of his depositions, prior discovery responses, documents and pleadings already
17 served on defendants in the instant action. Plaintiff reserves the right to supplement this
  Response, as investigation and discovery are continuing.

18

19  RESPONSE TO INTERROGATORY NO. 16:  Plaintiff objects to this Interrogatory on the
  grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
20 Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
  equally available to, and already provided to, defendant in Standard Asbestos Case
21 Interrogatories and other employment documents served on Designated Defense Counsel
  pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
22 reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
  this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
23 client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
  Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
24 was in the immediate proximity of the others working with said MONTELLO, INC. asbestos
  product on numerous occasions. Plaintiff cannot specifically recall the duration of each of said
25 exposures at this time. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and
  good-faith effort to obtain the information by inquiry to other natural persons or organizations,
26 believes that he has no further relevant and/or responsive information to disclose at this time
  other than what has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the
27 course of his depositions, prior discovery responses, documents and pleadings already served on
  defendants in the instant action. Plaintiff reserves the right to supplement this Response, as
28 investigation and discovery are continuing.
  ///

K:\Halverd\A107053\rog-rsp-montello.wpd                    8                                    ski

1   RESPONSE TO INTERROGATORY NO. 17:  Plaintiff objects to this Interrogatory on the
    grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
2   Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
    equally available to, and already provided to, defendant in Standard Asbestos Case
3   Interrogatories and other employment documents served on Designated Defense Counsel
    pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
4   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to
    this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
5   client privilege and/or the attorney work-product doctrine.  Plaintiff further objects to this
    Interrogatory to the extent it calls for expert witness information and writings, if any.  Plaintiff
6   refers to and incorporates by reference as though fully stated herein, his response to Interrogatory
    13 above.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
7   effort to obtain the information by inquiry to other natural persons or organizations, believes that
    he has no further relevant and/or responsive information to disclose at this time other than what
8   has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
    depositions, prior discovery responses, documents and pleadings served on defendants in
9   the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
    discovery are continuing.
10
    RESPONSE TO INTERROGATORY NO. 18:  Plaintiff objects to this Request on the grounds
11  that it prematurely seeks information which is properly the subject of expert witness testimony
    and/or reports in violation of C.C.P. § 2034.  Plaintiff further objects to this Request on the
12  ground that it seeks documents protected from disclosure by the attorney work-product doctrine.
    Plaintiff further objects to this Request on the grounds that it seeks documents equally or more
13  available to defendants and that it seeks documents which are in the possession of defendants.
    Without waiving the foregoing objections, plaintiff responds as follows:  Plaintiff currently
14  identifies the following documents:  The transcripts of plaintiff's deposition, and exhibits
    attached thereto, taken in the instant action; and plaintiff's responses to Standard Asbestos Case
15  Interrogatories, and all exhibits attached thereto.  Plaintiff also identifies his Social Security
    records and medical records and billings, previously provided to coordinating defense counsel,
16  Berry & Berry and equally available to defendants.
        Further, plaintiff identifies the following documents which evidence the sales of
17  "Calidria" asbestos to various manufacturing companies; the state of Union Carbides' knowledge
    regarding the hazards of asbestos and the use of asbestos in the manufacturing of Bakelite
18  phenolic resin:  The deposition transcripts of Union Carbides' person most knowledgeable, John
    Myers, taken on September 4, 1986, reported by Worldwide Court Reporters, 800-745-1101;
19  taken on July 23, 1999, reported by Aiken & Welch., One Kaiser Plaza, Suite 505, Oakland,
    California 94612 (510) 451-1580; taken on May 22, 2002, reported by Worldwide Court
20  Reporters, 800-745-1101; taken on February 6, 2003, reported by Hartsell & Olivieri, 831-423-
    5911; taken on June 10 and 11, 2003, reported by Hartsell & Olivieri, 831-423-5911.  The trial
21  testimony of John Myers taken November 12, 2002 in Douglas Anderson v Atlas Turner, et al.,
    Los Angeles Superior Court, BC 257187.  Plaintiff further identifies the documents produced
22  from Union Carbide's New York repository during various document productions attended by
    Brayton♥Purcell LLP and other law firms.  Plaintiff also identifies the documents produced
23  under the In Re: Complex Asbestos Litigation notice dated September 21, 2001.  Defendant is in
    possession of all identified deposition transcripts of John Myers and all documents copied from
24  the New York repository.
        Plaintiff also identifies the deposition transcripts and all exhibits attached thereto of the
25  following PMK for defendant UNION CARBIDE:  Carlo Martino taken on May 4, 2001, and all
    subsequent days, in Richard Yeager and Shirley Yeager v. Union Carbide Corporation, San
26  Francisco Superior Court Case No. 312960, reported by Cal North Reporting Service; Robert E.
    Peele taken on September 10, 1981, and all subsequent days; and John Myers taken on January
27  25, 1995, and all subsequent days, July 23, 1999, and all subsequent days, in Lois Harris v. Plant
    Insulation Co., Alameda County Superior Court Case No. 791615-3, and on September 4, 1986,
28  and all subsequent days, in Bobby R. Sanford v. Johns-Manville Sales Corp., in United States

05/01/07 18:13   To:Molly Mrowka          From:Alicia Gonzalez          4158981247          Page 11/28

1  District Court for the Southern District of Texas, Galveston Division, Civil Action No. G-82-
2  325, reported by Worldwide Court Reporters, Houston, Texas.
   Plaintiff further identifies UNION CARBIDE CHEMICALS AND PLASTICS
3  COMPANY, Inc.'s Response to General Order #129 Interrogatories in In Re: Complex Asbestos
   Litigation, San Francisco County Superior Court No. 828684, dated November 21, 1997; and
4  defendant's Responses to General Order #129 Interrogatories.

5  Plaintiff also identifies numerous articles and studies relating to the health hazards
   associated with exposure to asbestos which have appeared in medical and scientific literature
6  since the turn of the twentieth century and have also been summarized in various publications.
   Plaintiff identifies two texts that contain summaries and/or bibliographies of asbestos-related
7  disease. They are: Asbestos: Medical and Legal Aspects, Barry I. Castleman, Prentice-Hall Law
   & Business, 1990; and Sourcebook on Asbestos Disease: Medical, Legal & Engineering
8  Aspects, George A. Peters and Barbara J. Peters, Garland STPM Press, Vol. 1, 1980, Vol. 2,
   1986. Plaintiff is in possession of these texts and will make them available for defendants'
9  review. Due to copyright laws, plaintiff cannot provide copies of these texts to defendants.
   Plaintiff also identifies General Industry Safety Orders promulgated pursuant to California Labor
10 Code § 6400, et seq. and California Administrative Code under the California Department of
   Industrial Relations, Division of Industrial Safety, including, but not limited to, Title VIII, Group
11 9 (Control of Hazardous Substances) Article 81, Section 4150, 4104-4108, and Threshold Limit
   Values as documented for asbestos and other toxic substances under Appendix A, Table I of said
12 Safety Orders. Plaintiff also identifies NESHAP Asbestos Regulations (National Emission
   Standards for Hazardous Air Pollutants) which are found at Code of Federal Regulations, Title
13 40, Chapter 1, Subchapter C, Part 61, Subpart M, published under the Federal Clean Air Act of
   1970, 42 U.S.C.A. Section 7412(b)(1)(A) and 42 U.S.C.A. Section 7412(b)(1)(B). Plaintiff also
14 identifies OSHA standards relating to asbestos, found at Code of Federal Regulations, Title 29,
   Chapter 17, Section 1910, et seq.; and Title 8, Section 5208 of the California OSHA regulations
15 pertaining to asbestos exposure. After a reasonable and good-faith inquiry, plaintiff has no
   further documentation responsive to this Request. Plaintiff's investigation and discovery are
16 continuing, and as such, plaintiff expressly reserves the right to amend this Response pending the
   outcome of plaintiff's investigation.
17 Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
   to obtain the information by inquiry to other natural persons or organizations, believes that he has
18 no further relevant and/or responsive information to disclose at this time other than what has
   been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
19 depositions, prior discovery responses, documents and pleadings already served on defendants in
   the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
20 discovery are continuing.

