1   ALAN R. BRAYTON, ESQ., S.B. #73685
    DAVID R. DONADIO, ESQ., S.B. #154436
2   MARY E. POUGIALES, ESQ., S.B. #77807
    BRAYTON❖PURCELL LLP
3   ATTORNEYS AT LAW
    222 Rush Landing Road
4   P.O. Box 6169
    Novato, California 94948-6169
5   (415) 898-1555

6   Attorneys for Plaintiffs

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11

12  ROBERT F.LYMAND and SAMANTHA      )   No. C 07-4240-SBA
    LYMAN,                            )
13                                    )   PLAINTIFFS' REPLY TO DEFENDANT
                Plaintiffs,           )   UNION CARBIDE'S OPPOSTION TO
14                                    )   MOTION TO EXPEDITE TRIAL
    vs.                               )   SETTING; POINTS AND AUTHORITIES
15                                    )
    ASBESTOS DEFENDANTS, et al.,      )
16                                    )   Date:        October 16, 2007
                Defendants.           )   Time:        1:00 pm
17  ——————————————————————————————    )   Courtroom:   3, 3rd Floor
                                          Judge:       Hon. Saundra B. Armstrong
18

19       Defendant Union Carbide has filed a Reply ("Opposition to Plaintiffs' Motion to

20  Expedite Trial Setting,") to the Lymans' Opposition to Union Carbide's Motion to Stay

21  proceedings before this court. Union Carbide argues that the Lymans' request of this court to

22  set a prompt trial date rather than stay the proceedings is a new motion requiring separate notice

23  and hearing. It also argues that this court's resources will be wasted because the Multi-District

24  Litigation panel might ultimately transfer this matter to the Eastern District of Pennsylvania for

25  pretrial proceedings that would duplicate this court's efforts. This latter argument is new, and

26  was not included in Union Carbide's underlying motion to stay which cited only its belief that

27  the MDL panel should address a question of law that became moot once defendant Honeywell

28  ///

1  formally consented to removal. Here, for the first time, Union Carbide proposes new grounds
2  for a stay. Its contentions lack merit, factually and legally, for the following reasons:

3  **MEMORANDUM OF POINTS AND AUTHORITIES**

4      The Lymans' request that this court set an expedited trial rather than stay the
5  proceedings was a direct and entirely predictable response to Union Carbide's initial contrary
6  motion to stay the proceedings and delay setting a trial. The two issues are part and parcel of
7  the same question to be laid before this court at the October 16th hearing, will the proceedings
8  be stayed, or will they travel the normal course to a prompt trial? The Lymans' request for an
9  expedited trial date is not a new, unrelated, substantive issue that requires further briefing or
10  hearing. To deal with it as if it were would elevate form over substance, needlessly bringing the
11  parties back to court a second time to seek the identical relief they each seek here. Union
12  Carbide's procedural objection to this request for a trial setting is just another strategic tool to
13  delay this trial until after Mr. Lyman is deceased, which he surely will be unless a prompt trial
14  date is set.

15      Union Carbide's second and only substantive opposition to a prompt trial  is its claim
16  that pretrial issues remain in the case that the MDL can "oversee" if it decides to transfer this
17  case. The MDL, however, is simply an alternative to this court to be used only to resolve
18  pretrial issues *and* only when it serves "the convenience of parties and witnesses, and . . . will
19  promote the just and efficient conduct of the lawsuits." 29 U.S.C. § 1407(a). The MDL's own
20  rules unambiguously state that until a final transfer order issues, the pendency of any related
21  proceedings before it, including the now-pending motion to vacate the conditional transfer
22  order, "does not affect or suspend orders and pretrial proceedings in the district court in which
23  the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule
24  1.5. Specifically, a Conditional Transfer Order is not a determination on the merits, nor is it a
25  decision or judgment by the panel which must be reversed before a trial date can be set. *In re*
26  *Grain Shipments*, 319 F. Supp. 533 (J.P.M.L. 1970).

27      Union Carbide argues, without citation to any evidentiary support and contrary to the
28  record in this case, that state court settlement procedures "are frequently ineffective, address

1  only one case at a time, and often mean settlement does not happen until well after the jury is
2  empaneled." Opp. at 6. Not only is this an entirely self-serving commentary, but also the
3  record in this case compels the opposite conclusion because 28 out of the 31 original defendants
4  have either settled or been dismissed from the case, leaving only the three now before this court.
5  In addition, Union Carbide's view of the case leaves no doubt that they are unwilling to settle
6  with less than a complete dismissal of the action against them.[1]  Its Opposition, though joined
7  in by its codefendants here, does not include any suggestion that either of them plan to file
8  summary judgment motions, or expect to be able to settle their cases more efficiently in federal
9  court than they had the chance to do in state court before they appeared to try the case.

