**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ROBERT F. LYMAN AND SAMANTHA LYMAN, <br><br> Plaintiffs, <br><br> v. <br><br> ASBESTOS DEFENDANTS (B*P), *et al.*, <br><br> Defendants. | No. C 07-4240 SBA <br><br> **ORDER** <br><br> [Docket Nos. 36, 41, 43, 47] |

Before the Court are defendants Union Carbide Corp. and Montello, Inc.'s motion to stay these proceedings pending transfer to MDL 875 [Docket Nos. 36, 41]; defendant Union Carbide's motion for leave to file an amended notice of removal [Docket No. 43]; and the plaintiffs' motions to withdraw their motion to remand and to expedite the trial setting [Docket No. 47]. After reading and considering the arguments presented by the parties, the Court finds this matter is appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the defendants' motion to stay is granted and their motion for leave to file an amended notice of removal is also granted. The plaintiffs' motion to withdraw their motion to remand is granted and their motion for an expedited trial setting is denied.

## BACKGROUND

On December 29, 2006, plaintiffs Robert Lyman and his wife Samantha Lyman filed suit in the Superior Court of San Francisco for personal injury and loss of consortium against five defendants. The three remaining and current defendants are Union Carbide, Montello, Inc., and Honeywell International, Inc. The plaintiffs allege that Robert Lyman is dying from lung cancer caused by exposure to asbestos products manufactured by the defendants.

On August 17, 2007, defendants Union Carbide and Montello removed the action from state court. Defendant Honeywell did not join in or consent to the removal at that time. Accordingly, the plaintiffs filed a motion to remand because not all defendants consented to removal as required by 28 U.S.C. § 1446. On August 30, 2007, defendant Honeywell consented to removal. *See* Docket No. 42.

The plaintiffs then withdrew their motion to remand. *See* Docket No. 47.

On August 20, 2007, Union Carbide filed notice of a tag-along action with the Judicial Panel on Multidistrict Litigation and with the MDL court in the Eastern District of Pennsylvania. The present dispute between the parties is whether this action should be stayed pending a decision by the MDP Judicial Panel to transfer this action or, conversely, whether this action should be expedited for trial.

**ANALYSIS**

**1.   Plaintiffs' Motion to Withdraw their Motion to Remand**

Following defendant Honeywell's consent to removal from state court, the plaintiffs' seek to withdraw their motion to remand. This unopposed motion is granted.

**2.   Defendant Union Carbide's Motion for Leave to File an Amended Notice of Removal**

Defendant Union Carbide has submitted a motion for leave to file an amended notice of removal to reflect Honeywell's consent to the removal and as a response to the motion to remand. No opposition to this motion has been filed, and given the plaintiffs' withdrawal of their motion to remand and their acknowledgment that there is no longer a basis for opposing removal to this Court, there is little dispute over the amended notice of removal.

In addition, the motion is well-taken on the merits. The present action became removable on August 7, 2007. The motion for leave to file an amended notice of removal was submitted on September 5, 2007, less than thirty days later. A notice of removal may be freely amended within the thirty day period in which an action may be removed pursuant to 28 U.S.C. § 1446(b). *See, e.g., USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 n.13 (3d Cir. 2003); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993); *Smiley v. Citibank (South Dakota), N.A.*, 863 F. Supp. 1156, 1158-59 (C.D. Cal. 1993); 14C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733 (3d ed. 1998) ("The notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal . . . ."). Accordingly, defendant Union Carbide's motion

for leave to file an amended notice of removal is granted.

**3.    Defendants Union Carbide and Montello's Motion to Stay and Plaintiffs' Motion to Expedite the Trial Setting**

Defendants Union Carbide and Montello have filed a motion to stay this matter pending a determination by the MDL Judicial Panel whether transfer of this action to Multidistrict Litigation Proceeding 875, *In re Asbestos Product Liability Litigation (No. VI)* (MDL-875), is appropriate. On July 29, 1991, the Judicial Panel on Multidistrict Litigation issued a transfer order establishing MDL Proceeding number 875. On August 20, 2007, Union Carbide filed notice of a tag-along action with the MDL Judicial Panel.

