CATHERINE MORRIS KROW (STATE BAR NO. 208412)
NIKKA N. RAPKIN (STATE BAR NO. 244207)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759
ckrow@orrick.com

Attorneys for Defendant
UNION CARBIDE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT F. LYMAN and SAMANTHA LYMAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>ASBESTOS DEFENDANTS (B*P), *et al.*,<br><br>  Defendants. | CASE NO. C 07-04240 SBA<br><br>**FIRST AMENDED NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332 and 1446, Defendants Union Carbide Corporation ("Union Carbide") hereby removes to this Honorable Court the action entitled Robert Lyman and Samantha Lyman v. Asbestos Defendants (B*P), et al., San Francisco Superior Court Case No. CGC-06-459162, and in support thereof states the following grounds for removal:

## I. INTRODUCTION

1. On or about December 29, 2006, an action was commenced in the Superior Court of the State of California, County of San Francisco, entitled <u>Robert Lyman and Samantha Lyman v. Asbestos Defendants (B*P), et al.</u>, San Francisco Superior Court Case No. CGC-06-459162. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' summons and complaint in this action. True and correct copies of all other process, pleadings, and orders filed and served in this action are attached hereto as Exhibit 2.[1]

2. Plaintiffs Robert F. Lyman and Samantha Lyman ("Plaintiffs") allege that Mr. Lyman has developed lung cancer as a proximate result of his work around defendants' asbestos and/or asbestos-containing products.

## II. JURISDICTION

3. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. section 1332.

## III. GROUNDS FOR REMOVAL

### Diversity Jurisdiction Exists

4. Plaintiffs Robert F. Lyman and Samantha Lyman are citizens of the State of Nevada.

5. As of the date of the filing of this Notice, Union Carbide Corporation ("Union Carbide") is informed and believes, and on that basis alleges, that Union Carbide, Montello, Inc. ("Montello"), and Honeywell International, Inc. ("Honeywell") are the sole remaining Defendants to the present action.[2] Attached hereto as Exhibit 4 is a true and correct copy of the relevant cited portions of Trial Volume V ("Tr. vol. V"), in <u>Lyman v. Asbestos Defendants (B*P), et al.</u>, San Francisco Superior Court Case No. CGC-06-459162. Tr. vol. V, at 193:9-194:10.

6. Defendant Union Carbide is a New York corporation with its principal place of

---

[1] On directive of the Court, Union Carbide has not re-filed Exhibit 2 to the original Notice of Removal due to sheer volume of the Exhibit.
[2] Former Defendant International Truck and Engine Corporation ("International Truck"), a Delaware corporation with its principal place of business in Illinois, has recently resolved the case on its behalf and is no longer a party to this action. Attached hereto as Exhibit 3 is a true and correct copy of email correspondence from International Truck's counsel confirming this fact and, on that basis, stating that International Truck does not object to removal to Federal Court.

business in Texas.

7. Defendant Montello is an Oklahoma corporation with its principal place of business in Oklahoma.

8. Defendant Honeywell is a Delaware corporation with its principal place of business in New Jersey.

9. Pursuant to court order, Counsel for Plaintiffs have confirmed in open court that there are no forum defendants left in the case. Attached hereto as Exhibit 5 is a true and correct copy of the relevant cited portions of Trial Volume IV ("Tr. vol. IV"), in <u>Lyman v. Asbestos Defendants (B*P), et al.</u>, San Francisco Superior Court Case No. CGC-06-459162. Tr. vol. IV, at 149:9-17, 170:12-15.

10. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Removal Is Timely**

11. On August 7, 2007, Union Carbide was served with Plaintiffs' Dismissal Without Prejudice of Complaint as to Defendant Thorpe Insulation Company ("Thorpe"). Attached hereto as Exhibit 6 is a true and correct copy of Plaintiffs' Dismissal Without Prejudice of Complaint as to Defendant Thorpe Insulation Company.

12. Thorpe is a California corporation with its principal place of business in California. Thorpe was the last-remaining forum defendant in this action.

13. Union Carbide filed its original Notice of Removal on August 17, 2007. As provided more fully below, all remaining defendants to the action consented to removal on or before August 30, 2007.

14. This suit is therefore timely removed within thirty (30) days of Union Carbide's receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; <u>see also</u> <u>Riggs v. Continental Baking Co.</u>, 678 F. Supp. 236, 238 (N. D. Cal. 1988); <u>Jong v. General Motors Corp.</u>, 359 F. Supp. 223, 226 (N.D. Cal. 1973).

///

1 **Unanimous Consent**

2 15. Although there is no specific consent requirement set forth in the removal statutes, courts typically require unanimous consent of all defendants for removal. <u>Chicago, R. I. & P. Ry. Co. v. Martin</u>, 178 U.S. 245 (1900).

16. Montello has consented to join in Union Carbide's Notice of Removal. Attached hereto as Exhibit 7 is a true and correct copy of Montello's Joinder In Notice Of Removal.

17. On August 30, 2007, Honeywell filed a Notice of Consent to Removal of Civil Action from the San Francisco County Superior Court ("Honeywell's Consent to Removal"), consenting to the removal of this action from state court. Attached hereto as Exhibit 8 is a true and correct copy of Honeywell's Consent to Removal, filed August 30, 2007. All defendants to the action have therefore consented to removal within the thirty-day window provided by 28 U.S.C. § 1446(b).

**V.   CONCLUSION**

18. Because complete diversity exists as between Plaintiffs and Defendants, because no remaining Defendant is a citizen of the forum state, and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

19. This First Amended Notice of Removal is properly filed in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court of the State of California, County of San Francisco, is located within this district.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal was filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

21. Pursuant to 28 U.S.C. § 1446(d), Union Carbide provided written notice of the Notice of Removal and will provide written notice of the First Amended Notice of Removal to all adverse parties.

/ / /

/ / /

/ / /

22. Union Carbide reserves the right to amend or supplement this First Amended Notice of Removal.

Dated: September 5, 2007

CATHERINE MORRIS KROW
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Catherine Morris Krow
Catherine Morris Krow
Attorneys for Defendant
UNION CARBIDE CORPORATION