# EXHIBIT 1

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
01/09/2007
Log Number 511796237

TO:    Erinn Levan
       Navigent Consulting
       1009 Lenox Drive, Bldg 4, Suite 101
       Lawrenceville, NJ, 08648-

RE:    Process Served in California

FOR:   Union Carbide Corporation (Domestic State: NY)

**RECEIVED**
JAN 11 2007
**PACE**

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

TITLE OF ACTION:           Robert F. Lyman and Samantha Lyman, Pltfs. vs. Asbestos Defendants (B*P), etc., et al. including Union Carbide Corporation, Dfts.

DOCUMENT(S) SERVED:        Summons, Attachment(s), Notice to Plaintiff, Cover Sheet, Complaint, Exhibit(s), Preliminary Fact Sheet, Statement(s) of Damages

COURT/AGENCY:              San Francisco County, San Francisco, Superior Court of California, CA
                           Case # CGC06459162

NATURE OF ACTION:          Asbestos Litigation - Personal Injury

ON WHOM PROCESS WAS SERVED: C T Corporation System, Los Angeles, CA

DATE AND HOUR OF SERVICE:  By Process Server on 01/09/2007 10:00:50

APPEARANCE OR ANSWER DUE:  Within 30 days after service - file written response // December 20, 2007 at 1:30 p.m. - Case Management Conference

ATTORNEY(S) / SENDER(S):   David R. Donadio
                           Brayton & Purcell LLP
                           222 Rush Landing Road
                           Novato, CA, 94948
                           415-898-1555

ACTION ITEMS:              SOP Papers with Transmittal, via Fed Ex 2 Day, 791208020547
                           Email Notification, Erinn Levan PaceService@navigentconsulting.com
                           Email Notification, Inota Recipient fusasbs@dow.com
                           Email Notification, Inota Recipient lindnmap@dow.com

SIGNED:    C T Corporation System
PER:       Dianne Christman
ADDRESS:   818 West Seventh Street
           Los Angeles, CA, 90017
TELEPHONE: 213-337-4615

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

SUMMONS
(CITATION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
ASBESTOS DEFENDANTS (B♦P)
As Reflected on Exhibits B, B-1, C, H, I; and DOES 1-8500;
and SEE ATTACHED LIST.

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

ROBERT F. LYMAN and SAMANTHA LYMAN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
(Número del caso): CGC-06-459162

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es)
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON♦PURCELL LLP
222 Rush Landing Road,    Novato, CA 94948-6169      (415) 898-1555

DATE: DEC 2 9 2006      Gordon Park-Li      Clerk, by Deborah Steppe, Deputy
(Fecha)                                      (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): UNION CARBIDE CORPORATION
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association of partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): _____

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

1

2

3  CLEAVER-BROOKS, INC.
4  BUCYRUS INTERNATIONAL, INC.
   JOHN CRANE, INC.
5  CRANE CO.
   GARLOCK SEALING TECHNOLOGIES, LLC
6  GENERAL MOTORS CORPORATION
   OWENS-ILLINOIS, INC.
7  PARKER-HANNIFIN CORPORATION
   PLANT INSULATION COMPANY
8  QUINTEC INDUSTRIES, INC.
   RAPID-AMERICAN CORPORATION
9  R.F. MACDONALD CO.
   UNION CARBIDE CORPORATION
10 UNIROYAL HOLDING, INC.
   WESTERN MacARTHUR COMPANY
11 MacARTHUR COMPANY
   WESTERN ASBESTOS COMPANY
12 PNEUMO ABEX LLC
   HONEYWELL INTERNATIONAL, INC.
13 FORD MOTOR COMPANY
   INTERNATIONAL TRUCK & ENGINE CORPORATION
14 CHEVRON PHILLIPS CHEMICAL COMPANY LP
   DRILLING SPECIALTIES COMPANY LLC
15 MONTELLO INC.
   A.W. CHESTERTON COMPANY
16 TYCO INTERNATIONAL (US) INC.
   HENRY VOGT MACHINE CO.
17 WEIR VALVE & CONTROLS USA INC.
   CARLISLE CORPORATION
18 FREIGHTLINER LLC
   MACK TRUCKS, INC.
19 J.T. THORPE & SON, INC.
   TEXACO, INC.
20 SAN JOAQUIN REFINERY
   CHEVRON U.S.A., INC.
21 CHEVRON PRODUCTS COMPANY
   UNOCAL CORPORATION
22 SHELL OIL COMPANY
   METROPOLITAN LIFE INSURANCE COMPANY
23 GATKE CORPORATION
   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
24 UNDERWRITERS LABORATORIES, INC.
   and DOES 1-8500,
25

26     Defendants.

27 Robert F. Lyman and Samantha Lyman vs. Asbestos Defendants (B⊕P)
28 San Francisco Superior Court

BRAYTON✦PURCELL, LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

CASE NUMBER: CGC-06-459162  ROBERT F LYMAN et al VS. ASBESTOS DEFENDANTS (B

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    DEC-20-2007

TIME:    1:30PM

PLACE:   Department 206
         400 McAllister Street
         San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.3 and 3.4.

> CRC 212 (g)(1) requires the filing and service of a case management statement
> form CM-110 no later than 15 days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID R. DONADIO, ESQ., STATE BAR NO. 154436<br>BRAYTON◆PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>TELEPHONE NO.: (415) 898-1555     FAX NO.: (415) 898-1247 | ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>DEC 29 2006<br><br>GORDON PARK-LI, Clerk<br>BY: DEBORAH STEPPE<br>Deputy Clerk |
| ATTORNEY FOR *(Name):* Plaintiff(s) | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:    400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

| CASE NAME:<br>ROBERT F. LYMAN and SAMANTHA LYMAN vs. ASBESTOS DEFENDANTS (B◆P) | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☒ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CGC-06-459162 |
| | | | JUDGE: |
| | | | DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☒ Asbestos (04)
☐ Product Liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental / Toxic tort (30)
☒ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☒ is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☒ Monetary  b. ☐ Nonmonetary; declaratory or injunctive relief  c. ☒ Punitive

4. Number of causes of action (specify): 8

5. This case ☐ is  ☒ is not  a class action suit.

Date: 12/29/06

David R. Donadio
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal Rules of Court, rule 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov



ENDORSED
F I L E D
San Francisco County Superior Court

DEC 2 9 2006

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

1  DAVID R. DONADIO, ESQ., S.B. #154436
   JOHN B. GOLDSTEIN, ESQ., S.B. #198188
2  BRAYTON✦PURCELL LLP
   Attorneys at Law
3  1222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555

   CASE MANAGEMENT CONFERENCE SET

6  Attorneys for Plaintiffs

   DEC 3 0 2007  1PM

   DEPARTMENT 206

8  SUPERIOR COURT OF CALIFORNIA

9  COUNTY OF SAN FRANCISCO

10

11  ROBERT F. LYMAN and          )   ASBESTOS
    SAMANTHA LYMAN,              )   No. CGC-06-459162
12                               )
          Plaintiffs,            )
13                               )
    vs.                          )   COMPLAINT FOR PERSONAL INJURY
14                               )   AND LOSS OF CONSORTIUM -
    ASBESTOS DEFENDANTS (B✦P)    )   ASBESTOS
15  As Reflected on Exhibits B, B-1, C, H, )
    I; and DOES 1-8500; and SEE  )
16  ATTACHED LIST.               )

17

18      1.    Plaintiff ROBERT F. LYMAN was born August 13, 1939.

