1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiffs

7
   BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION
8

9  IN RE: ASBESTOS PRODUCTS LIABILITY     )   MDL DOCKET NO. 875
   LITIGATION (NO. VI),                    )   CTO-287
10                                          )
   This Document Relates to:               )   PLAINTIFF'S REPLY TO UNION
11 ROBERT and SAMANTHA LYMAN v. UNION     )   CARBIDE'S OPPOSITION TO
   CARBIDE CORP., et al.                   )   MOTION TO VACATE
12                                          )   CONDITIONAL TRANSFER
                                            )   ORDER
13

14
   THE UNITED STATES DISTRICT COURT
15 FOR THE NORTHERN DISTRICT OF CALIFORNIA
   OAKLAND DIVISION
16
   ROBERT and SAMANTHA LYMAN,             )   No. C07-4240-SBA
17       Plaintiffs,                       )
                                            )
18 vs.                                     )
                                            )
19 UNION CARBIDE CORP., et al.,            )
         Defendants.                       )
20

21

22      Plaintiffs Robert and Samantha Lyman renew their request to this panel to vacate the

23 conditional transfer of this action to the MDL and to remand it to the District Court for the

24 Northern District of California for immediate trial. The opposition provided by the removing

25 party, Union Carbide, only emphasizes the fact that this case is already in a "substantially

26 advanced stage" and that all of the steps required to bring it to completion can be accomplished

27 more quickly and efficiently in the California court than in the MDL court. The interests of

28 ///

K:\Injured\107053\FED-MDL-REPLY TO UC OPP.wpd          1
PLAINTIFF'S REPLY TO UNION CARBIDE'S OPPOSITION TO MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (Northern Dist. California C07-4240 SBA)

1  judicial economy, the convenience of the parties and witnesses, and efficient conduct of the
2  litigation would all benefit by prompt trial in the Northern District of California.

### ARGUMENT

Each of Union Carbide's arguments in support of transfer is lacking in legal support and only serves to highlight the fact that this action is in an advanced posture. It was in trial, the jury was in the courthouse, and jury selection was about to begin when it was removed from the state court. There is simply no need for further "pretrial proceedings."

### Union Carbide's Argument That this Action is Not in Trial

Union Carbide is technically correct that this action is not presently in trial. It was in trial in the state court when Union Carbide removed it to the federal court. The federal district judge then stayed further proceedings pending this panel's final determination on whether to transfer the action to the MDL court. That fact, however, does not change the underlying fact that this case had completed all pretrial activity in the state court. Witnesses were standing by, the jury was ready for voir dire, and the parties had exhausted settlement negotiations when the defendant filed an untimely removal.

Contrary to Union Carbide's assertion that it timely removed the action, it's removal was in fact premature because it did not have the consent of all remaining defendants. That consent was not obtained for another two weeks. Had the defendant not improperly removed the case from state court, the jury would have been empaneled, and testimony would have been well underway before the case was removed. There is no need for any further pretrial activity because of the already advanced stage of these proceedings. Nothing in the rules of this panel require the case to be "in trial" in order for the panel to remand to the district court. Certainly no more stringent requirement should exist for the panel to decline to transfer to the MDL in the first place.

### Common Questions with Other MDL-875 Cases

Union Carbide's position that there are common questions with other MDL 875 cases is unsupported by any evidence or legal authority. Union Carbide cites *In Re Asbestos Products Liability Litigation (No. VI)* (1991) 771 F.Supp.415 for the proposition that unique circumstances

1  of exposure, causation, and liability are not an adequate basis for denying transfer. Opposition at
2  5-6. The portion of the case cited, however, merely recited the arguments presented in 1977
3  against creation of an MDL. There was no holding that these differences are not important.
4  More significantly, the defendant presents no evidence that there are any common issues and
5  facts beyond the generic claim of asbestos exposure. Defendant claims that plaintiffs' arguments
6  are indistinguishable from those the panel has consistently rejected, but cites no authority for that
7  position. In fact, the significant individual facts and issues here are the only ones left to be
8  determined. There are no common issues with other cases in the MDL other than the fact that the
9  plaintiff was injured by exposure to asbestos. No proceedings in the MDL would improve
10 judicial economy or simplify proceedings for the trial court. Transfer would be unnecessary and
11 unproductive.

