A CERTIFIED TRUE COPY
ATTEST

Cz Nf ddb U pn qt po po Ef d 25-3118

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
UNITED STATES
JUDICIAL PANEL ON
DEC 20 2007  MULTIDISTRICT LITIGATION

RICHARD W. WIEKING   Dec 14, 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

C 07- 4240 SBA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                 MDL No. 875

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in three actions listed on Schedule A and pending in the Northern District of California (*Lyman*) and the Eastern District of Louisiana (*Fontenot* and *Tyer*), respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose those motions to vacate. In the Eastern District of Louisiana *Lerille* action listed on Schedule A, defendants Peter Territo, American Motorists Insurance Co., OneBeacon Insurance Group, LLC, Highlands Insurance Co., and Travelers Indemnity Co. also seek, pursuant to Rule 7.4, to vacate our order conditionally transferring that action to MDL No. 875.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as

---

[*] Judges Heyburn and Scirica took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the Eastern District of Louisiana *Fontenot* and *Lerille* actions.

[1] Union Carbide Corp. and Montello, Inc. (in the Northern District of California *Lyman* action); Chevron, Exxon Mobil, Conoco Phillips Co., Hunt Oil, Co., and Zapata Corp. (in the Eastern District of Louisiana *Fontenot* action); and Union Carbide Corp. (in the Eastern District of Louisiana *Fontenot* and *Tyer* actions).

TRUE COPY CERTIFIED TO FROM THE RECORD

DATE: 12/14/07

Tom Dempsey
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- 2 -

grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of December 3, 2007, (1) over 75,000 actions have been closed in the transferee district, and (2) over 1,365 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these four actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz* |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                   MDL No. 875

## SCHEDULE A

<u>Northern District of California</u>

Robert F. Lyman, et al. v. Union Carbide Corp., et al., C.A. No. 4:07-4240

<u>Eastern District of Louisiana</u>

Nolan Fontenot v. Chevron USA, Inc., et al., C.A. No. 2:07-2764
Clyde L. Tyer v. Union Carbide Corp., et al., C.A. No. 2:07-2777
Betty E. Lerille, et al. v. Monsanto Corp., et al., C.A. No. 2:07-3621