ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | Civil Action No. MDL. 875 |
| This document relates to<br><br>Robert F. Lyman and Samantha Lyman v. Asbestos Defendants<br><br>United States District Court for the Northern District of California, Case No. C07-4240-SBA | STATEMENT OF CASE STATUS AS TO PLAINTIFF: Robert F. Lyman |

The above-identified Plaintiff makes the following status report in response to Administrative Order No. 12 of May 31, 2007:

1. SUBMISSION OF IDENTIFICATION INFORMATION:

Plaintiff (full name): Robert F. Lyman

Plaintiff's Date of Birth: August 13, 1939

Last four digits of plaintiff's social security number: 1817

Plaintiff is the asbestos-related injury victim.

2. SUBMISSION OF RELATED COURT ACTIONS: Plaintiff identifies the following prior and/or pending related court actions (the status of each of the following being "pending" in the court unless otherwise indicated below); attached hereto, and incorporated here by this reference is a list of the parties in the related court action(s):

The above-captioned action originated as *Robert F. Lyman and Samantha Lyman v. Asbestos Defendants*, San Francisco Superior Court, Case No.459162. It was removed to the United States District Court for the Northern District of Washington, and became Case No. C07-4240-SBA, the above-captioned matter. A list of the named parties in San Francisco Superior Court, Case No. 459162 is attached hereto.

3. SUBMISSION OF STATEMENT OF CASE STATUS:

Upon removal, the following three (3) defendants remained in the action:

| **Defendant** | Status |
|---|---|
| Union Carbide Corporation | non-bankrupt unsettled defendant |
| Montello Inc | non-bankrupt unsettled defendant |
| Honeywell International Inc | non-bankrupt unsettled defendant |

The following is the status regarding the Defendants named in San Francisco Superior Court, Case No. 459162 which are therefore now named defendants in Case No. C07-4240-SBA in the United States District Court for the Northern District of California:

| Defendant | Service Status | Claim Status |
|---|---|---|
| A.W. Chesterton Company | Answered | Dismissed w/o Prejudice |
| Carlisle Corporation | Answered | Dismissed w/o Prejudice |
| Chevron Phillips Chemical Company LP | Answered | Dismissed w/o Prejudice |
| Chevron U.S.A. Inc. | Answered | Dismissed w/o Prejudice |
| Crane Co. | Answered | Dismissed w/o Prejudice |
| Crown Cork & Seal Company, Inc. | Served | |
| Drilling Specialties Company LLC | Answered | Dismissed w/o Prejudice |
| Ford Motor Company | Answered | Dismissed w/o Prejudice |
| Foster Wheeler LLC | Answered | Dismissed w/o Prejudice |
| Freightliner LLC | Answered | Dismissed w/o Prejudice |
| Garlock Sealing Technologies, LLC | Served | Settled |
| General Motors Corporation | Answered | Dismissed w/o Prejudice |
| Henry Vogt Machine Co. | Answered | Settled |
| Honeywell International, Inc. | Answered | Settled |
| International Truck & Engine Corporation | Answered | Settled |
| J.T. Thorpe & Son, Inc. | Answered | Dismissed w/o Prejudice |
| John Crane, Inc. | Answered | Dismissed w/o Prejudice |
| Mack Trucks, Inc. | Answered | Settled |
| Montello Inc. | Answered | |
| Owens-Illinois, Inc. | Answered | Settled |

| | | |
|---|---|---|
| Parker-Hannifin Corporation | Answered | Dismissed w/o Prejudice |
| Plant Insulation Company | Answered | Dismissed w/o Prejudice |
| Pneumo Abex LLC | Answered | Dismissed w/o Prejudice |
| Quintec Industries, Inc. | Answered | Dismissed w/o Prejudice |
| Rapid-American Corporation | Served | |
| San Joaquin Refining Co., Inc. | Answered | Settled |
| Shell Oil Company | Answered | Settled |
| Texaco, Inc. | Answered | Dismissed w/o Prejudice |
| Thorpe Insulation Company | Answered | Dismissed w/o Prejudice |
| Tyco International (US) Inc. | Answered | Dismissed w/o Prejudice |
| Union Carbide Corporation | Answered | |
| Uniroyal Holding, Inc. | Served | |
| Unocal Corporation | Answered | Dismissed w/o Prejudice |
| Weir Valve & Controls USA Inc. | Answered | Dismissed w/o Prejudice |