21 RESPONSE TO INTERROGATORY NO. 19: Plaintiff objects to this Interrogatory on the
   grounds, and to the extent, that it seeks the premature disclosure of expert witnesses and opinions
22 in violation of C.C.P. § 2034. Plaintiff objects to this Interrogatory to the extent it calls for a
   legal conclusion. Plaintiff objects to this Interrogatory on the grounds that it seeks information
23 which is protected from disclosure by the attorney work-product doctrine in violation of C.C.P.
   § 2018 and by the attorney-client privilege. Plaintiff objects to this Interrogatory to the extent it
24 seeks information equally or more available to the defendant, or already in the possession of
   defendant. Subject to the foregoing objections, and without waiver thereof, plaintiff responds as
25 follows: Yes.

26 RESPONSE TO INTERROGATORY NO. 20: Plaintiff objects to this Interrogatory on the
   grounds that it is vague, ambiguous and overbroad. Plaintiff further objects to this Interrogatory
27 to the extent it calls for information protected from disclosure by the attorney-client privilege
   and/or the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the
28 extent it calls for expert witness information and writings, if any. Subject to and without waiving
   said objection, plaintiff responds as follows: Plaintiff was exposed to asbestos for which

1   MONTELLO, INC. is legally responsible, by way of asbestos drilling mud additive. Pursuant to
2   C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the
    information by inquiry to other natural persons or organizations, believes that he has no further
3   relevant and/or responsive information to disclose at this time other than what has been stated
    herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior
4   discovery responses, documents and pleadings already served on defendants in the instant action.
    Plaintiff reserves the right to supplement this Response, as investigation and discovery are
    continuing.

5
6   RESPONSE TO INTERROGATORY NO. 21: Plaintiff objects to this Interrogatory on the
    grounds that it is vague, ambiguous and overbroad. Plaintiff further objects to this Interrogatory
7   on the grounds that it seeks information protected from disclosure by the attorney-client privilege
    and work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it calls for
8   legal conclusions. Plaintiff further objects to this Interrogatory on the grounds that it calls for
    expert opinions and therefore prematurely seeks disclosure of information which is properly the
9   subject of expert witness testimony and/or reports in violation of C.C.P. § 2034. Plaintiff further
    objects on the grounds, and to the extent that this interrogatory seeks information equally
10  available to, and already provided to, defendant in Standard Asbestos Case Interrogatories and
    other employment documents served on Designated Defense Counsel pursuant to General Order
11  No. 41 and is therefore harassing, burdensome, oppressive and not reasonably calculated to lead
    to the discovery of admissible evidence. Subject to and without waiving said objections, as
12  plaintiff understands the question, plaintiff responds as follows:
        Plaintiff ROBERT LYMAN was exposed to asbestos-containing products that were
13  manufactured, supplied, distributed and/or sold by MONTELLO, INC. Plaintiff was exposed by
    working in close proximity to trades handling and disturbing defendant's asbestos-containing
14  products and breathing the air and dust that had been generated by the handling and disturbance
    of these products as they mixed said products. Defendant knew that asbestos-containing
15  products such as those supplied to plaintiff's employers or contractors at plaintiff's jobsites,
    would be handled, disturbed and manipulated by workers, resulting in the release of airborne
16  asbestos fibers, and that through such foreseeable use and/or handling, plaintiff would be
    exposed to such asbestos fibers. As a manufacturer, supplier and/or distributor of asbestos-
17  containing products, defendant breached various duties for which it was obliged, including it's
    duty to warn consumers and those who would be exposed, of dangers inherent in said products.
18  As a proximate result of defendant's breaches of its duties, plaintiff sustained injury.
        Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
19  to obtain the information by inquiry to other natural persons or organizations, believes that he has
    no further relevant and/or responsive information to disclose at this time other than what has
20  been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
    depositions, prior discovery responses, documents and pleadings already served on defendants in
21  the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
    discovery are continuing.

22  RESPONSE TO INTERROGATORY NO. 22: Plaintiff objects to this Interrogatory on the
    grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
23  Plaintiff further objects to this Interrogatory to the extent it calls for information protected from
    disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff
24  further objects to this Interrogatory to the extent it calls for expert witness information and/or
    writings, if any. Without waiving said objections, plaintiff responds as follows: Plaintiff
25  identifies himself. Plaintiff further identifies present and former employees, agents and officers
    of MONTELLO, INC., Cudd Pressure Control, Inc. and Baker Hughes Oilfield Operations, Inc.
26  whose identities are currently unknown to plaintiff. Plaintiff further identifies Bob Priggy, co-
    worker at Baker Hughes Oilfield Operations, Inc., address currently unknown to plaintiff.
27      Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
    to obtain the information by inquiry to other natural persons or organizations, believes that he has
28  no further relevant and/or responsive information to disclose at this time other than what has

X:\Injured\107033\rog-rsp-montello.wpd                    11                                           akl

1  been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
2  depositions, prior discovery responses, documents and pleadings already served on defendants in
   the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
   discovery are continuing.

3
4  **RESPONSE TO INTERROGATORY NO. 23:** Plaintiff objects to this Interrogatory on the
   grounds that it is compound, vague, overbroad. Plaintiff further objects on the grounds, and to
5  the extent that this interrogatory seeks information equally available to, and already provided to,
   defendant in Standard Asbestos Case Interrogatories and other employment documents served on
6  Designated Defense Counsel pursuant to General Order No. 41 and is therefore harassing,
   burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible
7  evidence. Plaintiff objects to this Interrogatory on the to the extent that it seeks information
   protected from disclosure by the attorney-client privilege and work-product doctrine, and seeks
8  premature disclosure of the writing or opinions of plaintiff's experts, in violation of C.C.P.
   § 2034. Without waiving said objections, plaintiff identifies the following locations, including
   but not limited to:
9

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Cudd Pressure Control, Inc., 8032 Main Street Houma, LA | Cudd Pressure Control, Inc.: locations throughout Southern California | Oil Field Worker | 1981-1982 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc., various oil fields throughout Southern California | Oil Field Worker | 1982-1986 |

10
11
12
13
14
15
16      Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
   to obtain the information by inquiry to other natural persons or organizations, believes that he has
17  no further relevant and/or responsive information to disclose at this time other than what has
   been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
18  depositions, prior discovery responses, documents and pleadings already served on defendants in
   the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
   discovery are continuing.
19
20  **RESPONSE TO INTERROGATORY NO. 24:** Plaintiff objects to this Interrogatory on the
   grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
21  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
   equally available to, and already provided to, defendant in Standard Asbestos Case
22  Interrogatories and other employment documents served on Designated Defense Counsel
   pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
23  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
   this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
24  client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
   Interrogatory to the extent it calls for expert witness information and writings, if any. Without
25  waiving said objections, plaintiff responds as follows: Plaintiff was in the immediate proximity
   of workers in the aforementioned oil field who mixing said MONTBELLO, INC. asbestos product
26  into drilling mud and applying said mud. Plaintiff breathed in respirable asbestos fibers from
   said products. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
27  effort to obtain the information by inquiry to other natural persons or organizations, believes that
   he has no further relevant and/or responsive information to disclose at this time other than what

28  ///

1    has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
2    depositions, prior discovery responses, documents and pleadings already served on defendants in
     the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
3    discovery are continuing.

4    **RESPONSE TO INTERROGATORY NO. 25:** Plaintiff objects to this Interrogatory on the
     grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
5    Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
     equally available to, and already provided to, defendant in Standard Asbestos Case
6    Interrogatories and other employment documents served on Designated Defense Counsel
     pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
7    reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
     this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
8    client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
     Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
9    was in the immediate proximity of the others working with said MONTELLO, INC. asbestos
     product on numerous occasions. Pursuant to C.C.P. § 2030.220, plaintiff, after making a
10   reasonable and good-faith effort to obtain the information by inquiry to other natural persons or
     organizations, believes that he has no further relevant and/or responsive information to disclose
11   at this time other than what has been stated herein Interrogatory Responses Nos. 1-55 inclusive,
     and in the course of his depositions, prior discovery responses, documents and pleadings already
12   served on defendants in the instant action. Plaintiff reserves the right to supplement this
     Response, as investigation and discovery are continuing.