10         Union Carbide also argues that the district court in the Eastern District of Pennsylvania,
11  and not this court, should reconsider Union Carbide's previously unsuccessful summary
12  judgment motion, and decide *trial* issues concerning *Daubert* expert and causation issues for
13  trial. Opp. at 7. But only this court hears and decides trial motions, so that is not a persuasive
14  reason to stay proceedings here.[2] 28 U.S.C. § 1407; MDL Rule 7.6(b). As for a renewed
15  summary judgment motion it would not, as Union Carbide argues, involve "questions likely to
16  be raised in other asbestos cases as well." Opp. at 8. A summary judgment motion is fact-
17  specific, and any federal court hearing it will be required to apply California law to the specific
18  facts of the Lymans' case. Because under Rule 1.5 this court has unimpeded jurisdiction to hear
19  and decide all these matters, there will be no "duplicative briefing of the remaining pre-trial
20  issues." What is briefed here, will be decided here. And once this case is 'down the path of
21  trial" there will be no sudden transfer to Pennsylvania because every asbestos case sent there
22  must return to the originating district court for trial. The waste of time and injustice will occur
23  only if this court stays proceedings to what is an open-ended, uncertain date in the future,

24

25         [1]"Union Carbide believes that Mr. Lyman's cancer is the result of his extremely heavy
26  smoking history, and that Mr. Lyman was never exposed to any Union Carbide asbestos." Opp.
   at 2. "Mr. Lyman was unable to identify even one asbestos-containing product that he worked
27  with or around that could have contained Union Carbide's Calidria asbestos." Opp. at 2.

28         [2]"Each action . . . shall be remanded by te Panel to the transferee district for trial." MDL
   Rule 7.6(b). *Id.*

PLAINTIFFS' REPLY TO DEFENDANT UNION CARBIDE'S OPPOSTION TO MOTION
TO EXPEDITE TRIAL SETTING; POINTS AND AUTHORITIES C 07-4240-SBA

1  leaving Robert and Samantha Lyman to languish in limbo until he dies, or the case returns to

2  this court for trial in an aged, weaker state, with the key witness likely to be deceased, and

3  others no longer available.

4      The Lymans do not object to federal diversity jurisdiction, but they urgently request that

5  this court act to prevent further unnecessary and open-ended delay in this matter and set the case

6  for trial including briefing and hearing on appropriate trial motions. The Lymans' concern is

7  not, as Union Carbide reframes it, that he may become "too ill to travel" to his trial. It is that he

8  will be too ill or will die before his trial even begins. No one knows when the MDL will make

9  its decision, or can say with certainty whether the case will ever transfer, especially in light of

10  the fact that this case was in trial when it was removed. The Lymans have already filed their

11  Notice of Opposition to the Conditional Transfer Order, and will file their substantive briefing

12  on October 9, 2007. Somewhere down the road a hearing will be set, and sometime thereafter a

13  ruling will issue. The MDL rules are no more specific on timing. Union Carbide's optimistic

14  claim that the "Panel is going to reach that decision soon" is unfounded. Aopp. at 8. It is as

15  likely that by the time the MDL issues a decision, this trial could and should be completed.

16                              **CONCLUSION**

17      For the foregoing reasons, the Lymans respectfully request that this Court grant

18  Plaintiffs permission to withdraw their Motion to Remand and the supporting Declaration of

19  David R. Donadio; that the court deny the Defendants' Motion to Stay; and in the interests of

20  justice set this case for trial as soon as possible.

21                                          Respectfully submitted,

22

     Dated:  October ___, 2007                BRAYTON❖PURCELL LLP
23

24

                                          By: _____
25                                            MARY E. POUGIALES
                                             Attorneys for Plaintiffs ROBERT AND
26                                            SAMANTHA LYMAN

27

28

PLAINTIFFS' REPLY TO DEFENDANT UNION CARBIDE'S OPPOSITION TO MOTION
TO EXPEDITE TRIAL SETTING; POINTS AND AUTHORITIES C 07-4240-SBA

## PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, Novato, California 94948-6169.

On October 9, 2007, I served the attached:

**PLAINTIFFS' REPLY TO DEFENDANT UNION CARBIDE'S OPPOSITION TO MOTION TO EXPEDITE TRIAL SETTING; POINTS AND AUTHORITIES**

on the interested parties in this action by transmitting a true copy thereof in a sealed envelope, and each envelope addressed as follows:

UNION CARBIDE CORP.
Catherine M. Krow, Esq.
Orrick, herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5984
(415) 773-5759

UNION CARBIDE CORP.
Nathan C. Dullum, Esq.
Orrick, Herrington & Sutcliffe LLP
Old Federal Reserve Bank Building
400 Sansome Street
San Francisco, CA 94111
(415) 773-5968

MONTELLO INC.
Molly J. Mrowka
Dillingham & Murphy
225 Bush Street, 6th Floor
San Francisco, CA 94104
(415) 397-2700
(415) 397-3300

HONEYWELL INTERNATIONAL INC.
Christopher M. Jhang
Perkins Coie LLP
Four Embarcadero Ctr, Ste. 2400
San Francisco, CA 94111
(415) 344-7000
(415) 344-7050

XXX    BY OFFICE MAILING: I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed this **October 9, 2007** at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JANE A. EHNI

BRAYTON◆PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94945
(415) 898-1555

G:\POS\MULTIP.WPD

1