The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within the Court's discretion. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stay pending a decision by the MDL Panel"); *see also* Rules of the Judicial Panel on MDL, Rule 1.5, 199 F.R.D. 425, 427 (J.P.M.L. 2001) ("The pendency of a motion . . . before the Panel concerning transfer . . . of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court"). A stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal.1997).

The plaintiffs oppose the motion to stay these proceedings pending transfer to the MDL court. The plaintiffs maintain that the MDL court is authorized to coordinate and consolidate pretrial proceedings. The plaintiffs assert that all pretrial issues have been litigated and resolved, leaving only the trial to be conducted. In addition to opposing the motion to stay, the plaintiffs have countered with a motion to expedite the trial setting. According to the plaintiffs, "Mr. Lyman's health is rapidly deteriorating" due to his lung cancer, and this "matter is urgent because Plaintiff Robert Lyman is unlikely to live either to testify at or to assist in the trial of his claim if the matter if further delayed."

Docket No. 47, at 3.

The plaintiffs' motion to expedite the trial setting must be denied on both procedural and substantive grounds. Procedurally, the motion to expedite was not sufficiently noticed; it was filed on September 18, 2007, and noticed for hearing on October 16, 2007, less than 35 days as required by the local rules. The plaintiffs neither sought, nor received, a shortened time period for the hearing date.

Substantively, the plaintiffs' motion to expedite the trial setting proceeds from the premise that because this matter was ready for trial in the state court, it follows that it is also ready for trial in federal court. Thus, there are no pretrial proceedings over which the MDL court will exercise jurisdiction. This is not a persuasive argument. Under 28 U.S.C. 1407(b), "coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation." The issue of whether pretrial proceedings are resolved and concluded are for the court handling the asbestos litigation and the MDL Judicial Panel to decide, not for this Court.

Moreover, the pretrial decisions of the state court are not definitely concluded because they may be revisited by the MDL court. *See, e.g., Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (district court did not abuse its discretion in reaching merits of employer's motion for summary judgment subsequent to removal to federal court when California court previously denied employer's motion for summary judgment); *Crane v. Arizona Republic*, 972 F.2d 1511, 1516 n.3 (9th Cir. 1992) (state court's denial of defendant's motion for summary judgment did not preclude federal court from revisiting the issue after removal); *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (1979) (state court decision denying insurer's motion for summary judgment did not bar federal court from later granting the insurer's motion).

Additionally, the MDL court has instituted procedures addressing the plaintiffs' concern that the very illness alleged to have been caused by the defendants will preclude the participation of the plaintiff in the proceedings. Under the MDL court's Administrative Order number three, cases involving mesothelioma and lung cancer are addressed on a priority basis. *See, e.g., In re Patenaude*, 210 F.3d

4

135, 140 (3d Cir. 2000); *In re Asbestos Prods. Liability Litig.*, 1994 WL 16140733, at *1 (Jan. 19, 1994).

Finally, it should be noted that given the likelihood of transfer, which even the plaintiffs acknowledge, an expedited trial setting will likely be rendered moot.

Therefore, because a stay will likely preserve judicial resources by preventing a duplication of proceedings before this Court and the MDL court, and because the plaintiffs have not persuasively identified any hardship resulting from such a stay, the Court grants the motion to stay.

## CONCLUSION

Accordingly, Union Carbide Corp. and Montello, Inc.'s motion to stay these proceedings pending transfer to MDL 875 [Docket Nos. 36, 41] is GRANTED and this action is STAYED. It is further ordered that Union Carbide's motion for leave to file an amended notice of removal [Docket No. 43] is GRANTED. Finally, the plaintiffs' motions to withdraw their motion to remand is GRANTED [Docket No. 47]; their motion to expedite the trial setting [Docket No. 47] is DENIED.

IT IS SO ORDERED.

October 9, 2007

_____
Saundra Brown Armstrong
United States District Judge

5