19      2.    The ©Brayton✦Purcell Master Complaint for Personal Injury [and Loss of

20  Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

21  Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

22  obtained upon request from Brayton✦Purcell, and designated portions of the Master Complaint

23  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

24  Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows: .

25  ///

26  ///

27  ///

28

1
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1

2

3    CLEAVER-BROOKS, INC.

4    BUCYRUS INTERNATIONAL, INC.
     JOHN CRANE, INC.

5    CRANE CO.
     GARLOCK SEALING TECHNOLOGIES, LLC

6    GENERAL MOTORS CORPORATION
     OWENS-ILLINOIS, INC.

7    PARKER-HANNIFIN CORPORATION
     PLANT INSULATION COMPANY

8    QUINTEC INDUSTRIES, INC.
     RAPID-AMERICAN CORPORATION

9    R.F. MACDONALD CO.
     UNION CARBIDE CORPORATION

10   UNIROYAL HOLDING, INC.
     WESTERN MacARTHUR COMPANY

11   MacARTHUR COMPANY
     WESTERN ASBESTOS COMPANY

12   PNEUMO ABEX LLC
     HONEYWELL INTERNATIONAL, INC.

13   FORD MOTOR COMPANY
     INTERNATIONAL TRUCK & ENGINE CORPORATION

14   CHEVRON PHILLIPS CHEMICAL COMPANY LP
     DRILLING SPECIALTIES COMPANY LLC

15   MONTELLO INC.
     A.W. CHESTERTON COMPANY

16   TYCO INTERNATIONAL (US) INC.
     HENRY VOGT MACHINE CO.

17   WEIR VALVE & CONTROLS USA INC.

18   CARLISLE CORPORATION
     FREIGHTLINER LLC

19   MACK TRUCKS, INC.
     J.T. THORPE & SON, INC.

20   TEXACO, INC.
     SAN JOAQUIN REFINERY

21   CHEVRON U.S.A., INC.
     CHEVRON PRODUCTS COMPANY

22   UNOCAL CORPORATION

23   SHELL OIL COMPANY
     METROPOLITAN LIFE INSURANCE COMPANY

24   GATKE CORPORATION
     AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.

25   UNDERWRITERS LABORATORIES, INC.
     and DOES 1-8500,

26

27       Defendants.

28   Robert F. Lyman and Samantha Lyman vs. Asbestos Defendants (B⊕P)
     San Francisco Superior Court

BRAYTON⊕PURCELL, LLP
ATTORNEYS AT LAW
221 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

**DEFENDANTS' ON EXHIBITS:**

| Cause of Action | A | B | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ⊠ | ⊠ | | □ | | □ | | | | | □ | □ | □ |
| Second (Strict Liability) | ⊠ | ⊠ | | □ | | □ | □ | | | | □ | □ | □ |
| Third (False Representation) | ⊠ | ⊠ | | | | | | | | | | □ | |
| Fourth (Loss of Consortium) | ⊠ | ⊠ | ⊠ | □ | | □ | □ | ⊠ | ⊠ | | □ | | □ |
| Fifth (Premises Owner/ Contractor Liability) | ⊠ | ⊠ | ⊠ | | | | □ | | | | □ | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act] Maintenance and Cure) | | | | | □ | | □ | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | | | □ | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | □ | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | □ | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | □ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | ⊠ | ⊠ | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | □ | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | □ | | | |
| Twentieth (Fraud/Deceit – Kent) | | | | | | | | | | | □ | □ | □ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1    ·3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

2    history of exposure to asbestos are as stated on Exhibit A.

3    4.    Plaintiffs were married on January 1, 1970.

4    5.    (a)  "Exposed persons" in paragraphs 21, 68 and 69 of the Master Complaint

5    include plaintiff ROBERT F. LYMAN herein and plaintiff's father, Sylvester Lyman, deceased.

6    Dated: 12/29/66                          BRAYTON✦PURCELL LLP

7

8                                        By: _____

9                                            David R. Donadio
                                             Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

## EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | US Marine Corps Camp Lejuene Jacksonville, NC | Trainee | 1956-1957, 8 weeks |
| | Naval Air Station Cecil Field, Jacksonville, FL | | 9-10 months |
| Associated Transport Waltham, MA | Associated Transport Waltham, MA | Manager | 1958-1967 |
| United States Gypsum Charlestown, MA | United States Gypsum Charlestown, MA | Factory Worker (Foreman) | 1967, approx. 8 months |
| Alva Radio Industry Santa Monica, CA | Alva Radio Industry Santa Monica, CA | Assembler | 1971-1975 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc.: various oil fields throughout Southern California, including but not limited to: | Oil Field Worker | 1976-1987 |
| | Union Oil Co. of California, Santa Paula, CA | | |
| | Mohawk Refinery (Getty Oil) Bakersfield, CA | | |
| | San Joaquin Refinery Bakersfield, CA | | |
| | Standard Oil, Carpinteria, CA | | |
| | ExxonMobil Oil (HONDO) Santa Barbara, CA | | |
| | Shell Oil Long Beach, CA | | |
| | Shell Oil Carson, CA | | |

///

EXHIBIT A

4

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

## EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Baker Hughes Oilfield Operations, Inc. Houston, TX (con't) | El Capitan Oil Co. Bakersfield, CA | Oil Field Worker | 1976-1987 |
| | Shell Oil, Ventura, CA | | |
| | Shell Oil, Bakersfield, CA | | |
| | Shell Oil Pumping Station Huntington Beach, CA | | |
| | Shell Oil, San Pedro, CA | | |

**SECONDARY EXPOSURE:**

Plaintiff's father, Sylvester Lyman (deceased), worked for the US Government as a pipefitter for approximately 50 years. Plaintiff lived with his father from 1939 until approximately 1959. Plaintiff's father came home with dusty, dirty clothes every day. Plaintiff recalls meeting his father at the front gate of the shipyard and walking home with his father. Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Government | Boston Naval Shipyard Boston, MA: onboard various ships, names currently unknown | Pipefitter | 1939-1959 |

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, lung and/or other cancer, mesothelioma, and/or other lung damage. Plaintiff was diagnosed with lung cancer on or about October 2006.