12             <u>Union Carbide's Argument That Transfer Would Not Inconvenience the Parties</u>

13        Like its other arguments, the defendant's argument on this point is based solely on
14 generality and conclusion without factual or legal support. The opposition addresses only cost
15 and travel issues. Opposition at 6-7. The defendant totally ignored the fact that the Plaintiff,
16 Robert Lyman, is dying. As his declaration in support of the motion reveals, he is soon likely to
17 be unable to present himself before a jury if the matter is further delayed. All the necessary
18 witnesses, trial exhibits, charts, etc., which are necessary for trial have all been prepared and are
19 ready to go. Nor does the proposed balm of using lead counsel and steering committees help to
20 advance Union Carbide's argument. This is not a large group of cases, a party with numbers of
21 actions against it, or a large corporate entity. The parties here are a married couple represented
22 by a single law firm. The full cost of representation in the MDL will be borne by them alone. To
23 impose that burden when there are no common issues to be addressed would be unconscionable.

24             <u>Union Carbide's Argument Concerning Expert Discovery and Testimony</u>

25        Union Carbide relies for support on its unsupported contention that there are serious
26 expert witness and discovery issues yet to be resolved in the matter pretrial. It claims there is
27 some unspecified great issues of expert admissibility to be determined by the MDL court in its
28 "gatekeeper" role, a role which was abdicated by the California trial court. Of course, as with all

1  of Union Carbide's claims in this matter, there is no evidence or even argument presented to
2  demonstrate what those issues might be and how they are appropriate for MDL resolution only.
3  Union Carbide claims that the determination of admissibility is a pretrial determination that must
4  be made by the MDL, and cites *Magistrini v. One hour Martinizing Dry Cleaning* (D.N.J. 2002)
5  180 F.Supp.2d 584, 593 in support. But *Magistrini* makes clear that the decision is one top be
6  made by the trial judge. *Id.*

7  Decisions of this type are clearly trial court decisions because of the need for the
8  admissibility determination to be made "at the time the evidence is offered." Much depends on
9  the state of prior evidence, the support already in the record, the testimony of other witnesses, all
10 factors which only the trial court can make at the time of trial.

11 Union Carbide tries to parlay this supposed need for an MDL conducted series of *Daubert*
12 hearings into justification for a further delay by presuming that after such hearings are
13 successfully completed it will be able to demonstrate that it "is almost certainly entitled to
14 summary judgment." Opposition at 12. The California trial court denied that motion previously.
15 The California Court of Appeal summarily dismissed Union Carbide's writ petition seeking to
16 reverse the trial court's decision. Yet, Union Carbide baldly states that Lyman's "eleventh hour"
17 declaration would have almost certainly lead to a different result in federal court. This statement
18 identifies either a lack of knowledge of, or a blatant misstatement of California Law on the part
19 of Union Carbide. In accordance with California law, a statement in opposition to a motion for
20 summary judgment which conflicts with prior deposition testimony or discovery responses is
21 considered insufficient to create a triable issue of fact. *D'Amico v. Board of Medical Examiners*
22 (1974) 11 Cal.3d 1. So the standard in California does not differ from that applied in the Federal
23 Court, and the "certainty" of Union Carbide prevailing on summary judgment disappears. For
24 this reason as well, the case should not be transferred.

25  Meaningful Settlement Discussions

26 In what is surely its most cynical reason for promoting transfer, Union Carbide claims
27 that meaningful settlement discussions will be available through the comprehensive settlement
28 mechanism developed by the MDL court. Opposition at 1. Later in its opposition Union Carbide

K:\Injured\107053\FED-MDL-REPLY TO UC OPP.wpd                  4
PLAINTIFF'S REPLY TO UNION CARBIDE'S OPPOSITION TO MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (Northern Dist. California C07-4240 SBA)

1  asserts that settlement discussions were held in the state court action but that they were not
2  "fruitful" or that no meaningful settlement discussions were held. Opposition at 3-4. Union
3  Carbide fails to even attempt to explain how, in the face of these failed efforts, once it reached
4  trial, this case had devolved through successful settlement or dismissal of twenty-eight of its
5  original thirty-one defendants. Certainly the local district court also has specific, focused
6  settlement procedures which would be more effective and efficient in this limited context case
7  than those of the vast MDL.