4. SUBMISSION OF MEDICAL REPORTS: Plaintiff submits that attached medical diagnosing report(s) / opinion(s).

5. ALTERNATIVE PLAINTIFF SUBMISSION: Not Applicable.

6. TIMING REQUIREMENTS: Plaintiff respectfully submits that this report is timely in that Paragraph 6 of said Order, entitled "TIMING REQUIREMENTS", does not provide a deadline for submission of a report on a case filed in 2008, nor does it specify a deadline for a case filed in the transferor court in 2007 but which did not come before the jurisdiction of this court until after the deadline set by Paragraph 6(a).

7. SCREENED CASES: Plaintiff's claims are not the result of a mass screening.

8. EXCLUSIONS: This case is not designated as 2MDL 875 (MARDOC).

9. SETTLEMENT CONFERENCES / SUGGESTIONS OF REMAND: Plaintiff respectfully asks that a settlement conference be set in this matter and seeks remand of this case back to the originating court.

////

////

10. MANNER OF SUBMISSIONS: The foregoing report and attachments is served in this above-identified action pursuant to the local rules of the originating court, upon filing with said court, using that Court's transmission facilities, to recipients by means of the said court's Case Management / Electronic Case Filing (CM/ECF) system. See Certificate of Service attached hereto.

Dated: 2/19/08

BRAYTON❖PURCELL LLP

By: ______________________

David R. Donadio
Attorneys for Plaintiff

Defendants named in Complaint, Robert F. Lyman and Samantha Lyman vs. Asbestos Defendants, San Francisco Superior Court, Case #459162

CLEAVER-BROOKS, INC.
BUCYRUS INTERNATIONAL, INC.
JOHN CRANE, INC.
CRANE CO.
GARLOCK SEALING TECHNOLOGIES, LLC
GENERAL MOTORS CORPORATION
OWENS-ILLINOIS, INC.
PARKER-HANNIFIN CORPORATION
PLANT INSULATION COMPANY
QUINTEC INDUSTRIES, INC.
RAPID-AMERICAN CORPORATION
R.F. MACDONALD CO.
UNION CARBIDE CORPORATION
UNIROYAL HOLDING, INC.
WESTERN MacARTHUR COMPANY
MacARTHUR COMPANY
WESTERN ASBESTOS COMPANY
PNEUMO ABEX LLC
HONEYWELL INTERNATIONAL, INC.
FORD MOTOR COMPANY
INTERNATIONAL TRUCK & ENGINE CORPORATION
CHEVRON PHILLIPS CHEMICAL COMPANY LP
DRILLING SPECIALTIES COMPANY LLC
MONTELLO INC.
A.W. CHESTERTON COMPANY
TYCO INTERNATIONAL (US) INC.
HENRY VOGT MACHINE CO.
WEIR VALVE & CONTROLS USA INC.
CARLISLE CORPORATION
FREIGHTLINER LLC
MACK TRUCKS, INC.
J.T. THORPE & SON, INC.
TEXACO, INC.
SAN JOAQUIN REFINERY
CHEVRON U.S.A., INC.
CHEVRON PRODUCTS COMPANY
UNOCAL CORPORATION
SHELL OIL COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
GATKE CORPORATION
AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
UNDERWRITERS LABORATORIES, INC.
and DOES 1-8500,

Defendants.

ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

***DIAGNOSTIC SPECIALTIES LABORATORY, INC., P.S.***

*Samuel P. Hammar, M.D., F.C.C.P., F.C.A.P., Director Keith O. Hallman, M.D. David M. Bray, M.D. Richard A. Cox, M.D., Ph.D.*

*700 Lebo Boulevard*

*Bremerton, Washington 98310*

*e-mail:* shammar@harrisonmedical.org

Voice: 360-479-7707 Facsimile: 360-479-7886 Washington State: 800-762-2344

---

*Name:* **LYMAN, ROBERT F.** *Age:* 67

*DOB:* 08/13/39 *DOD:* (Living)