13   **RESPONSE TO INTERROGATORY NO. 26:** Plaintiff objects to this Interrogatory on the
     grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
14   Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
     equally available to, and already provided to, defendant in Standard Asbestos Case
15   Interrogatories and other employment documents served on Designated Defense Counsel
     pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
16   reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
     this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
17   client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
     Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
18   was in the immediate proximity of the others working with said MONTELLO, INC. asbestos
     product on numerous occasions. Plaintiff cannot specifically recall the duration of each of said
19   exposures at this time. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and
20   good-faith effort to obtain the information by inquiry to other natural persons or organizations,
     believes that he has no further relevant and/or responsive information to disclose at this time
21   other than what has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the
     course of his depositions, prior discovery responses, documents and pleadings already served on
22   defendants in the instant action. Plaintiff reserves the right to supplement this Response, as
     investigation and discovery are continuing.

23   **RESPONSE TO INTERROGATORY NO. 27:** Plaintiff objects to this Interrogatory on the
     grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
24   Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
     equally available to, and already provided to, defendant in Standard Asbestos Case
25   Interrogatories and other employment documents served on Designated Defense Counsel
     pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
26   reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
     this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
27   client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
     Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
28   refers to and incorporates by reference as though fully stated herein, his response to Interrogatory

K:\Lajuro\007065\rog-rsp-ntostello.wpd                    13                                        ski

13 above.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, believes that he has no further relevant and/or responsive information to disclose at this time other than what has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior discovery responses, documents and pleadings already served on defendants in the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and discovery are continuing.

RESPONSE TO INTERROGATORY NO. 28:  Plaintiff objects to this Request on the grounds that it prematurely seeks information which is properly the subject of expert witness testimony and/or reports in violation of C.C.P. § 2034.  Plaintiff further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney work-product doctrine.  Plaintiff further objects to this Request on the grounds that it seeks documents equally or more available to defendants and that it seeks documents which are in the possession of defendants.  Without waiving the foregoing objections, plaintiff responds as follows:  Plaintiff currently identifies the following documents:  The transcripts of plaintiff's deposition, and exhibits attached thereto, taken in the instant action; and plaintiff's responses to Standard Asbestos Case Interrogatories, and all exhibits attached thereto.  Plaintiff also identifies his Social Security records and medical records and billings, previously provided to coordinating defense counsel, Berry & Berry and equally available to defendants.

    Further, plaintiff identifies the following documents which evidence the sales of "Calidria" asbestos to various manufacturing companies, the state of Union Carbides' knowledge regarding the hazards of asbestos and the use of asbestos in the manufacturing of Bakelite phenolic resin:  The deposition transcripts of Union Carbides' person most knowledgeable, John Myers, taken on September 4, 1986, reported by Worldwide Court Reporters, 800-745-1101; taken on July 23, 1999, reported by Aiken & Welch, One Kaiser Plaza, Suite 505, Oakland, California 94612 (510) 451-1580; taken on May 22, 2002, reported by Worldwide Court Reporters, 800-745-1101; taken on February 6, 2003, reported by Hartsell & Olivieri, 831-423-5911; taken on June 10 and 11, 2003, reported by Hartsell & Olivieri, 831-423-5911.  The trial testimony of John Myers taken November 12, 2002 in Douglas Anderson v Atlas Turner, et al., Los Angeles Superior Court, BC 257187.  Plaintiff further identifies the documents produced from Union Carbide's New York repository during various document productions attended by Brayton◆Purcell LLP and other law firms.  Plaintiff also identifies the documents produced under the In Re: Complex Asbestos Litigation notice dated September 21, 2001.  Defendant is in possession of all identified deposition transcripts of John Myers and all documents copied from the New York repository.

    Plaintiff also identifies the deposition transcripts and all exhibits attached thereto of the following PMK for defendant UNION CARBIDE:  Carlo Martino taken on May 4, 2001, and all subsequent days, in Richard Yeager and Shirley Yeager v. Union Carbide Corporation, San Francisco Superior Court Case No. 312960, reported by Cal North Reporting Service; Robert B. Peele taken on September 10, 1981, and all subsequent days; and John Myers taken on January 25, 1995, and all subsequent days, July 23, 1999, and all subsequent days, in Lois Harris v. Plant Insulation Co., Alameda County Superior Court Case No. 791615-3, and on September 4, 1986, and all subsequent days, in Bobby R. Sanford v. Johns-Manville Sales Corp., in United States District Court for the Southern District of Texas, Galveston Division, Civil Action No. G-82-325, reported by Worldwide Court Reporters, Houston, Texas.

    Plaintiff further identifies UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, Inc.'s Response to General Order #129 Interrogatories in In Re: Complex Asbestos Litigation, San Francisco County Superior Court No. 828684, dated November 21, 1997; and defendant's Response to General Order #129 Interrogatories.

    Plaintiff also identifies numerous articles and studies relating to the health hazards associated with exposure to asbestos which have appeared in medical and scientific literature since the turn of the twentieth century and have also been summarized in various publications.  Plaintiff identifies two texts that contain summaries and/or bibliographies of asbestos-related disease.  They are:  Asbestos: Medical and Legal Aspects, Barry I. Castleman, Prentice-Hall Law

1  & Business, 1990; and <u>Sourcebook on Asbestos Disease: Medical, Legal & Engineering</u>
2  <u>Aspects</u>, George A. Peters and Barbara J. Peters, Garland STPM Press, Vol. 1, 1980, Vol. 2,
   1986.  Plaintiff is in possession of those texts and will make them available for defendants'
3  review.  Due to copyright laws, plaintiff cannot provide copies of those texts to defendants.
   Plaintiff also identifies General Industry Safety Orders promulgated pursuant to California Labor
4  Code § 6400, et seq. and California Administrative Code under the California Department of
   Industrial Relations, Division of Industrial Safety, including, but not limited to, Title VIII, Group
5  9 (Control of Hazardous Substances) Article 81, Section 4150, 4104-4108, and Threshold Limit
   Values as documented for asbestos and other toxic substances under Appendix A, Table I of said
6  Safety Orders.  Plaintiff also identifies NESHAP Asbestos Regulations (National Emission
   Standards for Hazardous Air Pollutants) which are found at Code of Federal Regulations, Title
7  40, Chapter I, Subchapter C, Part 61, Subpart M, published under the Federal Clean Air Act of
   1970, 42 U.S.C.A. Section 7412(b)(1)(A) and 42 U.S.C.A. Section 7412(b)(1)(B).  Plaintiff also
8  identifies OSHA standards relating to asbestos, found at Code of Federal Regulations, Title 29,
   Chapter 17, Section 1910, et seq.; and Title 8, Section 5208 of the California OSHA regulations
9  pertaining to asbestos exposure.  After a reasonable and good-faith inquiry, plaintiff has no
   further documentation responsive to this Request.  Plaintiff's investigation and discovery are
10 continuing, and as such, plaintiff expressly reserves the right to amend this Response pending the
   outcome of plaintiff's investigation.
11         Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
   to obtain the information by inquiry to other natural persons or organizations, believes that he has
12 no further relevant and/or responsive information to disclose at this time other than what has
   been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
13 depositions; prior discovery responses, documents and pleadings already served on defendants in
   the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
14 discovery are continuing.

15 <u>RESPONSE TO INTERROGATORY NO. 29:</u>  Plaintiff objects to this Interrogatory on the
   grounds, and to the extent, that it seeks the premature disclosure of expert witnesses and opinions
16 in violation of C.C.P. § 2034.  Plaintiff objects to this Interrogatory to the extent it calls for a
   legal conclusion.  Plaintiff objects to this Interrogatory on the grounds that it seeks information
17 which is protected from disclosure by the attorney work-product doctrine in violation of C.C.P.
   § 2018 and by the attorney-client privilege.  Plaintiff objects to this Interrogatory to the extent it
18 seeks information equally or more available to the defendant, or already in the possession of
   defendant.  Subject to the foregoing objections, and without waiver thereof, plaintiff responds as
19 follows:  Yes.