Plaintiff retired from his last place of employment as a result of becoming disabled due to an injury not related to asbestos. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT B

DEFENDANTS

| | |
|---|---|
| CLEAVER-BROOKS, INC. | PNEUMO ABEX LLC |
| BUCYRUS INTERNATIONAL, INC. | HONEYWELL INTERNATIONAL, INC. |
| JOHN CRANE, INC. | FORD MOTOR COMPANY |
| CRANE CO. | INTERNATIONAL TRUCK & ENGINE |
| GARLOCK SEALING TECHNOLOGIES, LLC | CORPORATION |
| GENERAL MOTORS CORPORATION | CHEVRON PHILLIPS CHEMICAL COMPANY |
| OWENS-ILLINOIS, INC. | LP |
| PARKER-HANNIFIN CORPORATION | DRILLING SPECIALTIES COMPANY LLC |
| PLANT INSULATION COMPANY | MONTELLO INC. |
| QUINTEC INDUSTRIES, INC. | A.W. CHESTERTON COMPANY |
| RAPID-AMERICAN CORPORATION | TYCO INTERNATIONAL (US) INC. |
| R.F. MACDONALD CO. | HENRY VOGT MACHINE CO. |
| UNION CARBIDE CORPORATION | WEIR VALVE & CONTROLS USA INC. |
| UNIROYAL HOLDING, INC. | CARLISLE CORPORATION |
| WESTERN MacARTHUR COMPANY | FREIGHTLINER LLC |
| MacARTHUR COMPANY | MACK TRUCKS, INC. |
| WESTERN ASBESTOS COMPANY | DOES 1-800 |

ALTERNATE ENTITY

| | |
|---|---|
| CLEAVER-BROOKS, INC. | CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC. |
| | AQUA-CHEM, INC. |
| | CLEAVER BROOKS |
| | SPRINGFIELD BOILER CO. |
| BUCYRUS INTERNATIONAL, INC. | BUCYRUS-ERIE |
| | MARION POWER SHOVEL COMPANY, THE |
| | OSGOOD COMPANY |
| | GENERAL EXCAVATOR COMPANY |
| CRANE CO. | CRANE COMPANY |
| | CRANE PLUMBING & HEATING |
| | CRANE PUMPS & SYSTEMS, INC. |
| | CRANE SUPPLY |
| | BURK PUMPS |
| | MIDWEST PIPING CO. |
| | MIDWEST PIPING & SUPPLY CO. |
| | MIDWEST INVESTMENT |
| | PACIFIC STEEL BOILER CORPORATION |
| | PACIFIC VALVES |
| | CRANE VALVE GROUP |
| | DEMING PUMPS |
| | REPCAL BRASS MANUFACTURING CO. |
| | CHAPMAN VALVE COMPANY |

///
///
///

EXHIBIT B

6

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1          EXHIBIT B (cont'd.)

2          ALTERNATE ENTITY

3   GARLOCK SEALING          GARLOCK, INC.
        TECHNOLOGIES, LLC     COLTEC INDUSTRIES, INC.
4                            FAIRBANKS-MORSE
                             FAIRBANKS MORSE ENGINES
5                            BELMONT PACKING & RUBBER CO.
                             GARLOCK PACKING CO.
6                            U.S. GASKET CO.
                             GOODRICH CORPORATION
7                            ENPRO INDUSTRIES, INC.

8   GENERAL MOTORS CORPORATION   NEW DEPARTURE
                             CHEVROLET
9                            A.C. DELCO CO.
                             BUICK AUTOMOTIVE CORPORATION
10                           CADILLAC
                             PONTIAC
11                           LaSALLE
                             OLDSMOBILE
12                           GM GOODWRENCH
                             ROCHESTER PRODUCTS DIVISION
13                           EUCLID ROAD MACHINERY CO.
                             FRIDGIDAIRE (for exposure pre 4/9/1979)
14

15  UNION CARBIDE CORPORATION    UNION CARBIDE CHEMICALS AND PLASTICS
                                  COMPANY, INC.
                             UNION CARBIDE AND CARBON PRODUCTS
16                           LINDE AIR PRODUCTS COMPANY

17  UNIROYAL HOLDING, INC.       UNIROYAL, INC.

18  PNEUMO ABEX LLC              PNEUMO ABEX CORPORATION
                             ABEX CORPORATION
19                           AMERICAN BRAKE SHOE COMPANY
                             EATON BRAKE SHOES
20                           EATON MANUFACTURING CO.
                             AMERICAN BRAKE SHOE AND FOUNDRY COMPANY
21                           AMERICAN BRAKEBLOK, DIVISION OF AMERICAN
                                 BRAKE SHOE AND FOUNDRY CO.
22                           AMERICAN BRAKEBLOK CORPORATION
                             AMERICAN BRAKE MATERIALS CORPORATION
23                           AMERICAN BRAKE SHOE AND FOUNDRY (DE)

24  FORD MOTOR COMPANY           BRITISH LEYLAND MOTORS, INC.
                             BRITISH MOTOR CORPORATION
25                           JAGUAR CARS, INC.
                             TRIUMPH
26                           LINCOLN CONTINENTAL
                             AUSTIN HEALEY

27  ///

28  ///                                              EXHIBIT B

                        7
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

<u>EXHIBIT B (cont'd.)</u>

<u>ALTERNATE ENTITY</u>

| | |
|---|---|
| HONEYWELL, INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| TYCO INTERNATIONAL (US) INC. | POTTER & BRUMFIELD, INC. |
| | TYCO INTERNATIONAL (PA) INC. |
| | RAYCHEM CORPORATION |
| | ANDERSON GREENWOOD |
| | CROSBY STEAM AND VALVE COMPANY |
| | CROSBY VALVE, INC. |
| HENRY VOGT MACHINE CO. | VOGT VALVES |
| WEIR VALVE & CONTROLS USA INC. | ATWOOD & MORRILL CO., INC. |
| CARLISLE CORPORATION | CARLISLE DELAWARE CORPORATION |
| | CARLISLE MANAGEMENT COMPANY |
| | MOTION CONTROL INDUSTRIES, INC. |
| | CARLISLE TIRE & RUBBER COMPANY |
| | GEAUJA COMPANY |
| | TENSOLITE COMPANY |
| | BRAEMAR CORPORATION |
| | CONTINENTAL CARLISLE CORPORATION |
| | DIGITAL CONTROLS CORPORATION |
| | GRAHAM MAGNETIC INCORPORATION |
| FREIGHTLINER LLC | FREIGHTLINER CORPORATION |
| | WHITE FREIGHTLINERS |
| | WESTERN STAR TRUCKS, INC. |

///                                                                    EXHIBIT B

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS



**EXHIBIT B (cont'd.)**

**ALTERNATE ENTITY**

MACK TRUCKS, INC.                    BROCKWAY MOTOR COMPANY, INC.