8      Union Carbide's position here is particularly cynical in light of its clear statement of
9  position that Mr. Lyman "was not exposed to their products and that Mr. Lyman's lung cancer
10 was caused by his smoking. . .." Opposition at 2. During the state court's settlement efforts
11 Union Carbide was, as it remains here, a determined holdout. Furthermore, Union Carbide
12 makes no proffer here of what its position was in state court settlement, and how that would be
13 different in the MDL. Union Carbide never objected to the allegedly truncated settlement
14 conferences in the state court, never requested a separate and independent settlement conference,
15 or even proffered that it believed settlement was possible. To now promote transfer to the MDL
16 on the basis that the case stands a better chance of reaching a settlement there is more than
17 unbelievable.

18                                             CONCLUSION

19     The case is prepared for trial, indeed was being tried, when it was removed from the state
20 court to the federal court. It needs no more pretrial proceedings. There are no common issues to
21 be determined in the MDL. The plaintiff's health is rapidly deteriorating and the interests of
22 justice cry out for a speedy trial. There are only three defendants, there are only individual
23 questions of exposure and disease to be determined, and there are no common questions shared
24 with other MDL cases to be considered. It is time for an end to Union Carbide's cynical attempts
25 to continue delaying the Lyman's day in court.
26 ///
27 ///
28 ///

1  Plaintiffs Robert and Samantha Lyman respectfully request that this panel vacated the
2  conditional transfer order and leave the case with the district court for the Northern district of
3  California where it can receive immediate trial preference.

4  Respectfully submitted,

5  Dated: November 2, 2007          BRAYTON❖PURCELL LLP

8  By: _____
   David R. Donadio
9  State Bar of California #154436
   BRAYTON❖PURCELL LLP
10 Attorneys at Law
   222 Rush Landing Road
11 P.O. Box 6169
   Novato, California 94948-6169
12 (415) 898-1555
   (415) 898-1247 Fax
13 Attorneys for Movants,
   Plaintiffs Robert and Samantha Lyman

K:\Injured\107053\FED-MDL-REPLY TO UC OPP.wpd                6
PLAINTIFF'S REPLY TO UNION CARBIDE'S OPPOSITION TO MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (Northern Dist. California C07-4240 SBA)

## PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, Novato, California 94948-6169.

On November 2, 2007, I served the attached:

**PLAINTIFF'S REPLY TO UNION CARBIDE'S OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER**
**MDL Docket No. 875, CTO-287**
**Robert Lyman, et al. v. Union Carbide Corp. (Northern Dist. Calif. C07-4240 SBA)**

on the interested parties in this action by transmitting a true copy thereof in a sealed envelope, and each envelope addressed as follows:

TO ALL PARTIES ON THE ATTACHED SERVICE LIST

    XXX    BY OFFICE MAILING: I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed this **November 2, 2007** at Novato, California.

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Jane A. Ehni_
JANE A. EHNI

G:\POS\MULTIP.WPD     1

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                        MDL No. 875

PANEL SERVICE LIST (Excerpted from CTO-287)

Robert F. Lyman, et al. v. Union Carbide Corp., et al., N.D. California, C.A. No. 4:07-4240

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Christopher M. Jhang
Perkins Coie, LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Locks Law Firm, LLC
1500 Walnut Street
Philadelphia, PA 19102

Page 2 of 2

## MDL No. 875 - Panel Service List (Excerpted from CTO-287) (Continued)

Catherine N. Morris
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Ronald L. Motley
Motley Rice, LLC
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Molly Jeannette Mrowka
Dillingham & Murphy
225 Bush Street
6th Floor
San Francisco, CA 94104

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney, PC
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, L.L.P.
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building, 645 Griswold St.
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226-4192

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

*[handwritten:]* U.S.D.C - NORTHERN DIST. OAKLAND.
C07-4240 SBA
1301 Clay St. 400S
Oakland, CA 94612-5212