*Date Received:* **06/20/07**

*Date Transcribed:* **07/31/07**

*Requested:* **Shakena N. Hall, Administrative Assistant**

*Specimens:* **Medical records/reports**
**Pathology materials (57 slides/26 blocks):**
**14 slides/3 blocks H06-9466**
**1 iron control slide**
**42 slides/23 blocks H07-111**

**Court Caption:**
Superior Court of California; County of San Francisco – No. 459162
Robert F. Lyman and Samantha Lyman vs. Asbestos Defendants

*From:* **Brayton Purcell – Novato, CA** **Phone: 415-898-1555; Fax: 415-898-1247**

---

Received from Shakena N. Hall, Administrative Assistant, Brayton Purcell, Novato, California, are fourteen glass slides and three paraffin blocks for review designated H06-9466; one iron stain control slide; and forty-two glass slides and twenty-three paraffin blocks for review designated H07-111. Also received are medical records and reports concerning Robert F. Lyman.

There is a medical records index as follows: 1) reports of Dr. Donald Breyer dated 1/23/07, 4/6/07 and 5/9/07; 2) reports of Dr. William Salyer dated 2/17/07 and 4/16/07; 3) records from Carson Tahoe Regional Healthcare; and 4) Answers to Standard Asbestos Case Interrogatories.

Response to interrogatories were provided by Mr. Lyman, age 67. Response to interrogatory #22 stated Mr. Lyman fell off a ladder into the back of a truck in the Baker oil yard in Ventura, California, in 1986 and broke his neck. He had to stop working. He was awarded approximately $35,000.00 compensation. Response to interrogatory #23 stated Mr. Lyman smoked up to two packs of cigarettes per day between 1955 and 2007 (104-pack years). He smoked Camel, Kools and USA brand cigarettes. His wife, Samantha Lyman, smoked cigarettes for 36 years. Response to interrogatory #25 stated Mr. Lyman first consumed alcoholic beverages in approximately 1953 and no longer consumed alcohol [**my note:** the medical records I reviewed stated Mr. Lyman considered himself an alcoholic].

Response to interrogatory #26 stated Mr. Lyman was exposed to asbestos as follows:

| *Employer:* | *Location of Exposure:* | *Job Title:* | *Exposure Dates:* |
|---|---|---|---|
| **U.S. Marine Corps** | Camp Leujeune in Jacksonville, NC; and Naval Air Station Cecil Field in Jacksonville, FL | Trainee | 1956-1957 (8 weeks) and 9-10 months, respectively |
| Job Duties: Attended basic training and aviation mechanic school. During his schooling, Mr. Lyman worked on jet engines and contends he was exposed to asbestos. | | | |

| **Associated Transport** | Waltham, MA | Manager | 1958-1967 |
|---|---|---|---|
| Job Duties: Oversaw a fleet of over 200 vehicles. Was present when mechanics in the maintenance department changed brakes on vehicles, including but not limited to Mack; Ford; Freightliner; and Fruehauf (Hayes Lemmerz International – Howell, Inc.) semi trucks. Recalled mechanics using arcing machines in his presence. Recalled White Motor and Detroit Diesel (General Motors Corporation), who were manufacturers and suppliers of replacement parts, including but not limited to brakes and engine parts. Contends he was exposed to asbestos during this employment. | | | |
| **United States Gypsum** | Charlestown, MA | Factory Worker (Foreman) | 1967 (approximately 8 months) |
| Job Duties: Worked as a foreman on the production line. Recalled various products, including but not limited to sheetrock being produced on this production line. Recalled seeing other workers mixing materials in large vats that were then poured out in forms for wallboard. Recalled other workers cutting the wallboard. Recalled very dusty conditions. Contends he was exposed to asbestos during this employment. | | | |
| **Alva Radio Industry** | Santa Monica, CA | Assembler | 1971-1975 |
| Job Duties: Assembled aircraft radar systems. Refurbished cylinder shields. Recalled using sheets and rolls of asbestos when performing this work. Recalled disturbing asbestos-containing materials that were applied in the 1940s and 1950s. Recalled removing insulation from the wire used in the radar systems. Contends he was exposed to asbestos during this employment. | | | |
| **Cudd Pressure Controls** | Various locations throughout Southern California | Oil field worker | 1976-1982 |
| Job Duties: Treated oil wells in oil fields, including oil fields operated by Chevron, Shell, Union Oil and Texaco. Performed drilling and worked with drilling mud and packing. Worked with and/or around others working with Baroid; Halliburton; and Montello drilling mud. Worked in close proximity to other trades, including but not limited to pipefitters and insulators who worked on pipelines while Mr. Lyman was in the oil wells. Oversaw other workers who removed and replaced valve packing. Recalled subcontractors J.T. Thorpe, Inc., and Halliburton. Worked in close proximity to others working with packing manufactured by A.W. Chesterton Company, Anchor Packing, Garlock, and John Crane. Performed pressure tests on valves, including but not limited to Crane Company, Crosby, Vogt (Henry Vogt Machine Company), and Weir. Contends he was exposed to asbestos during this employment. | | | |
| **Baker Hughes Oilfield Operations, Inc.** | Various oil fields throughout Southern California | Oil field worker | 1982-1986 |
| Job Duties: Same/similar to those job duties described above. | | | |
| **Secondary/bystander exposure** | | | 1939-1959 |
| Mr. Lyman's father worked as a pipefitter aboard various ships at the Boston Naval Shipyard in Boston, Massachusetts. Mr. Lyman contends he was exposed to asbestos as a result of his father's employment. Investigation and discovery were continuing. | | | |