20 <u>RESPONSE TO INTERROGATORY NO. 30:</u>  Plaintiff objects to this Interrogatory on the
   grounds that it is vague, ambiguous and overbroad.  Plaintiff further objects to this Interrogatory
21 to the extent it calls for information protected from disclosure by the attorney-client privilege
   and/or the attorney work-product doctrine.  Plaintiff further objects to this Interrogatory to the
22 extent it calls for expert witness information and writings, if any.  Subject to and without waiving
   said objection, plaintiff responds as follows:  Plaintiff was exposed to asbestos for which
23 MONTELLO, INC. is legally responsible, by way of asbestos drilling mud additive.  Pursuant to
   C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the
24 information by inquiry to other natural persons or organizations, believes that he has no further
   relevant and/or responsive information to disclose at this time other than what has been stated
25 herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior
   discovery responses, documents and pleadings already served on defendants in the instant action.
26 Plaintiff reserves the right to supplement this Response, as investigation and discovery are
   continuing.

27 ///

28 ///

K:\Injured\107957\rog-rsp-montello.wpd                        15                                        yki

1  **RESPONSE TO INTERROGATORY NO. 31**:  Plaintiff objects to this Interrogatory on the
grounds that it is vague, ambiguous and overbroad.  Plaintiff further objects to this Interrogatory
2  on the grounds that it seeks information protected from disclosure by the attorney-client privilege
and work-product doctrine.  Plaintiff objects to this Interrogatory on the grounds that it calls for
3  legal conclusions.  Plaintiff further objects to this Interrogatory on the grounds that it calls for
expert opinions and therefore prematurely seeks disclosure of information which is properly the
4  subject of expert witness testimony and/or reports in violation of C.C.P. § 2034.  Plaintiff further
objects on the grounds, and to the extent that this Interrogatory seeks information equally
5  available to, and already provided to, defendant in Standard Asbestos Case Interrogatories and
other employment documents served on Designated Defense Counsel pursuant to General Order
6  No. 41 and is therefore harassing, burdensome, oppressive and not reasonably calculated to lead
to the discovery of admissible evidence.  Subject to and without waiving said objections, as
7  plaintiff understands the question, plaintiff responds as follows:
        Plaintiff ROBERT LYMAN was exposed to asbestos-containing products that were
8  manufactured, supplied, distributed and/or sold by MONTELLO, INC.  Plaintiff was exposed by
working in close proximity to trades handling and disturbing defendant's asbestos-containing
9  products and breathing the air and dust that had been generated by the handling and disturbance
of these products as they mixed said products.  Defendant knew that asbestos-containing
10  products such as those supplied to plaintiff's employers or contractors at plaintiff's jobsites,
would be handled, disturbed and manipulated by workers, resulting in the release of airborne
11  asbestos fibers, and that through such foreseeable use and/or handling, plaintiff would be
exposed to such asbestos fibers.  As a manufacturer, supplier and/or distributor of asbestos-
12  containing products, defendant breached various duties for which it was obliged, including it's
duty to warn consumers and those who would be exposed, of dangers inherent in said products.
13  As a proximate result of defendant's breaches of its duties, plaintiff sustained injury.
        Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
14  to obtain the information by inquiry to other natural persons or organizations, believes that he has
no further relevant and/or responsive information to disclose at this time other than what has
15  been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
depositions, prior discovery responses, documents and pleadings already served on defendants in
16  the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
discovery are continuing.
17

18  **RESPONSE TO INTERROGATORY NO. 32**:  Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
19  Plaintiff further objects to this Interrogatory to the extent it calls for information protected from
disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff
20  further objects to this Interrogatory to the extent it calls for expert witness information and
writings, if any.  Without waiving said objections, plaintiff responds as follows:  Plaintiff
21  identifies himself.  Plaintiff further identifies present and former employees, agents and officers
of MONTELLO, INC., Cudd Pressure Control, Inc. and Baker Hughes Oilfield Operations, Inc.
22  whose identities are currently unknown to plaintiff.  Plaintiff further identifies Bob Priggy, co-
worker at Baker Hughes Oilfield Operations, Inc., address currently unknown to plaintiff.
23        Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
to obtain the information by inquiry to other natural persons or organizations, believes that he has
24  no further relevant and/or responsive information to disclose at this time other than what has
been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
25  depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
26  discovery are continuing.

27  **RESPONSE TO INTERROGATORY NO. 33**:  Plaintiff objects to this Interrogatory on the
grounds that it is compound, vague, overbroad.  Plaintiff further objects on the grounds, and to
28  the extent that this Interrogatory seeks information equally available to, and already provided to,
defendant in Standard Asbestos Case Interrogatories and other employment documents served on

1 Designated Defense Counsel pursuant to General Order No. 41 and is therefore harassing,
2 burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible
  evidence. Plaintiff objects to this Interrogatory on the to the extent that it seeks information
3 protected from disclosure by the attorney-client privilege and work-product doctrine, and seeks
  premature disclosure of the writing or opinions of plaintiff's experts, in violation of C.C.P.
4 § 2034. Without waiving said objections, plaintiff identifies the following locations, including
  but not limited to:

5
6

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Cudd Pressure Control, Inc., 8032 Main Street Houma, LA | Cudd Pressure Control, Inc.: locations throughout Southern California | Oil Field Worker | 1981-1982 |
| Baker Hughes Oilfield Operations, Inc, Houston, TX | Baker Hughes Oilfield Operations, Inc., various oil fields throughout Southern California | Oil Field Worker | 1982-1986 |

7
8
9
10

11     Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
12 to obtain the information by inquiry to other natural persons or organizations, believes that he has
   no further relevant and/or responsive information to disclose at this time other than what has
13 been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
   depositions, prior discovery responses, documents and pleadings already served on defendants in
14 the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
   discovery are continuing.

15 RESPONSE TO INTERROGATORY NO. 34:  Plaintiff objects to this Request on the grounds
16 that it prematurely seeks information which is properly the subject of expert witness testimony
   and/or reports in violation of C.C.P. § 2034. Plaintiff further objects to this Request on the
17 ground that it seeks documents protected from disclosure by the attorney work-product doctrine.
   Plaintiff further objects to this Request on the grounds that it seeks documents equally or more
18 available to defendants and that it seeks documents which are in the possession of defendants:
   Without waiving the foregoing objections, plaintiff responds as follows: Plaintiff currently
19 identifies the following documents: The transcripts of plaintiff's deposition, and exhibits
   attached thereto, taken in the instant action, and plaintiff's responses to Standard Asbestos Case
20 Interrogatories, and all exhibits attached thereto. Plaintiff also identifies his Social Security
   records and medical records and billings, previously provided to coordinating defense counsel,
21 Berry & Berry and equally available to defendants.
22     Further, plaintiff identifies the following documents which evidence the sales of
   "Calidria" asbestos to various manufacturing companies, the state of Union Carbides' knowledge
23 regarding the hazards of asbestos and the use of asbestos in the manufacturing of Bakelite
   phenolic resin: The deposition transcript of Union Carbides' person most knowledgeable, John
24 Myers, taken on September 4, 1986, reported by Worldwide Court Reporters, 800-745-1101;
   taken on July 23, 1999, reported by Aiken & Welch., One Kaiser Plaza, Suite 505, Oakland,
25 California 94612 (510) 451-1580; taken on May 22, 2002, reported by Worldwide Court
   Reporters, 800-745-1101; taken on February 6, 2003, reported by Hartsell & Olivieri, 831-423-
26 5911; taken on June 10 and 11, 2003, reported by Hartsell & Olivieri, 831-423-5911. The trial
   testimony of John Myers taken November 12, 2002 in Douglas Anderson v Atlas Turner, et al.,
27 Los Angeles Superior Court, BC 257187. Plaintiff further identifies the documents produced
   from Union Carbide's New York repository during various document productions attended by
28 Brayton◆Purcell LLP and other law firms. Plaintiff also identifies the documents produced
   under the In Re: Complex Asbestos Litigation notice dated September 21, 2001. Defendant is in
   possession of all identified deposition transcripts of John Myers and all documents copied from
   the New York repository.