**EXHIBIT B-1**

**DEFENDANTS**

J.T. THORPE & SON, INC.
DOES 1-800; DOES 1001-2000
                                       **ALTERNATE ENTITY**

J.T. THORPE & SON, INC.               THE THORPE COMPANY
                                       THORPE PRODUCTS CO.
                                       J.T. THORPE NORTHWEST

**EXHIBIT C**

**DEFENDANTS**

TEXACO, INC.                          J.T. THORPE & SON, INC.
SAN JOAQUIN REFINERY                  PLANT INSULATION COMPANY
CHEVRON U.S.A., INC.                  WESTERN MacARTHUR COMPANY
CHEVRON PRODUCTS COMPANY              MacARTHUR COMPANY
UNOCAL CORPORATION                    WESTERN ASBESTOS COMPANY
SHELL OIL COMPANY                     DOES 1001-2000

                                       **ALTERNATE ENTITY**

TEXACO, INC.                          TEXACO REFINING AND MARKETING, INC.
                                       TEXACO REFINING & MARKETING, INC.
                                       TEXACO USA
                                       THE TEXAS COMPANY
                                       THE TEXAS CORPORATION
                                       ASSOCIATED OIL COMPANY
                                       GETTY REFINING AND MARKETING
                                       MOHAWK PETROLEUM CORPORATION, INC.
                                       MOHAWK REFINERY
                                       RESERVE OIL & GAS COMPANY
                                       HOLMES-MANLEY

///
///
                                       EXHIBITS B, B-1, C

9

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT C (cont'd.)

ALTERNATE ENTITY

| CHEVRON PRODUCTS COMPANY | CHEVRON U.S.A. PRODUCTS COMPANY |
|---|---|
| | CHEVRON CORPORATION PRODUCTS COMPANY |
| | CHEVRON CORPORATION |
| | CHEVRON OIL REFINERY |
| | CHEVRON CHEMICAL COMPANY |
| | WILSHIRE OIL |
| | STANDARD OIL COMPANY OF CALIFORNIA |
| | STANDARD OIL COMPANY OF CALIFORNIA, |
| |    WESTERN OPERATIONS, INC. |
| | GULF OIL COMPANY |
| | GULF OIL OF CALIFORNIA |
| | GULF OIL CORPORATION |
| | GULF OIL PRODUCTS COMPANY |
| | CHEVRON RESEARCH AND |
| |    TECHNOLOGY |
| | PACIFIC OIL REFINING |
| | PACIFIC REFINING CO. |
| | SEQUOIA REFINING CORP. |
| | CHEVRON U.S.A., INC. |
| | CHEVRON U.S.A. PRODUCTS, INC. |

| PREMISES OWNER DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| TEXACO, INC. | Mohawk Refinery (Getty Oil), Bakersfield, CA | 1976-1987 |
| SAN JOAQUIN REFINERY | San Joaquin Refinery, Bakersfield, CA | 1976-1987 |
| CHEVRON U.S.A., INC./ CHEVRON PRODUCTS COMPANY | Standard Oil, Carpinteria, CA | 1976-1987 |
| UNOCAL CORPORATION | Union Oil of California, Santa Paula, CA | 1976-1987 |
| SHELL OIL COMPANY | Shell Oil, Long Beach, CA; Shell Oil, Carson, CA; Shell Oil, Ventura, CA; Shell Oil, Bakersfield, CA; Shell Oil Pumping Station, Huntington Beach, CA; Shell Oil, San Pedro, CA | 1976-1987 |

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| J.T. THORPE & SON, INC. | Various | Various |

///                                                                    EXHIBIT C

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT C (cont'd.)

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| PLANT INSULATION COMPANY | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

## EXHIBIT H

**DEFENDANTS**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | STUART-WESTERN, INC. |
| PNEUMO ABEX LLC | RITESET MANUFACTURING COMPANY |
| BORGWARNER MORSE TEC, INC. | ASBESTOS MANUFACTURING COMPANY |
| HONEYWELL INTERNATIONAL, INC. (successor-in-interest to ALLIEDSIGNAL, INC.) | FIBRE & METAL PRODUCTS COMPANY |
| | LASCO BRAKE PRODUCTS |
| THE BUDD COMPANY | L.J. MILBY COMPANY |
| DAIMLERCHRYSLER CORPORATION | ROSSENDALE-RUBOIL COMPANY |
| DANA CORPORATION | SOUTHERN FRICTION MATERIALS COMPANY |
| FORD MOTOR COMPANY | U.S. SPRING & BUMPER COMPANY |
| GENERAL MOTORS CORPORATION | AUTO FRICTION CORPORATION |
| BRIDGESTONE/FIRESTONE | EMSCO ASBESTOS COMPANY |
| NORTH AMERICAN TIRE, LLC | FORCEE MANUFACTURING CORPORATION |
| LEAR SIEGLER DIVERSIFIED HOLDINGS CORP. | MOLDED INDUSTRIAL FRICTION CORPORATION |
| MAREMONT CORPORATION | NATIONAL TRANSPORT SUPPLY, INC. |
| MORTON INTERNATIONAL, INC. | SILVER LINE PRODUCTS, INC. |
| PARKER-HANNIFIN CORPORATION | STANDCO, INC. |
| STANDARD MOTOR PRODUCTS, INC. | UNIVERSAL FRICTION MATERIALS COMPANY |
| GATKE CORPORATION | WHEELING BRAKE BLOCK MANUFACTURING COMPANY |
| GARLOCK SEALING TECHNOLOGIES, LLC | |
| BRASSBESTOS BRAKE LINING COMPANY | OWENS-ILLINOIS, INC. |
| H. KRASNE MANUFACTURING COMPANY | BELL ASBESTOS MINES LTD. |
| AUTO SPECIALTIES MANUFACTURING COMPANY | DOES 5000-8000 |

## EXHIBIT I

**DEFENDANTS**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC. |
| OWENS-ILLINOIS, INC. | |
| PNEUMO ABEX LLC | UNDERWRITERS LABORATORIES, INC. |
| GATKE CORPORATION | DOES 5000-7500 |
| GARLOCK SEALING TECHNOLOGIES, LLC | |

EXHIBITS C, H, I

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO AMENDED G.O. 158

1  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON✦PURCELL LLP
2  Attorneys at Law
   222 Rush Landing Road
3  P.O. Box 6169
   Novato, California  94948-6169
4  (415) 898-1555

5  Attorneys for Plaintiffs

6

7

8                SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN FRANCISCO

10

11  ROBERT F. LYMAN and            )  ASBESTOS
    SAMANTHA LYMAN,                )  No.  CGC-06-459162
12                                 )
           Plaintiffs,             )
13                                 )  PRELIMINARY FACT SHEET/NEW
    vs.                            )  FILING/ASBESTOS LITIGATION
14                                 )
    ASBESTOS DEFENDANTS (B✦P)      )
15  _____  )  (See General Order No. 129, In Re:
                                   )  Complex Asbestos Litigation)
16

17                        NOTICE

18  TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
    SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
19  SAN FRANCISCO

20       You have been served with process in an action which has been designated by the Court
    as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration.  This
21  litigation bears the caption "In Re:  Complex Asbestos Litigation", [San Francisco Superior
    Court No. 828684].
22
         This litigation is governed by various general orders, some of which affect the judicial
23  management and/or discovery obligations, including the responsibility to answer interrogatories
    deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,
24  Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
    (510) 835-8330; FAX; (510) 835-5117, for further information and/or copies of these orders, at
25  your expense.