Bronchoscopy due to recurrent hemoptysis was performed at Carson-Tahoe Regional Healthcare on November 16, 2006. The pathology report (H06-9466) diagnosed Mr. Lyman to have a keratinizing squamous cell carcinoma with invasion.

A report by Dr. Bruce H. Baldecchi of the Carson Tahoe Regional Healthcare System dated January 2, 2007 stated Mr. Lyman was a 67-year-old man whose history was obtained via telephone the night prior to undergoing surgery. Mr. Lyman's primary care physician was stated to be Dr. Sundaram at Lahontan Medical Center. Mr. Lyman denied previous CNS disease. He had a pacemaker placed two years previous and his heart function was stated to now be stable. He was told he had mild emphysema. He had oxygen at home but did not use it. Five months previous, Mr. Lyman was stated to have developed severe hemoptysis and was diagnosed with a lung tumor. He had a history of asbestos exposure. He had severe debility and weight loss. Four years ago he was stated to have weighed 160 pounds and as of the date of this report he weighed 128 pounds. He measured 5'10" tall. Mr. Lyman



Jul 31 07 02:02p DSL * DR HAMMAR 3604797886 p.3

reported chronic neck pain and low back pain. He was in a wheelchair most of the time and occasionally used a cane and a walker. He had chronic hoarseness dating back 20 years previous when he was placed in a chokehold by a policeman in Los Angeles. Mr. Lyman was stated to have been a heavy alcohol abuser. Mr. Lyman stated he was an alcoholic. He quit drinking 3-4 years previous. He smoked cigarettes for 50 years and at the time of this report was smoking two packs of cigarettes per day. Past medical history included two neck surgeries with titanium hardware placement; low back surgery x 1; an appendectomy; ulcer surgery; and resection of an abdominal aortic aneurysm. Mr. Lyman was scheduled to undergo a right thoracotomy, right upper lobe resection and possible sleeve resection of the bronchus for a malignant neoplasm of the right upper lobe. Dr. Baldecchi's impressions were: 1) malignant neoplasm of the right upper lobe; 2) severe debility with weight loss and chronic back and neck pain; 3) essentially bedridden or in a wheelchair; 4) chronic obstructive pulmonary disease; 5) probable asbestosis; 6) hypertension; 7) history of a pacemaker; 8) possible history of old myocardial infarct; 9) abdominal aortic aneurysm repair; and 10) chronic hoarseness.

An operative report by Dr. Baldecchi stated Mr. Lyman underwent a right thoracotomy, right upper lobectomy, mediastinal node dissection, bronchial sleeve resection with primary anastomosis, intercostal muscle flap coverage of a bronchial anastomosis, parietal pleural peribronchial flap, and insertion of chest tubes on January 3, 2007. The postoperative diagnosis was: squamous cell carcinoma of the right upper lobe and right mainstem bronchus.