K:\Injured\107033\veg-14p-month\fla.wpd                    17                                    ski

1    Plaintiff also identifies the deposition transcripts and all exhibits attached thereto of the
following PMK for defendant UNION CARBIDE: Carlo Martino taken on May 4, 2001, and all
2    subsequent days, in Richard Yeager and Shirley Yeager v. Union Carbide Corporation, San
Francisco Superior Court Case No. 312960, reported by Cal North Reporting Service; Robert E.
3    Peele taken on September 10, 1981, and all subsequent days; and John Myers taken on January
25, 1995, and all subsequent days, July 23, 1999, and all subsequent days, in Lois Harris v. Plant
4    Insulation Co., Alameda County Superior Court Case No. 791615-3, and on September 4, 1986,
and all subsequent days, in Bobby R. Sanford v. Johns-Manville Sales Corp., in United States
5    District Court for the Southern District of Texas, Galveston Division, Civil Action No. G-82-
325, reported by Worldwide Court Reporters, Houston, Texas.
6    Plaintiff further identifies UNION CARBIDE CHEMICALS AND PLASTICS
COMPANY, Inc.'s Response to General Order #129 Interrogatories in In Re: Complex Asbestos
7    Litigation, San Francisco County Superior Court No. 828684, dated November 21, 1997; and
defendant's Response to General Order #129 Interrogatories.
8    Plaintiff also identifies numerous articles and studies relating to the health hazards
associated with exposure to asbestos which have appeared in medical and scientific literature
9    since the turn of the twentieth century and have also been summarized in various publications.
Plaintiff identifies two texts that contain summaries and/or bibliographies of asbestos-related
10   disease. They are: Asbestos: Medical and Legal Aspects, Barry I. Castleman, Prentice-Hall Law
& Business, 1990; and Sourcebook on Asbestos Disease: Medical, Legal & Engineering
11   Aspects, George A. Peters and Barbara J. Peters, Garland STPM Press, Vol. 1, 1980, Vol. 2,
1986. Plaintiff is in possession of these texts and will make them available for defendants'
12   review. Due to copyright laws, plaintiff cannot provide copies of these texts to defendants.
Plaintiff also identifies General Industry Safety Orders promulgated pursuant to California Labor
13   Code § 6400, et seq. and California Administrative Code under the California Department of
Industrial Relations, Division of Industrial Safety, including, but not limited to, Title VIII, Group
14   9 (Control of Hazardous Substances) Article 81, Section 4150, 4104-4108, and Threshold Limit
Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said
15   Safety Orders. Plaintiff also identifies NESHAP Asbestos Regulations (National Emission
Standards for Hazardous Air Pollutants) which are found at Code of Federal Regulations, Title
16   40, Chapter 1, Subchapter C, Part 61; Subpart M, published under the Federal Clean Air Act of
1970, 42 U.S.C.A. Section 7412(b)(1)(A) and 42 U.S.C.A. Section 7412(b)(1)(B). Plaintiff also
17   identifies OSHA standards relating to asbestos, found at Code of Federal Regulations, Title 29,
Chapter 17, Section 1910, et seq.; and Title 8, Section 5208 of the California OSHA regulations
18   pertaining to asbestos exposure. After a reasonable and good-faith inquiry, plaintiff has no
further documentation responsive to this Request. Plaintiff's investigation and discovery are
19   continuing, and as such, plaintiff expressly reserves the right to amend this Response pending the
outcome of plaintiff's investigation.
20   Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
to obtain the information by inquiry to other natural persons or organizations, believes that he has
21   no further relevant and/or responsive information to disclose at this time other than what has
been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
22   depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
23   discovery are continuing.

24   RESPONSE TO INTERROGATORY NO. 35: Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
25   Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
26   Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
27   reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
28   client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
Interrogatory to the extent it calls for expert witness information and writings, if any. Without

1  waiving said objections, plaintiff responds as follows:  Plaintiff was in the immediate proximity
2  of workers in the aforementioned oil field who mixing said MONTELLO, INC. asbestos product
   into drilling mud and applying said mud.  Plaintiff breathed in respirable asbestos fibers from
3  said products.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
   effort to obtain the information by inquiry to other natural persons or organizations, believes that
4  he has no further relevant and/or responsive information to disclose at this time other than what
   has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
5  depositions, prior discovery responses, documents and pleadings already served on defendants in
   the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
6  discovery are continuing.

7  RESPONSE TO INTERROGATORY NO. 36:  Plaintiff objects to this Interrogatory on the
   grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
8  Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
   equally available to, and already provided to, defendant in Standard Asbestos Case.
9  Interrogatories and other employment documents served on Designated Defense Counsel
   pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
10 reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to
   this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
11 client privilege and/or the attorney work-product doctrine.  Plaintiff further objects to this
   Interrogatory to the extent it calls for expert witness information and writings, if any.  Without
12 waiving said objections, plaintiff responds as follows:  Plaintiff was in the immediate proximity
   of workers in the aforementioned oil field who mixing said MONTELLO, INC. asbestos product
13 into drilling mud and applying said mud.  Plaintiff breathed in respirable asbestos fibers from
   said products.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
14 effort to obtain the information by inquiry to other natural persons or organizations, believes that
   he has no further relevant and/or responsive information to disclose at this time other than what
15 has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
   depositions, prior discovery responses, documents and pleadings already served on defendants in
16 the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
   discovery are continuing.

17 RESPONSE TO INTERROGATORY NO. 37:  Plaintiff objects to this Interrogatory on the
   grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
18 Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
   equally available to, and already provided to, defendant in Standard Asbestos Case
19 Interrogatories and other employment documents served on Designated Defense Counsel
   pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
20 reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to
   this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
21 client privilege and/or the attorney work-product doctrine.  Plaintiff further objects to this
   Interrogatory to the extent it calls for expert witness information and writings, if any.  Said
22 MONTELL, INC. asbestos product was added to drilling mud.  Pursuant to C.C.P. § 2030.220,
   plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to
23 other natural persons or organizations, believes that he has no further relevant and/or responsive
   information to disclose at this time other than what has been stated herein Interrogatory
24 Responses Nos. 1-55 inclusive, and in the course of his depositions, prior discovery responses,
   documents and pleadings already served on defendants in the instant action.  Plaintiff reserves
25 the right to supplement this Response, as investigation and discovery are continuing.

26 RESPONSE TO INTERROGATORY NO. 38:  Plaintiff objects to this Interrogatory on the
   grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
27 Plaintiff further objects on the grounds, and to the extent that this Interrogatory seeks information
   equally available to, and already provided to, defendant in Standard Asbestos Case
28 Interrogatories and other employment documents served on Designated Defense Counsel
   pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not

K:\Injuren\107033\res-rip-mastr\fin.wpd                    19                                    skl

1  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
2  this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
   client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
3  Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
   refers to and incorporates by reference as though fully stated herein, his response to Interrogatory
4  13 above. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
   effort to obtain the information by inquiry to other natural persons or organizations, believes that
5  he has no further relevant and/or responsive information to disclose at this time other than what
   has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
6  depositions, prior discovery responses, documents and pleadings already served on defendants in
   the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
7  discovery are continuing.

8  RESPONSE TO INTERROGATORY NO. 39:  Plaintiff objects to this Interrogatory on the
   grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
9  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
   equally available to, and already provided to, defendant in Standard Asbestos Case
10 Interrogatories and other employment documents served on Designated Defense Counsel
   pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
11 reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
   this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
12 client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
   Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
13 does not presently recall or is unaware of the name and address of each supplier. Pursuant to
   C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the
14 information by inquiry to other natural persons or organizations, believes that he has no further
   relevant and/or responsive information to disclose at this time other than what has been stated
15 herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior
   discovery responses, documents and pleadings already served on defendants in the instant action.
16 Plaintiff reserves the right to supplement this Response, as investigation and discovery are
   continuing.