26  1.  State the complete name and address of each person whose claimed exposure to asbestos is

27  the basis of this lawsuit ("exposed person"):  Robert F. Lyman, P.O. Box 1066, Silver Springs,

28  Nevada 89429.

                                           1
    PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1  2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four

2  months?    _X_ Yes                    _____ No

3  [If yes, the action will be governed by General Order No. 140; if no, the action will be governed

4  by General Order No. 129.]

5  3. Date of birth of each exposed person in item one and, if applicable, date of death:

6        Date of Birth:  _8/13/39_

7        Date of Death:  _N/A_

8  Social Security Number of each exposed person:

9        _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_

10  4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

11      _____ Asbestosis                    _____ Mesothelioma

12      _____ Pleural Thickening/Plaques      _____ Other Cancer:  Specify: _____

13      _X_ Lung Cancer Other Than Mesothelioma      _____ Other:  Specify: _____

14  5. For purposes of identifying the nature of exposure allegations involved in this action, please

15  check one or more:

16      _____ Shipyard          _____ Construction      _X_ Friction-Automotive

17      _X_ Premises            _____ Aerospace          _X_ Military

18      _X_ Other:  Specify all that apply: ___Industrial_____

19  If applicable, indicate which exposure allegations apply to which exposed person.

20  6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known,

21  provide the beginning and ending year(s) of each such exposure. Also specify each exposed

22  person's employer and job title or job description during each period of exposure. (For example:

23  "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure

24  might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized

25  descriptions such as "merchant marine" or "construction". If an exposed person claims exposure

26  during only a portion of a year, the answer should indicate that year as the beginning and ending

27  year (e.g., 1947-1947).

28  ///

2

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | US Marine Corps Camp Lejeune Jacksonville, NC | Trainee | 1956-1957, 8 weeks |
|  | Naval Air Station Cecil Field, Jacksonville, FL |  | 9-10 months |
| Associated Transport Waltham, MA | Associated Transport Waltham, MA | Manager | 1958-1967 |
| United States Gypsum Charlestown, MA | United States Gypsum Charlestown, MA | Factory Worker (Foreman) | 1967, approx. 8 months |
| Alva Radio Industry Santa Monica, CA | Alva Radio Industry Santa Monica, CA | Assembler | 1971-1975 |
| Baker Hughes Oilfield Operations, Inc. Houston, TX | Baker Hughes Oilfield Operations, Inc.: various oil fields throughout Southern California, including but not limited to: | Oil Field Worker | 1976-1987 |
|  | Union Oil Co. of California, Santa Paula, CA |  |  |

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

    a.  worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

    b.  may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

    c.  served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

///

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1        d.  was employed by the United States government in a civilian capacity, attach to the

2   copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3   the stipulation (Exhibit N-3 to General Order No. 129).

4   8.  If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5   Defense Counsel a copy of the death certificate, if available.  If an autopsy report was done, also

6   attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7   9.  State the date of the filing of the initial complaint in this matter:

8   *December 29, 2006*

9

10                         By: _____

                                      **Attorney for Plaintiffs**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION**

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Baker Hughes Oilfield Operations, Inc. Houston, TX (con't) | El Capitan Oil Co. Bakersfield, CA | Oil Field Worker | 1976-1987 |
| | Mohawk Refinery (Getty Oil) Bakersfield, CA | | |
| | San Joaquin Refinery Bakersfield, CA | | |
| | Standard Oil, Carpinteria, CA | | |
| | ExxonMobil Oil (HONDO) Santa Barbara, CA | | |
| | Shell Oil Long Beach, CA | | |
| | Shell Oil Carson, CA | | |
| | Shell Oil, Ventura, CA | | |
| | Shell Oil, Bakersfield, CA | | |
| | Shell Oil Pumping Station Huntington Beach, CA | | |
| | Shell Oil, San Pedro, CA | | |

SECONDARY EXPOSURE:

Plaintiff's father, Sylvester Lyman (deceased), worked for the US Government as a pipefitter for approximately 50 years. Plaintiff lived with his father from 1939 until approximately 1959. Plaintiff's father came home with dusty, dirty clothes every day. Plaintiff recalls meeting his father at the front gate of the shipyard and walking home with his father. Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Government | Boston Naval Shipyard Boston, MA: onboard various ships, names currently unknown | Pipefitter | 1939-1959 |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO. | |
|---|---|---|
| DAVID R. DONADIO, ESQ.    (Bar # 154436)<br>BRAYTON◆PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>ATTORNEY FOR *(Name)*  Plaintiff(s) | (415) 898-1555<br>FAX NO.<br>(415) 898-1247 | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | |
|---|---|
| STREET ADDRESS:  400 McAllister Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE:  San Francisco 94102 | |
| BRANCH NAME: | |

| PLAINTIFF:  ROBERT F. LYMAN and SAMANTHA LYMAN |
|---|
| DEFENDANT:  ASBESTOS DEFENDANTS (B◆P) |

| STATEMENT OF DAMAGES<br>*(Personal Injury or Wrongful Death)* | CASE NUMBER:<br>459162 |
|---|---|

To *(name of one defendant only)*: UNION CARBIDE CORPORATION

Plaintiff *(name of one plaintiff only)*: ROBERT F. LYMAN
seeks damages in the above-entitled action, as follows:

**1. General damages**                                                    **AMOUNT**

a. ☒ Pain, suffering, and inconvenience ............................................ $ 1,000,000.00
b. ☒ Emotional distress ................................................................. $ 1,000,000.00
c. ☐ Loss of consortium ................................................................ $ _____
d. ☐ Loss of society and companionship *(wrongful death actions only)* .... $ _____
e. ☐ Other *(specify)* .................................................................... $ _____
f. ☐ Other *(specify)* .................................................................... $ _____
g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☒ Medical expenses *(to date)* ................................................... $ 200,000.00
b. ☒ Future medical expenses *(present value)* ................................. $ 200,000.00
c. ☐ Loss of earnings *(to date)* ................................................... $ _____
d. ☒ Loss of future earning capacity *(present value)* ....................... $ 1,500,000.00
e. ☐ Property damage .................................................................. $ _____
f. ☐ Funeral expenses *(wrongful death actions only)* ....................... $ _____
g. ☐ Future contributions *(present value)* *(wrongful death actions only)* .. $ _____
h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* .. $ _____
i. ☒ Other *(specify)*  LOSS OF HOUSEHOLD SERVICES ................. $ 1,000,000.00
j. ☐ Other *(specify)* .................................................................. $ _____
k. ☐ Continued on Attachment 2.k.