A pathology report from Carson-Tahoe Pathology (H07-111) listed the diagnoses as: Right upper lobectomy (part D) showed a keratinizing squamous cell carcinoma, moderately differentiated, arising in the right superior bronchus and measuring 2.2 cm. There was stated to be metastatic carcinoma involving two of ten peribronchial lymph nodes. There was invasive squamous cell carcinoma at the bronchial margin. Partial resection of the right mainstem bronchus (part H) was stated to show invasive squamous cell carcinoma. The margins appeared clear. The tumor was staged as: T2 N1, MX squamous cell carcinoma.

A discharge summary from Carson-Tahoe Regional Healthcare (admission date January 3, 2007; discharge date February 13, 2007) listed the discharge diagnoses as: 1) non-small cell carcinoma, stage I; 2) status-post sleeve resection; 3) pseudomonal pneumonia; 4) prolonged ventilatory failure requiring tracheostomy; 5) aspiration requiring gastric tube placement; 6) hypertension; 7) coronary artery disease; and 8) congestive heart failure. Mr. Lyman was stated to have had an extensive hospital stay due to complications from pneumonia, recurrent pleural effusions, respiratory failure requiring a ventilator, and urinary obstruction. He was discharged on a variety of medications.

A report by Dr. William R. Salyer dated February 17, 2007 stated he reviewed slides designated H06-9466. Dr. Salyer diagnosed Mr. Lyman to have an in situ and infiltrating squamous cell carcinoma. Dr. Salyer stated he identified zero asbestos bodies, however, the quantity and nature of the samples were inadequate.

A report by Dr. William R. Salyer dated April 16, 2007 stated he reviewed slides designated H07-111. Dr. Salyer stated the right upper lobe lobectomy specimen showed an in situ and infiltrating squamous cell carcinoma with lymph node involvement and focal bronchial margin

involvement; minimal emphysema; focal peribronchiolar fibrosis; and CAP-NIOSH grade 1 asbestosis. Dr. Salyer stated he identified 7 asbestos bodies in 5.2 $cm^2$ of lung tissue or 1.3 asbestos bodies per $cm^2$. Dr. Salyer stated there were two asbestos bodies found in 0.4 $cm^2$ of lymph node tissue. Dr. Salyer stated the right main bronchus showed an infiltrating squamous cell carcinoma.

There are three reports by Dr. Donald Breyer, Certified ILO B Reader. Dr. Breyer's report dated May 9, 2007 stated he reviewed a CT scan of the performed at Great Basin Imaging on April 27, 2007 that showed parenchymal findings compatible with interstitial fibrosis and bilateral calcified chest wall pleural plaques that were unchanged from the previous exam and most likely represented asbestos-related pleural disease. Dr. Breyer stated there was a significant change in the appearance of the CT scan performed on March 28, 2007 that primarily involved generalized right chest wall pleural thickening, enlarged lymph nodes and lympangitic spread of disease. New findings included a pericardial effusion and abnormal thickening of the esophagogastric region. The left pleural effusion had resolved since the prior exam. Dr. Breyer stated there was a calcified gallstone and postoperative changes in the abdomen. There was thoracolumbar scoliosis and postoperative changes in the lumbar spine.

**Review of slides:**

There are fourteen glass slides and three paraffin blocks for review designated H06-9466 that correspond to a pathology report bearing that number from Carson-Tahoe Pathology, accession date November 16, 2006. There is one iron stain control slide. According to the pathology report bearing that number, the case consisted of four parts designated A through D.

Part A was labeled as "right upper lobe, endobronchial biopsy" and was stated to consist of multiple pieces of light tan to reddish-pink tissue aggregating 1.2 x 0.5 x 0.3 cm. There is one H&E stained section that shows multiple fragments of bronchial mucosal tissue involved by a malignant squamous cell carcinoma. The extent of invasion could not be determined. Iron stained section made from block A shows no ferruginous bodies.

Part B was labeled "right upper lobe lung washings" and was stated to consist of approximately 90 cc. of cloudy turbid reddish-brown fluid submitted for cytology. This slide shows fragments of tissue including fragments of necrotic material. There are also fragments of viable squamous cell carcinoma.

Part C was labeled as "right upper lobe brushings" and was stated to consist of three alcohol-fixed smears. These slides show respiratory columnar epithelial cells, blood and fragments of squamous cell carcinoma.