17 RESPONSE TO INTERROGATORY NO. 40:  Plaintiff objects to this question to the extent that
   is vague, ambiguous and overbroad in its use of undefined terms, by example, "sold". Plaintiff
18 objects to this interrogatory on the grounds, and to the extent, that it seeks the premature
   disclosure of expert witnesses and opinions in violation of C.C.P. § 2034. Plaintiff objects to
19 this Interrogatory to the extent it calls for a legal conclusion. Plaintiff objects to this
   Interrogatory on the grounds that it seeks information which is protected from disclosure by the
20 attorney work-product doctrine in violation of C.C.P. § 2018 and by the attorney-client privilege.
   Plaintiff objects to this Interrogatory to the extent it seeks information equally or more available
21 to the defendant, or already in the possession of defendant. Subject to the foregoing objections,
   and without waiver thereof, as plaintiff understands the question, plaintiff responds as follows:
22 Yes.

23 RESPONSE TO INTERROGATORY NO. 41:  Plaintiff objects to this Interrogatory on the
   grounds that it is vague, ambiguous and overbroad. Plaintiff further objects to this interrogatory
24 to the extent it calls for information protected from disclosure by the attorney-client privilege
   and/or the attorney work-product doctrine. Plaintiff further objects to this Interrogatory to the
25 extent it calls for expert witness information and writings, if any. Subject to and without waiving
   said objection, plaintiff responds as follows: Plaintiff was exposed to asbestos for which
26 MONTELLO, INC. is legally responsible, by way of asbestos drilling mud additive. Pursuant to
   C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the
27 information by inquiry to other natural persons or organizations, believes that he has no further
   relevant and/or responsive information to disclose at this time other than what has been stated
28 ///

K:\injured\107035\rog-rsp-montello.wpd                    20                                                sji

1    herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior
2    discovery responses, documents and pleadings already served on defendants in the instant action.
     Plaintiff reserves the right to supplement this Response, as investigation and discovery are
     continuing.
3
4    **RESPONSE TO INTERROGATORY NO. 42:**  Plaintiff objects to this Interrogatory on the
     grounds that it is vague, ambiguous and overbroad. Plaintiff further objects to this Interrogatory
5    on the grounds that it seeks information protected from disclosure by the attorney-client privilege
     and work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it calls for
6    legal conclusions. Plaintiff further objects to this Interrogatory on the grounds that it calls for
     expert opinions and therefore prematurely seeks disclosure of information which is properly the
7    subject of expert witness testimony and/or reports in violation of C.C.P. § 2034. Plaintiff further
     objects on the grounds, and to the extent that this interrogatory seeks information equally
8    available to, and already provided to, defendant in Standard Asbestos Case Interrogatories and
     other employment documents served on Designated Defense Counsel pursuant to General Order
9    No. 41 and is therefore harassing, burdensome, oppressive and not reasonably calculated to lead
     to the discovery of admissible evidence. Subject to and without waiving said objections, as
10   plaintiff understands the question, plaintiff responds as follows:
         Plaintiff ROBERT LYMAN was exposed to asbestos-containing products that were
11   manufactured, supplied, distributed and/or sold by MONTELLO, INC. Plaintiff was exposed by
     working in close proximity to trades handling and disturbing defendant's asbestos-containing
12   products and breathing the air and dust that had been generated by the handling and disturbance
     of these products as they mixed said products. Defendant knew that asbestos-containing
13   products such as those supplied to plaintiff's employers or contractors at plaintiff's jobsites,
     would be handled, disturbed and manipulated by workers, resulting in the release of airborne
14   asbestos fibers, and that through such foreseeable use and/or handling, plaintiff would be
     exposed to such asbestos fibers. As a manufacturer, supplier and/or distributor of asbestos-
15   containing products, defendant breached various duties for which it was obliged, including it's
     duty to warn consumers and those who would be exposed, of dangers inherent in said products.
16   As a proximate result of defendant's breaches of its duties, plaintiff sustained injury.
         Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
17   to obtain the information by inquiry to other natural persons or organizations, believes that he has
     no further relevant and/or responsive information to disclose at this time other than what has
18   been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
     depositions, prior discovery responses, documents and pleadings already served on defendants in
19   the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
     discovery are continuing.

20   **RESPONSE TO INTERROGATORY NO. 43:**  Plaintiff objects to this Request on the grounds
     that it prematurely seeks information which is properly the subject of expert witness testimony
21   and/or reports in violation of C.C.P. § 2034. Plaintiff further objects to this Request on the
     ground that it seeks documents protected from disclosure by the attorney work-product doctrine.
22   Plaintiff further objects to this Request on the grounds that it seeks documents equally or more
     available to defendants and that it seeks documents which are in the possession of defendants.
23   Without waiving the foregoing objections, plaintiff responds as follows: Plaintiff currently
     identifies the following documents: The transcripts of plaintiff's deposition, and exhibits
24   attached thereto, taken in the instant action; and plaintiff's responses to Standard Asbestos Case
     Interrogatories, and all exhibits attached thereto. Plaintiff also identifies his Social Security
25   records and medical records and billings, previously provided to coordinating defense counsel,
     Berry & Berry and equally available to each defendant.
26       Further, plaintiff identifies the following documents which evidence the sales of
     "Calidria" asbestos to various manufacturing companies, the state of Union Carbides' knowledge
27   regarding the hazards of asbestos and the use of asbestos in the manufacturing of Bakelite
     phenolic resin:  The deposition transcripts of Union Carbides' person most knowledgeable, John
28   Myers, taken on September 4, 1986, reported by Worldwide Court Reporters, 800-745-1101;

K:\injured\107053\rog-rsp-montello.wpd                    21                                          skl