**3.** ☒ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* ...... $ 5,000,000.00
        when pursuing a judgment in the suit filed against you.

Date:    January 3, 2007

_____          _____
David R. Donadio                          /s/ David R. Donadio
(TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

*(Proof of service on reverse)*

| Form Adapted by Rule 982<br>Judicial Council of California<br>982 (a)(24) [New January 1, 1997]<br>**Mandatory Form** | **STATEMENT OF DAMAGES**<br>*(Personal Injury or Wrongful Death)* | Code of Civil Procedure, §§ 425.11, 425.115 |
|---|---|---|

*LexisNexis™ Automated California Judicial Council Forms*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
DAVID R. DONADIO, ESQ.    (Bar # 154436)
BRAYTON◆PURCELL LLP
222 Rush Landing Road
Novato, California 94948-6169
ATTORNEY FOR *(Name):*  Plaintiff(s)

TELEPHONE NO.    (415) 898-1555
FAX NO.    (415) 898-1247

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:    400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:    San Francisco 94102
BRANCH NAME:

PLAINTIFF:    ROBERT F. LYMAN and SAMANTHA LYMAN
DEFENDANT:    ASBESTOS DEFENDANTS (B◆P)

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

CASE NUMBER:    459162

To *(name of one defendant only):* UNION CARBIDE CORPORATION

Plaintiff *(name of one plaintiff only):* SAMANTHA LYMAN
seeks damages in the above-entitled action, as follows:

| | | | AMOUNT |
|---|---|---|---|
| 1. | **General damages** | | |
| | a. ☐ Pain, suffering, and inconvenience .......................... | $ | _____ |
| | b. ☐ Emotional distress .......................... | $ | _____ |
| | c. ☒ Loss of consortium .......................... | $ | 500,000.00 |
| | d. ☐ Loss of society and companionship *(wrongful death actions only)* .......... | $ | _____ |
| | e. ☐ Other *(specify)* .......................... | $ | _____ |
| | f. ☐ Other *(specify)* .......................... | $ | _____ |
| | g. ☐ Continued on Attachment 1.g. | | |
| 2. | **Special damages** | | |
| | a. ☐ Medical expenses *(to date)* .......................... | $ | _____ |
| | b. ☐ Future medical expenses *(present value)* .......................... | $ | _____ |
| | c. ☐ Loss of earnings *(to date)* .......................... | $ | _____ |
| | d. ☐ Loss of future earning capacity *(present value)* .......................... | $ | _____ |
| | e. ☐ Property damage .......................... | $ | _____ |
| | f. ☐ Funeral expenses *(wrongful death actions only)* .......................... | $ | _____ |
| | g. ☐ Future contributions *(present value) (wrongful death actions only)* .......... | $ | _____ |
| | h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ..... | $ | _____ |
| | i. ☐ Other *(specify)* .......................... | $ | _____ |
| | j. ☐ Other *(specify)* .......................... | $ | _____ |
| | k. ☐ Continued on Attachment 2.k. | | |

3. ☒ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* ...... $ 5,000,000.00
when pursuing a judgment in the suit filed against you.

Date:    January 3, 2007

        David R. Donadio
        (TYPE OR PRINT NAME)

/s/ David R. Donadio

        (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982 (a)(24) [New January 1, 1997]
Mandatory Form

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115

LexisNexis™ Automated California Judicial Council Forms

# EXHIBIT 2

On directive of the Court, we are not re-filing Exhibit 2 to the original Notice of Removal due to sheer volume of the Exhibit.

# EXHIBIT 3

**Krow, Catherine Morris**

**Subject: FW: Lyman**

----- Original Message -----
From: LaCount, Daniel <dlacount@HBBLAW.com>
To: Jordan, Kevin
Sent: Mon Aug 13 19:19:52 2007
Subject: RE: Lyman

The Lyman case has been resolved as to International Truck and, as such, we will not object to it's removal to Federal Court.

DANIEL S. LACOUNT
HAIGHT BROWN & BONESTEEL, LLP
dlacount@hbblaw.com
415.546.7500
415.546.7505 (fax)

_____

From: kevin.jordan@bakerbotts.com [mailto:kevin.jordan@bakerbotts.com]
Sent: Monday, August 13, 2007 5:01 PM
To: LaCount, Daniel
Subject: Lyman

Dan: this is to confirm our conversation today concerning the Lyman case. As we discussed, plaintiffs' counsel represented to the Court your client International Truck was still a defendant in this case even though the case has been called to trial and no appearance has been made by International Truck. You indicated the case has settled as to International Truck but no formal dismissal has been entered. I informed you that my client Union Carbide is seeking to remove the case to Federal Court and I was seeking International Truck's input. You indicated that it is your position that International Truck is settled in this case but International Truck would not object to removal.

Please confirm this to me by return email. Thanks.

Kevin M. Jordan
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1322 (office)
(281) 546-6487 (cell)
kevin.jordan@bakerbotts.com

8/17/2007

# EXHIBIT 4



1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF SAN FRANCISCO

3    HONORABLE NANCY L. DAVIS, JUDGE PRESIDING

4    DEPARTMENT NO. 306

5    ---oOo---

6

7    ROBERT LYMAN, ET AL.,                    )
                                              )
8                    Plaintiffs,              )    CGC-06-459162
                                              )    Jury Trial
9        vs.                                  )
                                              )    Pages 191 - 201
10    ASBESTOS DEFENDANTS, ET AL.              )
                                              )    Volume V
11                   Defendants.              )
                                              )
12