Part D was labeled as "right upper lobe BAL cytology" and was stated to consist of 40 cc. of cloudy red-brown fluid submitted for cytologic evaluation. The slide I have for review is a cell block and two smears. There is also an iron stained section. The BAL material contains small fragments of squamous cell carcinoma. The iron stained section shows no ferruginous bodies and the control iron stained section shows the expected staining result.

There are forty-two glass slides and twenty-three paraffin blocks for review designated H07-111 that correspond to a pathology report bearing that number from Carson-Tahoe Pathology, accession date January 4, 2007. According to the pathology report, the case consisted of nine parts designated A through I.

Part A was stated to consist of an ovoid piece of tissue consistent with lymph node measuring 1.9 x 0.7 x 0.3 cm. This was stated to be a level 9 N2 inferior pulmonary lymph node. This slide shows two step sections that are composed mostly of lung tissue and not lymph node. No metastatic tumor is noted.

Part B was stated to be a level 11 lymph node and consisted of an unspecified amount of tissue that was submitted in a single cassette. There are two slides of step sections of this tissue. This tissue shows lymph node with no evidence of primary or metastatic tumor.

Part C was labeled as "lymph node, level 10" and was stated to consist of an unspecified amount of tissue that was entirely submitted in a single cassette. The H&E stained sections show lymphoid tissue with no primary or metastatic tumor.

Part D was labeled as "right upper lobectomy specimen" and was stated to consist of a 15.2 x 10.8 x 4.6 cm. specimen. The proximal bronchus was stated to be abnormal in appearance, with a thickened and an irregular mucosal surface. These changes were stated to closely approach and grossly appeared to involve the bronchial margin. This area of abnormal bronchus appeared to extend for a length of approximately 2.2 cm., although the delineation of the abnormality was not well demarcated. No underlying parenchymal mass lesion was identified. There is a code of sections: D1-Bronchial margin; D2-perihilar lymph nodes; D3-vascular margins; D4 through D10-area of abnormal bronchus; D11-unremarkable lung tissue. Slide D1 shows bronchial margin of resection that is involved by a squamous cell carcinoma. Slide D2 was stated to represent the perihilar lymph nodes. The lymph nodes show no primary or metastatic tumor. Slide D3 was stated to be of the vascular margin. It.shows lung tissue surrounding the vessels. The vessels are not involved by tumor. The lung tissue surrounding the vessel shows centrilobular emphysema. Slides D4 through D10 were stated to be the area of the abnormal bronchus. There is focal in-situ and focal invasive squamous cell carcinoma. There is an iron stained section made from the block and it shows an asbestos body in a lymph node. Iron stained section D8 shows three ferruginous bodies consistent with asbestos bodies. Iron stained section D9 shows two ferruginous bodies consistent with asbestos bodies. All sections show focal involvement by a squamous cell carcinoma, some of which is in-situ. The lymph nodes are not involved by tumor.

Slide D11 shows lung tissue that exhibits areas of mild centrilobular emphysema and also patchy interstitial fibrosis including peribronchiolar fibrosis. An iron stained section made from slide D11 shows three ferruginous bodies consistent with asbestos bodies.

Part E was stated to represent level 7 lymph node. It consisted of a single blackish hemorrhagic tissue fragment measuring 6 x 5 x 3 mm. This slide shows two step sections of lymph node that exhibit recognizable architecture with no primary or metastatic tumor.

Part F was labeled as "lymph node level 7 N1, subcarinal" and was stated to consist of a hemorrhagic-appearing tissue specimen measuring 1.2 x 1.1 x 0.4 cm. This slide has pieces of lymph node and fibrofatty tissue. No primary or metastatic tumor is identified.

Part G was labeled as "lymph node level 4 N2 paratracheal" and consisted of hemorrhagic tissue aggregating 2.3 x 1.9 x 0.4 cm. Slide G shows several fragments of lymphoid tissue and fibrofatty tissue. There is focal hemorrhage. No primary or metastatic tumor is noted.

Slide H was stated to represent mainstem bronchus of the right partial resection. This slide shows involvement by squamous cell carcinoma.

Part I was labeled as "7th right rib" and was stated to consist of bone and surrounding fibrofatty tissue and also skeletal muscle. The bone and bone marrow show no significant change.