1  taken on July 23, 1999, reported by Aiken & Welch., One Kaiser Plaza, Suite 505, Oakland,
   California 94612 (510) 451-1580; taken on May 22, 2002, reported by Worldwide Court
2  Reporters, 800-745-1101; taken on February 6, 2003, reported by Hartsell & Olivieri, 831-423-
   5911; taken on June 10 and 11, 2003, reported by Hartsell & Olivieri, 831-423-5911. The trial
3  testimony of John Myers taken November 12, 2002 in Douglas Anderson v Atlas Turner, et al.,
   Los Angeles Superior Court, BC 257187. Plaintiff further identifies the documents produced
4  from Union Carbide's New York repository during various document productions attended by
   Brayton◆Purcell LLP and other law firms. Plaintiff also identifies the documents produced
5  under the In Re: Complex Asbestos Litigation notice dated September 21, 2001. Defendant is in
   possession of all identified deposition transcripts of John Myers and all documents copied from
6  the New York repository.
        Plaintiff also identifies  the deposition transcripts and all exhibits attached thereto of the
7  following PMK for defendant UNION CARBIDE:  Carlo Martino taken on May 4, 2001, and all
   subsequent days, in Richard Yeager and Shirley Yeager v. Union Carbide Corporation, San
8  Francisco Superior Court Case No. 312960, reported by Cal North Reporting Service; Robert E.
   Peele taken on September 10, 1981, and all subsequent days; and John Myers taken on January
9  25, 1995, and all subsequent days, July 23, 1999, and all subsequent days, in Lois Harris v. Plant
   Insulation Co.., Alameda County Superior Court Case No. 791615-3, and on September 4, 1986,
10 and all subsequent days, in Bobby R. Sanford v. Johns-Manville Sales Corp., in United States
   District Court for the Southern District of Texas, Galveston Division, Civil Action No. G-82-
11 325, reported by Worldwide Court Reporters, Houston, Texas.
        Plaintiff further identifies UNION CARBIDE CHEMICALS AND PLASTICS
12 COMPANY, Inc.'s Response to General Order #129 Interrogatories in In Re:  Complex Asbestos
   Litigation, San Francisco County Superior Court No. 828684, dated November 21, 1997; and
13 defendant's Response to General Order #129 Interrogatories.
        Plaintiff also identifies numerous articles and studies relating to the health hazards
14 associated with exposure to asbestos which have appeared in medical and scientific literature
15 since the turn of the twentieth century and have also been summarized in various publications.
   Plaintiff identifies two texts that contain summaries and/or bibliographies of asbestos-related
16 disease.  They are:  Asbestos:  Medical and Legal Aspects, Barry I. Castleman, Prentice-Hall Law
   & Business, 1990; and Sourcebook on Asbestos Disease:  Medical, Legal & Engineering
17 Aspects, George A. Peters and Barbara J. Peters, Garland STPM Press, Vol. I, 1980, Vol. 2,
   1986.  Plaintiff is in possession of these texts and will make them available for defendants'
18 review.  Due to copyright laws, plaintiff cannot provide copies of these texts to defendants.
   Plaintiff also identifies General Industry Safety Orders promulgated pursuant to California Labor
19 Code § 6400, et seq, and California Administrative Code under the California Department of
   Industrial Relations, Division of Industrial Safety, including, but not limited to, Title VIII, Group
20 9 (Control of Hazardous Substances) Article 81, Section 4150, 4104-4108, and Threshold Limit
   Values as documented for asbestos and other toxic substances under
21 Appendix A.,Table I of said Safety Orders.  Plaintiff also identifies NESHAP Asbestos
   Regulations (National Emission Standards for Hazardous Air Pollutants) which are found at
22 Code of Federal Regulations, Title 40, Chapter 1, Subchapter C, Part 61, Subpart M, published
   under the Federal Clean Air Act of 1970, 42 U.S.C.A. Section 7412(b)(1)(A) and 42 U.S.C.A.
23 Section 7412(b)(1)(B).  Plaintiff also identifies OSHA standards relating to asbestos, found at
   Code of Federal Regulations, Title 29, Chapter 17, Section 1910, et seq.; and Title 8, Section
24 5208 of the California OSHA regulations pertaining to asbestos exposure.  After a reasonable and
   good-faith inquiry, plaintiff has no further documentation responsive to this Request.  Plaintiff's
25 investigation and discovery are continuing, and as such, plaintiff expressly reserves the right to
   amend this Response pending the outcome of plaintiff's investigation.
26      Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith effort
   to obtain the information by inquiry to other natural persons or organizations, believes that he has
27 no further relevant and/or responsive information to disclose at this time other than what has
   been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
28 depositions, prior discovery responses, documents and pleadings already served on defendants in
   the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
   discovery are continuing.

1  RESPONSE TO INTERROGATORY NO. 44:  Plaintiff objects to this interrogatory on the
grounds that it is vague, ambiguous and overbroad.  Plaintiff further objects to this interrogatory
2  to the extent it calls for information protected from disclosure by the attorney-client privilege
and/or the attorney work-product doctrine.  Plaintiff further objects to this interrogatory to the
3  extent it calls for expert witness information and writings, if any.  Subject to and without waiving
said objection, plaintiff responds as follows:  Plaintiff was refers to and incorporates by reference
4  as though fully stated herein, his response to interrogatory 13 above.  Pursuant to C.C.P.
§ 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the information by
5  inquiry to other natural persons or organizations, believes that he has no further relevant and/or
responsive information to disclose at this time other than what has been stated herein
6  Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior discovery
responses, documents and pleadings already served on defendants in the instant action.  Plaintiff
7  reserves the right to supplement this Response, as investigation and discovery are continuing.

8  RESPONSE TO INTERROGATORY NO. 45:  Plaintiff objects to this interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
9  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
10  Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
11  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to
this interrogatory to the extent it calls for information protected from disclosure by the attorney-
12  client privilege and/or the attorney work-product doctrine.  Plaintiff further objects to this
interrogatory to the extent it calls for expert witness information and writings, if any.  Without
13  waiving said objections, plaintiff responds as follows:  Plaintiff was in the immediate proximity
of workers in the aforementioned oil-field who mixing said MONTELLO, INC. asbestos product
14  into drilling mud and applying said mud.  Plaintiff breathed in respirable asbestos fibers from
said products.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
15  effort to obtain the information by inquiry to other natural persons or organizations, believes that
he has no further relevant and/or responsive information to disclose at this time other than what
16  has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
depositions, prior discovery responses, documents and pleadings already served on defendants in
17  the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
discovery are continuing.

18
RESPONSE TO INTERROGATORY NO. 46:  Plaintiff objects to this interrogatory on the
19  grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
20  equally available to, and already provided to, defendant in Standard Asbestos Case
Interrogatories and other employment documents served on Designated Defense Counsel
21  pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to
22  this interrogatory to the extent it calls for information protected from disclosure by the attorney-
client privilege and/or the attorney work-product doctrine.  Plaintiff further objects to this
23  interrogatory to the extent it calls for expert witness information and writings, if any.  Without
waiving said objections, plaintiff responds as follows:  Plaintiff was in the immediate proximity
24  of workers in the aforementioned oil-field who mixing said MONTELLO, INC. asbestos product
into drilling mud and applying said mud.  Plaintiff breathed in respirable asbestos fibers from
25  said products.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
effort to obtain the information by inquiry to other natural persons or organizations, believes that
26  he has no further relevant and/or responsive information to disclose at this time other than what
has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
27  depositions, prior discovery responses, documents and pleadings already served on defendants in
the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
28  discovery are continuing.

K:\Injured\107053\vqu-rsp-rsnndls.wpd                    23                                          sH

1  RESPONSE TO INTERROGATORY NO. 47: Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
2  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
3  Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
4  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
5  client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
Interrogatory to the extent it calls for expert witness information and writings, if any. Said
6  MONTELL, INC. asbestos product was added to drilling mud. Pursuant to C.C.P. § 2030.220,
plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to
7  other natural persons or organizations, believes that he has no further relevant and/or responsive
information to disclose at this time other than what has been stated herein Interrogatory
8  Responses Nos. 1-55 inclusive, and in the course of his depositions, prior discovery responses,
documents and pleadings already served on defendants in the instant action. Plaintiff reserves
9  the right to supplement this Response, as investigation and discovery are continuing.

10  RESPONSE TO INTERROGATORY NO. 48: Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
11  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
12  Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
13  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
this interrogatory to the extent it calls for information protected from disclosure by the attorney-
14  client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
15  refers to and incorporates by reference as though fully stated herein, his response to Interrogatory
13 above. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
16  effort to obtain the information by inquiry to other natural persons or organizations, believes that
he has no further relevant and/or responsive information to disclose at this time other than what
17  has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
depositions, prior discovery responses, documents and pleadings already served on defendants in
18  the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
discovery are continuing.
19
RESPONSE TO INTERROGATORY NO. 49: Plaintiff objects to this Interrogatory on the
20  grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
21  equally available to, and already provided to, defendant in Standard Asbestos Case
Interrogatories and other employment documents served on Designated Defense Counsel
22  pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
23  this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
24  Interrogatory to the extent it calls for expert witness information and writings, if any. Aside from
the instant action for which defendant already has deposition information, plaintiff had his
25  deposition taken in conjunction with a worker's compensation claim for a neck injury,
approximately 15 years ago. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable
26  and good-faith effort to obtain the information by inquiry to other natural persons or
organizations, believes that he has no further relevant and/or responsive information to disclose
27  at this time other than what has been stated herein Interrogatory Responses Nos. 1-55 inclusive,
and in the course of his depositions, prior discovery responses, documents and pleadings already
28  served on defendants in the instant action. Plaintiff reserves the right to supplement this
Response, as investigation and discovery are continuing.

K:\la\pro0\107053\resp-ssp-montello.wpd                    24                                        okl

1   **RESPONSE TO INTERROGATORY NO. 50:** Plaintiff objects to this Interrogatory on the
2   grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
    Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
3   equally available to, and already provided to, defendant in Standard Asbestos Case
    Interrogatories and other employment documents served on Designated Defense Counsel
4   pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
    reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
5   this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
    client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
6   Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
    refers to and incorporates by reference as though fully stated herein, his response to Interrogatory
7   18 above. Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
    effort to obtain the information by inquiry to other natural persons or organizations, believes that
8   he has no further relevant and/or responsive information to disclose at this time other than what
    has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
9   depositions, prior discovery responses, documents and pleadings already served on defendants in
    the instant action. Plaintiff reserves the right to supplement this Response, as investigation and
10  discovery are continuing.