13

14                                    **COPY**

15

16

17    REPORTER'S TRANSCRIPT OF PROCEEDINGS

18    Tuesday, August 14, 2007

19

20

21

22

23

24

25

26

27

28    Reported by:    Laura Martinez, CSR No. 11332, RPR

```
1   APPEARANCES OF COUNSEL:

2   For Plaintiffs:

3       Brayton Purcell
        222 Rush Landing Road
4       Novato, California  94945-669
        BY:  GARY L. BRAYTON, Attorney at Law
5            ANDREW CHEW, Attorney at Law

6   For Defendant UNION CARBIDE:

7       Baker Botts LLP
        One Shell Plaza
8       910 Louisiana
        Houston, Texas 77002
9       By:  KEVIN M. JORDAN, Attorney at Law

10      Orrick, Herrington & Sutcliffe LLP
        The Orrick Building
11      405 Howard Street
        San Francisco, California  94105
12      By:  CATHERINE MORRIS KROW, Attorney at Law

13  For Defendant FREIGHTLINER LLC:

14      Wright Robinson Osthimer & Tatum
        44 Montgomery Street, 18th Floor
15      San Francisco, California  94104-4705
        By:  CHARLES E. OSTHIMER, Attorney at Law
16
17  For Defendant MONTELLO, INC.:

18      Dillingham & Murphy
        225 Bush Street, Sixth Floor
19      San Francisco, California  94104-4207
        By:  MOLLY MROWKA, Attorney at Law

20      ANDREW S. HARTMAN, Attorney at Law
        6520 S. Lewis
21      Tulsa, Oklahoma  74170

22  For Defendant HONEYWELL INTERNATIONAL INC.:

23      Perkins Coie
        Four Embarcadero Center, Suite 1400
24      San Francisco, California  94111
        BY:  M. CHRISTOPHER JHANG, Attorney at Law
25

26

27

28
```

1    Tuesday, August 14, 2007                              9:15 A.M.

2                        P R O C E E D I N G S

3        THE CLERK:  All rise, please.  Department 306 is now in

4    session, the Honorable Nancy L. Davis, Judge presiding.  Please

5    be seated and come to order.

6        THE COURT:  Good morning, everyone.

7        All COUNSEL:  Good morning.

8        THE COURT:  Mr. Chuck, will you call our case, please.

9        THE CLERK:  Yes, Your Honor.  This case is Robert F. Lyman

10   and Samantha Lyman versus Asbestos Defendants.  Case

11   CGC-06-459162.

12       Counsel, please state your appearance beginning with the

13   Plaintiff.

14       MR. CHEW:  Good morning, Your Honor.  Andrew Chew and Gary

15   Brayton for Plaintiffs.

16       MR. JORDAN:  Good morning, Your Honor.  Kevin Jordan and

17   Catherine Krow for Union Carbide.

18       MS. MROWKA:  Good morning, Your Honor.  Molly Mrowka on

19   behalf of Montello, Inc.

20       MR. HARTMAN:  Andy Hartman on behalf of Montello.

21       MR. JHANG:  Good morning, Your Honor.  Chris Jhang on behalf

22   of Honeywell, successor in interest to Bendix.

23       MR. OSTHIMER:  Good morning, Your Honor.  Charles Osthimer

24   for Freightliner.

25       THE COURT:  Welcome back to everyone who has been here

26   before, and welcome to those who have not.  I understand that

27   there have been a few developments that have occurred since we

28   all last met.

                    LAURA MARTINEZ, CSR NO. 11332

1      Mr. Osthimer, that certainly pertains to you, sir.

2      MR. OSTHIMER:  Yes, ma'am.  I want to put on the record that

3  we've entered into a settlement with Plaintiffs, and

4  Freightliner is being dismissed from the case, so I'd like an

5  order that we're dismissed.

6      THE COURT:  Mr. Chew, good morning.

7      MR. CHEW:  Good morning, Your Honor.  Dismissed without

8  prejudice, to be more exact, Your Honor.

9      THE COURT:  Very well.  So ordered.  And we'll see you next

10  time around, sir.

11      MR. OSTHIMER:  Thank you, Your Honor.

12      THE COURT:  Take care.  Thank you, sir.

13      (Mr. Osthimer exits.)

14      THE COURT:  I understand that there's a very long line

15  downstairs, and that's probably because of all of you, as our

16  jurors are making their way through security.  So I'd like to

17  take care of a few thing up here.

18      Are there any other developments that you all wish to advise

19  me of at this point?

20      MR. CHEW:  I don't believe so, Your Honor.

21      THE COURT:  May I ask you all to put on your microphones so

22  we'll be sure to be able to hear you.  Thank you.  Yes, sir.

23      MR. JHANG:  Just to apprise you of our status of Honeywell,

24  Your Honor, our offices are in communication right now.  At this

25  point a deal has not yet been reached, but we anticipate that

26  through the course of this morning that our offices are likely

27  to reach some type of agreement with respect to this case, so we

28  may very well be in a different position and not participating

1   as much after this morning.  They are communicating right now

2   this morning.

3           THE COURT:  All right.  Are you aware, I want to make sure

4   you and Mr. Chew -- could you spell your last name for me?

5           MR. CHEW:  Certainly, Your Honor.  C-H-E-W.

6           THE COURT:  Thank you.  That all parties will be giving a

7   mini opening this morning?

8           MR. JHANG:  I became aware of that this morning, Your Honor.

9           THE COURT:  Oh, good.

10          MR. JHANG:  And just to give you background, the reason why

11  we weren't here before is that due to our firm understood that

12  we had a trial pass agreement with Plaintiffs with respect to

13  cases for this month.

14          But it turns out this one case was being handled differently

15  between the two offices.  It was due to a miscommunication which

16  is why we thought we were exempt from the trial appearance on

17  this case.  Once we found out that that wasn't the case, we

18  showed up immediately, which is why I'm here this morning, Your

19  Honor.

20          THE COURT:  Good.  Well, we'll have the record reflect that

21  we have received nothing from Honeywell, which everybody was

22  wondering.  You guys were MIA.  We didn't have any motions.

23  Nothing.  And we're going forward with the beginning of our

24  hardship process this morning.

25          And right now you are in the case, so if you -- I don't know

26  what your thoughts are about making a mini opening this morning,

27  but that's something that you need to let me know before we head

28  downstairs.

196

1   And, Mr. Chew, I'm sure you've been advised by Mr. Brayton

2   of that. Are you going to be speaking on behalf of the Lymans

3   this morning?

4       MR. CHEW: Yes, I will be, Your Honor.

5       THE COURT: All right, and I'd like to clarify that it's

6   Mr. Jordan.

7       MR. JORDAN: Yes, Your Honor. I will be speaking on behalf

8   of Union Carbide Corporation.

9       THE COURT: And, Mr. Hartman; is that right?

10      MR. HARTMAN: Yes, Your Honor.

11      THE COURT: All right. So when we get down there I will

12  make some introductory remarks to the panel, and quite early on

13  you'll get your cue to stand up, and you'll go first, Mr. Chew.

14  And as I'm sure you know from Mr. Brayton, it's three minutes

15  and three minutes only.