**The following summary statements can be made in this case:**

1. My name is Samuel P. Hammar, M.D., and I am licensed to practice medicine in the State of Washington. My license is active. I have been Board certified in clinical and anatomic pathology since 1975.
2. Mr. Robert F. Lyman is a 67-year-old man with a 104 pack year history of cigarette smoking and a history of occupational exposure to asbestos as described in my report. He was stated to have possibly had bystander exposure to asbestos from his father who worked as a pipefitter aboard various ships at the Boston Naval Shipyard in Boston, Massachusetts between 1939 and 1959.
3. A report by Dr. Bruce H. Baldecchi of the Carson Tahoe Regional Healthcare System dated January 2, 2007 stated Mr. Lyman was a 67-year-old man who had a history of a pacemaker placed two years previous. He was told he had mild emphysema. Five months previous, Mr. Lyman was stated to have developed severe hemoptysis and was diagnosed with a lung cancer. He had a history of asbestos exposure. His weight had decreased from 160 to 128 pounds. Mr. Lyman was stated to have been an alcoholic but had quit drinking 3 to 4 years previous.
4. Dr. Baldecchi's impressions were: 1) malignant neoplasm of the right upper lobe; 2) severe debility with weight loss and chronic back and neck pain; 3) essentially bedridden or in a wheelchair; 4) COPD; 5) probable asbestosis; 6) hypertension; 7) history of a pacemaker; 8) possible history of old myocardial infarct; 9) abdominal aortic aneurysm repair; and 10) chronic hoarseness.
5. A discharge summary from the Carson-Tahoe Regional Healthcare (admission date January 3, 2007; discharge date February 13, 2007) listed the following discharge diagnoses: 1) non-small cell carcinoma, stage I; 2) status-post sleeve resection; 3) pseudomonal pneumonia; 4) prolonged ventilatory failure requiring tracheostomy; 5) aspiration requiring gastric tube placement; 6) hypertension; 7) coronary artery disease; and 8) congestive heart failure.
6. A report by Dr. Donald Breyer, Certified ILO B Reader, stated there were parenchymal findings in a CT scan performed on April 27, 2007 compatible with interstitial fibrosis and bilateral calcified chest wall pleural plaques that were unchanged from a previous exam. Dr. Breyer stated there was a significant change in the appearance of the CT scan performed on March 28, 2007 that primarily involved

generalized right chest wall pleural thickening, enlarged lymph nodes and lympangitic spread.

7. I reviewed fourteen glass slides and three paraffin blocks designated H06-9466 that represented a right upper lobe endobronchial biopsy, right upper lobe washings, a right upper lobe brushing, and a right upper lobe BAL cytology. All of these specimens showed squamous cell carcinoma.
8. I reviewed forty two glass slides designated H07-111 that represented a right upper lobectomy specimen and sections of lymph node and bronchus. The lobectomy specimen showed a squamous cell carcinoma that was predominantly in a bronchial distribution. There were two asbestos bodies in lymph nodes and seven asbestos bodies in lung parenchymal tissue. The lung parenchymal tissue showed areas of interstitial fibrosis and patchy interstitial fibrosis, the findings being consistent with CAP-NIOSH grade 2 asbestosis. There were areas of mild centrilobular emphysema.
9. Based on Mr. Lyman's history of occupational exposure to asbestos as described in my report and radiographic and pathologic asbestosis plus radiographic hyaline pleural plaques, I conclude his squamous cell carcinoma of the lung was caused by asbestos.
10. Based on Mr. Lyman's history of cigarette smoking and mild centrilobular emphysema, I conclude his lung cancer was caused by cigarette smoke carcinogens.
11. I conclude Mr. Lyman's lung cancer was caused by the combined effect of asbestos and cigarette smoke carcinogens.
12. Robert F. Lyman was diagnosed with a right upper lobe squamous cell carcinoma and, within a reasonable degree of medical probability, each and every breath of asbestos-containing air above background was a potential substantial contributing factor in causing his right upper lobe squamous cell carcinoma.
13. All opinions and conclusions in my report are to a reasonable degree of medical certainty/probability.

Sam Hammar



Jul 31 07 02:05p DSL * DR HAMMAR 3604797886 p.8