11  **RESPONSE TO INTERROGATORY NO. 51:** Plaintiff objects to this Interrogatory on the
    grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
12  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
    equally available to, and already provided to, defendant in Standard Asbestos Case
13  Interrogatories and other employment documents served on Designated Defense Counsel
    pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
14  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
    this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
15  client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
    Interrogatory to the extent it calls for expert witness information and writings, if any. Plaintiff
16  identifies the Declaration of Guy Forster, M.D. in Support of Plaintiff's Motion for Preference in
    the instant action, dated March 6, 2007. Plaintiff further refers to and incorporates by reference
17  as though fully stated herein, his response to Interrogatory 18 above. Pursuant to C.C.P.
    § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the information by
18  inquiry to other natural persons or organizations, believes that he has no further relevant and/or
    responsive information to disclose at this time other than what has been stated herein
19  Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior discovery
    responses, documents and pleadings already served on defendants in the instant action. Plaintiff
20  reserves the right to supplement this Response, as investigation and discovery are continuing.

21  **RESPONSE TO INTERROGATORY NO. 52:** Plaintiff objects to this Interrogatory on the
    grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
22  Plaintiff further objects to this interrogatory to the extent it calls for information protected from
    disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff
23  further objects to this Interrogatory to the extent it calls for expert witness information and
    writings, if any. Without waiving said objections, plaintiff responds as follows: Defendant's
24  products in questions were designed in such a way as to expose consumers to a known carcinogen
    which caused/causes injury to plaintiff and other consumers. Therefore, defendant violated the
25  implied warranties of merchantability and fitness for a particular purpose, by falsely representing
    that said products and equipment were safe said intended uses. See Dorman v. International
26  Harvester Co. 46 Cal.App.3d 11, 120 Cal.Rptr.516 (Cal.App.1975). Pursuant to C.C.P.
    § 2030.220, plaintiff, after making a reasonable and good-faith effort to obtain the information by
27  inquiry to other natural persons or organizations, believes that he has no further relevant and/or
    responsive information to disclose at this time other than what has been stated herein
28  Interrogatory Responses Nos. 1-55 inclusive, and in the course of his depositions, prior discovery
    responses, documents and pleadings already served on defendants in the instant action. Plaintiff
    reserves the right to supplement this Response, as investigation and discovery are continuing.

K:\Injune\A107053\resp-resp-int\resp-in\resp.wpd                              25

1   RESPONSE TO INTERROGATORY NO. 53:  Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
2   Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
3   Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
4   reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
5   client privilege and/or the attorney work-product doctrine.  Plaintiff further objects to this
Interrogatory to the extent it calls for expert witness information and writings, if any.  Plaintiff
6   refers to and incorporates by reference as though fully stated herein, his response to Interrogatory
18 above.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable and good-faith
7   effort to obtain the information by inquiry to other natural persons or organizations, believes that
he has no further relevant and/or responsive information to disclose at this time other than what
8   has been stated herein Interrogatory Responses Nos. 1-55 inclusive, and in the course of his
depositions, prior discovery responses, documents and pleadings already served on defendants in
9   the instant action.  Plaintiff reserves the right to supplement this Response, as investigation and
discovery are continuing.

10

11  RESPONSE TO INTERROGATORY NO. 54:  Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
12  Plaintiff further objects to this Interrogatory to the extent it calls for information protected from
disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff
13  further objects to this Interrogatory to the extent it calls for expert witness information and
writings, if any.  Without waiving said objections, plaintiff responds as follows:  Plaintiff refers
14  to and incorporates by reference as though fully stated herein his Response to Interrogatory 18,
above. Plaintiff further refers to employees, officers, and agents of MONTELLO, INC. whose
15  names and or identities are currently unknown to date.  Pursuant to C.C.P. § 2030.220, plaintiff,
after making a reasonable and good-faith effort to obtain the information by inquiry to other
16  natural persons or organizations, believes that he has no further relevant and/or responsive
information to disclose at this time other than what has been stated herein Interrogatory
17  Responses Nos. 1-35 inclusive, and in the course of his depositions, prior discovery responses,
documents and pleadings already served on defendants in the instant action.  Plaintiff reserves
18  the right to supplement this Response, as investigation and discovery are continuing.

19  RESPONSE TO INTERROGATORY NO. 55:  Plaintiff objects to this Interrogatory on the
grounds that it is overbroad, vague, ambiguous, unduly burdensome, oppressive and harassing.
20  Plaintiff further objects on the grounds, and to the extent that this interrogatory seeks information
equally available to, and already provided to, defendant in Standard Asbestos Case
21  Interrogatories and other employment documents served on Designated Defense Counsel
pursuant to General Order No. 41 and is therefore harassing, burdensome, oppressive and not
22  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to
this Interrogatory to the extent it calls for information protected from disclosure by the attorney-
23  client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this
Interrogatory to the extent it calls for expert witness information and writings, if any.  Plaintiff
24  refers to and incorporates by reference as though fully stated herein, his responses to
Interrogatories 1-54 above.  Pursuant to C.C.P. § 2030.220, plaintiff, after making a reasonable
25  and good-faith effort to obtain the information by inquiry to other natural persons or
organizations, believes that he has no further relevant and/or responsive information to disclose

26  ///

27  ///

28  ///

1   at this time other than what has been stated herein Interrogatory Responses Nos. 1-55 inclusive,
    and in the course of his depositions, prior discovery responses, documents and pleadings already
2   served on defendants in the instant action.  Plaintiff reserves the right to supplement this
    Response, as investigation and discovery are continuing.
3

4   Dated: _____6/1/07_____                          BRAYTON◆PURCELL LLP

5

6                                                    By: _____
                                                         Sarah Kraemer Isaacs
7                                                        Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\107033\crg-rsp-monello.wpd                    27                                          ski

1

## VERIFICATION

2

3    Robert F. Lyman and Samantha Lyman
4    San Francisco Superior Court Case No. 459162

5    I, Robert F. Lyman, declare:

6        I am the plaintiff in the above-entitled action. The foregoing Plaintiff's Response to

7    Defendant Montello, Inc.'s Special Interrogatories to Plaintiff, Set One, propounded by

8    Montello, Inc., are true of my knowledge, except as to those matters which are therein stated on

9    my information and belief and, as to those matters, I believe them true.

10        I declare under penalty of perjury under the laws of the State of California that the

11    foregoing is true and correct.

12

13    Dated: _____

14        _____

15    Signed: _____

16

17    Please do not write below this line. If you have any changes, please submit them on a

18    separate sheet of paper. Thank you.

19

20

21

22

23

24

25

26

27

28

BRAYTON◆PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 1009 Clegg Court, Suite G, Petaluma, California 94954.

On _____JUN 1 2 2007_____, I served the within:

<u>VERIFICATION(S) for Plaintiff's Response to Defendant Montello, Inc.'s Special Interrogatories to Plaintiff, Set One</u> propounded by Montello, Inc. on the interested parties in this action by transmitting a true copy thereof in the following manner.

I placed in a sealed envelope, postage thereon prepaid, addressed and served as follows:

Dillingham & Murphy
225 Bush Street, 6th Floor
San Francisco, CA 94104
Attorneys for Montello, Inc.

BY MAIL SERVICE:          I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail. Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business. On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

Executed on   JUN 1 2 2007                 , at Petaluma, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
John Allen

Robert F. Lyman and Samantha Lyman
San Francisco Superior Court Case No. 459162

PROOF OF SERVICE BY MAIL

BRAYTON◆PURCELL LLP
ATTORNEYS AT LAW
222 EAST LANDING ROAD
NOVATO, CALIFORNIA 94945-6169
(415) 898-1555