16      MR. CHEW: Certainly.

17      THE COURT: And when you all are done, then I will advise

18  the panel that you are being excused by the Court because you

19  have other things you need to attend to so that you can exit

20  gracefully. Let me ask in what order you all have decided

21  you're going to make your statements, or would you like to draw

22  straws this morning?

23      MR. JORDAN: I don't think we'll have any problem coming to

24  an agreement, and I will be going first. Mr. Hartman will be

25  going second. I guess if Honeywell is still around -- that's

26  actually something, Your Honor, if we could go off the record a

27  moment.

28      THE COURT: All right. Let's go off the record for a

LAURA MARTINEZ, CSR NO. 11332

1  moment.

2     MR. HARTMAN:  But, Your Honor, just for the record, yes,

3  that's agreeable to Montello.

4     THE COURT:  So Mr. Jordan will kick off.  And we'll go off

5  the record.

6     (Discussion off the record.)

7     THE COURT:  Let's go back on the record.  We've been talking

8  about scheduling and answering cell phone calls and doing a

9  variety of housekeeping things, and we're now back on the

10  record.  In a moment we're going to be going downstairs to the

11  jury assembly room to make welcoming remarks, have mini openings

12  and undertake the hardship process, but I believe there are a

13  few things that counsel would like to put on the record before

14  we do that.  Mr. Jordan.

15     MR. JORDAN:  Yes, Your Honor.  Some of the things that we've

16  discussed off the record I did want to get on the record.  In

17  relation to the issue of whether Honeywell is a party in this

18  case, counsel for Honeywell has indicated to me that he believes

19  that there was service on Honeywell, though the court's file

20  doesn't reflect that, and that there has not been an answer

21  filed by Honeywell in this case.

22     It is Union Carbide's position, as we stand here today based

23  on this fluid situation, that since Honeywell did not file an

24  answer in this case, did not participate in the three days of

25  trial that we have already undergone, that they are a nominal

26  party at best, if they are truly a party for purposes of issues

27  relating to removal.

28     I just wanted to put that on the record, Your Honor.

1    THE COURT: Very well. Mr. Hartman.

2    MR. HARTMAN: And Montello would endorse that position.

3    THE COURT: Mr. Jhang, and then we'll let Mr. Brayton

4    respond.

5    MR. JHANG: Your Honor, I want to note for the record that

6    as far as I know right now, I've checked with some of the

7    attorneys back in the office, and Honeywell was served in this

8    matter. My current understanding is that an answer was not

9    filed pursuant to an agreement that we have with the Plaintiffs.

10    But, nevertheless, I would say that Honeywell at this point

11    is still a party to this action.

12    THE COURT: All right. Mr. Brayton.

13    MR. BRAYTON: Respectfully, I disagree with Counsel's

14    characterization of Honeywell being a nominal party, but this is

15    not the forum where that substantive determination gets made, so

16    I won't respond any further substantively.

17    THE COURT: Anything else on that issue? All right.

18    Anything else that you all would like to put on the record this

19    morning? Okay.

20    I have a couple of things. We have talked about the

21    logistics of getting the questionnaires copied and to counsel so

22    they can begin to review them, and at this time we have no idea

23    how many we may get back once the hardship process is concluded.

24    But I'm going to order counsel to return tomorrow afternoon,

25    and my expectation of that meeting will be that counsel have

26    gotten copies of the questionnaires, and it would be my hope

27    we'll have a random list by that time and that we will begin to

28    look at the questionnaires, see what issues there might be that

1  we could address and make a determination about whether or not

2  we're looking at an additional panel coming in later in the

3  week.

4      And as I believe all of you know, our deadline for making a

5  request is 3:30 in the afternoon.  I'm going to order you back

6  at 2:00 o'clock tomorrow.  I have a meeting up at the juvenile

7  court, and that will enable me to be back in a timely fashion to

8  meet with you.

9      So we've already also talked about Mr. Chuck working with

10  Mr. Chew and Mr. Brayton and their colleagues to as efficiently

11  and expeditiously as possible manage the copying of

12  questionnaires and their return to the court and their

13  organization so that they will be in a form that will assist all

14  of us in beginning to review them.

15      Is there anything else that you all need at this point?  And

16  I'll just note it's my understanding that Plaintiffs will begin

17  this morning with their mini openings, and Mr. Chew will be

18  representing the Lymans.

19      MR. CHEW:  That's true, Your Honor.

20      THE COURT:  And then Mr. Jordan will begin on behalf of his

21  client, and then Mr. Hartman will follow, and then Mr. Jhang

22  will do clean-up.  Yes, Mr. Jordan.

23      MR. JORDAN:  Your Honor, the only other thing for scheduling

24  matters, you had previously indicated in prior orders that we

25  were to exchange by Wednesday our demonstrative exhibits

26  associated with the opening statements.  Might I suggest that we

27  do that exchange when we come here at 2:00 tomorrow and that at

28  some point after, like maybe Thursday since it may be dark, that

1 | you deal with any objections at that point.

2 | THE COURT: That's reasonable, I think. So let's plan to
3 | have those in hand tomorrow. We can take care of that.

4 | So, Mr. Chew, I'm sure Mr. Brayton, if he hasn't already
5 | explained to you our earlier conversations he'll bring you up to
6 | date.

7 | Anything else at this time? Okay. So you should stick
8 | around so you know when we get the call downstairs. They are
9 | taking attendance, and they show a video to our prospective
10 | jurors when they first come in for service. And given how many
11 | people were called in for today and the security process, I'm
12 | sure it's taking a little bit more time than it might otherwise.

13 | So please be on hand so that we can go down quickly to
14 | address everybody, because they will have been here for a while,
15 | and they will already have itchy feet. All right, so I'll see
16 | you downstairs. Thank you all.

17 | (Proceedings adjourned at 9:59 a.m.)

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LAURA MARTINEZ, CSR NO. 11332

Case 4:07-cv-04240-SBA     Document 43-2     Filed 09/05/2007     Page 41 of 41

1  State of California          )
2  County of San Francisco  )
3
4
5     I, Laura Martinez, Reporter Pro Tempore for the Superior
6  Court of California, County of San Francisco, do hereby certify:
7     That I was present at the time of the above proceedings;
8     That I took down in machine shorthand notes all proceedings
9  had and testimony given;
10    That I thereafter transcribed said shorthand notes with the
11 aid of a computer;
12    That the above and foregoing is a full, true, and correct
13 transcription of said shorthand notes, and a full, true and
14 correct transcript of all proceedings had and testimony taken;
15    That I am not a party to the action or related to a party or
16 counsel;
17    That I have no financial or other interest in the outcome of
18 the action.
19
20
21 Dated:  August 15, 2007.
22
23
24 *Laura Martinez*
25 LAURA MARTINEZ, CSR NO. 11332
26
27
28

LAURA MARTINEZ, CSR NO. 11332